# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH and NORYS HERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department;<br><br>    Defendants. | **PLAINTIFFS' MOTION TO CERTIFY A RULE 23(b)(2) CLASS**<br><br>**Oral Argument Requested**<br><br>Civil Action No. _____ |

Pursuant to Federal Rule of Civil Procedure Rule 23 and the United States District Court for the Eastern District of Pennsylvania's Local Rule of Civil Procedure 23.1, plaintiffs Christos Sourovelis, Doila Welch, and Norys Hernandez ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this Motion to Certify a Rule 23(b)(2) Class. Plaintiffs respectfully submit this motion on the same day as the complaint in the above-captioned action was filed. In support of their Motion to Certify a Rule 23(b)(2) Class, Plaintiffs state as follows:

    1.    On behalf of themselves and all others similarly situated, Named Plaintiffs filed a Class-Action Complaint for Declaratory and Injunctive Relief. Plaintiffs challenge the constitutionality of Defendants' civil-forfeiture policies and practices. Plaintiffs request declaratory and injunctive relief and only nominal damages for Defendants' violations of their rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the U.S.

1

Constitution.

2. As with other civil-rights challenges that request primarily declaratory and injunctive relief, class certification is appropriate here. Indeed, courts have certified similar classes in other actions challenging a city's civil-forfeiture policies and practices. *See Hardy v. District of Columbia*, 283 F.R.D. 20 (D.D.C. 2012) (certifying a class action in challenge to District of Columbia's forfeiture practices); *Krimstock v. Kelly*, 99 Civ. 12041 (MBM), 2005 U.S. Dist. LEXIS 43845 (S.D.N.Y. Nov. 29, 2005) (certifying a class action in challenge to New York City's forfeiture practices).

3. As fully set forth in the accompanying Memorandum of Law, Plaintiffs satisfy the requirements of Rule 23. Named Plaintiffs propose the following class definition:

> All persons who own property that is or will be the subject of a civil-forfeiture petition brought by the Philadelphia District Attorney's Office.

4. Plaintiffs' proposed class is sufficiently definite and objectively ascertainable to allow this Court to know who is a member of the class.

5. Plaintiffs also satisfy the four prerequisites of Rule 23(a).

6. First, the proposed class numbers in the thousands and includes those whose property will be subject to forfeiture, making joinder impracticable. *See* Fed. R. Civ. P. 23(a)(1).

7. Second, Plaintiffs' constitutional challenge to Philadelphia's forfeiture program presents common questions of fact and law which are of central importance to the litigation, including what Defendants' policies and practices are and whether those policies and practices violate due process of law.

8. Third, the claims of the Named Plaintiffs are typical of those of the rest of the class because they arise out of the same course of conduct by Defendants in investigation and prosecuting civil-forfeiture actions and all rest on the same legal theories.

9. Fourth, the interests of the class will be adequately protected by the Named Plaintiffs, who have no conflicts of interest, and by their experienced *pro bono* counsel.

10. Further, Plaintiffs satisfy the requirements of Rule 23(b)(2) because Named Plaintiffs seek the same declaratory and injunctive relief that would apply to all members of the class equally.

11. Accordingly, Plaintiffs respectfully request that this Court:

   a. Certify this action as a class action for all claims brought in Plaintiffs' Complaint for Declaratory and Injunctive Relief;

   b. Designate plaintiffs Christos Sourovelis, Doila Welch, and Norys Hernandez as class representatives for all persons who own property that is or will be the subject of a civil-forfeiture petition brought by the Philadelphia District Attorney's Office; and

   c. Appoint Institute for Justice and local counsel David Rudovsky as class counsel under Rule 23(g).

12. Pursuant to Local Rule 7.1(f), Plaintiffs respectfully request oral argument on this motion.

13. If this Court finds that a fuller record is needed, Plaintiffs respectfully request precertification discovery to meet their burden of showing that class certification is appropriate.

Dated: August 11, 2014

Respectfully submitted,

| | |
|---|---|
| **INSTITUTE FOR JUSTICE** | **KAIRYS, RUDOVSKY, MESSING & FEINBERG** |
| | By: *David Rudovsky /hms/* |
| William H. Mellor* | David Rudovsky (I.D. Number 15168) |
| Scott G. Bullock* | The Cast Iron Building |
| Darpana M. Sheth* | 718 Arch Street |

3

Robert P. Frommer*  
901 North Glebe Road, Suite 900  
Arlington, VA 22203  
Email:  wmellor@ij.org; sbullock@ij.org; dsheth@ij.org; rfrommer@ij.org  
Tel: (703) 682-9320  
Fax: (703) 682-9321  

Suite 501 South  
Philadelphia, PA 19106  
Email:  drudovsky@krlawphila.com  
Tel:  (215) 925-4400  
Fax:  (215) 925-5365  

*Pro Hac Vice Applications to be submitted*

*Counsel for Plaintiffs*