IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department;<br><br>Defendants. | Civil Action No. 2:14-cv-04687-ER<br><br>Assigned to the Honorable Judge Robreno<br><br>**Special Management Track**<br><br>**THIRD AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN** |

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, the Civil Justice Expense and Delay Reduction Plan for the U.S. District Court for the Eastern District of Pennsylvania, and this Court's March 3, 2015 Order (ECF No. 51) and May 15, 2015 Order (ECF No. 69) in the above-captioned case, the parties have conferred through their counsel and respectfully submit the following Third Amended Joint Status Report and Discovery Plan.

1. **Nature and Complexity of Case**

Plaintiffs bring a putative class action under Section 1983 challenging various aspects of the City of Philadelphia's civil-forfeiture program as a violation of their due process rights. *See* Am. Compl. (ECF No. 40).[1]  Specifically, Plaintiffs bring the following six constitutional claims.

---

[1] *See also* Compl., ECF No. 1.  Plaintiffs' Amended Complaint adds an additional named plaintiff, Nassir Geiger.  The Amended Complaint does not materially change the proposed class definition, and it alleges the same six claims in Plaintiffs' original complaint.

**First Claim:** Applying for and executing *ex parte* orders to "seize and seal" real property without providing evidence of exigent circumstances or necessity violates due process under *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993). (*Id.* ¶¶ 238–52.)

**Second Claim:** Requiring property owners to waive their statutory and constitutional rights in order to be let back into their property or have the forfeiture petition withdrawn is an unconstitutional condition that violates the substantive due-process rights of property owners. (*Id.* ¶¶ 253–65.)

**Third Claim:** Failing to provide property owners with a prompt, post-deprivation hearing before a neutral arbiter where those owners may contest the basis for the seizure, restraint, or indefinite retention of their property pending an ultimate hearing on the merits violates due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976). (*Id.* ¶¶ 266–71.)

**Fourth Claim:** Repeatedly "relisting" civil-forfeiture proceedings, which forces property owners to appear in person for these proceedings over and over again or else permanently lose their property through a default judgment, violates due process under *Mathews*. (*Id.* ¶¶ 272–78.)

**Fifth Claim:** Retaining forfeited property and its proceeds for use by the Philadelphia D.A.'s Office and the Philadelphia Police Department violates due process by presenting a conflict of interest. (*Id.* ¶¶ 279–87.)

**Sixth Claim:** Having prosecutors and employees of the Philadelphia D.A.'s Office control "hearings" in Courtroom 478 violates due process because of its direct financial interest in the outcome of those proceedings. (*Id.* ¶¶ 288–93.)

As a complex litigation, this matter is assigned to the Special Management Track. *See* Case Management Track Designation Form (ECF No. 1-3); *see also* U.S. Dist. Ct. E.D. Pa., *Civil Justice Expense and Delay Reduction Plan* §1:02 at 6 n.17 (Dec. 31, 1991),https://www.paed.uscourts.gov/documents/cjraplan/cjraplan.pdf ("Complex litigation typically includes . . . class actions or potential class action[s]").

2. <u>**Rule 26(f) Conference and Designation of Counsel**</u>

Pursuant to this Court's March 3, 2015 Order, the parties participated in a telephonic Rule 26(f) conference on Wednesday, April 1, 2015, attended by:

Darpana M. Sheth, lead counsel for Plaintiffs;

      David Rudovsky, counsel for Plaintiffs;

      B.J. Graham-Rubin, counsel for Defendants R. Seth Williams and the Philadelphia District Attorney's Office;

      Bryan C. Hughes, counsel for Defendants R. Seth Williams and the Philadelphia District Attorney's Office; and

      Craig M. Straw, on behalf of Dimitri Mavroudis, counsel for Defendants City of Philadelphia and Charles H. Ramsey.

The parties also participated in a follow-up telephonic conference call on Thursday, June 11, 2015.

### 3. **Basis for Jurisdiction**

Plaintiffs bring this civil-rights lawsuit, on behalf of themselves and all others similarly situated, under 42 U.S.C. § 1983 and the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, for violations of their rights under the Due Process Clause of the Fourteenth Amendment. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil-rights jurisdiction).

