**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department;<br><br>       Defendants. | Civil Action No. 2:14-cv-04687-ER<br><br>Assigned to the Honorable Judge Robreno<br><br>**Special Management Track** |

**PROPOSED SETTLEMENT AGREEMENT FOR**
**PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF**

      Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs"), Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"), and the Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants") respectfully submit this proposed settlement agreement to the Court for preliminary approval.  This agreement is intended to set forth the full and final terms by which the Named Plaintiffs, on behalf of themselves and all members of the settlement classes defined herein, the City Defendants, and the District Attorney Defendants settle and resolve the First and Second Claims for Relief set forth in Plaintiffs' First Amended Class-Action Complaint.

## I.  <u>INTRODUCTION</u>

**WHEREAS**, on August 11, 2014, Plaintiffs Sourovelis, Welch and Hernandez , owners of real property against which a civil-forfeiture petition had been filed in the Court of Common Pleas of Philadelphia County, commenced this class-action litigation challenging the constitutionality of specific policies and practices of the City Defendants and the District Attorney Defendants in prosecuting civil-forfeiture cases pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.;

**WHEREAS**, on November 17, 2014, the Named Plaintiffs, including Nassir Geiger, an owner of personal property against which a civil-forfeiture petition had been filed in the Court of Common Pleas of Philadelphia County, filed a First Amended Class-Action Complaint ("Amended Complaint");

**WHEREAS**, Plaintiffs' First Claim for Relief in the Amended Complaint alleges that the following policies and practices of the Defendants related to applying for and obtaining *ex parte* "seize and seal" orders violate the Due Process Clause of the Fourteenth Amendment:  (1) "[the] policy and practice of relying on 42 Pa. Cons. Stat. § 6802(f) and (g) to seize real property without first providing owners or residents of the property with notice and a meaningful opportunity to be heard"; (2) "the policy and practice . . . [of] apply[ing] for *ex parte* orders to seize and seal real property without providing any particularized evidence that the order is needed to preserve the specific property for civil forfeiture or that providing notice will jeopardize the availability of the property for forfeiture"; (3) "the policy and practice of . . . apply[ing] for *ex parte* orders to seize and seal real property without proffering any particularized evidence of exigent circumstances as defined by *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993)[,] and its progeny" ["*James Daniel Good*"]; (4) "the

policy and practice of . . . treat[ing] mere possession or the single sale of controlled substances in a particular real property as exigent circumstances warranting *ex parte* seizure"; and (5) "the policy and practice of . . . apply[ing] for an *ex parte* order to seize and seal real property without proffering any evidence that a temporary restraining order restricting transfer of the property or other less restrictive means will be insufficient to protect Defendants' interests during the pendency of the civil-forfeiture proceedings" (Am. Compl., ECF No. 40, ¶¶ 243-47);

**WHEREAS**, the District Attorney Defendants dispute liability as to Plaintiffs' First Claim for Relief;

**WHEREAS**, Defendants represent that since on or about September 22, 2014, the District Attorney Defendants have not filed any applications for an *ex parte* "seize and seal" order;

**WHEREAS**, Plaintiffs' Second Claim for Relief in the Amended Complaint alleges that the following policies and practices of the Defendants related to conditions required by prosecutors in agreements to "unseal" real property following execution of an *ex parte* "seize and seal" order ("unsealing agreement"), or in agreements to withdraw a forfeiture petition against property ("settlement agreement"), violate the Due Process Clause of the Fourteenth Amendment:  (1) "[the] policy and practice of compelling property owners to agree that if Defendants attempt to forfeit the property in the future, the property owner waives his or her rights to assert an innocent-owner defense under 42 Pa. Const. [Stat.] § 6802(j) or to assert a constitutional defense that forfeiture of the property would constitute an excessive fine"; and (2) "[the] policy and practice of compelling property owners to agree to bar specific individuals from their property"  (Am. Compl. ¶¶ 256-57);

**WHEREAS**, the Amended Complaint further alleges that individual prosecutors within the Philadelphia District Attorney's Office have required, as conditions of an unsealing agreement or settlement agreement, that property owners subject "any prospective lessee, tenant, buyer or transferee of the property" to prior review by the Commonwealth; "[g]ive the Commonwealth power to reject any prospective lessee, tenant, buyer, or transferee;" and to "[s]creen prospective lessees, tenants, buyers, residents, or transferees of the property, including credit history and reference checks" (Am. Compl. ¶ 144 (emphasis removed));

