**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated, | |
| | Civil Action No. 2:14-cv-04687-ER |
| Plaintiffs, | |
| | Assigned to the Honorable Judge Robreno |
| vs. | |
| | **Special Management Track** |
| CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department; | |
| Defendants. | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**JOINT MOTION FOR RECONSIDERATION**

INSTITUTE FOR JUSTICE
William H. Mellor*
Scott G. Bullock*
Darpana M. Sheth*
Robert P. Frommer*
901 North Glebe Road; Suite 900
Arlington, VA 22203
wmellor@ij.org; sbullock@ij.org;
dsheth@ij.org; rfrommer@ij.org
Tel: (703) 682-9320
Fax: (703) 682-9321
*Admitted *Pro Hac Vice*

*Lead Counsel for Plaintiffs*

KAIRYS, RUDOVSKY, MESSING & FEINBERG
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
drudovsky@krlawphila.com
Tel:  (215) 925-4400
Fax:  (215) 925-5365

*Local Counsel for Plaintiffs*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION.......................................................................................1

ARGUMENT ...............................................................................................2

    I.    STANDARD OF REVIEW ...................................................................2

    II.    BECAUSE DEFENDANTS REPEAT ARGUMENTS PREVIOUSLY MADE
        AND RAISE NEW ARGUMENTS THAT COULD HAVE BEEN RAISED
        PREVIOUSLY, THIS COURT SHOULD SUMMARILY DENY THE MOTION
        AS PROCEDURALLY DEFICIENT. ...................................................3

    III.    BECAUSE A RULE 588 MOTION CANNOT BE BROUGHT WITHIN A
        CIVIL-FORFEITURE PROCEEDING, THIS COURT'S REFUSAL TO
        DISMISS PLAINTIFF GEIGER'S CLAIM SHOULD STAND. ................5

CONCLUSION ............................................................................................8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Boniella v. Commonwealth*, 958 A.2d 1069  (Pa. Commw. Ct. 2008) .......................................... 6

*Burger King Corp. v. New England Hood and Duct Cleaning Co.*,
　No. CIV. A. 98-3610, 2000 WL 133756 (E.D. Pa. Feb. 4, 2000) ............................. 2, 3, 4

*Commonwealth v. $6,091.00, U.S. Currency*, No. 226 C.D. 2009, 2009 WL 9096541
　(Pa. Commw. Ct. Sept. 16, 2009) ........................................................................................ 6

*Commonwealth v. Allen*, 59 A.3d 677 (Pa. Commw. Ct. 2012) .................................................... 6

*Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014)........................................................................ 4

*Commonwealth v. Johnson*, 931 A.2d 781 (Pa. Commw. Ct. 2007) ............................................ 6

*Commonwealth v. Murray*, No. 1919 C.D. 2010, 2011 WL 10857742
　(Pa. Commw. Ct. Apr. 13, 2011) ........................................................................................ 6

*D & D Assocs. v. Bd. of Educ. of N. Plainfield*, 552 F. App'x 110 (3d Cir. 2014) ....................... 5

*Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109 (E.D. Pa. 1993) ................... 3, 4

*Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237 (3d Cir. 2010).................. 2

*In re One 1988 Toyota Corolla*, 675 A.2d 1290 (Pa. Commw. Ct. 1996).................................... 7

*Kiewit E. Co. v. L & R Const. Co.*, 44 F.3d 1194 (3d Cir. 1995) .................................................. 5

*Lazaridis v. Wehmer*, 591 F.3d 666 (3d Cir. 2010) ...................................................................... 2

*Ostroff v. Alterra Healthcare Corp.*, No. CIV.A. 05-6187, 2006 WL 2086970
　(E.D. Pa. July 25, 2006)........................................................................................................ 2

*Reich v. Compton*, 834 F. Supp. 753 (E.D. Pa. 1993), *aff'd in part on other grounds,*
　*rev'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)............................................ 2, 4

*Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319 (E.D. Pa. 2014)................................................ 3, 4

*Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104 (E.D. Pa. 1992) ....................................... 3

**Page**

*Sourovelis v. City of Philadelphia*, No. CIV.A. 14-4687, 2015 WL 2215060
(E.D. Pa. May 12, 2015). ........................................................................... *passim*

