**NOTICE OF PROPOSED SETTLEMENT AGREEMENT
AND HEARING IN CLASS ACTION FOR OWNERS OF PROPERTY
THREATENED WITH CIVIL FORFEITURE**

**SOUROVELIS, ET AL. v. CITY OF PHILADELPHIA, ET AL.,**
Civil Action No. 2:14-cv-04687-ER
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TO**:  All owners and those with a legal interest in property against which a civil-forfeiture petition has been filed by the Philadelphia District Attorney's Office in the Court of Common Pleas of Philadelphia County.

You are hereby notified that a hearing has been scheduled for **[Add date when known]**, 2015, at **[time]**, before the Honorable Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 15a, Philadelphia, Pennsylvania, 19106, for consideration of a proposed settlement of two claims that have been brought on your behalf in this lawsuit.

**I.     Purpose of this Notice**

This notice has three purposes:  (1) to inform you about the lawsuit and proposed settlement agreement; (2) to tell you how to obtain more information; and (3) to explain how you may object to the proposed settlement.

**II.    Background**

Plaintiffs brought this class-action lawsuit on August 11, 2014, to challenge six policies and practices of the City of Philadelphia's civil-forfeiture program under the U.S. Constitution. The lawsuit does not seek money damages.  Rather, the purpose of the lawsuit is to change Defendants' policies and practices in conducting civil forfeitures.

The Parties have reached a tentative settlement agreement as to the following two policies and practices challenged by Plaintiffs.

> **First Claim:**  Evicting people from their homes and other real property under "seize and seal" orders without providing any warning, opportunity to be heard, or proof of an emergency or necessity.
>
> **Second Claim:**  Requiring property owners to give up statutory and constitutional rights in order to be let back into their homes or other real property or to have the forfeiture petition withdrawn.

Plaintiffs contend that both of these policies and practices violate the Fourteenth Amendment's guarantee that no person shall be deprived of property without due process of law.  The remaining four claims are not resolved and will continue to be litigated.

The "Parties" to the settlement are:

- Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger on behalf of themselves and all members of the settlement classes (collectively "Plaintiffs");

- Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"); and

- The Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants").

The Court has preliminarily approved this settlement as of **[insert date]**.

### III. Description of the Proposed Settlement Agreement

The following description is a summary of the key points in the proposed settlement agreement ("Agreement"). Information on obtaining a copy of the full, proposed agreement is provided after this summary.

No property owners will receive any cash payment as a result of the Proposed Settlement Agreement. The Proposed Agreement does not cover any claim for money damages against the District Attorney Defendants or the City Defendants for past conduct in evicting you from your home, or for imposing certain conditions in order to allow you back into your home or in order to dismiss the forfeiture petition. Property owners are free to pursue or not pursue any claims they may have for past conduct.

The Agreement will take effect on the date that the Court gives final approval. The Agreement will last for eighteen (18) months, with the potential to be extended if the Court determines that Defendants do not substantially comply with the terms of the Agreement.

#### A. Real Property Seize and Seal Orders

The District Attorney Defendants will not seek, without providing notice or an opportunity to be heard, a "seize and seal" order against any home or other real property under the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq.*, except when all of the following circumstances are satisfied:

1. Prior approval from a specifically designated person;

2. Specific facts demonstrating that exigent circumstances exist; and

3. Specific facts demonstrating that less restrictive measures are insufficient.

**The following summarizes new procedures for properties that are currently subject to a "seize and seal" order that Defendants obtained without providing notice or an opportunity to be heard:**

No later than thirty (30) days from the effective date of this Agreement, the District Attorney Defendants will move to dismiss any "seize and seal" order presently in effect on a property owner's home. If, after any existing "seize and seal" order has been dismissed, the District Attorney Defendants determine that there are emergency or "exigent" circumstances that the District Attorney Defendants cannot address through less restrictive measures, they will comply with new procedures to apply for a "seize and seal" order.

