# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH and NORYS HERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department;<br><br>Defendants. | Civil Action No. 2:14-cv-04687-ER<br><br>Assigned to the Honorable Judge Robreno<br><br>**Special Management Track**<br><br>**DECLARATION OF<br>DARPANA M. SHETH<br>IN SUPPORT OF MOTION TO CERTIFY SETTLEMENT CLASSES<br>AND GRANT FINAL APPROVAL OF SETTLEMENT OF PLAINTIFFS' FIRST AND SECOND CLAIMS<br>FOR RELIEF** |

Pursuant to 28 U.S.C. § 1746(2), I, Darpana M. Sheth, declare the following:

1. I am a citizen of the United States and a resident of Washington, D.C. I am over eighteen years of age and fully competent to make this declaration. I am an attorney with the Institute for Justice, which represents Plaintiffs in the above-captioned action. I voluntarily submit this declaration based on my personal knowledge and in support of the Motion to Certify Settlement Classes and Grant Final Approval of Plaintiffs' First and Second Claims for Relief.

2. After the Court preliminarily approved the Proposed Settlement Agreement and Notice of the Proposed Settlement Agreement for Plaintiffs' First and Second Claims for Relief (the "Notice") on August 28, 2015, the Institute for Justice created a dedicated line, accessible at (703) 682-9331, for the purpose of receiving any inquiries related to the Proposed Settlement Agreement. The Notice included the phone number for Plaintiffs' dedicated line, as well as mailing addresses and email addresses for Plaintiffs' and Defendants' counsel and phone

numbers for Defendants' counsel. (*See* Notice at 5-6.) Plaintiffs' dedicated line was operational beginning September 1, 2015.

3. On or about or about September 2, 2015, the Institute for Justice published the Notice and Proposed Settlement Agreement on a website it maintains and dedicates to the issue of civil forfeiture. *See* http://endforfeiture.com. The Notice and Proposed Settlement Agreement were both posted as separate links under the Legal Documents section of http://endforfeiture.com/philadelphia-forfeiture/ (last visited October 27, 2015). The Notice is titled "Notice of Partial Settlement," and is available at http://endforfeiture.com/wp-content/uploads/2015/09/Revised_Proposed-Notice-of-Settlement-for-Claims-1-and-2-IJ072212xA6322.pdfposed. The Proposed Settlement Agreement is titled "Partial Settlement Agreement" and is available at http://endforfeiture.com/wp-content/uploads/2015/09/ECF-83-1-Proposed-Approve-Settlement_FINAL-IJ070548xA6322.pdf.

4. On or about September 2, 2015, counsel for the District Attorney Defendants advised me that the Notice was posted on the District Attorney's Office website at https://phillyda.wordpress.com/category/notices/.

5. On or about September 1, 2015, counsel for the District Attorney Defendants advised me that he had sent a copy of the Notice to the Chief of the Public Nuisance Task Force Andrew Jenemann to direct Assistant District Attorneys to make the Notice and Proposed Settlement Agreement available in Courtroom 478 of City Hall.

6. On or about September 2, 2015, I confirmed that the City Defendants had posted the Notice and Proposed Settlement Agreement on the website which counsel for the City Defendants had earlier notified me of, *i.e.*, https://www.phillypolice.com/forms/index.html.

7. Pursuant to the Court's August 28, 2015 Order (ECF No. 97), the parties

published the Notice in the *Philadelphia Inquirer* and the *Philadelphia Daily News* on September 9, 2015 and September 11, 2015.

8. A true and correct copy of the September 9, 2015 publication of the Notice of Proposed Settlement in the *Philadelphia Inquirer* is attached as Exhibit 1 to this declaration.

9. A true and correct copy of the September 9, 2015 publication of the Notice of Proposed Settlement in the *Philadelphia Daily News* is attached as Exhibit 2 to this declaration.

10. A true and correct copy of the September 11, 2015 publication of the Notice of Proposed Settlement in the *Philadelphia Inquirer* is attached as Exhibit 3 to this declaration.

11. A true and correct copy of the September 11, 2015 publication of the Notice of Proposed Settlement in the *Philadelphia Daily News* is attached as Exhibit 4 to this declaration.

12. Plaintiffs' counsel received no objections to the Proposed Settlement Agreement by telephone, mail, or email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2015.

By: _____
Darpana M. Sheth

# EXHIBIT 1

# legal notices
## philly.com
### anything & everything philly

| Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices |

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND HEARING IN CLASS ACTION FOR OWNERS OF PROPERTY THREATENED WITH CIVIL FORFEITURE**
**SOUROVELIS, ET AL. v. CITY OF PHILADELPHIA, ET AL.,**
Civil Action No. 2:14-cv-04687-ER
**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**TO:** All owners and those with a legal interest in property against which a civil-forfeiture petition has been filed by the Philadelphia District Attorney's Office in the Court of Common Pleas of Philadelphia County.

You are hereby notified that a hearing has been scheduled for **November 2, 2015, at 2:00 p.m.**, before the Honorable Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 15a, Philadelphia, Pennsylvania, 19106, for consideration of a proposed settlement of two claims that have been brought on your behalf in this lawsuit.

**I. Purpose of this Notice**
This notice has three purposes: (1) to inform you about the lawsuit and proposed settlement agreement; (2) to tell you how to obtain more information; and (3) to explain how you may object to the proposed settlement.

