# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department,<br><br>Defendants. | Civil Action No. 2:14-cv-04687-ER<br><br>Assigned to the Honorable Judge Robreno<br><br>Special Management Track<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION TO CERTIFY SETTLEMENT CLASSES AND GRANT FINAL APPROVAL OF SETTLEMENT OF PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF** |

Pending before the Court is Plaintiffs' Unopposed Motion to Certify Settlement Classes and Grant Final Approval of Settlement of Plaintiffs' First and Second Claims for Relief, filed by Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs").

Upon full consideration of all submitted papers in support of the Motion, after hearing, and for good cause shown, ORDERED that Plaintiffs' Unopposed Motion to Certify Settlement Classes and Grant Final Approval of Settlement of Plaintiffs' First and Second Claims for Relief is GRANTED as follows:

    1.    The Court certifies the following settlement classes under Rule 23(b)(2):

For purposes of the First Claim for Relief in the Amended Complaint, the settlement class will consist of all persons holding legal title to or otherwise

having a legal interest in real property against which an *ex parte* "seize and seal" order is presently in effect, or will in the future be in effect.

For purposes of the Second Claim for Relief in the Amended Complaint, the settlement class will consist of all persons holding legal title to or otherwise having a legal interest in real or personal property against which a civil-forfeiture petition has been filed, or will in the future be filed, in the Court of Common Pleas of Philadelphia County and who entered into an unsealing agreement or a settlement agreement.

2. The Court appoints Christopher Sourovelis, Norys Hernandez, and Doila Welch as class representatives for Plaintiffs' First Claim for Relief and Christopher Sourovelis, Norys Hernandez, Doila Welch, and Nassir Geiger as class representatives for Plaintiffs' Second Claim for Relief.

3. The Court appoints the Institute for Justice as lead class counsel and David Rudovsky as local class counsel for Plaintiffs' First and Second Claims for Relief under Federal Rule of Civil Procedure 23(g).

4. The Proposed Settlement Agreement is approved pursuant to Federal Rule of Civil Procedure 23(e). Under the terms of the Proposed Settlement Agreement:

(a) Defendants City of Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively, "City Defendants"), and the Philadelphia District Attorney's Office and District Attorney R. Seth Williams (collectively, "District Attorney Defendants") cannot seek an *ex parte* "seize and seal" order against real property under the Controlled Substances Forfeiture Act, except when all of the following circumstances are met: (1) prior approval of the application from a person specifically designated (and previously identified to Plaintiffs) by the Philadelphia District Attorney's Office before it is submitted to the Court of Common Pleas of Philadelphia County; (2) specific, particularized, and credible facts demonstrating that exigent circumstances exist under

*United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993); and (3) specific, particularized, and credible facts demonstrating that less restrictive measures are insufficient to protect the Commonwealth's interests in preventing the sale, destruction, or continued unlawful use of the real property and that providing notice would jeopardize this interest.

> i.  Exigent circumstances include, but are not limited to, persistent illegal activity occurring at the property, after, on multiple occasions, (1) arrests have been made or search warrants have been executed, and (2) contraband has been discovered at the property during those arrests or executions of search warrants. Moreover, the mere fact that law enforcement observed controlled substances present at a property, that law enforcement observed controlled substances being sold or distributed at a property, that a property was purchased with criminal proceeds, or that a property is considered deteriorated does not constitute exigent circumstances. Further, conclusory allegations are insufficient to establish exigent circumstances and merely attaching a copy of any police report concerning the alleged criminal activity that serves as the predicate for civil forfeiture is insufficient to establish exigent circumstances.

(b)  The District Attorney Defendants must move to vacate any *ex parte* "seize and seal" order presently in effect on a property owner's home within thirty (30) days of the date of this Order. If—after vacatur of a prior order—the District Attorney Defendants determine that exigent circumstances are presented and less restrictive measures are inadequate, they must comply with the above-stated procedures to apply for a new *ex parte* "seize and seal" order. If a property owner whose property is currently subject to a

"seize and seal" order is represented by an attorney and knowingly and voluntarily agrees—in writing—to the continued sealing of his or her property, the District Attorney Defendants may—within thirty (30) days of the date of this Order—seek to reinstate the "seize and seal" order after providing the property owner with proper notice and presenting the petition to reinstate the "seize and seal" order at a hearing before a judge of the Court of Common Pleas.

