IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUROVELIS, et al., | : | CIVIL ACTION |
| | : | No. 14-4687 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## Order Granting Unopposed Motion to Certify Settlement Classes and Grant Final Approval of Settlement of Plaintiffs' First and Second Claims for Relief and Dismissing Plaintiffs' First and Second Claims Without Prejudice

**AND NOW**, this **3rd** day of **November, 2015**, after a
fairness hearing with counsel for the parties on November 2,
2015, it is hereby **ORDERED** that Plaintiffs' Unopposed Motion to
Certify Settlement Classes and Grant Final Approval of
Settlement of Plaintiffs' First and Second Claims for Relief,
ECF No. 102, is **GRANTED** as follows:

1.  The Court certifies the following settlement
classes pursuant to Federal Rule of Civil Procedure 23(a) and
23(b)(2)[1]:

---

[1]     Rule 23(a) provides that a class action may be
maintained only if:

> (1) the class is so numerous that joinder of
> all members is impracticable; (2) there are
> questions of law or fact common to the
> class; (3) the claims or defenses of the
> representative parties are typical of the
> claims or defenses of the class; and (4) the
> representative parties will fairly and

a.    For purposes of the First Claim for Relief
in the Amended Complaint, ECF No. 40, the settlement class will
consist of all persons holding legal title to or otherwise
having a legal interest in real property against which an ex

---

          adequately   protect   the   interests   of   the
          class.

Fed. R. Civ. P. 23(a)(1)-(4).

          Here, numerosity is satisfied because the classes of
property owners potentially number in the thousands, making
joinder impracticable. Mem. in Support of Pls.' Mot. 20, ECF No.
102-1. Commonality is also satisfied because numerous factual
and legal issues are common to all class members--specifically,
whether Defendants' policies and practices violate Due Process.
Id. at 20. As the Third Circuit has stated, "injunctive actions
by their very nature often present common questions" where "they
do not also involve an individualized injury for the
determination of damages awards." Baby Neal ex rel. Kanter v.
Casey, 43 F.3d 48, 57 (3d Cir. 1994). Next, the named
plaintiffs' First and Second Claims are typical of the class
because they arise out of Defendants' same course of conduct
relating to the investigation and prosecution of civil-
forfeiture actions. Mem. in Support of Pls.' Mot. 33. Finally,
the Court finds that the interests of the class will be
adequately represented by the named plaintiffs and by
Plaintiffs' counsel.

          Where Rule 23(a)'s requirements are satisfied, the
class must fit into one of the three categories of class actions
contemplated by Rule 23(b). Applicable here, a class action may
proceed under Rule 23(b)(2) if "the party opposing the class has
acted or refused to act on grounds that apply generally to the
class, so that final injunctive relief or corresponding
declaratory relief is appropriate respecting the class as a
whole." Fed. R. Civ. P. 23(b). Rule 23(b)(2)'s requirements are
satisfied because the named plaintiffs' seek declaratory and
injunctive relief as to the First and Second Claims, which would
benefit benefit the entire class. See Baby Neal, 43 F.3d at 58
(explaining that a Rule 23(b)(2) class is "almost automatically
satisfied in actions primarily seeking injunctive relief").

parte "seize and seal" order is presently in effect, or will in
the future be in effect.

    b. For purposes of the Second Claim for Relief
in the Amended Complaint, ECF No. 40, the settlement class will
consist of all persons holding legal title to or otherwise
having a legal interest in real or personal property against
which a civil-forfeiture petition has been filed, or will in the
future be filed, in the Court of Common Pleas of Philadelphia
County and who entered into an unsealing agreement or a
settlement agreement.

    2. The Court appoints Christopher Sourovelis, Norys
Hernandez, and Doila Welch as class representatives for
Plaintiffs' First Claim for Relief. The Court appoints
Christopher Sourovelis, Norys Hernandez, Doila Welch, and Nassir
Geiger as class representatives for Plaintiffs' Second Claim for
Relief.

    3. The Court appoints the Institute for Justice as
lead class counsel and David Rudovsky as local class counsel for
Plaintiffs' First and Second Claims for Relief under Federal
Rule of Civil Procedure 23(g).[2]

---

[2]   Under Rule 23(g), a court must consider:

   (i)  the work counsel has done in
       identifying or investigating
       potential claims in the action;

4.   The Settlement Agreement is approved pursuant to
Federal Rule of Civil Procedure 23(e).[3] The full text of the

---

(ii)   counsel's experience in handling
class actions, other complex
litigation, and the types of claims
asserted in the action;

(iii)   counsel's knowledge of the applicable
law; and

(iv)   the resources that counsel will
commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The court may also consider
other matters pertinent to counsel's ability to fairly and
adequately represent the interests of the class. Id. at (1)(B).

Here, the class is represented by the Institute for
Justice ("IFJ") and local counsel David Rudovsky. Plaintiffs'
counsel avers that: (1) counsel "performed extensive pre-filing
work to identify and investigate potential claims"; (2) IFJ is a
nationwide, public interest law firm with substantial experience
in constitutional challenges of this kind; (3) IFJ has
substantial knowledge of the applicable law given its
substantial experience with civil forfeiture cases; and (4)
"Plaintiffs' counsel will devote sufficient resources to
vigorously represent the class." Mem. in Support of Pls.' Mot.
22-23. The Court finds no concern with IFJ and Mr. Rudovsky's
representation of the class.

[3]     Under Federal Rule of Civil Procedure 23(e), the
settlement of a class action requires court approval. Fed. R.
Civ. P. 23(e)(2). A district court may approve a settlement
agreement only "after a hearing and on finding that it is fair,
reasonable, and adequate." Id. The Third Circuit has enumerated
certain factors to consider in determining whether to grant
final approval of a class action settlement. Girsh v. Jepson,
521 F.2d 153, 157 (3d Cir. 1975). The factors include:

(1) the complexity, expense and likely
duration of the litigation; (2) the reaction
of the class to the settlement; (3) the
stage of the proceedings and the amount of
discovery completed; (4) the risks of
establishing liability; (5) the risks of

4

> establishing damages; (6) the risks of
> maintaining the class action through the
> trial; (7) the ability of the defendants to
> withstand a greater judgment; (8) the range
> of reasonableness of the settlement fund in
> light of the best possible recovery; (9) the
> range of reasonableness of the settlement
> fund to a possible recovery in light of all
> the attendant risks of litigation

See In re Prudential Ins. Co. Am. Sales Litig., 148 F.3d 283,
317 (3d Cir. 1998) (quoting Girsh, 521 F.2d at 157.

        In light of the "sea-change in the nature of class
actions," id. at 299, the Third Circuit has also identified a
series of non-exclusive factors to consider for a "thoroughgoing
analysis of settlement terms." Id. at 323 (listing the
additional factors). "While the Court must make findings as to
the Girsh factors to approve a settlement as fair, reasonable,
and adequate, the Prudential factors are illustrative of
additional factors that may be useful even though they are not
essential or inexorable depending upon the specific
circumstances." Harlan v. Transworld Systems, Inc., No. 13-5882,
2015 WL 505400, at *7 (E.D. Pa. Feb. 6, 2015).