In its May 12, 2015 Memorandum and Order denying Defendants' Joint Motion to Dismiss, the Court confirmed its jurisdiction was proper over all parties and all claims. (ECF No. 66.)

### 4. **Class Certification**

Plaintiffs filed their Motion to Certify a Rule 23(b)(2) Class with a supporting memorandum on August 11, 2014. (ECF Nos. 3 & 4.) Plaintiffs requested oral argument on this motion. (ECF No. 3.) Defendants filed their responses in opposition on October 2, 2014. (ECF Nos. 29 & 32.)

Plaintiffs filed an unopposed motion for leave to file a reply in support of class

certification on November 19, 2014. (ECF No. 41.) Defendants filed an unopposed motion for leave to file a surreply in opposition to class certification on January 9, 2015. (ECF No. 45.) This Court denied both motions without prejudice to the parties re-filing by an order dated January 16, 2015. (ECF No. 49.) At the March 2, 2015 status conference, this Court indicated that it would hold in abeyance the class certification motion until it has ruled on Defendants' Joint Motion to Dismiss. (ECF No. 59 at 5:4–18.)

Plaintiffs shall have until July 10, 2015 to file any supplemental papers in support of class certification and Defendants shall have two weeks following that to file a response by July 24, 2015.

**5.      Discovery Plan**

The parties jointly propose to the Court the following discovery plan:

a. Rule 26(a)(1) Initial Disclosures. Under Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, the parties have exchanged initial disclosures.

b. Discovery will be needed on the following subjects:

*For Plaintiffs*: Discovery will be needed on the material allegations in Plaintiffs' amended complaint and the affirmative defenses asserted by Defendants. More specifically, Plaintiffs anticipate pursuing discovery on the following issues:

(i) All information regarding Defendants' implementation or enforcement of Pennsylvania's Controlled Substances Forfeiture Statute, 42 Pa. Cons. Stat. §§ 6801, 6802;

(ii) Civil and criminal court records and case files related to civil-forfeiture cases filed by the Philadelphia District Attorney's Office;

(iii) All documents concerning Defendants' filing of civil-forfeiture petitions, applications to seize and seal real property, applications for a temporary restraining order against real property, and notices of *lis pendens* against real property;

(iv) Any and all documents concerning Defendants' civil-forfeiture policies,

        practices, and customs;

(v) Any and all communications, studies, analyses, reports, or other documents relating to any purported justification for Defendants' policies, practices, and customs for civil forfeiture;

(vi) Budgetary information for the District Attorney's Office and the Philadelphia Police Department; and

(vii) Other factual information relating to the material factual allegations made in Plaintiffs' Amended Complaint and any affirmative defenses.

*For Defendants*: Defendants anticipate seeking discovery from the named plaintiffs or anyone who has been involved in negotiations with prosecutors over the course of the underlying forfeiture proceedings and, for real property owners, from certain residents residing in the subject properties during the relevant time periods. Defendants also anticipate seeking discovery from various administrative officials of the First Judicial District and the Court of Common Pleas of Philadelphia County.

The parties agree that there is nothing about the issues presented, or the subject matter and scope of needed discovery, which warrants conducting discovery in phases, or limiting or focusing discovery on particular issues.

    c. *Electronically Stored Information*:

As agreed to previously, the parties have an obligation to retain and store any electronically-stored information regarding the subject matter of this case, including any information that is related to Plaintiffs' or Defendants' affirmative defenses and that existed on or after August 11, 2014, until the final entry of judgment in this case, following all potential appeals. The parties represent that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Accordingly, the parties may request or produce information from electronic or computer-based

media.

    d. *Rule 26(c) Protective or Confidentiality Orders:*

The parties do not at this time anticipate any particular issues regarding privilege or requiring protective orders, but hereby reserve any and all claims of privilege or other objections that may be appropriate with regard to any specific request.

    e. *Changes in Limitations on Discovery*:

        i. The maximum number of interrogatories for each party shall be 50, including all discrete subparts. All other requirements for interrogatories are to be governed by the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, and the Outline of Pretrial and Trial Procedures.

        ii. The maximum number of requests for production, and requests for admission, as well as the time for responding to written discovery requests are to be governed by the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, and the Outline of Pretrial and Trial Procedures.