**WHEREAS**, the District Attorney's Office reviewed all settlement and unsealing agreements entered into since August 11, 2014, and compiled a representative list of conditions appearing in agreements involving real property and produced representative conditions in settlement agreements involving personal property;

**WHEREAS**, Defendants imposed similar conditions as part of settlement negotiations in forfeiture actions involving personal property, including, but not limited to, requiring that the respondent will not permit specific individuals to possess, use, or operate the seized vehicle and providing for the "automatic forfeiture" of the vehicle if it is "used in violation of the law";

**WHEREAS**, the District Attorney Defendants dispute liability as to Plaintiffs' Second Claim for Relief;

**WHEREAS**, Defendants represent that since on or about November 5, 2014, the District Attorney Defendants have not required property owners to waive any statutory or constitutional defense in any future civil-forfeiture proceeding as a condition of an unsealing agreement or settlement agreement;

**WHEREAS**, Defendants represent that since on or about March 16, 2015, the District Attorney Defendants have not required real property owners to agree to bar relatives from

4

entering the property or residing together at the property as a condition of an unsealing or settlement agreement;

**WHEREAS**, Defendants represent that since April 1, 2015, the District Attorney Defendants have not required real property owners to give the Commonwealth power to prior review or reject any prospective lessees, tenants, buyers, residents, or transferees of the property or require property owners to screen prospective lessees, tenants, buyers, residents, or transferees of the property as conditions of unsealing agreements or settlement agreements;

**WHEREAS**, Defendants represent that since June 11, 2015, the District Attorney Defendants have neither required personal property owners to restrict specific individuals from using their property nor provided for the "automatic forfeiture" of personal property in the future as conditions of a settlement agreement; and

**WHEREAS**, the Parties have engaged in settlement negotiations to resolve the First and Second Claims for Relief in the Amended Complaint,

**IT IS HEREBY AGREED**, by and among the Parties, as follows:

## II.   TERMS OF AGREEMENT

A.   **DEFINITIONS**

In addition to terms identified and defined elsewhere in this Agreement, the following terms will have the following meanings as used in this Agreement and its Appendices:

1.    "Agreement" means this proposed settlement agreement on the First and Second Claims for Relief in Plaintiffs' Amended Complaint.

2.    "Controlled Substances Forfeiture Act" means 42 Pa. Cons. Stat. §§ 6801 and 6802.

3.     "Court" means the United States District Court for the Eastern District of Pennsylvania, or United States District Judge Eduardo C. Robreno.

4.     "District Attorney" means Philadelphia District Attorney R. Seth Williams and any official successors during the term of this Agreement.

5.     "District Attorney's Office" means the Office of the District Attorney of Philadelphia, all of its divisions, subdivisions, and all of its agents and employees.

6.     "*Ex parte* 'seize and seal' order" means an order of the Court of Common Pleas of Philadelphia County, applied for by the Philadelphia District Attorney's Office, which authorizes the seizure and sealing of real property without providing pre-seizure notice or an opportunity to be heard before a judge.

7.     "The Parties" means the Named Plaintiffs, the City Defendants, and the District Attorney Defendants in *Sourovelis v. City of Philadelphia*, Civil Action No. 2:14-cv-04687-ER (E.D.Pa.).

8.     "Relative" means any person connected by blood, marriage, or adoption, up to and including fifth-degree relatives, such as first cousins once removed and second cousins.

9.     "Respondent" means any person who was in legal possession of real or personal property at the time a civil-forfeiture petition against the property was filed and/or any person who is the record title holder of the property subject to civil forfeiture.

**B.     JURISDICTION AND VENUE**

The Parties agree that this Court has jurisdiction over the Parties and the subject matter of this action and that venue is proper.  The Parties ask this Court to retain jurisdiction over the First and Second Claims for Relief in the Amended Complaint for the duration of this Agreement to ensure substantial compliance with its terms.  The Parties agree that the Court may extend the

term of its jurisdiction based on a finding of substantial noncompliance with the terms of this Agreement.