*United States v. Dupree*, 617 F.3d 724 (3d Cir. 2010) ................................................. 5

*United States v. Eubanks*, 169 F.3d 672 (11th Cir.1999) ............................................. 7

*United States v. One 1974 Learjet 24D*, 191 F.3d 668 (6th Cir. 1999) ........................................ 7

*Z & R Cab, LLC v. Phila. Parking Auth.*, 22 F. Supp. 3d 509 (E.D. Pa. 2014)............................. 3

## **Rules**

Fed. R. Crim. P. 1(a)(5)(B) ........................................................................... 7

Fed. R. Crim. P. 41(e)............................................................................... 7

Pa. R. Civ. P. 5 ..................................................................................... *passim*

Named Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs") on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), respectfully submit this Memorandum in Opposition to Defendants' Joint Motion for Reconsideration.

## **<u>INTRODUCTION</u>**

Defendants ask this Court to reconsider, only as to Plaintiff Nassir Geiger, its May 12, 2015 ruling denying their Joint Motion to Dismiss.  Rather than directing the Court to any new evidence or a change in the controlling law, Defendants simply rehash their argument that Mr. Geiger did not file a motion for return of property under Pennsylvania Rule of Criminal Procedure 588, which Defendants assert provides a constitutionally adequate post-deprivation remedy.  This Court has already rejected this argument, holding that "it is unclear whether a Rule 588 motion would provide a constitutionally sufficient chance to contest the basis for the deprivation at a meaningful time and in a meaningful manner in [the civil-forfeiture] context." *Sourovelis v. City of Philadelphia*, No. CIV.A. 14-4687, 2015 WL 2215060, at *11 (E.D. Pa. May 12, 2015).  In their 15-page brief, Defendants have failed to provide any reason to disturb this sound ruling.

Intended to correct a clear error or prevent manifest injustice, a motion for reconsideration should neither repeat arguments already made and rejected, nor proffer new arguments that could have been raised before judgment.  Defendants' motion, however, does precisely that.  For this reason alone, the Court should summarily deny Defendants' motion as procedurally invalid.

Even if the Court considers the merits, Defendants' motion is equally deficient in its substance.  Pennsylvania's Commonwealth Court has made clear that Rule 588 does not apply in

1

the forfeiture context.  And a review of the host of cases cited by Defendants—all authority that was previously available during briefing and oral argument—reveals that none involves a situation in which a claimant uses Rule 588 to seek the return of his property in the civil-forfeiture proceeding itself.  Because Defendants' arguments are both procedurally improper and substantively wrong on the law, this Court should deny their motion for reconsideration.

## ARGUMENT

In its decision denying Defendants' Joint Motion to Dismiss, this Court aptly observed, "Whatever procedures Plaintiff Geiger may have been afforded in his criminal case have no bearing on his claim as to the inadequate procedures in his civil forfeiture case." *Sourovelis*, 2015 WL 2215060, at *11.  After setting forth the applicable standard of review, Plaintiffs explain why Defendants' motion to reconsider this holding should be denied as procedurally and substantively inadequate.

### I.    STANDARD OF REVIEW

Courts will reconsider an issue only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice.  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *see also Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  Defendants, as the parties seeking reconsideration, bear the burden of proving at least one of those grounds.  *Ostroff v. Alterra Healthcare Corp.*, No. CIV. A. 05-6187, 2006 WL 2086970, at *1 (E.D. Pa. July 25, 2006).  Here, Defendants' only basis for requesting reconsideration is that this Court made a "clear error of law."  *See* Mem. Supp. Defs.' Joint Mot. Recons. 4, ECF No. 73-1.  Mere "disagreement between the Court and the litigant," however, does not constitute a "clear error of law."  *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part on other grounds, rev'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995); *see also Burger King*

2

*Corp. v. New England Hood and Duct Cleaning Co.*, No. CIV. A. 98-3610, 2000 WL 133756, at *2 (E.D. Pa. Feb. 4, 2000) ("Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.").