If a property owner, whose property is currently subject to a "seize and seal" order, is: (1) **represented by an attorney**; and (2) knowingly and voluntarily agrees, **in writing**, to the continued sealing of his or her property, the District Attorney Defendants may, within thirty (30) days of the effective date of the Agreement, seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

### B. <u>Unsealing Agreements and Settlement Agreements (Consent Motions for Discontinuance)</u>

The following conditions, contained in an unsealing agreement (an agreement allowing re-entry by homeowners after a "seize and seal" order has been lifted) or settlement agreement (an agreement to withdraw a forfeiture petition), are void and will not be enforced:

1. Giving up statutory or constitutional defenses or claims in any future proceedings, including agreeing to automatic forfeiture of property;

2. Restricting access to the property by any relative, defined to include up to fifth-degree relatives;

3. Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;

4. Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and

5. Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

Within thirty (30) days of the effective date of the Agreement, the District Attorney Defendants will inform all property owners who have entered into unsealing or settlement agreements containing the above conditions that these conditions no longer apply.

Additionally, the District Attorney Defendants will produce to Plaintiffs specific documents to ensure compliance with this Agreement.

Finally, Plaintiffs reserve the right to challenge any condition contained in future unsealing or settlement agreements as an unconstitutional condition.

### C. Attorneys' Fees

Under this settlement, Plaintiffs may be awarded attorneys' fees or costs to compensate them for their time and work in litigating the First and Second Claims that are the subject of the Proposed Settlement Agreement. The amount of any attorneys' fees paid to Plaintiffs will be made public.

## IV. For Further Information

THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT. Copies of the proposed settlement may be obtained from:

1. Counsel for the Plaintiffs' Websites:
   www.ij.org/philadelphia-forfeiture  and
   http://endforfeiture.com/philadelphia-forfeiture

2. The District Attorney's Website:  **[INSERT URL FOR WEBSITE]**

3. The City of Philadelphia's Website:  **[INSERT URL FOR WEBSITE]**

4. Courtroom 478 in City Hall.

5. To obtain copies of the Agreement in alternate accessible formats, please contact Plaintiffs' counsel listed below.

## V. Procedures for Agreement or Objection

IF YOU AGREE with the proposed settlement, you do not need to do anything at this time. If you wish to attend, you may be present at the public hearing on the proposed settlement as stated above.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it. Your objections will be considered by the Court as it reviews the settlement ONLY IF you follow these procedures:

1. Objections must be filed in writing by mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

      ALL OBJECTIONS MUST CONTAIN THE FOLLOWING INFORMATION:

      a. Name, address, and telephone number of the person filing the objection;
      b. A statement of the reasons for the objection; and
      c. A statement that copies of the objections have also been sent to the attorneys listed at the end of this Notice.

2. You must send copies of your objections to all attorneys listed at the end of this Notice.

3. The deadline for filing objections and mailing them to the attorneys listed below is [**INSERT DATE**].  If Objections are filed by mail, they must be postmarked on or before [**INSERT DATE**] to be considered timely.  Objections filed or mailed on or after that date will not be considered.  Class members who fail to file objections on or before [**INSERT DATE**] will not be permitted to testify at the settlement hearing.

4. No later than [**INSERT DATE**], the attorneys for Plaintiffs and Defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.

**Attorneys' Names and Addresses for the Parties' Attorneys:**

**For the Plaintiffs:**

**INSTITUTE FOR JUSTICE**
Darpana M. Sheth
Robert P. Frommer
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel:  (703) 682-9320
Fax:  (703) 682-9321
E-mail: dsheth@ij.org; rfrommer@ij.org

**KAIRYS, RUDOVSKY, MESSING & FEINBERG**
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email:  drudovsky@krlawphila.com

**For the Defendants:**

**OFFICE OF THE DISTRICT ATTORNEY**
Elizabeth J. Rubin
Bryan C. Hughes
Three South Penn Square
Philadelphia, PA 19107
Tel:  (215) 686-8787
Email:  bj.graham-rubin@phila.gov
*Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams*

**CITY OF PHILADELPHIA LAW DEPARTMENT**
Michael Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel:  (215) 683-5433
Email:  Michael.R.Miller@phila.gov
*Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter, and Police Commissioner Charles H. Ramsey*