**II. Background**
Plaintiffs brought this class-action lawsuit on August 11, 2014, to challenge six policies and practices of the City of Philadelphia's civil-forfeiture program under the U.S. Constitution. The lawsuit does not seek money damages. Rather, the purpose of the lawsuit is to change Defendants' policies and practices in conducting civil forfeitures.

The Parties have reached a tentative settlement agreement as to the following two policies and practices challenged by Plaintiffs.
**First Claim:** Evicting people from their homes and other real property under "seize and seal" orders without providing any warning, opportunity to be heard, or proof of an emergency or necessity.
**Second Claim:** Requiring property owners to give up statutory and constitutional rights in order to be let back into their homes or other real property or to have the forfeiture petition withdrawn.

Plaintiffs contend that both of these policies and practices violate the Fourteenth Amendment's guarantee that no person shall be deprived of property without due process of law. The remaining four claims are not resolved and will continue to be litigated.

The "Parties" to the settlement are:
• Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger on behalf of themselves and all members of the settlement classes (collectively "Plaintiffs");
• Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"); and
• The Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants").

The Court has preliminarily approved this settlement as of August 28, 2015.

**III. Description of the Proposed Settlement Agreement**
The following description is a summary of the key points in the proposed settlement agreement ("Agreement"). Information on obtaining a copy of the full, proposed agreement is provided after this summary.

No property owners will receive any cash payment as a result of the Proposed Settlement Agreement. The Proposed Agreement does not cover any claim for money damages against the District Attorney Defendants or the City Defendants for past conduct in evicting you from your home, or for imposing certain conditions in order to allow you back into your home or in order to dismiss the forfeiture petition. Property owners are free to pursue or not pursue any claims they may have for past conduct.

The Agreement will take effect on the date that the Court gives final approval. The Agreement will last for eighteen (18) months, with the potential to be extended if the Court determines that Defendants do not substantially comply with the terms of the Agreement.

**A. Real Property Seize and Seal Orders**
The District Attorney Defendants will not seek, without providing notice or an opportunity to be heard, a "seize and seal" order against any home or other real property under the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 et seq., except when all of the following circumstances are satisfied:
1. Prior approval from a specifically designated person;
2. Specific facts demonstrating that exigent circumstances exist; and
3. Specific facts demonstrating that less restrictive measures are insufficient.

The following summarizes new procedures for properties that are currently subject to a **"seize and seal" order that Defendants obtained without providing notice or an opportunity to be heard:**

No later than thirty (30) days from the effective date of this Agreement, the District Attorney Defendants will move to dismiss any "seize and seal" order presently in effect on a property owner's home. If, after any existing "seize and seal" order has been dismissed, the District Attorney Defendants determine that there are emergency or "exigent" circumstances that the District Attorney Defendants cannot address through less restrictive measures, they will comply with new procedures to apply for a "seize and seal" order.

If a property owner, whose property is currently subject to a "seize and seal" order, is: (1) **represented by an attorney**; and (2) knowingly and voluntarily agrees, **in writing**, to the continued sealing of his or her property, the District Attorney Defendants may, within thirty (30) days of the effective date of the Agreement, seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

**B. Unsealing Agreements and Settlement Agreements (Consent Motions for Discontinuance)**
The following conditions, contained in an unsealing agreement (an agreement allowing re-entry by homeowners after a "seize and seal" order has been lifted) or settlement agreement (an agreement to withdraw a forfeiture petition), are void and will not be enforced:
1. Giving up statutory or constitutional defenses or claims in any future proceedings, including agreeing to automatic forfeiture of property;
2. Restricting access to the property by any relative, defined to include up to fifth-degree relatives;
3. Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;
4. Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and
5. Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

Within thirty (30) days of the effective date of the Agreement, the District Attorney Defendants will inform all property owners who have entered into unsealing or settlement agreements containing the above conditions that these conditions no longer apply.

Additionally, the District Attorney Defendants will produce to Plaintiffs specific documents to ensure compliance with this Agreement.

Finally, Plaintiffs reserve the right to challenge any condition contained in future unsealing or settlement agreements as an unconstitutional condition.

**C. Attorneys' Fees**
Under this settlement, Plaintiffs may be awarded attorneys' fees or costs to compensate them for their time and work in litigating the First and Second Claims that are the subject of the Proposed Settlement Agreement. The amount of any attorneys' fees paid to Plaintiffs will be made public.

**IV. For Further Information**
THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT. Copies of the proposed settlement may be obtained from:
1. Counsel for the Plaintiffs' Websites: www.ij.org/philadelphia-forfeiture and http://endforfeiture.com/philadelphia-forfeiture
The District Attorney's Website: www.phila.gov/districtattorney/notices.html.
2. The City of Philadelphia's Website: https://www.phillypolice.com/forms/index.html
3. Courtroom 478 in City Hall.
4. To obtain copies of the Agreement in alternate accessible formats, please contact Plaintiffs' counsel listed below.