(c)     Within thirty (30) days of the date of this Order, the District Attorney Defendants must provide notice to civil-forfeiture respondents that have entered into an unsealing agreement (an agreement allowing re-entry by homeowners after a "seize and seal" order has been lifted) or a settlement agreement (an agreement to withdraw a forfeiture petition) with the following conditions—all of which are now void and unenforceable—that the conditions no longer apply:

    i.     Prospective waiver of statutory or constitutional defenses or claims in any future proceedings, including any condition providing for "automatic forfeiture";

    ii.     Restricting access to the property by any relative, defined to include up to fifth-degree relatives;

    iii.     Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;

    iv.     Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property;

    v.     Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

(d)     In drafting the terms of unsealing agreements vacating prior *ex parte* "seize and seal" orders, and in drafting the terms of settlement agreements involving real property or vehicles, the District Attorney Defendants shall use, as templates, the model forms attached as appendices to the Proposed Settlement Agreement.

(e)     The District Attorney Defendants must produce the following documents on a rolling basis beginning thirty (30) days from the date of this Order and must complete production within sixty (60) days of the date of this Order:

> i.      All applications for *ex parte* "seize and seal" orders and related documents (including, but not limited to, supporting affidavits, the forfeiture petition, *lis pendens*, application for a temporary restraining order, and any court orders) filed since August 11, 2012; and
>
> ii.     All unsealing and settlement agreements and corresponding forfeiture petitions and court orders filed since August 11, 2012.

(f)     For a period of eighteen (18) months from the date of this Order, the District Attorney Defendants must produce to Plaintiffs the following documents on a monthly basis:

> i.      The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County in all civil-forfeiture cases in which a "seize and seal" order is currently in place and all documents, with any attachments, filed in these dockets, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories;
>
> ii.     Any and all applications made in the Court of Common Pleas of Philadelphia County for a "seize and seal" order (whether filed *ex parte* or after

notice), including all supporting documentation, affidavits, and police reports, unless such production would be prohibited under Pennsylvania or federal law, in which case the District Attorney Defendants will provide redacted copies of the documentation, where appropriate, along with an explanation of why redaction is necessary;

iii. Any court order regarding an application for a "seize and seal" order;

iv. The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County of all civil-forfeiture cases in which an unsealing agreement is executed and all documents, with any attachments, filed in these dockets, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories;

v. Copies of all documents verifying that a civil-forfeiture respondent has consented to a "seize and seal" order and is represented by counsel, including but not limited to all written agreements, all petitions to reinstate the "seize and seal" order, and all orders issued thereunder;

vi. The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County in all civil-forfeiture cases in which a settlement agreement is executed and all documents, with any attachments, filed in these dockets, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories;

vii. All unsealing agreements entered into between civil-forfeiture respondents and the District Attorney's Office; and

      viii.    All settlement agreements entered into between civil-forfeiture respondents and the District Attorney's Office.

5.    The Court retains jurisdiction over the Plaintiffs' First and Second Claims for Relief for a term of eighteen (18) months, but may extend the term of its jurisdiction based on a finding of substantial noncompliance. A claim of substantial noncompliance can be made on the following grounds:

(a)    The District Attorney Defendants submitted an application for an *ex parte* "seize and seal" order to the Court of Common Pleas of Philadelphia County that was not supported by exigent circumstances or necessity, as required under *James Daniel Good*;

(b)    The District Attorney Defendants executed an unsealing or settlement agreement that included any of the following unconstitutional conditions: (1) prospective waiver of statutory or constitutional defenses or claims in any future proceeding, including any condition providing for automatic forfeiture; (2) restricting access to the property by any relative; (3) restricting access to the property by any non-relative who has not been convicted of distributing an illegal controlled substance; (4) giving the Commonwealth the prerogative to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; or (5) requiring property owners to screen or disclose personal information (including, but not limited to social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property; or

    (c)    The District Attorney Defendants executed an unsealing or settlement agreement containing any other condition on the exercise of constitutional rights where the civil-forfeiture respondent was not represented by counsel.

IT IS HEREBY ORDERED.

Dated:_____, 2015.    BY THE COURT:

    _____
    The Honorable Eduardo C. Robreno
    UNITED STATES DISTRICT JUDGE