        Here, the first Girsh factor favors approval because
early settlement of two out of Plaintiffs' six claims for relief
would reduce the complexity, expense, and duration of the
litigation.

        The second Girsh factor also favors approval because,
after posting notice, no objections were received by counsel for
the parties and no objections were filed with the Court. Mem. in
Support of Pls.' Mot. 23, 26; see In re Rite Aid Corp. Secs.
Litig., 396 F.3d 294, 305 (3d Cir. 2005) (holding that the
district court did not abuse its discretion in finding the
absence of substantial objections where only two out of 300,000
class members objected).

        The third Girsh factor, on balance, favors approval.
Although Plaintiffs did not conduct discovery with respect to
their First and Second Claims, the parties engaged in motion
practice for over one year and conducted substantial legal
research. Id. at 28. As such, counsel "had an adequate
understanding and appreciation of the strengths and weaknesses
of Plaintiffs' case." In re Processed Egg Prods. Antitrust

Litig., 284 F.R.D. 249, 271 (E.D. Pa. 2012). The fourth and fifth Girsh factors are neutral because the injunctive and declaratory relief sought in the Amended Complaint is largely mirrored in the Settlement Agreement. Mem. in Support of Pls.' Mot. 29; see, e.g., Kaplan v. Chertoff, No. 06-5304, 2008 WL 200108, at *11 (E.D. Pa. Jan. 24, 2008) (approving a settlement where the injunctive relief embodied in the proposed settlement was similar to the relief that would have been available if plaintiffs succeeded at trial). Here, "there is no indication this case was brought in bad faith simply to generate attorneys' fees, or that the case is too weak to succeed under most circumstances." Ripley v. Sunoco, Inc., 287 F.R.D. 300, 312 (E.D. Pa. 2012).

The sixth Girsh factor is likewise neutral. Of course, "[c]lass certification is always conditional and may be reconsidered," Saunders v. Berks Credit & Collections, Inc., No. 00-3477, 2002 WL 1497374, at *12 (E.D. Pa. July 11, 2002). Here, however, "there is no apparent reason why the Court would decertify or modify the class at any time during the litigation." Ripley, 287 F.R.D. at 313.

The seventh Girsh factor "is concerned with whether [the defendant] could withstand a judgment for an amount significantly greater than the Settlement." In re Cendant Corp. Litig., 264 F.3d 201, 240 (3d Cir. 2001). This factor is neutral given the declaratory and injunctive nature of the relief sought for the First and Second Claims.

Finally, the eighth and ninth Girsh factors, which "ask whether the settlement is reasonable in light of the best possible recovery and the risks the parties would face if the case went to trial," Prudential, 148 F.3d at 322, are likewise neutral because the parties seek declaratory and injunctive relief. See Pastrana v. Lane, No. 08-468, 2012 WL 602141, at *5 (E.D. Pa. Feb. 24, 2012) (explaining that these factors are neutral where the "action was certified under Rule 23(b)(2) for injunctive relief").

One of the most pertinent Prudential factor asks whether any provision for attorneys' fees is reasonable. Prudential, 148 F.3d at 323. "In determining the appropriate amount of attorneys' fees to be paid to class counsel, the principal consideration is the success achieved by the plaintiffs under the terms of the settlement." Schwartz v. Dallas Cowboys Football, Ltd., 157 F. Supp. 2d 561, 578 (E.D.

Settlement Agreement is attached hereto and made part of the
Order. Under the terms of the Settlement Agreement:

    a.    Defendants City of Philadelphia, Mayor
Michael A. Nutter, Police Commissioner Charles H. Ramsey
(collectively, "City Defendants"), and the Philadelphia District
Attorney's Office and District Attorney R. Seth Williams
(collectively, "District Attorney Defendants") cannot seek an ex
parte "seize and seal" order against real property under the
Controlled Substances Forfeiture Act, except when all of the
following circumstances are met: (1) prior approval of the
application from a person specifically designated (and previously
identified to Plaintiffs) by the Philadelphia District Attorney's
Office before it is submitted to the Court of Common Pleas of
Philadelphia County; (2) specific, particularized, and credible
facts demonstrating that exigent circumstances exist under United
States v. James Daniel Good Real Prop., 510 U.S. 43 (1993); and
(3) specific, particularized, and credible facts demonstrating
that less restrictive measures are insufficient to protect the
Commonwealth's interests in preventing the sale, destruction, or

---

Pa. 2001). Of course, the traditional multi-factorial assessment
of attorneys' fees is not applicable here, where the settlement
terms are non-monetary. However, this Court has stressed that
any assessment and award of attorneys' fees should be made
public, and the Settlement Agreement ensures such.

continued unlawful use of the real property and that providing
notice would jeopardize this interest.

                    i.    Exigent circumstances include, but are
not limited to, persistent illegal activity occurring at the
property, after, on multiple occasions, (1) arrests have been
made or search warrants have been executed, and (2) contraband
has been discovered at the property during those arrests or
executions of search warrants. Moreover, the mere fact that law
enforcement observed controlled substances present at a
property, that law enforcement observed controlled substances
being sold or distributed at a property, that a property was
purchased with criminal proceeds, or that a property is
considered deteriorated does not constitute exigent
circumstances. Further, conclusory allegations are insufficient
to establish exigent circumstances and merely attaching a copy
of any police report concerning the alleged criminal activity
that serves as the predicate for civil forfeiture is
insufficient to establish exigent circumstances.

                    b.    The District Attorney Defendants must move to
vacate any ex parte "seize and seal" order presently in effect
on a property owner's home within thirty (30) days of the date
of this Order. If--after vacatur of a prior order--the District
Attorney Defendants determine that exigent circumstances are
presented and less restrictive measures are inadequate, they

8

must comply with the above-stated procedures to apply for a new

ex parte "seize and seal" order. If a property owner whose

property is currently subject to a "seize and seal" order is

represented by an attorney, and knowingly and voluntarily agrees

--in writing--to the continued sealing of his or her property,

the District Attorney Defendants may--within thirty (30) days of

the date of this Order--seek to reinstate the "seize and seal"

order after providing the property owner with proper notice and

presenting the petition to reinstate the "seize and seal" order

at a hearing before a judge of the Court of Common Pleas.