        iii. The parties agree that collectively Plaintiffs will be allowed a total of 15 depositions and collectively Defendants will be allowed a total of 15 depositions. All parties reserve the right to seek agreement or to apply to this Court for leave to take more depositions if it becomes necessary. In all other respects, depositions, including their duration and the conduct of each deposition, are to be governed by the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, and the Outline of Pretrial and Trial Procedures.

    f. *Second Pretrial Conference*:

In accordance with the treatment of cases on the Special Management Track, the parties respectfully request a Second Pretrial Conference in **October 2015** to revisit the following proposed deadlines for discovery and dispositive motions, and if necessary, set a trial date and deadlines for pretrial disclosures.

    g. *Date for Completion of Discovery*:

The parties anticipate requiring six months for fact discovery and an additional four months for expert discovery from the date discovery begins. Accordingly, the parties propose a

deadline for the completion of fact discovery of **December 4, 2015**, and a completion of expert discovery by **March 1, 2016**.

>   h. *Expert Disclosures*: The parties propose the following sequence and timing of expert disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure:
>
>   > Plaintiffs' experts and expert reports must be disclosed by **January 11, 2016**.
>   >
>   > Defendants' experts and expert reports must be disclosed by **February 10, 2016**.
>   >
>   > The parties reserve the right to alter or supplement the foregoing schedule at the second pretrial conference, and thereafter upon a showing of good cause.
>
>   i. *Supplementation*: Any supplementation under Rule 26(e) of the Federal Rules of Civil Procedure is due within a reasonable time after discovering the need to supplement.
>
>   j. *Electronic Service*: The parties may serve any discovery request on any other party via electronic mail to counsel. Except for information, documents, or material incapable of being transmitted electronically, the parties may respond to any discovery request via electronic mail to counsel. The parties also consent to electronic service upon counsel of pleadings and documents in this case.

**6.    Deadline for Joining Additional Parties**

Any motions to join parties or amend the pleadings in this matter should be made on or before **December 2, 2015,** or more than 90 days before the close of discovery.

**7.    Dispositive Motions**

This litigation may involve motions for summary judgment or partial summary judgment filed by either Plaintiffs or Defendants. Any potentially dispositive motion should be filed by **Friday, April 15, 2016**. Opposition briefs should be filed by **Friday, June 3, 2016**, and reply briefs should be filed by **Friday, July 8, 2016**. The parties reserve the right to alter or supplement the foregoing schedule at a Second Pretrial Conference.

**8.     Proceedings by Magistrate Judge**

The parties do not consent to proceeding before a Magistrate Judge for final disposition.

**9.     Settlement**

The parties have had a full and frank discussion of their views of this case. The parties are in the middle of partial settlement discussions regarding Plaintiffs' First and Second Claims for Relief.

**10.    Non-Jury Trial**

Because Plaintiffs do not request compensatory damages, this action would be set for a non-jury trial.

Dated this 12th day of June, 2015

Respectfully submitted,

By:  /s/  Michael Miller
**CITY OF PHILADELPHIA LAW DEPARTMENT**
Michael Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: Michael.R.Miller@phila.gov
*Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter, and Police Commissioner Charles H. Ramsey*

By:  /s/  Elizabeth J. Rubin
**OFFICE OF THE DISTRICT ATTORNEY**
Elizabeth J. Rubin
Bryan C. Hughes
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov
*Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams*

By:  /s/  Darpana M. Sheth
**INSTITUTE FOR JUSTICE**
William H. Mellor*
Scott G. Bullock*
Darpana M. Sheth*
Robert P. Frommer*
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
E-mail: wmellor@ijorg; sbullock@ij.org; dsheth@ij.org; rfrommer@ij.org

*Admitted Pro Hac Vice*

**KAIRYS, RUDOVSKY, MESSING & FEINBERG**
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2015, a true and correct copy of the THIRD AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN and accompanying attachment was electronically filed using the Court's ECF system and sent via the ECF electronic notification system to the following counsels of record:

Michael Miller
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: Michael.R.Miller@phila.gov

*Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter, and Police Commissioner Charles H. Ramsey*

Elizabeth J. Graham-Rubin
Bryan C. Hughes
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov
         bryan.hughes@phila.gov

*Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams*

/s/ Darpana M. Sheth
Darpana M. Sheth
*Counsel for Plaintiffs*