**C.   EFFECTIVE DATE OF THE AGREEMENT**

This Agreement will become effective on the date the Court finally approves, signs, and enters the Agreement ("effective date").  Beginning on the effective date, the Agreement will become binding on the Parties, their agents, and their successors.

**D.   CLASS CERTIFICATION**

Without waiver or concession of any of their respective positions regarding class certification as to other counts of Plaintiffs' First Amended Complaint, the Parties stipulate to certification of the following settlement classes solely for purposes of this Agreement:

1.   For purposes of the First Claim for Relief in the Amended Complaint, the settlement class will consist of all persons holding legal title to or otherwise having a legal interest in real property against which an *ex parte* "seize and seal" order is presently in effect, or will in the future be in effect.

2.   For purposes of the Second Claim for Relief in the Amended Complaint, the settlement class will consist of all persons holding legal title to or otherwise having a legal interest in real or personal property against which a civil-forfeiture petition has been filed, or will in the future be filed, in the Court of Common Pleas of Philadelphia County and who entered into an unsealing agreement or a settlement agreement.

For purposes of this Agreement only, the settlement classes will be certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

E.    **GENERAL PROVISIONS**

1.    **Applications for *Ex Parte* "Seize and Seal" Orders**

The District Attorney Defendants shall not seek an *ex parte* "seize and seal" order against any real property under the Controlled Substances Forfeiture Act, except when all of the following circumstances are satisfied:

a.    **Prior Approval.**  Any application for an *ex parte* "seize and seal" order will be approved in advance by a person specifically designated by the District Attorney's Office, previously identified to Plaintiffs, before it is submitted to the Court of Common Pleas of Philadelphia County.  This designee will ensure that the application is in accord with the terms of this Agreement.

b.    **Exigent Circumstances.**  Any application for an *ex parte* "seize and seal" order will provide specific, particularized, and credible facts demonstrating that exigent circumstances exist under *James Daniel Good*.

(1)    Exigent circumstances include, but are not limited to, persistent illegal activity occurring at the property, after, on multiple occasions, (i) arrests have been made or search warrants have been executed, and (ii) contraband has been discovered at the property during those arrests or executions of search warrants.

(2)    The mere fact that law enforcement observed controlled substances present at a property, that law enforcement observed controlled substances being sold or distributed at a property, that a property was purchased with criminal proceeds, or that a property is considered deteriorated does not constitute exigent circumstances.

8

(3)     Conclusory allegations are insufficient to establish exigent circumstances.

(4)     Merely attaching a copy of any police report concerning the alleged criminal activity that serves as the predicate for civil forfeiture is insufficient to establish exigent circumstances.

c.     **Inadequacy of Less Restrictive Measures.**  An *ex parte* "seize and seal" order will not be submitted to the Court of Common Pleas of Philadelphia County unless the application also provides specific, particularized, and credible facts demonstrating that less restrictive measures are insufficient to protect the Commonwealth's interests in preventing the sale, destruction, or continued unlawful use of the real property.

(1)     Any application for an *ex parte* "seize and seal" order based on the District Attorney's belief that such relief is necessary to protect the Commonwealth's interest in preventing the sale or destruction of the property will set forth specific, particularized, and credible facts showing that less restrictive measures (such as a *lis pendens*, restraining order, or bond) are insufficient to protect this interest and that providing notice to the owner or respondent would jeopardize this interest.

(2)     Any application for an *ex parte* "seize and seal" order based on the District Attorney Defendants' belief that such relief is necessary to protect the Commonwealth's interest in preventing the continued unlawful use of the real property will set forth specific, particularized, and credible facts showing that law enforcement powers (such as execution of search and seizure warrants or arrest warrants) are insufficient to prevent ongoing illegal drug activity at the property

and that providing notice to the owner or respondent would jeopardize this interest.