II.     **BECAUSE DEFENDANTS REPEAT ARGUMENTS PREVIOUSLY MADE AND RAISE NEW ARGUMENTS THAT COULD HAVE BEEN RAISED PREVIOUSLY, THIS COURT SHOULD SUMMARILY DENY THE MOTION AS PROCEDURALLY DEFICIENT.**

In a motion for reconsideration, "parties are not free to relitigate issues that the Court has [already] resolved." *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa.1992) (alteration in original).  Nor should parties argue additional arguments which should have been made before judgment. *See Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d, 319, 420 (E.D. Pa. 2014). Yet Defendants' motion violates both of these controlling rules.  Accordingly, this Court should deny Defendants' motion on procedural grounds without considering the merits. *Reich*, 834 F. Supp. at 755 (noting it would be appropriate to deny motion for reconsideration "on purely procedural grounds").

First, Defendants repeat arguments that the Court has already considered.  However, "[r]econsideration is not permitted to allow 'a second bite at the apple,' nor to reargue matters the trial court already resolved or relitigate points of disagreement between the Court and the moving party." *Z & R Cab, LLC v. Phila. Parking Auth.*, 22 F. Supp. 3d 509, 513 (E.D. Pa. 2014) (internal citation omitted); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  In their motion to dismiss, Defendants argued that Rule 588 is constitutionally adequate as a matter of law. *See* Mem. Supp. Defs.' Joint Mot. Dismiss 27, ECF No. 52.  This argument was already considered and rejected by the Court. *Sourovelis*, 2015 WL 2215060, at *11, n.9.  But in their motion for reconsideration, Defendants argue this same exact point once again, the only difference being the citation of additional (but previously

3

available) authorities that they claim support their already-rejected position. *Compare* Mem. Supp. Defs.' Joint Mot. Recons. 8–14 *with* Mem. Supp. Defs.' Joint Mot. Dismiss, 27. "It is improper on a motion for reconsideration to 'ask the Court to think what [it] had already thought through—rightly or wrongly.'" *Glendon Energy Co.*, 836 F. Supp. at 1122 (citation omitted). Since Defendants did not add anything new to that argument except for providing additional but previously available case citations, the Court can refuse to consider that argument on purely procedural grounds. *Reich*, 834 F. Supp. at 755; *see also*, *Burger King Corp.*, 2000 WL 133756, at *3 (declining to alter or amend the original order because the motion for reconsideration "merely attempts to reargue the issues disposed of" by the previous order).

Second, Defendants' motion improperly asserts new legal arguments that could have been raised previously. "Motions for reconsideration . . . should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment.'" *Reich*, 834 F. Supp at 755 (citation omitted); *see also Romero*, 1 F. Supp. 3d at 420–21 (E.D. Pa. 2014) ("Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'") (citations omitted).

In briefing their motion to dismiss, Defendants only argued that a Rule 588 motion was available to Mr. Geiger in his ***criminal*** case. Defendants mainly relied on *Commonwealth v. Allen*, which expressly limited its holding, cautioning that it did not apply to a situation in which the government takes the additional step of filing a civil-forfeiture petition against the seized property. 107 A.3d 709, 717, n. 9 (Pa. 2014). With the benefit of hindsight provided by the Court's decision, Defendants now try to refute the Court's ruling by advancing three contentions: (1) Rule 588 motions are civil; (2) Rule 588 motions and civil-forfeiture petitions are routinely heard together; and (3) the Commonwealth routinely files civil-forfeiture petitions in response to

4

Rule 588 motion.  Mem. Supp. Defs.' Joint Mot. Recons. 5–6.   This is procedurally improper.  Moreover, as explained *infra* Section III, these contentions are unavailing; none of these newly argued facts mean that Rule 588 motions are available in civil-forfeiture proceedings.