**V. Procedures for Agreement or Objection**
IF YOU AGREE with the proposed settlement, you do not need to do anything at this time. If you wish to attend, you may be present at the public hearing on the proposed settlement as stated above.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it. Your objections will be considered by the Court as it reviews the settlement ONLY IF you follow these procedures:
1. Objections must be filed in writing by mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. ALL OBJECTIONS MUST CONTAIN THE FOLLOWING INFORMATION:
   a. Name, address, and telephone number of the person filing the objection;
   b. A statement of the reasons for the objection; and
   c. A statement that copies of the objections have also been sent to the attorneys listed at the end of this Notice.
2. You must send copies of your objections to all attorneys listed at the end of this Notice.
3. The deadline for filing objections and mailing them to the attorneys listed below is October 7, 2015. If Objections are filed by mail, they must be postmarked on or before October 7, 2015 to be considered timely. Objections filed or mailed on or after that date will not be considered. Class members who fail to file objections on or before October 7, 2015 will not be permitted to testify at the settlement hearing.
4. No later than October 21, 2015, the attorneys for Plaintiffs and Defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.
5. Any objector wishing to appear and/or testify at the fairness hearing shall submit to the Court a request to appear and/or testify at the hearing, identifying the objector by name and address, and setting forth generally the nature of the proposed testimony by October 27, 2015.

**Attorneys' Names and Addresses for the Parties' Attorneys:**

**For the Plaintiffs:**
INSTITUTE FOR JUSTICE
Darpana M. Sheth
Milad Emam
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9331
Fax: (703) 682-9321
E-mail: dsheth@ij.org; memam@ij.org
KAIRYS, RUDOVSKY, MESSING & FEINBERG
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

**For the Defendants:**
OFFICE OF THE DISTRICT ATTORNEY
Elizabeth J. Rubin
Bryan C. Hughes
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov
Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams
CITY OF PHILADELPHIA LAW DEPARTMENT
Michael Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5433
Email: Michael.R.Miller@phila.gov
Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter and Police Commissioner Charles H. Ramsey

# EXHIBIT 2

**service directory**

NOTICE
For more information and assistance regarding the investigation of Money To Loan Advertising, Philadelphia Newspapers, LLC urges its readers to contact:
THE BETTER BUSINESS BUREAU OF EASTERN PA 1930 Chestnut St., P.O. Box 2297, Phila., PA 19103. 215-448-6100

**SPAS**

WEST CHESTER THERAPY
7 N Five Points Road  610-429-0999

**legal services**

DIVORCE $130*
NO FAULT UNCONTESTED
No Court Appearance Needed
5 Months=$130*
3 Months=$250*
6 Weeks =$330*
215-854-6340 Divorce Guides
www.DIVORCEGUIDES.net
Aaron I. Rappeport, Esq.     *Plus $95.00 Court Filing Fee
1515 Market Street Ste 1200 Philadelphia PA

**business opportunities**

NOTICE
For more information and assistance regarding the investigation of Business Opportunity Advertising, Philadelphia Newspapers, LLC urges its readers to contact:
THE BETTER BUSINESS BUREAU OF EASTERN PA 1608 Walnut St., Phila., PA 19103. 215-985-9313

**BUSINESS OPPORTUNITY SERVICES**
TastyKake Route For Sale, Lansdowne Area. $165,000. Call Jim, 267-266-2733

**autos other**

AUTOS, TRUCKS WANTED
$500 CASH for any junk car w/without title 215-669-1000

WE BUY CARS & TRUCKS
$200-$5000 CASH  267-229-1970



We Buy Junk Cars! Top Paid! Cash. Any Condition. Call Now!!! (215) 783-6919

**low cost cars & trucks**

Chevy Monte Carlo SS, 2000 $2650. runs/lks new, new insp. 215.620. 9383
CHRYSLER SEBRING LX 2001 $1250. 4 Dr, loaded, clean. 215-280-4825
FORD F150 PICKUP 1999 $2500. Auto, long bed, needs no work. 215.620.9383



DAILY NEWS CLASSIFIEDS  SELL IT ALREADY.  800-341-3413
in the paper and on philly●com

Wednesday, September 9, 2015

# legal notices
philly

| Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices |

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND HEARING IN CLASS ACTION FOR OWNERS OF PROPERTY THREATENED WITH CIVIL FORFEITURE**
**SOUROVELIS, ET AL. v. CITY OF PHILADELPHIA, ET AL.,**
Civil Action No. 2:14-cv-04687-ER
**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**TO:** All owners and those with a legal interest in property against which a civil-forfeiture petition has been filed by the Philadelphia District Attorney's Office in the Court of Common Pleas of Philadelphia County.

You are hereby notified that a hearing has been scheduled for **November 2, 2015, at 2:00 p.m.**, before the Honorable Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 15a, Philadelphia, Pennsylvania, 19106, for consideration of a proposed settlement of two claims that have been brought on your behalf in this lawsuit.

**I. Purpose of this Notice**
This notice has three purposes: (1) to inform you about the lawsuit and proposed settlement agreement; (2) to tell you how to obtain more information; and (3) to explain how you may object to the proposed settlement.

**II. Background**
Plaintiffs brought this class-action lawsuit on August 11, 2014, to challenge six policies and practices of the City of Philadelphia's civil-forfeiture program under the U.S. Constitution. The lawsuit does not seek money damages. Rather, the purpose of the lawsuit is to change Defendants' policies and practices in conducting civil forfeitures.

The Parties have reached a tentative settlement agreement as to the following two policies and practices challenged by Plaintiffs.

**First Claim:** Evicting people from their homes and other real property under "seize and seal" orders without providing any warning, opportunity to be heard, or proof of an emergency or necessity.

**Second Claim:** Requiring property owners to give up statutory and constitutional rights in order to be let back into their homes or other real property or to have the forfeiture petition withdrawn.