        c.    Within thirty (30) days of the date of this

Order, the District Attorney Defendants must provide notice to

civil-forfeiture respondents that have entered into an unsealing

agreement (an agreement allowing re-entry by homeowners after a

"seize and seal" order has been lifted) or a settlement

agreement (an agreement to withdraw a forfeiture petition) with

the following conditions--all of which are now void and

unenforceable--that the conditions no longer apply:

        i.    Prospective waiver of statutory or

constitutional defenses or claims in any future proceedings,

including any condition providing for "automatic forfeiture";

        ii.    Restricting access to the property by

any relative, defined to include up to fifth-degree relatives;

        iii.    Restricting access to the property by

9

any non-relative, unless the non- relative has been convicted of distributing illegal controlled substances;

               iv.    Giving the Commonwealth the power to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property;

               v.    Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

               d.    In drafting the terms of unsealing agreements vacating prior ex parte "seize and seal" orders, and in drafting the terms of settlement agreements involving real property or vehicles, the District Attorney Defendants shall use, as templates, the model forms attached as appendices to the Settlement Agreement.

               e.    The District Attorney Defendants must produce the following documents on a rolling basis beginning thirty (30) days from the date of this Order and must complete production within sixty (60) days of the date of this Order:

               i.    All applications for ex parte "seize and seal" orders and related documents (including, but not limited to, supporting affidavits, the forfeiture petition, lis pendens, application for a temporary restraining order, and any court

10

orders) filed since August 11, 2012; and

ii.     All unsealing and settlement agreements and corresponding forfeiture petitions and court orders filed since August 11, 2012.

f.     For a period of eighteen (18) months from the date of this Order, the District Attorney Defendants must produce to Plaintiffs the following documents on a monthly basis:

i.     The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County in all civil-forfeiture cases in which a "seize and seal" order is currently in place and all documents, with any attachments, filed in these dockets, including but not limited to applications for temporary restraining orders, lis pendens, interrogatories, and responses to interrogatories;

ii.     Any and all applications made in the Court of Common Pleas of Philadelphia County for a "seize and seal" order (whether filed ex parte or after notice), including all supporting documentation, affidavits, and police reports, unless such production would be prohibited under Pennsylvania or federal law, in which case the District Attorney Defendants will provide redacted copies of the documentation, where appropriate, along with an explanation of why redaction is necessary;

iii.     Any court order regarding an application

11

for a "seize and seal" order;

      iv.    The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County of all civil-forfeiture cases in which an unsealing agreement is executed and all documents, with any attachments, filed in these dockets, including but not limited to applications for temporary restraining orders, <u>lis pendens</u>, interrogatories, and responses to interrogatories;

      v.    Copies of all documents verifying that a civil-forfeiture respondent has consented to a "seize and seal" order and is represented by counsel, including but not limited to all written agreements, all petitions to reinstate the "seize and seal" order, and all orders issued thereunder;

      vi.    The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County in all civil-forfeiture cases in which a settlement agreement is executed and all documents, with any attachments, filed in these dockets, including but not limited to applications for temporary restraining orders, <u>lis pendens</u>, interrogatories, and responses to interrogatories;

      vii.    All unsealing agreements entered into between civil-forfeiture respondents and the District Attorney's Office; and

      viii.    All settlement agreements entered into

12

between civil-forfeiture respondents and the District Attorney's Office.

       5.   The Court retains jurisdiction over the Plaintiffs' First and Second Claims for Relief for a term of eighteen (18) months beginning on the date this Order is entered on the docket, but may extend the term of its jurisdiction based on a finding of substantial noncompliance.[4] A claim of substantial noncompliance can be made on the following grounds:

       a.   The District Attorney Defendants submitted an application for an ex parte "seize and seal" order to the Court of Common Pleas of Philadelphia County that was not supported by

---

[4]      A district court may expressly retain jurisdiction to enforce the provisions of a private settlement agreement where the agreement dismisses the litigation that the settlement addresses. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994). The Supreme Court in Kokkonen explained that

> If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order.

Id. at 381 (emphasis in original); accord, e.g., Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002).

exigent circumstances or necessity, as required under James Daniel Good;

b. The District Attorney Defendants executed an unsealing or settlement agreement that included any of the following unconstitutional conditions: (1) prospective waiver of statutory or constitutional defenses or claims in any future proceeding, including any condition providing for automatic forfeiture; (2) restricting access to the property by any relative; (3) restricting access to the property by any non-relative who has not been convicted of distributing an illegal controlled substance; (4) giving the Commonwealth the prerogative to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; or (5) requiring property owners to screen or disclose personal information (including, but not limited to social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property; or

c. The District Attorney Defendants executed an unsealing or settlement agreement containing any other condition on the exercise of constitutional rights where the civil-forfeiture respondent was not represented by counsel.

6. The First and Second Claims for Relief in the Amended Complaint, ECF No. 40, are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

14

7.    Each named plaintiff as class representative has approved and agreed to the terms of the Settlement Agreement.

8.    Individually, each of the City Defendants and the District Attorney has approved and agreed to the terms of the Settlement Agreement. Additionally, Seth Williams as District Attorney with the authority to bind the District Attorneys' Office, and Shelley Smith as City Solicitor for the City of Philadelphia Law Department with the authority to bind the City of Philadelphia, have approved and agreed to the terms of the Settlement Agreement.

9.    Upon conclusion of the litigation, Plaintiffs may file a petition to recover reasonable attorneys' fees and costs as may be appropriate. Any agreement by the parties concerning the amount of fees to be recovered is subject to court approval. The amount of attorneys' fees requested by counsel and any amount approved by the Court shall be disclosed on the record.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated, | Civil Action No. 2:14-cv-04687-ER |
| Plaintiffs, | Assigned to the Honorable Judge Robreno |
| vs. | **Special Management Track** |
| CITY OF PHILADELPHIA; MICHAEL A. NUTTER, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and CHARLES H. RAMSEY, in his official capacity as Commissioner of the Philadelphia Police Department; | |
| Defendants. | |

## PROPOSED SETTLEMENT AGREEMENT FOR
## PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Christos Sourovelis, Doila

Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs"), Defendants City of

Philadelphia, Mayor Michael A. Nutter, Police Commissioner Charles H. Ramsey (collectively,

"City Defendants"), and the Philadelphia District Attorney's Office and District Attorney R. Seth

Williams (collectively, "District Attorney Defendants") respectfully submit this proposed

settlement agreement to the Court for preliminary approval. This agreement is intended to set

forth the full and final terms by which the Named Plaintiffs, on behalf of themselves and all

members of the settlement classes defined herein, the City Defendants, and the District Attorney

Defendants settle and resolve the First and Second Claims for Relief set forth in Plaintiffs' First

Amended Class-Action Complaint.