**2.      Existing *Ex Parte* "Seize and Seal" Orders**

No later than thirty (30) days from execution of this Agreement, the District Attorney Defendants will move to vacate any *ex parte* "seize and seal" order presently in effect.  If, after vacatur of a prior order, the District Attorney Defendants determine that exigent circumstances are presented and less restrictive measures are inadequate, they will comply with the above-stated procedures to apply for a new *ex parte* "seize and seal" order and will provide notice as specified in this Agreement.  If a property owner, whose property is currently subject to a "seize and seal" order, is represented by counsel and knowingly and voluntarily agrees in writing to the continued sealing of his or her property, the District Attorney Defendants can, within thirty (30) days of the execution of this Agreement, seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

**3.      Unsealing Agreements**

a.      The following conditions contained in an unsealing agreement entered into between the District Attorney Defendants and Respondents are void and will not be enforced by the Defendants:

(1)      Prospective waiver of statutory or constitutional defenses or claims in any future proceedings, including any condition providing for automatic forfeiture;

(2)      Restricting access to the property by any relative;

10

(3)     Restricting access to the property by any non-relative, unless the

non-relative has been convicted of distributing illegal controlled substances;

(4)     Giving the Commonwealth the prerogative to  review, approve, or

reject  prospective lessees, tenants, buyers, residents, or transferees of the

property; and

(5)     Requiring property owners to screen or disclose personal

information (including, but not limited to, social security numbers and dates of

birth) about prospective lessees, tenants, buyers, residents, or transferees of the

property.

Within thirty (30) days of execution of this Agreement, the District Attorney Defendants

will provide notice to all Respondents who have entered into unsealing agreements containing

such conditions, that such conditions no longer apply.

b.      In drafting the terms of an unsealing agreement vacating a prior *ex parte*

"seize and seal" order, the District Attorney Defendants will use, as a template, the

Model Unsealing Agreement, attached as Appendix A, to obtain a consent order vacating

a prior *ex parte* "seize and seal" order and allowing the Respondent to re-enter and

repossess the property.  The Parties agree that the content of such agreements may vary

depending upon the factual circumstances of a given case, but that in no event will such

agreement contain conditions enumerated in Section E, paragraph 3a above.

c.      In drafting the terms of an unsealing agreement vacating a prior "seize and

seal" order after notice and an opportunity for an adversarial hearing before a judge of the

Court of Common Pleas of Philadelphia County, the District Attorney Defendants will

use, as a template, the Model Unsealing Agreement, attached as Appendix B, to obtain a

11

consent order vacating the "seize and seal" order and allowing the Respondent to re-enter and repossess the property.  The Parties agree that the content of such agreements may vary depending upon the factual circumstances of a given case, but that in no event will such agreement contain conditions enumerated in Section E, Paragraph 3a.

4.      **Settlement Agreements (Consent Motions for Discontinuance)**

a.      The following conditions contained in settlement agreements entered into between the District Attorney Defendants and Respondents are void and will not be enforced by the Defendants:

(1)      Prospective waiver of statutory or constitutional defenses or claims in any future proceedings, including any condition providing for "automatic forfeiture";

(2)      Restricting access to the property by any relative;

(3)      Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances; and

(4)      Giving the Commonwealth the prerogative to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and

(5)      Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and date of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property. Within thirty (30) days of execution of this Agreement, the District Attorney Defendants will provide notice to all Respondents who have entered into

settlement agreements containing such conditions  that the conditions no longer apply.

b.      In drafting the terms of a settlement agreement involving real property, the District Attorney Defendants will use, as a template, the Model Consent Motion for Discontinuance, attached as Appendix C.  The Parties agree that the content of such consent motions may vary depending upon the factual circumstances of a given case, but that in no event will such consent motions contain any condition enumerated in Section E, Paragraph 4a.

c.      In drafting the terms of a settlement agreement involving a vehicle, the District Attorney Defendants will use, as a template, the Model Consent Motion for Discontinuance, attached as Appendix D.  The Parties agree that the content of such consent motions may vary depending on the factual circumstances of a given case, but that in no event will such consent motions contain any condition enumerated in Section E, Paragraph 4a.

F.    NOTICE

1.      The District Attorney Defendants agree to produce the following documents on a rolling basis beginning thirty (30) days from the execution of this Agreement and to complete production within sixty (60) days of the execution of this Agreement:

a.      All applications for *ex parte* "seize and seal" orders and related documents (including, but not limited to, supporting affidavits, the forfeiture petition, *lis pendens*, application for a temporary restraining order, and any court orders) filed since August 11, 2012.

13

b.      All unsealing and settlement agreements and corresponding

forfeiture petitions and court orders filed since August 11, 2012.