Because Defendants essentially repeated their prior arguments and raised legal arguments that could have been raised previously, the proper resolution is to summarily dismiss their motion for reconsideration on procedural grounds.  *See D & D Assocs. v. Bd. of Educ. of N. Plainfield*, 552 F. App'x 110, 116 (3d Cir. 2014) (affirming district court's denial of motion for reconsideration on the ground that the movant failed to raise the argument previously); *Lazaridis*, 591 F.3d at 669 (denying the motion for reconsideration on the ground that the motion advanced the same arguments that were raised before); *United States v. Dupree*, 617 F.3d 724, 733 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration on the ground that the arguments raised by the government could have been raised before); *Kiewit E. Co. v. L & R Constr. Co.*, 44 F.3d 1194, 1204 (3d Cir. 1995) (holding that failure to adequately raise the issues served as a basis for denial of motion to amend judgment).

### III.   BECAUSE A RULE 588 MOTION CANNOT BE BROUGHT WITHIN A CIVIL-FORFEITURE PROCEEDING, THIS COURT'S REFUSAL TO DISMISS PLAINTIFF GEIGER'S CLAIM SHOULD STAND.

As noted above, the arguments raised in Defendants' Motion for Reconsideration are procedurally improper and should be rejected on that basis alone.  But in addition to being too late, they are also completely wrong.  In refusing to dismiss Plaintiff Geiger as to Claim III, this Court noted that while a Rule 588 motion may be an adequate remedy in some contexts, it was not clear that in the context of a civil-forfeiture proceeding, it was both available and constitutionally adequate.  *Sourovelis*, 2015 WL 2215060, at *11.

In their Motion for Reconsideration, Defendants repeatedly imply that a property owner may bring a Rule 588 motion in a civil forfeiture proceeding, although they never say so explicitly.  And with good reason:  As the Commonwealth Court made clear, "Rule 588 can be used to reclaim seized property that has not been subject to a forfeiture action, ***but it has no application in the forfeiture context***."  *Commonwealth v. Murray*, No. 1919 C.D. 2010, 2011 WL 10857742, at *1 n.2 (Pa. Commw. Ct. Apr. 13, 2011) (emphasis added).  This and other rulings by Pennsylvania courts together demonstrate that a Rule 588 motion for return of property commences an action that is separate and distinct from any civil-forfeiture proceeding. *See Commonwealth v. Johnson*, 931 A.2d 781, 783 (Pa. Commw. Ct. 2007) ("Proceedings for return of property are distinct from a forfeiture proceeding."); *Boniella v. Commonwealth*, 958 A.2d 1069, 1073 (Pa. Commw. Ct. 2008) ("Boniella's claim for return of property is distinct from a forfeiture action, the proceeding in $9,487.00 U.S. Currency."); *Commonwealth v. $6,091.00, U.S. Currency*, No. 226 C.D. 2009, 2009 WL 9096541, at *4 (Pa. Commw. Ct. Sept. 16, 2009) ("[A] forfeiture petition and a motion for return of property are distinct petitions and need not be heard together.").  It is not a device that claimants may employ in an already-filed civil-forfeiture proceeding itself.  Defendants' statements that the Commonwealth may respond to a Rule 588 motion by filing a forfeiture petition, and that in such cases the same court will adjudicate both the claimant's Rule 588 motion and the Commonwealth's forfeiture petition, Mem. Supp. Defs.' Joint Mot. Recons. 5–6, ECF No. 73, are simply of no moment.

Moreover, Defendants cite no case where a property owner actually filed a Rule 588 motion ***in*** a civil forfeiture proceeding.  Although Defendants quote *Commonwealth v. Allen*, 59 A.3d 677, 679 (Pa. Commw. Ct. 2012), for the proposition that "[a] return of property motion is often raised in a civil forfeiture proceeding," the court's opinion in *Allen* cites nothing in support

6

of that proposition, and in fact *Allen* did not involve a civil-forfeiture proceeding.  In virtually every case Defendants cite, the owner filed a Rule 588 motion before the initiation of forfeiture proceedings.  *See* Mem. Supp. Defs.' Joint Mot. Recons., 8–12 (citing cases).  In the only exception, *In re One 1988 Toyota Corolla*, 675 A.2d 1290, 1293 (Pa. Commw. Ct. 1996), the property owner filed a motion for return of property unaware that the Commonwealth had already filed a separate civil forfeiture petition.  As this Court correctly observed, the authority cited by Defendants do "not speak to the adequacy of the civil forfeiture proceedings at issue in the instant case.  Simply pointing to Rule 588 does not end the inquiry."  *Sourovelis*, 2015 WL 2215060, at *11, n.9.