Plaintiffs contend that both of these policies and practices violate the Fourteenth Amendment's guarantee that no person shall be deprived of property without due process of law. The remaining four claims are not resolved and will continue to be litigated.

The "Parties" to the settlement are:
- Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger on behalf of themselves and all members of the settlement classes (collectively "Plaintiffs");
- Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"); and
- The Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants").

The Court has preliminarily approved this settlement as of August 28, 2015.

**III. Description of the Proposed Settlement Agreement**
The following description is a summary of the key points in the proposed settlement agreement ("Agreement"). Information on obtaining a copy of the full, proposed agreement is provided after this summary.

No property owners will receive any cash payment as a result of the Proposed Settlement Agreement. The Proposed Agreement does not cover any claim for money damages against the District Attorney Defendants or the City Defendants for past conduct in evicting you from your home, or for imposing certain conditions in order to allow you back into your home or in order to dismiss the forfeiture petition. Property owners are free to pursue or not pursue any claims they may have for past conduct.

The Agreement will take effect on the date that the Court gives final approval. The Agreement will last for eighteen (18) months, with the potential to be extended if the Court determines that Defendants do not substantially comply with the terms of the Agreement.

**A. Real Property Seize and Seal Orders**
The District Attorney Defendants will not seek, without providing notice or an opportunity to be heard, a "seize and seal" order against any home or other real property under the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 et seq., except when all of the following circumstances are satisfied:
1. Prior approval from a specifically designated person;
2. Specific facts demonstrating that exigent circumstances exist; and
3. Specific facts demonstrating that less restrictive measures are insufficient.

**The following summarizes new procedures for properties that are currently subject to a "seize and seal" order that Defendants obtained without providing notice or an opportunity to be heard:**

No later than thirty (30) days from the effective date of this Agreement, the District Attorney Defendants will move to dismiss any "seize and seal" order presently in effect on a property owner's home. If, after any existing "seize and seal" order has been dismissed, the District Attorney Defendants determine that there are emergency or "exigent" circumstances that the District Attorney Defendants cannot address through less restrictive measures, they will comply with new procedures to apply for a "seize and seal" order.

If a property owner, whose property is currently subject to a "seize and seal" order, is: (1) **represented by an attorney**; and (2) knowingly and voluntarily agrees, **in writing**, to the continued sealing of his or her property, the District Attorney Defendants may, within thirty (30) days of the effective date of the Agreement, seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

**B. Unsealing Agreements and Settlement Agreements (Consent Motions for Discontinuance)**
The following conditions, contained in an unsealing agreement or an agreement allowing re-entry by homeowners after a "seize and seal" order has been lifted) or settlement agreement (an agreement to withdraw a forfeiture petition), are void and will not be enforced:
1. Giving up statutory or constitutional defenses or claims in any future proceedings, including agreeing to automatic forfeiture of property;
2. Restricting access to the property by any relative, defined to include up to fifth-degree relatives;
3. Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;
4. Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and
5. Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

Within thirty (30) days of the effective date of the Agreement, the District Attorney Defendants will inform all property owners who have entered into unsealing or settlement agreements containing the above conditions that these conditions no longer apply.

Additionally, the District Attorney Defendants will produce to Plaintiffs specific documents to ensure compliance with this Agreement.

Finally, Plaintiffs reserve the right to challenge any condition contained in future unsealing or settlement agreements as an unconstitutional condition.

**C. Attorneys' Fees**
Under this settlement, Plaintiffs may be awarded attorneys' fees or costs to compensate them for their time and work in litigating the First and Second Claims that are the subject of the Proposed Settlement Agreement. The amount of any attorneys' fees paid to Plaintiffs will be made public.

**IV. For Further Information**
THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT. Copies of the proposed settlement may be obtained from:
1. Counsel for the Plaintiffs' Websites: www.ij.org/philadelphia-forfeiture and http://endforfeiture.com/philadelphia-forfeiture
The District Attorney's Website: www.phila.gov/districtattorney/notices.html.
2. The City of Philadelphia's Website: https://www.phillypolice.com/forms/index.html
3. Courtroom 478 in City Hall.
4. To obtain copies of the Agreement in alternate accessible formats, please contact Plaintiffs' counsel listed below.

**V. Procedures for Agreement or Objection**
IF YOU AGREE with the proposed settlement, you do not need to do anything at this time. If you wish to attend, you may be present at the public hearing on the proposed settlement as stated above.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it. Your objections will be considered by the Court as it reviews the settlement ONLY IF you follow these procedures:
1. Objections must be filed in writing by mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. ALL OBJECTIONS MUST CONTAIN THE FOLLOWING INFORMATION:
   a. Name, address, and telephone number of the person filing the objection;
   b. A statement of the reasons for the objection; and
   c. A statement that copies of the objections have also been sent to the attorneys listed at the end of this Notice.
2. You must send copies of your objections to all attorneys listed at the end of this Notice.
3. The deadline for filing objections and mailing them to the attorneys listed below is October 7, 2015. If Objections are filed by mail, they must be postmarked on or before October 7, 2015 to be considered timely. Objections filed or mailed on or after that date will not be considered. Class members who fail to file objections on or before October 7, 2015 will not be permitted to testify at the settlement hearing.
4. No later than October 21, 2015, the attorneys for Plaintiffs and Defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.
5. Any objector wishing to appear and/or testify at the fairness hearing shall submit to the Court a request to appear and/or testify at the hearing, identifying the objector by name and address, and setting forth generally the nature of the proposed testimony by October 27, 2015.