## I. **INTRODUCTION**

**WHEREAS**, on August 11, 2014, Plaintiffs Sourovelis, Welch and Hernandez , owners

of real property against which a civil-forfeiture petition had been filed in the Court of Common

Pleas of Philadelphia County, commenced this class-action litigation challenging the

constitutionality of specific policies and practices of the City Defendants and the District

Attorney Defendants in prosecuting civil-forfeiture cases pursuant to the Controlled Substances

Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq.*;

**WHEREAS**, on November 17, 2014, the Named Plaintiffs, including Nassir Geiger, an

owner of personal property against which a civil-forfeiture petition had been filed in the Court of

Common Pleas of Philadelphia County, filed a First Amended Class-Action Complaint

("Amended Complaint");

**WHEREAS**, Plaintiffs' First Claim for Relief in the Amended Complaint alleges that the

following policies and practices of the Defendants related to applying for and obtaining *ex parte*

"seize and seal" orders violate the Due Process Clause of the Fourteenth Amendment: (1) "[the]

policy and practice of relying on 42 Pa. Cons. Stat. § 6802(f) and (g) to seize real property

without first providing owners or residents of the property with notice and a meaningful

opportunity to be heard"; (2) "the policy and practice . . . [of] apply[ing] for *ex parte* orders to

seize and seal real property without providing any particularized evidence that the order is

needed to preserve the specific property for civil forfeiture or that providing notice will

jeopardize the availability of the property for forfeiture"; (3) "the policy and practice of . . .

apply[ing] for *ex parte* orders to seize and seal real property without proffering any

particularized evidence of exigent circumstances as defined by *United States v. James Daniel

Good Real Property*, 510 U.S. 43 (1993)[,] and its progeny" ["*James Daniel Good*"]; (4) "the

policy and practice of . . . treat[ing] mere possession or the single sale of controlled substances in a particular real property as exigent circumstances warranting *ex parte* seizure"; and (5) "the policy and practice of . . . apply[ing] for an *ex parte* order to seize and seal real property without proffering any evidence that a temporary restraining order restricting transfer of the property or other less restrictive means will be insufficient to protect Defendants' interests during the pendency of the civil-forfeiture proceedings" (Am. Compl., ECF No. 40, ¶¶ 243-47);

**WHEREAS**, the District Attorney Defendants dispute liability as to Plaintiffs' First Claim for Relief;

**WHEREAS**, Defendants represent that since on or about September 22, 2014, the District Attorney Defendants have not filed any applications for an *ex parte* "seize and seal" order;

**WHEREAS**, Plaintiffs' Second Claim for Relief in the Amended Complaint alleges that the following policies and practices of the Defendants related to conditions required by prosecutors in agreements to "unseal" real property following execution of an *ex parte* "seize and seal" order ("unsealing agreement"), or in agreements to withdraw a forfeiture petition against property ("settlement agreement"), violate the Due Process Clause of the Fourteenth Amendment:  (1) "[the] policy and practice of compelling property owners to agree that if Defendants attempt to forfeit the property in the future, the property owner waives his or her rights to assert an innocent-owner defense under 42 Pa. Const. [Stat.] § 6802(j) or to assert a constitutional defense that forfeiture of the property would constitute an excessive fine"; and (2) "[the] policy and practice of compelling property owners to agree to bar specific individuals from their property"  (Am. Compl. ¶¶ 256-57);

**WHEREAS**, the Amended Complaint further alleges that individual prosecutors within the Philadelphia District Attorney's Office have required, as conditions of an unsealing agreement or settlement agreement, that property owners subject "any prospective lessee, tenant, buyer or transferee of the property" to prior review by the Commonwealth; "[g]ive the Commonwealth power to reject any prospective lessee, tenant, buyer, or transferee;" and to "[s]creen prospective lessees, tenants, buyers, residents, or transferees of the property, including credit history and reference checks" (Am. Compl. ¶ 144 (emphasis removed));

**WHEREAS**, the District Attorney's Office reviewed all settlement and unsealing agreements entered into since August 11, 2014, and compiled a representative list of conditions appearing in agreements involving real property and produced representative conditions in settlement agreements involving personal property;

**WHEREAS**, Defendants imposed similar conditions as part of settlement negotiations in forfeiture actions involving personal property, including, but not limited to, requiring that the respondent will not permit specific individuals to possess, use, or operate the seized vehicle and providing for the "automatic forfeiture" of the vehicle if it is "used in violation of the law";

**WHEREAS**, the District Attorney Defendants dispute liability as to Plaintiffs' Second Claim for Relief;

**WHEREAS**, Defendants represent that since on or about November 5, 2014, the District Attorney Defendants have not required property owners to waive any statutory or constitutional defense in any future civil-forfeiture proceeding as a condition of an unsealing agreement or settlement agreement;

**WHEREAS**, Defendants represent that since on or about March 16, 2015, the District Attorney Defendants have not required real property owners to agree to bar relatives from

4

Case 2:14-cv-04687-ERB Document 104-2 Filed 11/04/15 Page 6 of 31

entering the property or residing together at the property as a condition of an unsealing or settlement agreement;

**WHEREAS**, Defendants represent that since April 1, 2015, the District Attorney Defendants have not required real property owners to give the Commonwealth power to prior review or reject any prospective lessees, tenants, buyers, residents, or transferees of the property or require property owners to screen prospective lessees, tenants, buyers, residents, or transferees of the property as conditions of unsealing agreements or settlement agreements;

**WHEREAS**, Defendants represent that since June 11, 2015, the District Attorney Defendants have neither required personal property owners to restrict specific individuals from using their property nor provided for the "automatic forfeiture" of personal property in the future as conditions of a settlement agreement; and

**WHEREAS**, the Parties have engaged in settlement negotiations to resolve the First and Second Claims for Relief in the Amended Complaint,

**IT IS HEREBY AGREED**, by and among the Parties, as follows:

## II.    TERMS OF AGREEMENT

A.    **DEFINITIONS**

In addition to terms identified and defined elsewhere in this Agreement, the following terms will have the following meanings as used in this Agreement and its Appendices:

1.    "Agreement" means this proposed settlement agreement on the First and Second Claims for Relief in Plaintiffs' Amended Complaint.

2.    "Controlled Substances Forfeiture Act" means 42 Pa. Cons. Stat. §§ 6801 and 6802.

3.     "Court" means the United States District Court for the Eastern District of Pennsylvania, or United States District Judge Eduardo C. Robreno.

4.     "District Attorney" means Philadelphia District Attorney R. Seth Williams and any official successors during the term of this Agreement.

5.     "District Attorney's Office" means the Office of the District Attorney of Philadelphia, all of its divisions, subdivisions, and all of its agents and employees.

6.     "*Ex parte* 'seize and seal' order" means an order of the Court of Common Pleas of Philadelphia County, applied for by the Philadelphia District Attorney's Office, which authorizes the seizure and sealing of real property without providing pre-seizure notice or an opportunity to be heard before a judge.

7.     "The Parties" means the Named Plaintiffs, the City Defendants, and the District Attorney Defendants in *Sourovelis v. City of Philadelphia*, Civil Action No. 2:14-cv-04687-ER (E.D.Pa.).

8.     "Relative" means any person connected by blood, marriage, or adoption, up to and including fifth-degree relatives, such as first cousins once removed and second cousins.

9.     "Respondent" means any person who was in legal possession of real or personal property at the time a civil-forfeiture petition against the property was filed and/or any person who is the record title holder of the property subject to civil forfeiture.