2.      Additionally, for a period of eighteen (18) months from the effective date,

the District Attorney Defendants will produce to Plaintiffs the following documents on a

monthly basis:

a.      The complete miscellaneous docket report of the Court of

Common Pleas of Philadelphia County in all civil-forfeiture cases in which a

"seize and seal" order is currently in place;

b.      All documents, with any attachments, filed in the miscellaneous

docket in the Court of Common Pleas of Philadelphia County in the civil-

forfeiture actions referenced in Section F, Paragraph  2a, including but not limited

to applications for temporary restraining orders, *lis pendens*, interrogatories, and

responses to interrogatories;

c.      Any and all applications made in the Court of Common Pleas of

Philadelphia County for a "seize and seal" order (whether filed *ex parte* or after

notice), including all supporting documentation, affidavits, and police reports,

unless such production would be prohibited under Pennsylvania or federal law, in

which case the District Attorney Defendants will provide redacted copies of the

documentation, where appropriate, along with an explanation of why redaction is

necessary;

d.      Any court order regarding an application for a "seize and seal"

order;

14

e.      The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County of all civil-forfeiture cases in which an unsealing agreement is executed;

f.      All documents, with any attachments, filed in the miscellaneous docket in the Court of Common Pleas of Philadelphia County in forfeiture actions referenced in Section F, Paragraph 2e, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories;

g.      Copies of all documents verifying that a Respondent has consented to a "seize and seal" order and is represented by counsel, including but not limited to all written agreements, all petitions to reinstate the "seize and seal" order, and all orders issued thereunder;

h.      The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County in all civil-forfeiture cases in which a settlement agreement is executed;

i.      All documents, with any attachments, filed in the miscellaneous docket in the Court of Common Pleas of Philadelphia County in forfeiture actions referenced in Section F, Paragraph 2h, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories.

j.      All unsealing agreements entered into between Respondents and the District Attorney's Office; and

k.      All settlement agreements entered into between Respondents and

the District Attorney's Office.

**G.   COMPLIANCE**

This Court retains jurisdiction over the First and Second Claims for Relief in the

Amended Complaint for eighteen (18) months after the effective date, but may extend the term

of its jurisdiction based on a finding of substantial noncompliance.  If Plaintiffs believe there has

been substantial noncompliance with any material provision of the Agreement, the Parties agree

to the following procedure to resolve any dispute:

1.      A claim of substantial noncompliance can be made on the following grounds:

a.      the District Attorney Defendants submitted an application for an *ex parte*

"seize and seal" order to the Court of Common Pleas of Philadelphia County that was not

supported by exigent circumstances or necessity, as required under *James Daniel Good*;

b.      the District Attorney Defendants executed an unsealing or settlement

agreement that included any of the following unconstitutional conditions:  (1) prospective

waiver of statutory or constitutional defenses or claims in any future proceeding,

including any condition providing for automatic forfeiture; (2) restricting access to the

property by any relative; (3) restricting access to the property by any non-relative who

has not been convicted of distributing an illegal controlled substance; (4) giving the

Commonwealth the prerogative to review, approve, or reject prospective lessees, tenants,

buyers, residents, or transferees of the property; or (5) requiring property owners to

screen or disclose personal information (including, but not limited to social security

numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or

transferees of the property; or

16

c.      the District Attorney Defendants executed an unsealing or settlement agreement containing any other condition on the exercise of constitutional rights where the Respondent was not represented by counsel.

2.      Plaintiffs will confer with the District Attorney's Office over any claim of substantial noncompliance and the Parties will attempt to resolve any such claim in good faith.

3.      If the Parties are unable to resolve any claim of substantial noncompliance through this initial conference, Plaintiffs will submit a written Notice of Substantial Noncompliance to the City Defendants and the District Attorney Defendants, specifying their basis for believing there has been substantial noncompliance.

4.      The City Defendants and the District Attorney Defendants will respond, in writing, to any such Notice of Substantial Noncompliance within thirty (30) days.

5.      Within fourteen (14) days after Defendants' service of their written responses on Plaintiffs, the Parties will again meet and confer to attempt to resolve the dispute in good faith without seeking court intervention.

6.      In the event the Parties are unable to resolve the dispute, any party may petition the Court to order specific performance of the Agreement.