Defendants attempt to bolster their claim by noting that "Rule 588 is modeled after Federal Rule of Criminal Procedure 41(g)," Mem. Supp. Defs.' Joint Mot. Recons. 6, n.4, but that comparison only further undercuts their argument.  The Federal Rules of Criminal Procedure make explicitly clear that a property owner may not file a Rule 41(g) motion in a civil-forfeiture proceeding.  Fed. R. Crim. P. 1(a)(5)(B) (stating that "[p]roceedings not governed by these rules include: . . . a civil property forfeiture").  Indeed, once civil-forfeiture proceedings commence, property owners may not avail themselves of Rule 41(g) whatsoever.  *See also United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999) (holding that once "the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e)"); *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (holding that a Rule 41(g) motion is unavailable if property is retained as a result of civil forfeiture).[1]

Pennsylvania law is clear:  a Rule 588 motion for return of property is simply not available in the context of a civil-forfeiture proceeding. Accordingly, this Court's refusal to

---

[1]  Federal Rule of Criminal Procedure 41(e), governing motions for return of property, was reclassified in 2002 without substantive change as Rule 41(g).

dismiss Mr. Geiger's claim was far from a "clear error of law;" indeed, it was eminently correct.

As such, this Court should deny Defendants' Motion for Reconsideration and allow this case,

including Mr. Geiger's claims to proceed to the merits.[2]

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion for Reconsideration should be

denied.

Dated this 23rd day of June, 2015.

Respectfully submitted,

INSTITUTE FOR JUSTICE
By: ___/s/ Darpana M. Sheth_____          KAIRYS, RUDOVSKY, MESSING & FEINBERG
William H. Mellor*
Scott G. Bullock*                                            David Rudovsky (I.D. Number 15168)
Darpana M. Sheth*                                         The Cast Iron Building
Robert P. Frommer*                                        718 Arch Street
901 North Glebe Road, Suite 900                   Suite 501 South
Arlington, VA 22203                                        Philadelphia, PA 19106
Email:  wmellor@ij.org; sbullock@ij.org;       Email:  drudovsky@krlawphila.com
dsheth@ij.org; rfrommer@ij.org                     Tel:  (215) 925-4400
Tel: (703) 682-9320                                         Fax:  (215) 925-5365
Fax: (703) 682-9321

*Admitted Pro Hac Vice

Counsel for Plaintiffs

---

[2]  Defendants argue in a footnote without any citation that only Plaintiffs' Third Claim for Relief applies to Mr. Geiger.  Mem. Supp. Defs.' Joint Mot. Recons. 15, n.6.  This is flatly wrong.  The only claim which Mr. Geiger does not bring is Plaintiffs' First Claim which relates only to real property.  By Defendants' own admission, Plaintiffs' Second Claim for Relief concerning unconstitutional conditions applies to individuals like Mr. Geiger who had personal property seized.  *See* Proposed Settlement Agreement for Plaintiffs' First and Second Claims for Relief, 4, ECF No. 83-1 (noting Defendants have imposed similar problematic conditions as part of settlement agreements in vehicle forfeitures).  Additionally, Plaintiffs' remaining claims (counts four through six) apply to all individuals who have had real or personal property seized for civil forfeiture.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of June, 2015, a true and correct copy of the

MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR

RECONSIDERATION was electronically filed using the Court's ECF system and sent via the

ECF electronic notification system to the following counsels of record:


Michael Miller
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel:  (215) 683-5444
Email:  Michael.R.Miller@phila.gov

*Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter,
and Police Commissioner Charles H. Ramsey*


Elizabeth J. Graham-Rubin
Bryan C. Hughes
Douglas M. Weck, Jr.
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
Tel:  (215) 686-8787
Email: bj.graham-rubin@phila.gov;
        bryan.hughes@phila.gov;
        douglas.weck@phila.gov

*Counsel for Defendants Philadelphia District Attorney's Office and
District Attorney R. Seth Williams*


/s/  Darpana M. Sheth
Darpana M. Sheth
*Counsel for Plaintiffs*

9