**Attorneys' Names and Addresses for the Parties' Attorneys:**

**For the Plaintiffs:**
INSTITUTE FOR JUSTICE
Darpana M. Sheth
Milad Emam
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9331
Fax: (703) 682-9321
E-mail: dsheth@ij.org; memam@ij.org
KAIRYS, RUDOVSKY, MESSING & FEINBERG
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

**For the Defendants:**
OFFICE OF THE DISTRICT ATTORNEY
Elizabeth J. Rubin
Bryan C. Hughes
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov
Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams
CITY OF PHILADELPHIA LAW DEPARTMENT
Michael Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5433
Email: Michael.R.Miller@phila.gov
Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter and Police Commissioner Charles H. Ramsey

# EXHIBIT 3

F2 | THE PHILADELPHIA INQUIRER | **FRIDAY, SEPT. 11, 2015**

# legal notices
philly.com — anything & everything philly

| Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices |

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND HEARING IN CLASS ACTION FOR OWNERS OF PROPERTY THREATENED WITH CIVIL FORFEITURE**
**SOUROVELIS, ET AL. v. CITY OF PHILADELPHIA, ET AL.,**
**Civil Action No. 2:14-cv-04687-ER**
**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**TO:** All owners and those with a legal interest in property against which a civil-forfeiture petition has been filed by the Philadelphia District Attorney's Office in the Court of Common Pleas of Philadelphia County.

You are hereby notified that a hearing has been scheduled for **November 2, 2015, at 2:00 p.m.**, before the Honorable Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 15a, Philadelphia, Pennsylvania, 19106, for consideration of a proposed settlement of two claims that have been brought on your behalf in this lawsuit.

**I. Purpose of this Notice**
This notice has three purposes: (1) to inform you about the lawsuit and proposed settlement agreement; (2) to tell you how to obtain more information; and (3) to explain how you may object to the proposed settlement.

**II. Background**
Plaintiffs brought this class-action lawsuit on August 11, 2014, to challenge six policies and practices of the City of Philadelphia's civil-forfeiture program under the U.S. Constitution. The lawsuit does not seek money damages. Rather, the purpose of the lawsuit is to change Defendants' policies and practices in conducting civil forfeitures.

The Parties have reached a tentative settlement agreement as to the following two policies and practices challenged by Plaintiffs.

**First Claim:** Evicting people from their homes and other real property under "seize and seal" orders without providing any warning, opportunity to be heard, or proof of an emergency or necessity.

**Second Claim:** Requiring property owners to give up statutory and constitutional rights in order to be let back into their homes or other real property or to have the forfeiture petition withdrawn.

Plaintiffs contend that both of these policies and practices violate the Fourteenth Amendment's guarantee that no person shall be deprived of property without due process of law. The remaining four claims are not resolved and will continue to be litigated.

The "Parties" to the settlement are:
• Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger on behalf of themselves and all members of the settlement classes (collectively "Plaintiffs");
• Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"); and
• The Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants").

The Court has preliminarily approved this settlement as of August 28, 2015.

**III. Description of the Proposed Settlement Agreement**
The following description is a summary of the key points in the proposed settlement agreement ("Agreement"). Information on obtaining a copy of the full, proposed agreement is provided after this summary.

No property owners will receive any cash payment as a result of the Proposed Settlement Agreement. The Proposed Agreement does not cover any claim for money damages against the District Attorney Defendants or the City Defendants for past conduct in evicting you from your home, or for imposing certain conditions in order to allow you back into your home or in order to dismiss the forfeiture petition. Property owners are free to pursue or not pursue any claims they may have for past conduct.

The Agreement will take effect on the date that the Court gives final approval. The Agreement will last for eighteen (18) months, with the potential to be extended if the Court determines that Defendants do not substantially comply with the terms of the Agreement.

**A. Real Property Seize and Seal Orders**
The District Attorney Defendants will not seek, without providing notice or an opportunity to be heard, a "seize and seal" order against any home or other real property under the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 et seq., except when all of the following circumstances are satisfied:
  1. Prior approval from a specifically designated person;
  2. Specific facts demonstrating that exigent circumstances exist; and
  3. Specific facts demonstrating that less restrictive measures are insufficient.

**The following summarizes new procedures for properties that are currently subject to a "seize and seal" order that Defendants obtained without providing notice or an opportunity to be heard:**

No later than thirty (30) days from the effective date of this Agreement, the District Attorney Defendants will move to dismiss any "seize and seal" order presently in effect on a property owner's home. If, after any existing "seize and seal" order has been dismissed, the District Attorney Defendants determine that there are emergency or "exigent" circumstances that the District Attorney Defendants cannot address through less restrictive measures, they will comply with new procedures to apply for a "seize and seal" order.