**B.     JURISDICTION AND VENUE**

The Parties agree that this Court has jurisdiction over the Parties and the subject matter of this action and that venue is proper.  The Parties ask this Court to retain jurisdiction over the First and Second Claims for Relief in the Amended Complaint for the duration of this Agreement to ensure substantial compliance with its terms.  The Parties agree that the Court may extend the

6

term of its jurisdiction based on a finding of substantial noncompliance with the terms of this Agreement.

**C.     EFFECTIVE DATE OF THE AGREEMENT**

This Agreement will become effective on the date the Court finally approves, signs, and enters the Agreement ("effective date"). Beginning on the effective date, the Agreement will become binding on the Parties, their agents, and their successors.

**D.     CLASS CERTIFICATION**

Without waiver or concession of any of their respective positions regarding class certification as to other counts of Plaintiffs' First Amended Complaint, the Parties stipulate to certification of the following settlement classes solely for purposes of this Agreement:

1.     For purposes of the First Claim for Relief in the Amended Complaint, the settlement class will consist of all persons holding legal title to or otherwise having a legal interest in real property against which an *ex parte* "seize and seal" order is presently in effect, or will in the future be in effect.

2.     For purposes of the Second Claim for Relief in the Amended Complaint, the settlement class will consist of all persons holding legal title to or otherwise having a legal interest in real or personal property against which a civil-forfeiture petition has been filed, or will in the future be filed, in the Court of Common Pleas of Philadelphia County and who entered into an unsealing agreement or a settlement agreement.

For purposes of this Agreement only, the settlement classes will be certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

E.     **GENERAL PROVISIONS**

1.     **Applications for *Ex Parte* "Seize and Seal" Orders**

The District Attorney Defendants shall not seek an *ex parte* "seize and seal" order against any real property under the Controlled Substances Forfeiture Act, except when all of the following circumstances are satisfied:

      a.     **Prior Approval.** Any application for an *ex parte* "seize and seal" order will be approved in advance by a person specifically designated by the District Attorney's Office, previously identified to Plaintiffs, before it is submitted to the Court of Common Pleas of Philadelphia County. This designee will ensure that the application is in accord with the terms of this Agreement.

      b.     **Exigent Circumstances.** Any application for an *ex parte* "seize and seal" order will provide specific, particularized, and credible facts demonstrating that exigent circumstances exist under *James Daniel Good.*

      (1)     Exigent circumstances include, but are not limited to, persistent illegal activity occurring at the property, after, on multiple occasions, (i) arrests have been made or search warrants have been executed, and (ii) contraband has been discovered at the property during those arrests or executions of search warrants.

      (2)     The mere fact that law enforcement observed controlled substances present at a property, that law enforcement observed controlled substances being sold or distributed at a property, that a property was purchased with criminal proceeds, or that a property is considered deteriorated does not constitute exigent circumstances.

(3)     Conclusory allegations are insufficient to establish exigent circumstances.

(4)     Merely attaching a copy of any police report concerning the alleged criminal activity that serves as the predicate for civil forfeiture is insufficient to establish exigent circumstances.

   **c.     Inadequacy of Less Restrictive Measures.**  An *ex parte* "seize and seal" order will not be submitted to the Court of Common Pleas of Philadelphia County unless the application also provides specific, particularized, and credible facts demonstrating that less restrictive measures are insufficient to protect the Commonwealth's interests in preventing the sale, destruction, or continued unlawful use of the real property.

(1)     Any application for an *ex parte* "seize and seal" order based on the District Attorney's belief that such relief is necessary to protect the Commonwealth's interest in preventing the sale or destruction of the property will set forth specific, particularized, and credible facts showing that less restrictive measures (such as a *lis pendens*, restraining order, or bond) are insufficient to protect this interest and that providing notice to the owner or respondent would jeopardize this interest.

(2)     Any application for an *ex parte* "seize and seal" order based on the District Attorney Defendants' belief that such relief is necessary to protect the Commonwealth's interest in preventing the continued unlawful use of the real property will set forth specific, particularized, and credible facts showing that law enforcement powers (such as execution of search and seizure warrants or arrest warrants) are insufficient to prevent ongoing illegal drug activity at the property

9

and that providing notice to the owner or respondent would jeopardize this
interest.

**2.     Existing *Ex Parte* "Seize and Seal" Orders**

No later than thirty (30) days from execution of this Agreement, the District Attorney
Defendants will move to vacate any *ex parte* "seize and seal" order presently in effect.  If, after
vacatur of a prior order, the District Attorney Defendants determine that exigent circumstances
are presented and less restrictive measures are inadequate, they will comply with the above-
stated procedures to apply for a new *ex parte* "seize and seal" order and will provide notice as
specified in this Agreement.  If a property owner, whose property is currently subject to a "seize
and seal" order, is represented by counsel and knowingly and voluntarily agrees in writing to the
continued sealing of his or her property, the District Attorney Defendants can, within thirty (30)
days of the execution of this Agreement, seek to reinstate the "seize and seal" order after
providing the property owner with proper notice and presenting the petition to reinstate the
"seize and seal" order at a hearing before a judge of the Court of Common Pleas.

**3.     Unsealing Agreements**

a.     The following conditions contained in an unsealing agreement entered into
between the District Attorney Defendants and Respondents are void and will not be
enforced by the Defendants:

(1)     Prospective waiver of statutory or constitutional defenses or claims
in any future proceedings, including any condition providing for automatic
forfeiture;

(2)     Restricting access to the property by any relative;

10

(3)     Restricting access to the property by any non-relative, unless the non-relative has been convicted of distributing illegal controlled substances;

(4)     Giving the Commonwealth the prerogative to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; and

(5)     Requiring property owners to screen or disclose personal information (including, but not limited to, social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property.

Within thirty (30) days of execution of this Agreement, the District Attorney Defendants will provide notice to all Respondents who have entered into unsealing agreements containing such conditions, that such conditions no longer apply.

b.     In drafting the terms of an unsealing agreement vacating a prior *ex parte* "seize and seal" order, the District Attorney Defendants will use, as a template, the Model Unsealing Agreement, attached as Appendix A, to obtain a consent order vacating a prior *ex parte* "seize and seal" order and allowing the Respondent to re-enter and repossess the property. The Parties agree that the content of such agreements may vary depending upon the factual circumstances of a given case, but that in no event will such agreement contain conditions enumerated in Section E, paragraph 3a above.

c.     In drafting the terms of an unsealing agreement vacating a prior "seize and seal" order after notice and an opportunity for an adversarial hearing before a judge of the Court of Common Pleas of Philadelphia County, the District Attorney Defendants will use, as a template, the Model Unsealing Agreement, attached as Appendix B, to obtain a

11

consent order vacating the "seize and seal" order and allowing the Respondent to re-enter
and repossess the property. The Parties agree that the content of such agreements may
vary depending upon the factual circumstances of a given case, but that in no event will
such agreement contain conditions enumerated in Section E, Paragraph 3a.