7.      The prevailing party on a claim of substantial noncompliance may petition the Court to extend the noticing period and may seek an award of reasonable attorneys' fees and costs associated with drafting and litigating the Notice of Substantial Noncompliance.

## H.    ATTORNEY FEES AND COSTS

Except as expressly provided herein, no party may petition the Court to recover attorneys' fees or costs associated with enforcing this Agreement, including any fees or costs associated with the notice provisions.  Nothing in this Agreement, however, will preclude a party

from filing a petition to recover attorneys' fees or costs resulting from prior litigation of

Plaintiffs' First and Second Claims for Relief in Plaintiffs' Complaint or Amended Complaint.

## I.   RESERVATIONS AND LIMITATIONS

Plaintiffs reserve the right to challenge any condition contained in future unsealing or

settlement agreements that are not contained in agreements reviewed as part of this settlement

agreement as an unconstitutional condition.

Dated this 22nd day of June, 2015.

Respectfully submitted,

*For Plaintiffs*

By: /s/ Darpana M. Sheth
INSTITUTE FOR JUSTICE
William H. Mellor*
Scott G. Bullock*
Darpana M. Sheth*
Robert P. Frommer*
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
E-mail: wmellor@ijorg; sbullock@ij.org;
dsheth@ij.org; rfrommer@ij.org
*Admitted Pro Hac Vice*

*Lead Counsel for Plaintiffs*

KAIRYS, RUDOVSKY, MESSING & FEINBERG
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

*Local Counsel for Plaintiffs*

*For the City Defendants*

By: /s/ Michael R. Miller
CITY OF PHILADELPHIA LAW DEPARTMENT
Michael R. Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: Michael.R.Miller@phila.gov
*Counsel for Defendants City of Philadelphia,
Mayor Michael A. Nutter, and Police
Commissioner Charles H. Ramsey*

*For the District Attorney Defendants*

By: /s/ Bryan C. Hughes
OFFICE OF THE DISTRICT ATTORNEY
Elizabeth J. Rubin
Bryan C. Hughes
Douglas M. Weck, Jr.
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov;
bryan.hughes@phila.gov;
douglas.weck@phila.gov

*Counsel for Defendants Philadelphia District
Attorney's Office and District Attorney R. Seth
Williams*

## APPENDIX A

[INSERT CAPTION]

## CONSENT MOTION TO VACATE ORDER

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth") and [RESPONDENT] ("Respondent") respectfully submit this consent motion to vacate the [DATE OF ORDER], order of this Court authorizing the preliminary seizure and sealing of the subject property.  As support, the parties state as follows:

1.      On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the real property and improvements known as [INSERT ADDRESS] ("the Property"), alleging that the Property was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.

2.      On [DATE], the Commonwealth applied *ex parte* for an order authorizing the preliminary seizure and sealing of the Property ("seize and seal order") and separately moved for a temporary restraining order prohibiting the transfer of any interest in the Property pending further litigation in this action.

3.      On [DATE], this Court granted the Commonwealth's motion for temporary restraining order and issued a seize and seal order.

4.      On [DATE], officers of the Philadelphia Police Department executed the seize and seal order and served any occupants with the forfeiture petition, the application for the seize and seal order, the seize and seal order itself, the temporary restraining order, and notice of a prompt post-deprivation hearing.

5.      On [DATE], the Commonwealth served the foregoing documents on the record title holder of the Property.

6.      On [DATE], Respondent appeared in court, made a *prima facie* showing of his or her legal claim to ownership of the Property, and indicated that he or she will take reasonable measures to ensure that no activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 will occur at the Property subsequent to the execution of this agreement.

7.      The Commonwealth has advised Respondent that any activity that would constitute a violation of the Controlled Substances, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 occurring at the Property subsequent to the execution of this agreement may result in the Commonwealth (a) applying for a new seize and seal order, and (b) arguing at any trial on the merits that Respondent should not be entitled to the "innocent owner" defense set forth at 42 Pa. Cons. Stat. § 6801(a)(6)(ii) and § 6802(j).

8.      In light of the foregoing, the Commonwealth consents to vacatur of the seize and seal order in this matter.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests an order:

(1)      Vacating the [DATE OF ORDER], order authorizing the seizure and sealing of the Property pending further litigation;

(2)      Permitting Respondent(s) to re-enter and take possession of the Property; and

(3)      Decreeing that all utility services that were in place at the time the prior order was executed be reinstated.