If a property owner, whose property is currently subject to a "seize and seal" order, is: (1) **represented by an attorney**; and (2) knowingly and voluntarily agrees, **in writing**, to the continued sealing of his or her property, the District Attorney Defendants may, within thirty (30) days of the effective date of the Agreement, seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

**B. Unsealing Agreements and Settlement Agreements (Consent Motions for Discontinuance)**
The following conditions, contained in an unsealing agreement (an agreement allowing re-entry by homeowners after a "seize and seal" order has been lifted) or settlement agreement (an agreement to withdraw a forfeiture petition), are void and will not be enforced:
  1. Giving up statutory or constitutional defenses or claims in any future proceedings, including agreeing to automatic forfeiture of property;
  2. Restricting access to the property by any relative, defined to include up to fifth-degree relatives;
  3. Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;
  4. Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and
  5. Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

Within thirty (30) days of the effective date of the Agreement, the District Attorney Defendants will inform all property owners who have entered into unsealing or settlement agreements containing the above conditions that these conditions no longer apply.

Additionally, the District Attorney Defendants will produce to Plaintiffs specific documents to ensure compliance with this Agreement.

Finally, Plaintiffs reserve the right to challenge any condition contained in future unsealing or settlement agreements as an unconstitutional condition.

**C. Attorneys' Fees**
Under this settlement, Plaintiffs may be awarded attorneys' fees or costs to compensate them for their time and work in litigating the First and Second Claims that are the subject of the Proposed Settlement Agreement. The amount of any attorneys' fees paid to Plaintiffs will be made public.

**IV. For Further Information**
THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT. Copies of the proposed settlement may be obtained from:
  1. Counsel for the Plaintiffs' Websites: www.ij.org/philadelphia-forfeiture and http://endforfeiture.com/philadelphia-forfeiture
     The District Attorney's Website: www.phila.gov/districtattorney/notices.html.
  2. The City of Philadelphia's Website: https://www.phillypolice.com/forms/index.html
  3. Courtroom 478 in City Hall.
  4. To obtain copies of the Agreement in alternate accessible formats, please contact Plaintiffs' counsel listed below.

**V. Procedures for Agreement or Objection**
IF YOU AGREE with the proposed settlement, you do not need to do anything at this time. If you wish to attend, you may be present at the public hearing on the proposed settlement as stated above.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it. Your objections will be considered by the Court as it reviews the settlement ONLY IF you follow these procedures:
  1. Objections must be filed in writing by mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. ALL OBJECTIONS MUST CONTAIN THE FOLLOWING INFORMATION:
     a. Name, address, and telephone number of the person filing the objection;
     b. A statement of the reasons for the objection; and
     c. A statement that copies of the objections have also been sent to the attorneys listed at the end of this Notice.
  2. You must send copies of your objections to all attorneys listed at the end of this Notice.
  3. The deadline for filing objections and mailing them to the attorneys listed below is October 7, 2015. If Objections are filed by mail, they must be postmarked on or before October 7, 2015 to be considered timely. Objections filed or mailed on or after that date will not be considered. Class members who fail to file objections on or before October 7, 2015 will not be permitted to testify at the settlement hearing.
  4. No later than October 21, 2015, the attorneys for Plaintiffs and Defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.
  5. Any objector wishing to appear and/or testify at the fairness hearing shall submit to the Court a request to appear and/or testify at the hearing, identifying the objector by name and address, and setting forth generally the nature of the proposed testimony by October 27, 2015.

**Attorneys' Names and Addresses for the Parties' Attorneys:**

For the Plaintiffs:
**INSTITUTE FOR JUSTICE**
Darpana M. Sheth
Milad Emam
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9331
Fax: (703) 682-9321
E-mail: dsheth@ij.org; memam@ij.org
**KAIRYS, RUDOVSKY, MESSING & FEINBERG**
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

For the Defendants:
**OFFICE OF THE DISTRICT ATTORNEY**
Elizabeth J. Rubin
Bryan C. Hughes
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov
Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams
**CITY OF PHILADELPHIA LAW DEPARTMENT**
Michael Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5433
Email: Michael.R. Miller@phila.gov
Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter and Police Commissioner Charles H. Ramsey

# EXHIBIT 4

# legal notices

philly.com
anything & everything philly

| Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices |



## Office of Housing and Community Development

### Year 40 Consolidated Annual Performance & Evaluation Report (CAPER) (Fiscal Year 2015)

Office of Housing and Community Development (OHCD) has prepared the Year 40 CAPER (Fiscal Year 2015). The report describes how the City of Philadelphia expended its resources from the U.S. Department of Housing and Urban Development Community Development Block Grant, federal HOME funds, Emergency Solutions Grant and Housing Opportunities for Persons With AIDS (HOPWA) funds and from the Commonwealth of Pennsylvania Department of Community and Economic Development funds for the period of July 1, 2014 to June 30, 2015.

The CAPER is available online at www.phila.gov/ohcd. Copies of the CAPER are also available for citizen review in the Government Publications departments of the Central, Fumo Family, Northeast Regional, Northwest Regional and West Regional branches of the Free Library of Philadelphia.

A limited number of copies of the CAPER is also available at the Office of Housing and Community Development, Department of Communications, 1234 Market St., 17th Floor, Philadelphia, PA, 19107. Copies of the Summary of Accomplishments report and of the CAPER of the federal CPD Integrated Disbursement and Information System (IDIS) are available for review at OHCD's offices. Call 215-686-9787 for details. Send comments to OHCD at ohcd@phila.gov or at the above address by Sept. 28, 2015.