**4.    Settlement Agreements (Consent Motions for Discontinuance)**

     a.    The following conditions contained in settlement agreements entered into
between the District Attorney Defendants and Respondents are void and will not be
enforced by the Defendants:

     (1)    Prospective waiver of statutory or constitutional defenses or claims
in any future proceedings, including any condition providing for "automatic
forfeiture";

     (2)    Restricting access to the property by any relative;

     (3)    Restricting access to the property by any non-relative, unless the
non-relative has been convicted of distributing illegal controlled substances; and

     (4)    Giving the Commonwealth the prerogative to review, approve, or
reject prospective lessees, tenants, buyers, residents, or transferees of the
property; and

     (5)    Requiring property owners to screen or disclose personal
information (including, but not limited to, social security numbers and date of
birth) about prospective lessees, tenants, buyers, residents, or transferees of the
property. Within thirty (30) days of execution of this Agreement, the District
Attorney Defendants will provide notice to all Respondents who have entered into

12

Case 2:14-cv-04687-EBR Document 102-2 Filed 7/29/2015 Page 14 of 31

settlement agreements containing such conditions that the conditions no longer apply.

      b.     In drafting the terms of a settlement agreement involving real property, the District Attorney Defendants will use, as a template, the Model Consent Motion for Discontinuance, attached as Appendix C. The Parties agree that the content of such consent motions may vary depending upon the factual circumstances of a given case, but that in no event will such consent motions contain any condition enumerated in Section E, Paragraph 4a.

      c.     In drafting the terms of a settlement agreement involving a vehicle, the District Attorney Defendants will use, as a template, the Model Consent Motion for Discontinuance, attached as Appendix D. The Parties agree that the content of such consent motions may vary depending on the factual circumstances of a given case, but that in no event will such consent motions contain any condition enumerated in Section E, Paragraph 4a.

**F.** **NOTICE**

      1.     The District Attorney Defendants agree to produce the following documents on a rolling basis beginning thirty (30) days from the execution of this Agreement and to complete production within sixty (60) days of the execution of this Agreement:

      a.     All applications for *ex parte* "seize and seal" orders and related documents (including, but not limited to, supporting affidavits, the forfeiture petition, *lis pendens*, application for a temporary restraining order, and any court orders) filed since August 11, 2012.

b.      All unsealing and settlement agreements and corresponding

forfeiture petitions and court orders filed since August 11, 2012.

2.      Additionally, for a period of eighteen (18) months from the effective date,

the District Attorney Defendants will produce to Plaintiffs the following documents on a

monthly basis:

a.      The complete miscellaneous docket report of the Court of

Common Pleas of Philadelphia County in all civil-forfeiture cases in which a

"seize and seal" order is currently in place;

b.      All documents, with any attachments, filed in the miscellaneous

docket in the Court of Common Pleas of Philadelphia County in the civil-

forfeiture actions referenced in Section F, Paragraph 2a, including but not limited

to applications for temporary restraining orders, *lis pendens*, interrogatories, and

responses to interrogatories;

c.      Any and all applications made in the Court of Common Pleas of

Philadelphia County for a "seize and seal" order (whether filed *ex parte* or after

notice), including all supporting documentation, affidavits, and police reports,

unless such production would be prohibited under Pennsylvania or federal law, in

which case the District Attorney Defendants will provide redacted copies of the

documentation, where appropriate, along with an explanation of why redaction is

necessary;

d.      Any court order regarding an application for a "seize and seal"

order;

14

e. The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County of all civil-forfeiture cases in which an unsealing agreement is executed;

f. All documents, with any attachments, filed in the miscellaneous docket in the Court of Common Pleas of Philadelphia County in forfeiture actions referenced in Section F, Paragraph 2e, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories;

g. Copies of all documents verifying that a Respondent has consented to a "seize and seal" order and is represented by counsel, including but not limited to all written agreements, all petitions to reinstate the "seize and seal" order, and all orders issued thereunder;

h. The complete miscellaneous docket report of the Court of Common Pleas of Philadelphia County in all civil-forfeiture cases in which a settlement agreement is executed;

i. All documents, with any attachments, filed in the miscellaneous docket in the Court of Common Pleas of Philadelphia County in forfeiture actions referenced in Section F, Paragraph 2h, including but not limited to applications for temporary restraining orders, *lis pendens*, interrogatories, and responses to interrogatories.

j. All unsealing agreements entered into between Respondents and the District Attorney's Office; and

15

Case 2:14-cv-04687-ER Document 92-2 Filed 07/29/15 Page 32 of 61

        k.      All settlement agreements entered into between Respondents and the District Attorney's Office.

## G.   COMPLIANCE

This Court retains jurisdiction over the First and Second Claims for Relief in the Amended Complaint for eighteen (18) months after the effective date, but may extend the term of its jurisdiction based on a finding of substantial noncompliance. If Plaintiffs believe there has been substantial noncompliance with any material provision of the Agreement, the Parties agree to the following procedure to resolve any dispute:

      1.     A claim of substantial noncompliance can be made on the following grounds:

        a.      the District Attorney Defendants submitted an application for an *ex parte* "seize and seal" order to the Court of Common Pleas of Philadelphia County that was not supported by exigent circumstances or necessity, as required under *James Daniel Good*;

        b.      the District Attorney Defendants executed an unsealing or settlement agreement that included any of the following unconstitutional conditions: (1) prospective waiver of statutory or constitutional defenses or claims in any future proceeding, including any condition providing for automatic forfeiture; (2) restricting access to the property by any relative; (3) restricting access to the property by any non-relative who has not been convicted of distributing an illegal controlled substance; (4) giving the Commonwealth the prerogative to review, approve, or reject prospective lessees, tenants, buyers, residents, or transferees of the property; or (5) requiring property owners to screen or disclose personal information (including, but not limited to social security numbers and dates of birth) about prospective lessees, tenants, buyers, residents, or transferees of the property; or

c.    the District Attorney Defendants executed an unsealing or settlement agreement containing any other condition on the exercise of constitutional rights where the Respondent was not represented by counsel.

2.    Plaintiffs will confer with the District Attorney's Office over any claim of substantial noncompliance and the Parties will attempt to resolve any such claim in good faith.

3.    If the Parties are unable to resolve any claim of substantial noncompliance through this initial conference, Plaintiffs will submit a written Notice of Substantial Noncompliance to the City Defendants and the District Attorney Defendants, specifying their basis for believing there has been substantial noncompliance.

4.    The City Defendants and the District Attorney Defendants will respond, in writing, to any such Notice of Substantial Noncompliance within thirty (30) days.

5.    Within fourteen (14) days after Defendants' service of their written responses on Plaintiffs, the Parties will again meet and confer to attempt to resolve the dispute in good faith without seeking court intervention.

6.    In the event the Parties are unable to resolve the dispute, any party may petition the Court to order specific performance of the Agreement.