_____                    _____
[RESPONDENT]                                                              PROSECUTOR

[INSERT CAPTION]

## <u>ORDER</u>

Upon consideration of the Consent Motion to Vacate Order filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

1.      The order dated [DATE], authorizing the Commonwealth to seize and seal the real property and improvements known as [INSERT ADDRESS] ("the Property") BE, and the same hereby IS, VACATED;

2.      The Commonwealth is directed promptly to UNSEAL the Property and to permit Respondent [NAME] to RE-ENTER AND REPOSSESS the Property; and

3.      All utility services at the Property that were in place at the time of the prior order may be REINSTATED by Respondent [NAME].

**BY THE COURT:**

_____
                                                                **J.**

3

## APPENDIX B

[INSERT CAPTION]

## CONSENT MOTION TO VACATE ORDER

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth") and [RESPONDENT] ("Respondent") respectfully submit this consent motion to vacate the [DATE OF ORDER], order of this Court authorizing the preliminary seizure and sealing of the subject property.  As support, the parties state as follows:

1.      On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the real property and improvements known as [INSERT ADDRESS] ("the Property"), alleging that the Property was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.

2.      On [DATE], the Commonwealth submitted an application for an order authorizing the preliminary seizure and sealing of the Property ("seize and seal order"), and separately moved for a temporary restraining order prohibiting the transfer of any interest in the Property pending further litigation in this action.

3.      On [DATE], this Court granted the Commonwealth's motion for temporary restraining order and scheduled a hearing on the application for seize and seal order on [DATE].

4.      On [DATE], the Commonwealth served the record title holder of the Property, all occupants, and Respondent with the forfeiture petition, the temporary restraining order, the application for the seize and seal order, and notice of the hearing on the Commonwealth's application for seize and seal order.

1

5.     At the [DATE OF HEARING] hearing, the Court granted the Commonwealth's application and issued a seize and seal order, which was subsequently executed by the Philadelphia Police Department.

6.     Respondent has made a *prima facie* showing of his or her legal claim to ownership of the Property, and indicated that he or she will take reasonable measures to ensure that no activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 will occur at the Property subsequent to the execution of this agreement.

7.     The Commonwealth has advised Respondent that any activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 occurring at the Property subsequent to the execution of this agreement may result in the Commonwealth (a) applying for a new seize and seal order, and (b) arguing at any trial on the merits that Respondent should not be entitled to the "innocent owner" defense set forth at 42 Pa. Cons. Stat. § 6801(a)(6)(ii) and § 6802(j).

8.     In light of the foregoing, the Commonwealth consents to vacatur of the seize and seal order in this matter.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests an order:

(1)     Vacating the [DATE OF ORDER], order authorizing the seizure and sealing of the Property pending further litigation;

(2)     Permitting Respondent(s) to re-enter and take possession of the Property; and

(3)     Decreeing that all utility services that were in place at the time the prior order was executed be reinstated.

_____                    _____
[RESPONDENT]                                         PROSECUTOR

[INSERT CAPTION]

## ORDER

Upon consideration of the Consent Motion to Vacate Order filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

1.      The order dated [DATE], authorizing the Commonwealth to seize and seal the real property and improvements known as [INSERT ADDRESS] ("the Property") BE, and the same hereby IS, VACATED;

2.      The Commonwealth is directed promptly to UNSEAL the Property and to permit Respondent [NAME] to RE-ENTER AND REPOSSESS the Property; and

3.      All utility services at the Property that were in place at the time of the prior order may be REINSTATED by Respondent [NAME].


**BY THE COURT:**


_____
                                                                    **J.**

3

**APPENDIX C**

[INSERT CAPTION]

**CONSENT MOTION FOR DISCONTINUANCE**

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth"), and [RESPONDENT] ("Respondent") respectfully submit this consent motion for discontinuance, pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure.  As support, the parties state as follows:

1.      On [DATE], officers of the Philadelphia Police Department executed a [TYPE OF WARRANT] warrant at [ADDRESS] ("the Property"), during which [LIST PEOPLE ARRESTED] was/were arrested and [LIST SPECIFIC ITEMS SEIZED] was/were seized.