City of Philadelphia
Michael A. Nutter

Office of Housing and
Community Development
Deborah McColloch
Director

---

### City of Philadelphia Public Hearing Notice

Committee on Commerce & Economic Development of the Council of the City of Philadelphia will hold a Public Hearing on **Thursday, September 17, 2015, at 1:00 PM, in Room 400, City Hall**, to hear testimony on the following item:

.... An Ordinance amending Chapter 17- of The Philadelphia Code, entitled "Economic Opportunity Plans," to provide for the creation and filing of an annual report by the Executive Director that analyzes the extent of workforce diversity on projects and contracts requiring Economic Opportunity Plans and identify appropriate workforce diversity goals for projects and contracts, all under certain terms and conditions.

Immediately following the public hearing, a meeting of the Committee on Commerce & Economic Development, open to the public, will be held to consider the action to be taken on the above listed item.

Copies of the foregoing item are available in the Office of the Chief Clerk of the Council, Room ___, City Hall.

Michael Decker
Chief Clerk

---

### City of Philadelphia Public Hearing Notice

The Committee on Global Opportunities & Creative/ Innovative Economy of the Council of the City of Philadelphia will hold a Public Hearing on **Wednesday, September 16, 2015, at 10:00 A.M., in Room 400, City Hall**, to hear testimony on the following item:

**150113** .... Resolution authorizing City Council's Committee on Global Opportunities and the Creative/ Innovative Economy to hold public hearings regarding the state of the music industry in Philadelphia.

Immediately following the public hearing, a meeting of the Committee on Global Opportunities & Creative /Innovative Economy, open to the public, will be held to consider the action to be taken on the above listed item.

Copies of the foregoing item are available in the Office of the Chief Clerk of the Council, Room 402, City Hall.

Michael Decker
Chief Clerk

---

### Notice of Intent to Remediate and Report Submittal

Pursuant to Land Recycling and Environmental Remediation Standards Act, the Act of May 19, 1995, P.L. 4, No. 1995-2, notice is hereby given that Philadelphia Housing Authority (PHA) will submit a Notice of Intent to Remediate (NIR) to the PADEP SE Regional Office for the Site known as Norman Blumberg Apartments located at 2311 W. Jefferson Street, Phila., PA. The NIR states that soil impacts at the Site will demonstrate attainment of the Statewide Health Standards.

---

The State Board of Accountancy will be conducting a meeting on September 17, 2015 starting at 9:00 a.m. The meeting will be held at Temple University, Fox School of Business, 7th Floor Commons Room, Alter Hall, 1801 Liacoras Walk, Philadelphia, PA 19122. If you are a person with a disability and you wish to attend the meeting and you require an auxiliary aid, service or other accommodation to participate in the proceedings, please contact: Nicole Thurstin directly at (717) 787-6604 (voice). Text telephone users can call us via the PA Relay Center.



SELL IT ALREADY.
800-341-3413
IN THE PAPER / ON PHILLY.COM

---

## NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND HEARING IN CLASS ACTION FOR OWNERS OF PROPERTY THREATENED WITH CIVIL FORFEITURE
### SOUROVELIS, ET AL. v. CITY OF PHILADELPHIA, ET AL.,
### Civil Action No. 2:14-cv-04687-ER
### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TO:** All owners and those with a legal interest in property against which a civil-forfeiture petition has been filed by the Philadelphia District Attorney's Office in the Court of Common Pleas of Philadelphia County.

You are hereby notified that a hearing has been scheduled for **November 2, 2015, at 2:00 p.m.**, before the Honorable Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 15a, Philadelphia, Pennsylvania, 19106, for consideration of a proposed settlement of two claims that have been brought on your behalf in this lawsuit.

**I. Purpose of this Notice**
This notice has three purposes: (1) to inform you about the lawsuit and proposed settlement agreement; (2) to tell you how to obtain more information; and (3) to explain how you may object to the proposed settlement.

**II. Background**
Plaintiffs brought this class-action lawsuit on August 11, 2014, to challenge six policies and practices of the City of Philadelphia's civil-forfeiture program under the U.S. Constitution. The lawsuit does not seek money damages. Rather, the purpose of the lawsuit is to change Defendants' policies and practices in conducting civil forfeitures.

The Parties have reached a tentative settlement agreement as to the following two policies and practices challenged by Plaintiffs.
**First Claim:** Evicting people from their homes and other real property under "seize and seal" orders without providing any warning, opportunity to be heard, or proof of an emergency or necessity.
**Second Claim:** Requiring property owners to give up statutory and constitutional rights in order to be let back into their homes or other real property or to have the forfeiture petition withdrawn.

Plaintiffs contend that both of these policies and practices violate the Fourteenth Amendment's guarantee that no person shall be deprived of property without due process of law. The remaining four claims are not resolved and will continue to be litigated.

The "Parties" to the settlement are:
• Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger on behalf of themselves and all members of the settlement classes (collectively "Plaintiffs");
• Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"); and
• The Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants").

The Court has preliminarily approved this settlement as of August 28, 2015.

**III. Description of the Proposed Settlement Agreement**
The following description is a summary of the key points in the proposed settlement agreement ("Agreement"). Information on obtaining a copy of the full, proposed agreement is provided after this summary.

No property owners will receive any cash payment as a result of the Proposed Settlement Agreement. The Proposed Agreement does not cover any claim for money damages against the District Attorney Defendants or the City Defendants for past conduct in evicting you from your home, or for imposing certain conditions in order to allow you back into your home or in order to dismiss the forfeiture petition. Property owners are free to pursue or not pursue any claims they may have for past conduct.

The Agreement will take effect on the date that the Court gives final approval. The Agreement will last for eighteen (18) months, with the potential to be extended if the Court determines that Defendants do not substantially comply with the terms of the Agreement.