7.    The prevailing party on a claim of substantial noncompliance may petition the Court to extend the noticing period and may seek an award of reasonable attorneys' fees and costs associated with drafting and litigating the Notice of Substantial Noncompliance.

## H.    ATTORNEY FEES AND COSTS

Except as expressly provided herein, no party may petition the Court to recover attorneys' fees or costs associated with enforcing this Agreement, including any fees or costs associated with the notice provisions. Nothing in this Agreement, however, will preclude a party from filing a petition to recover attorneys' fees or costs resulting from prior litigation of Plaintiffs' First and Second Claims for Relief in Plaintiffs' Complaint or Amended Complaint. The amount of any attorneys' fees and costs paid to Plaintiffs will be made public.

17

## I. RESERVATIONS AND LIMITATIONS

Plaintiffs reserve the right to challenge any condition contained in future unsealing or

settlement agreements that are not contained in agreements reviewed as part of this settlement

agreement as an unconstitutional condition.

Dated this 29th day of July, 2015.

Respectfully submitted,

*For Plaintiffs*

By: /s/ Darpana M. Sheth
**INSTITUTE FOR JUSTICE**
William H. Mellor*
Scott G. Bullock*
Darpana M. Sheth*
Robert P. Frommer*
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
E-mail: wmellor@ijorg; sbullock@ij.org;
dsheth@ij.org; rfrommer@ij.org
*Admitted Pro Hac Vice*

*Lead Counsel for Plaintiffs*

**KAIRYS, RUDOVSKY,MESSING &FEINBERG**
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

*Local Counsel for Plaintiffs*

*For the City Defendants*

By: /s/ Shelley Smith
**CITY SOLICITOR**
**CITY OF PHILADELPHIA LAW DEPARTMENT**
Shelley Smith
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
*Counsel for Defendants City of Philadelphia,*
*Mayor Michael A. Nutter, and Police*
*Commissioner Charles H. Ramsey*

*For the District Attorney Defendants*

By: /s/ R. Seth Williams
District Attorney R. Seth Williams

By: /s/ Bryan C. Hughes
**OFFICE OF THE DISTRICT ATTORNEY**
Elizabeth J. Rubin
Bryan C. Hughes
Douglas M. Weck, Jr.
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov;
bryan.hughes@phila.gov;
douglas.weck@phila.gov

*Counsel for Defendants Philadelphia District*
*Attorney's Office and District Attorney R. Seth*
*Williams*

18

**APPENDIX A**

[INSERT CAPTION]

**CONSENT MOTION TO VACATE ORDER**

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth") and [RESPONDENT] ("Respondent") respectfully submit this consent motion to vacate the [DATE OF ORDER], order of this Court authorizing the preliminary seizure and sealing of the subject property. As support, the parties state as follows:

1.      On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the real property and improvements known as [INSERT ADDRESS] ("the Property"), alleging that the Property was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.

2.      On [DATE], the Commonwealth applied *ex parte* for an order authorizing the preliminary seizure and sealing of the Property ("seize and seal order") and separately moved for a temporary restraining order prohibiting the transfer of any interest in the Property pending further litigation in this action.

3.      On [DATE], this Court granted the Commonwealth's motion for temporary restraining order and issued a seize and seal order.

4.      On [DATE], officers of the Philadelphia Police Department executed the seize and seal order and served any occupants with the forfeiture petition, the application for the seize and seal order, the seize and seal order itself, the temporary restraining order, and notice of a prompt post-deprivation hearing.

1

Case 2:14-cv-04688-ERR Document 62-2 Filed 02/30/15 Page 2 of 3

5.      On [DATE], the Commonwealth served the foregoing documents on the record title holder of the Property.

6.      On [DATE], Respondent appeared in court, made a *prima facie* showing of his or her legal claim to ownership of the Property, and indicated that he or she will take reasonable measures to ensure that no activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 will occur at the Property subsequent to the execution of this agreement.

7.      The Commonwealth has advised Respondent that any activity that would constitute a violation of the Controlled Substances, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 occurring at the Property subsequent to the execution of this agreement may result in the Commonwealth (a) applying for a new seize and seal order, and (b) arguing at any trial on the merits that Respondent should not be entitled to the "innocent owner" defense set forth at 42 Pa. Cons. Stat. § 6801(a)(6)(ii) and § 6802(j).

8.      In light of the foregoing, the Commonwealth consents to vacatur of the seize and seal order in this matter.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests an order:

(1)      Vacating the [DATE OF ORDER], order authorizing the seizure and sealing of the Property pending further litigation;

(2)      Permitting Respondent(s) to re-enter and take possession of the Property; and

(3)      Decreeing that all utility services that were in place at the time the prior order was executed be reinstated.

_____      _____

[RESPONDENT]             PROSECUTOR

[INSERT CAPTION]

## ORDER

Upon consideration of the Consent Motion to Vacate Order filed by the Commonwealth,

it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia

County, ORDERED that:

1.     The order dated [DATE], authorizing the Commonwealth to seize and seal the

real property and improvements known as [INSERT ADDRESS] ("the Property") BE, and the

same hereby IS, VACATED;

2.     The Commonwealth is directed promptly to UNSEAL the Property and to permit

Respondent [NAME] to RE-ENTER AND REPOSSESS the Property; and

3.     All utility services at the Property that were in place at the time of the prior order

may be REINSTATED by Respondent [NAME].


**BY THE COURT:**


_____

**J.**


3

Case 2:14-cv-04687-ER Document 92-2 Filed 07/29/15 Page 23 of 31

**APPENDIX B**

[INSERT CAPTION]

**CONSENT MOTION TO VACATE ORDER**

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth") and [RESPONDENT] ("Respondent") respectfully submit this consent motion to vacate the [DATE OF ORDER], order of this Court authorizing the preliminary seizure and sealing of the subject property. As support, the parties state as follows:

1.     On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the real property and improvements known as [INSERT ADDRESS] ("the Property"), alleging that the Property was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq.*

2.     On [DATE], the Commonwealth submitted an application for an order authorizing the preliminary seizure and sealing of the Property ("seize and seal order"), and separately moved for a temporary restraining order prohibiting the transfer of any interest in the Property pending further litigation in this action.

3.     On [DATE], this Court granted the Commonwealth's motion for temporary restraining order and scheduled a hearing on the application for seize and seal order on [DATE].

4.     On [DATE], the Commonwealth served the record title holder of the Property, all occupants, and Respondent with the forfeiture petition, the temporary restraining order, the application for the seize and seal order, and notice of the hearing on the Commonwealth's application for seize and seal order.

1

5.    At the [DATE OF HEARING] hearing, the Court granted the Commonwealth's application and issued a seize and seal order, which was subsequently executed by the Philadelphia Police Department.

6.    Respondent has made a *prima facie* showing of his or her legal claim to ownership of the Property, and indicated that he or she will take reasonable measures to ensure that no activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 will occur at the Property subsequent to the execution of this agreement.