2.      On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the Property, alleging that the Property was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.

3.      On [DATE], the Commonwealth filed [LIST OTHER MOTIONS FILED OR APPLICATIONS MADE].

4.      On [DATE], this Court granted [LIST RELIEF GRANTED AND/OR HEARING SCHEDULED].

5.      On [DATE], the Philadelphia Police Department [IF *EX PARTE* SEIZE AND SEAL, INDICATE EXECUTION] and the Commonwealth served the record title holder of the Property and any occupants with [LIST DOCUMENTS SERVED].

6.      [IF *LIS PENDENS* WAS FILED] The Commonwealth subsequently filed the temporary restraining order among the land records associated with the Property, which currently operates as a *lis pendens* ("*lis pendens*").

1

7.      On [DATE], [LIST RELEVANT EVENTS AT COURT APPEARANCES (*e.g.*, HEARINGS OR RULINGS ON SEALING APPLICATIONS, UNSEALING AGREEMENTS AND ORDERS)].

8.      Respondent [NAME] has made a *prima facie* showing of his or her legal claim to the Property, and indicated that he or she will take reasonable measures to ensure that no activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 will occur at the Property subsequent to the execution of this agreement.

9.      In light of the foregoing, the Commonwealth consents to withdrawal of the civil-forfeiture petition against the Property, to vacatur of all underlying orders, and to removal of the *lis pendens*.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests that this matter be discontinued and that [LIST PRIOR ORDERS] previously issued in this matter be vacated and the *lis pendens* removed.


_____                            _____
[RESPONDENT]                                                      PROSECUTOR

[INSERT CAPTION]

## **ORDER**

Upon consideration of the Consent Motion for Discontinuance filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

1.       This matter BE, and the same hereby IS, DISCONTINUED;

2.       The [LIST ORDERS] issued [LIST DATES], BE, and the same hereby [IS/ARE], VACATED; and

3.       The Commonwealth is DIRECTED, within five (5) business days, to take all necessary measures to removes the *lis pendens* associated with the underlying property from the land records associated with the property.


**BY THE COURT:**


_____
                                                                        **J.**

## APPENDIX D

[INSERT CAPTION]

## CONSENT MOTION FOR DISCONTINUANCE

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth"), and [RESPONDENT] ("Respondent") respectfully submit this consent motion for discontinuance, pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure.  As support, the parties state as follows:

1.      On [DATE], officers of the Philadelphia Police Department seized [DESCRIBE PROPERTY SEIZED] ("the Vehicle") incident to the arrest of [PERSON FROM WHOM SEIZED] [OR UPON EXECUTION OF A WARRANT AT SPECIFIED ADDRESS] based on conduct related to the alleged possession and/or distribution of illegal narcotics.

2.      On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the Vehicle, alleging that the Vehicle was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.

3.      On [DATE], [LIST RELEVANT EVENTS AT COURT APPEARANCES, IF ANY].

4.      Respondent [NAME] has made a *prima facie* showing of his or her legal claim to the Vehicle, and has provided assurance that he or she will take reasonable measures to ensure that the Vehicle is not used to facilitate a subsequent violation of the Controlled Substances Forfeiture Act.

5.      The parties agree [SET FORTH PERMISSIBLE TERMS OF AGREEMENT, SUCH AS SPLIT OF PROCEEDS, REIMBURSEMENT OF FEES].

6.      In light of the foregoing, the Commonwealth consents to withdrawal of the civil-forfeiture petition and to return of the Vehicle to [RESPONDENT], subject to the requirements of the Philadelphia Police Department regarding [IF APPLICABLE] proof of identification, registration, insurance, and title.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests that this matter be discontinued.


_____         _____
[RESPONDENT]                                              PROSECUTOR

[INSERT CAPTION]

## <u>ORDER</u>

Upon consideration of the Consent Motion for Discontinuance filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

1.      This matter BE, and the same hereby IS, DISCONTINUED;

2.      [SPECIFY TERMS OF AGREEMENT]; and

3.      Thereafter, the Commonwealth is DIRECTED promptly to return the Vehicle to Respondent, subject to the requirements of the Philadelphia Police Department regarding proof of identification, registration, insurance, and title.


**BY THE COURT:**


_____
                                                                        **J.**

3