**A. Real Property Seize and Seal Orders**
The District Attorney Defendants will not seek, without providing notice or an opportunity to be heard, a "seize and seal" order against any home or other real property under the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 et seq., except when all of the following circumstances are satisfied:
1. Prior approval from a specifically designated person;
2. Specific facts demonstrating that exigent circumstances exist; and
3. Specific facts demonstrating that less restrictive measures are insufficient.

The following summarizes new procedures for properties that are currently subject to a "seize and seal" order that Defendants obtained without providing notice or an opportunity to be heard:

No later than thirty (30) days from the effective date of this Agreement, the District Attorney Defendants will move to dismiss any "seize and seal" order presently in effect on a property owner's home. If, after any existing "seize and seal" order has been dismissed, the District Attorney Defendants determine that there are emergency or "exigent" circumstances that the District Attorney Defendants cannot address through less restrictive measures, they will comply with new procedures to apply for a "seize and seal" order.

If a property owner, whose property is currently subject to a "seize and seal" order, is: (1) **represented by an attorney**; and (2) knowingly and voluntarily agrees, **in writing**, to the continued sealing of his or her property, the District Attorney Defendants may, within thirty (30) days of the effective date of the Agreement, seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

**B. Unsealing Agreements and Settlement Agreements (Consent Motions for Discontinuance)**
The following conditions, contained in un unsealing agreement (an agreement allowing re-entry by homeowners after a "seize and seal" order has been lifted) or settlement agreement (an agreement to withdraw a forfeiture petition), are void and will not be enforced:
1. Giving up statutory or constitutional defenses or claims in any future proceedings, including agreeing to automatic forfeiture of property;
2. Restricting access to the property by any relative, defined to include up to fifth-degree relatives;
3. Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;
4. Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and
5. Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

Within thirty (30) days of the effective date of the Agreement, the District Attorney Defendants will inform all property owners who have entered into unsealing or settlement agreements containing the above conditions that these conditions no longer apply.

Additionally, the District Attorney Defendants will produce to Plaintiffs specific documents to ensure compliance with this Agreement.

Finally, Plaintiffs reserve the right to challenge any condition contained in future unsealing or settlement agreements as an unconstitutional condition.

**C. Attorneys' Fees**
Under this settlement, Plaintiffs may be awarded attorneys' fees or costs to compensate them for their time and work in litigating the First and Second Claims that are the subject of the Proposed Settlement Agreement. The amount of any attorneys' fees paid to Plaintiffs will be made public.

**IV. For Further Information**
THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT. Copies of the proposed settlement may be obtained from:
1. Counsel for the Plaintiffs' Websites: www.ij.org/philadelphia-forfeiture and http://endforfeiture.com/philadelphia-forfeiture
   The District Attorney's Website: www.phila.gov/districtattorney/notices.html.
2. The City of Philadelphia's Website: https://www.phillypolice.com/forms/index.html
3. Courtroom 478 in City Hall.
4. To obtain copies of the Agreement in alternate accessible formats, please contact Plaintiffs' counsel listed below.

**V. Procedures for Agreement or Objection**
IF YOU AGREE with the proposed settlement, you do not need to do anything at this time. If you wish to attend, you may be present at the public hearing on the proposed settlement as stated above.

IF YOU DISAGREE with the proposed settlement, you have a right to object to it. Your objections will be considered by the Court as it reviews the settlement ONLY IF you follow these procedures:
1. Objections must be filed in writing by mail to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. ALL OBJECTIONS MUST CONTAIN THE FOLLOWING INFORMATION:
   a. Name, address, and telephone number of the person filing the objection;
   b. A statement of the reasons for the objection; and
   c. A statement that copies of the objections have also been sent to the attorneys listed at the end of this Notice.
2. You must send copies of your objections to all attorneys listed at the end of this Notice.
3. The deadline for filing objections and mailing them to the attorneys listed below is October 7, 2015. If Objections are filed by mail, they must be postmarked on or before October 7, 2015 to be considered timely. Objections filed or mailed on or after that date will not be considered. Class members who fail to file objections on or before October 7, 2015 will not be permitted to testify at the settlement hearing.
4. No later than October 21, 2015, the attorneys for Plaintiffs and Defendants shall file and serve responses, if any, to objections they timely receive from persons opposed to the proposed settlement.
5. Any objector wishing to appear and/or testify at the fairness hearing shall submit to the Court a request to appear and/or testify at the hearing, identifying the objector by name and address, and setting forth generally the nature of the proposed testimony by October 27, 2015.

**Attorneys' Names and Addresses for the Parties' Attorneys:**

**For the Plaintiffs:**
INSTITUTE FOR JUSTICE
Darpana M. Sheth
Milad Emam
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9331
Fax: (703) 682-9321
E-mail: dsheth@ij.org; memam@ij.org
KAIRYS, RUDOVSKY, MESSING & FEINBERG
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

**For the Defendants:**
OFFICE OF THE DISTRICT ATTORNEY
Elizabeth J. Rubin
Bryan C. Hughes
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov
Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams
CITY OF PHILADELPHIA LAW DEPARTMENT
Michael Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5433
Email: Michael.R.Miller@phila.gov
Counsel for Defendants City of Philadelphia, Mayor Michael A. Nutter and Police Commissioner Charles H. Ramsey