7.    The Commonwealth has advised Respondent that any activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 occurring at the Property subsequent to the execution of this agreement may result in the Commonwealth (a) applying for a new seize and seal order, and (b) arguing at any trial on the merits that Respondent should not be entitled to the "innocent owner" defense set forth at 42 Pa. Cons. Stat. § 6801(a)(6)(ii) and § 6802(j).

8.    In light of the foregoing, the Commonwealth consents to vacatur of the seize and seal order in this matter.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests an order:

(1)    Vacating the [DATE OF ORDER], order authorizing the seizure and sealing of the Property pending further litigation;

(2)    Permitting Respondent(s) to re-enter and take possession of the Property; and

(3)    Decreeing that all utility services that were in place at the time the prior order was executed be reinstated.

_____        _____
[RESPONDENT]                                               PROSECUTOR

2

[INSERT CAPTION]

## ORDER

Upon consideration of the Consent Motion to Vacate Order filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

1.　　The order dated [DATE], authorizing the Commonwealth to seize and seal the real property and improvements known as [INSERT ADDRESS] ("the Property") BE, and the same hereby IS, VACATED;

2.　　The Commonwealth is directed promptly to UNSEAL the Property and to permit Respondent [NAME] to RE-ENTER AND REPOSSESS the Property; and

3.　　All utility services at the Property that were in place at the time of the prior order may be REINSTATED by Respondent [NAME].

**BY THE COURT:**

_____
**J.**

3

**APPENDIX C**

[INSERT CAPTION]

**CONSENT MOTION FOR DISCONTINUANCE**

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth"), and [RESPONDENT] ("Respondent") respectfully submit this consent motion for discontinuance, pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure. As support, the parties state as follows:

1.      On [DATE], officers of the Philadelphia Police Department executed a [TYPE OF WARRANT] warrant at [ADDRESS] ("the Property"), during which [LIST PEOPLE ARRESTED] was/were arrested and [LIST SPECIFIC ITEMS SEIZED] was/were seized.

2.      On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the Property, alleging that the Property was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq*.

3.      On [DATE], the Commonwealth filed [LIST OTHER MOTIONS FILED OR APPLICATIONS MADE].

4.      On [DATE], this Court granted [LIST RELIEF GRANTED AND/OR HEARING SCHEDULED].

5.      On [DATE], the Philadelphia Police Department [IF *EX PARTE* SEIZE AND SEAL, INDICATE EXECUTION] and the Commonwealth served the record title holder of the Property and any occupants with [LIST DOCUMENTS SERVED].

6.      [IF *LIS PENDENS* WAS FILED] The Commonwealth subsequently filed the temporary restraining order among the land records associated with the Property, which currently operates as a *lis pendens* ("*lis pendens*").

1

Case 2:14-cv-04687-ER Document 64-2 Filed 07/29/15 Page 2 of 31

    7.    On [DATE], [LIST RELEVANT EVENTS AT COURT APPEARANCES (*e.g.,* HEARINGS OR RULINGS ON SEALING APPLICATIONS, UNSEALING AGREEMENTS AND ORDERS)].

    8.    Respondent [NAME] has made a *prima facie* showing of his or her legal claim to the Property, and indicated that he or she will take reasonable measures to ensure that no activity that would constitute a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa. Cons. Stat. §§ 780-101 to -144 will occur at the Property subsequent to the execution of this agreement.

    9.    In light of the foregoing, the Commonwealth consents to withdrawal of the civil-forfeiture petition against the Property, to vacatur of all underlying orders, and to removal of the *lis pendens*.

    **WHEREFORE**, the Commonwealth, upon consent of the parties, requests that this matter be discontinued and that [LIST PRIOR ORDERS] previously issued in this matter be vacated and the *lis pendens* removed.


_____        _____

[RESPONDENT]                     PROSECUTOR

[INSERT CAPTION]

## ORDER

Upon consideration of the Consent Motion for Discontinuance filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

    1.    This matter BE, and the same hereby IS, DISCONTINUED;

    2.    The [LIST ORDERS] issued [LIST DATES], BE, and the same hereby [IS/ARE], VACATED; and

    3.    The Commonwealth is DIRECTED, within five (5) business days, to take all necessary measures to removes the *lis pendens* associated with the underlying property from the land records associated with the property.

**BY THE COURT:**

_____
                                                    **J.**

3

**APPENDIX D**

[INSERT CAPTION]

**CONSENT MOTION FOR DISCONTINUANCE**

AND NOW, this [DATE], the COMMONWEALTH OF PENNSYLVANIA, through the Philadelphia District Attorney's Office ("Commonwealth"), and [RESPONDENT] ("Respondent") respectfully submit this consent motion for discontinuance, pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure. As support, the parties state as follows:

1.    On [DATE], officers of the Philadelphia Police Department seized [DESCRIBE PROPERTY SEIZED] ("the Vehicle") incident to the arrest of [PERSON FROM WHOM SEIZED] [OR UPON EXECUTION OF A WARRANT AT SPECIFIED ADDRESS] based on conduct related to the alleged possession and/or distribution of illegal narcotics.

2.    On [DATE], the Commonwealth commenced this action by filing a civil-forfeiture petition against the Vehicle, alleging that the Vehicle was subject to forfeiture pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. §§ 6801 *et seq.*

3.    On [DATE], [LIST RELEVANT EVENTS AT COURT APPEARANCES, IF ANY].

4.    Respondent [NAME] has made a *prima facie* showing of his or her legal claim to the Vehicle, and has provided assurance that he or she will take reasonable measures to ensure that the Vehicle is not used to facilitate a subsequent violation of the Controlled Substances Forfeiture Act.

5.    The parties agree [SET FORTH PERMISSIBLE TERMS OF AGREEMENT, SUCH AS SPLIT OF PROCEEDS, REIMBURSEMENT OF FEES].

1

6.    In light of the foregoing, the Commonwealth consents to withdrawal of the civil-forfeiture petition and to return of the Vehicle to [RESPONDENT], subject to the requirements of the Philadelphia Police Department regarding [IF APPLICABLE] proof of identification, registration, insurance, and title.

**WHEREFORE**, the Commonwealth, upon consent of the parties, requests that this matter be discontinued.

_____                    _____
[RESPONDENT]                                                        PROSECUTOR

2

[INSERT CAPTION]

## ORDER

Upon consideration of the Consent Motion for Discontinuance filed by the Commonwealth, it is this ___ day of [MONTH AND YEAR], by the Court of Common Pleas of Philadelphia County, ORDERED that:

1.     This matter BE, and the same hereby IS, DISCONTINUED;

2.     [SPECIFY TERMS OF AGREEMENT]; and

3.     Thereafter, the Commonwealth is DIRECTED promptly to return the Vehicle to Respondent, subject to the requirements of the Philadelphia Police Department regarding proof of identification, registration, insurance, and title.

**BY THE COURT:**

_____
                                     **J.**

3