## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA; JAMES F. KENNEY, in his official capacity as Mayor of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; R. SETH WILLIAMS, in his official capacity as District Attorney of Philadelphia; and RICHARD ROSS JR., in his official capacity as Commissioner of the Philadelphia Police Department;<br><br>      Defendants. | Civil Action No. 2:14-cv-04687-ER<br><br>Assigned to the Honorable Judge Robreno<br><br>**Special Management Track**<br><br>**JOINT DISCOVERY PLAN AS TO PLAINTIFFS' FIFTH CLAIM FOR CLASS RELIEF** |

In accordance with Federal Rule of Civil Procedure 26(f), the Civil Justice Expense and Delay Reduction Plan for the U.S. District Court for the Eastern District of Pennsylvania, and this Court's May 17, 2016 Order (ECF No. 119), Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs"), Defendants City of Philadelphia, Mayor James F. Kenney, Police Commissioner Richard Ross Jr. ("City Defendants"), and the Philadelphia District Attorney's Office and District Attorney R. Seth Williams ("District Attorney Defendants"), respectfully submit the following Joint Discovery Plan as to Plaintiffs' Fifth Claim for Class Relief.

## STATUS REPORT

As a complex litigation, this matter is assigned to the Special Management Track. *See* Case Management Track Designation Form (ECF No. 1-3); *see also* U.S. Dist. Ct. E.D. Pa., *Civil Justice Expense and Delay Reduction Plan* §1:02 at 6 n.17 (Dec. 31, 1991),

https://www.paed.uscourts.gov/documents/cjraplan/cjraplan.pdf ("Complex litigation typically includes . . . class actions or potential class action[s]").

Plaintiffs have challenged, on behalf of a class of property owners, six aspects of the City of Philadelphia's civil-forfeiture program as a violation of their rights under the Fourteenth Amendment's Due Process Clause.  *See* Am. Compl.  (ECF No. 40).[1]  On November 4, 2015, the Court approved a classwide settlement agreement on the first two claims.  (Order, ECF No. 104; Ex. A.)  Additionally, the parties have been negotiating a potential classwide settlement agreement regarding forfeiture procedures that would—if executed by the parties and approved by this Court—resolve Claims 3, 4, and 6 as to the City Defendants and District Attorney Defendants.  However, the First Judicial District is in the process of implementing new forfeiture procedures that would directly impact these claims.  If

---

[1]  Plaintiffs assert the following six claims.

**First Claim:**  Applying for and executing *ex parte* orders to "seize and seal" real property without providing evidence of exigent circumstances or necessity violates due process under *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993).  (*Id.* ¶¶ 238–52.)

**Second Claim:**  Requiring property owners to waive their statutory and constitutional rights in order to be let back into their property or have the forfeiture petition withdrawn is an unconstitutional condition that violates the substantive due-process rights of property owners.  (*Id.* ¶¶ 253–65.)

**Third Claim:**  Failing to provide property owners with a prompt, post-deprivation hearing before a neutral arbiter where those owners may contest the basis for the seizure, restraint, or indefinite retention of their property pending an ultimate hearing on the merits violates due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976).  (*Id.* ¶¶ 266–71.)

**Fourth Claim:**  Repeatedly "relisting" civil-forfeiture proceedings, which forces property owners to appear in person for these proceedings over and over again or else permanently lose their property through a default judgment, violates due process under *Mathews v. Eldridge*.  (*Id.* ¶¶ 272–78.)

**Fifth Claim:**  Retaining forfeited property and its proceeds for use by the Philadelphia D.A.'s Office and the Philadelphia Police Department violates due process by presenting a conflict of interest.  (*Id.* ¶¶ 279–87.)

**Sixth Claim:**  Having prosecutors and employees of the Philadelphia D.A.'s Office control "hearings" in Courtroom 478 violates due process because of the Philadelphia D.A.'s Office's direct financial interest in the outcome of those proceedings.  (*Id.* ¶¶ 288–93.)

the new procedures raise constitutional concerns, Plaintiffs anticipate joining additional parties by the Court-ordered deadline of July 18, 2016.  (ECF No. 119.)

Consequently, this Joint Discovery Plan concerns only Plaintiffs' Fifth Claim for Relief, which alleges that Defendants' retention of forfeited property and its proceeds for use by the Philadelphia D.A.'s Office and the Philadelphia Police Department violates due process by presenting a conflict of interest (the "Conflict of Interest Claim").  (Am. Compl. ¶¶ 279–87.) Plaintiffs allege that the Philadelphia D.A.'s Office uses forfeiture funds to purchase vehicles, equipment, and other items and services of institutional value, and to pay salaries, including salaries of the prosecutors that administer Philadelphia's civil-forfeiture program, thereby presenting a direct conflict of interest.  (*Id*. ¶¶ 40–41, 50–53, 280–82.)  Further, Plaintiffs allege that the Philadelphia D.A.'s Office shares forfeiture proceeds with the Philadelphia Police Department.  (*Id*. ¶ 55.)  Plaintiffs thus challenge the direct pecuniary interest that the Philadelphia D.A.'s Office and the Philadelphia Police Department have in forfeiture proceedings.  (*Id.* ¶¶ 2, 36, 234(e), 279–87.)

## DISCOVERY PLAN

On January 16, 2015, the Court stayed all discovery in light of the parties' ongoing settlement discussions and an anticipated motion to dismiss that would be dispositive of all claims.  (ECF No. 49.)  After denying the motion to dismiss in its entirety, the Court, cognizant of ongoing settlement discussions, limited the parties to exchanging written discovery on Counts 3, 4, 5, and 6 of the First Amended Complaint.  (ECF No. 87.)  Since June 26, 2015, the parties have exchanged written discovery on these four remaining claims.  (ECF Nos. 110, 112.)

Accordingly, the parties jointly propose to the Court the following discovery plan for

the Fifth Claim for Relief:

1.      **Discovery Plan**

    a.   Rule 26(a)(1) Initial Disclosures:

Under Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, the parties exchanged

initial disclosures on November 18, 2014.  The City Defendants provided a revised disclosure

on November 24, 2014 and an updated disclosure on May 22, 2015.  The Parties agree to

exchange supplemental disclosures related to the Fifth Claim for Relief, if necessary, by **July 1,**

**2016**.

    b.   Class Certification Discovery and Deadlines:

On May 17, 2016, Plaintiffs filed a motion to certify Plaintiffs' Fifth Claim for

Relief.  (ECF No. 118.)  On May 31, 2016, the parties agreed that discovery on the issue of

class certification will be limited to written discovery under Federal Rules of Procedure 33 and

36.  Defendants have until **June 15, 2016** to propound interrogatories and requests for

admission limited to the issue of class certification.  Responses by Named Plaintiffs will be due

by **July 15, 2016**.  Class discovery will thus be completed by July 15, 2016.

Defendants' opposition papers to Plaintiffs' motion for class certification will be

filed by **July 29, 2016**.

Plaintiffs' reply in support of class certification will be filed by **August 10, 2016**.

The parties recommend that the Court hold oral argument requested by Plaintiffs in

their motion for class certification in **mid-September**.

    c.   Discovery on the Merits of Plaintiffs' Fifth Claim

Discovery will be needed on the following subjects:

*For Plaintiffs*:  Discovery is needed on the material allegations in Plaintiffs' Fifth

Claim for Relief.  For example, Plaintiffs allege that from Fiscal Years 2002 through 2012, the Philadelphia D.A.'s Office spent more than $25 million of its forfeiture revenue on salaries—more than twice the amount spent on salaries by all other county D.A. Offices combined, but spent none on community-based drug and crime-fighting programs.  (*Id*. ¶¶ 52, 54.)  Plaintiffs also allege that Philadelphia's forfeiture revenue equals almost 20 percent of the D.A. Office's annual budget.  (*Id*. ¶ 3)  Further, Plaintiffs allege that the Philadelphia D.A.'s Office shares forfeiture proceeds with the Philadelphia Police Department.  (*Id*. ¶ 55.)  Consequently, Plaintiffs are pursuing discovery on the following issues:

> (i)   All information regarding Defendants' implementation or enforcement of Pennsylvania's Controlled Substances Forfeiture Statute, 42 Pa. Cons. Stat. §§ 6801, 6802;
>
> (ii)  Civil and criminal court records and case files related to civil-forfeiture cases filed by the Philadelphia District Attorney's Office;
>
> (iii) Any and all documents concerning Defendants' civil-forfeiture policies, practices, and customs regarding their retention, use, and spending of forfeited property and its proceeds;
>
> (iv)  Any and all communications, studies, analyses, reports, or other documents relating to any purported justification for Defendants' policies, practices, and customs for civil forfeiture;
>
> (v)   Budgetary information for the District Attorney's Office and the Philadelphia Police Department;
>
> (vi)  Other factual information relating to the material factual allegations made in Plaintiffs' Fifth Claim for Relief; and
>
> (vii) Information related to any and all affirmative defenses raised by the City Defendants and the District Attorney Defendants.

*For Defendants*:  Defendants also seek additional discovery regarding Plaintiffs' Fifth Claim for Relief of the First Amended Complaint from the putative class representatives and representatives of the First Judicial District.

d.  *Electronically Stored Information*:

As agreed to previously, the Parties have an obligation to retain and store any electronically-stored information regarding the subject matter of this case, including any information that is related to Plaintiffs' or Defendants' affirmative defenses and that existed on or after August 11, 2014, until the final entry of judgment in this case, following all potential appeals.  The Parties represent that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.  Accordingly, the Parties may request or produce information from electronic or computer-based media.

e.  *Rule 26(c) Protective or Confidentiality Orders:*

The Parties entered into a stipulation regarding confidentiality and privileged information inadvertently disclosed in discovery and moved for the Court's approval on **April 29, 2016**.  (ECF No. 117, 117-1.)  That motion is pending.

f.  *Second Pretrial Conference*:

In accordance with the treatment of cases on the Special Management Track, the Parties respectfully request a Second Pretrial Conference in **August 2016** to revisit the following proposed deadlines for discovery and dispositive motions, and if necessary, amend the Joint Discovery Plan to include any claims that have not been settled.

g.  *Date for Completion of Discovery*:

The Parties anticipate requiring eight months for discovery on the Conflict of Interest Claim, including expert discovery.  Accordingly, the parties propose that fact discovery on Plaintiffs' Fifth Claim for Relief be completed by **October 3, 2016** and a completion of expert discovery by **February 1, 2017.**

h. *Expert Disclosures*:  The Parties propose the following sequence and timing of expert disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure:

> Plaintiffs' experts and expert reports must be disclosed by **November 3, 2016**.

> Defendants' experts and expert reports must be disclosed by **December 2, 2016**.

> Plaintiffs shall disclose by **December 22, 2016** any expert reports that are solely contradictory or offered as rebuttal to Defendants' disclosures.

> The parties reserve the right to alter or supplement the foregoing schedule at the second pretrial conference, and thereafter upon a showing of good cause.

i. *Supplementation*:  Any supplementation under Rule 26(e) of the Federal Rules of Civil Procedure is due within a reasonable time after discovering the need to supplement.

j. *Electronic Service*:  The Parties may serve any discovery request on any other party via electronic mail to counsel.  Except for information, documents, or material incapable of being transmitted electronically, the Parties may respond to any discovery request via electronic mail to counsel.  The Parties also consent to electronic service upon counsel of pleadings and documents in this case.

## 2.     **Deadline for Joining Additional Parties**

The Parties do not foresee a need to join additional parties for the Conflict of Interest Claim.[2]  However, as a precaution, the parties agree that the deadline to join additional parties shall be **December 15, 2016**.  This will allow the Parties a reasonable opportunity following depositions of fact witnesses to assess the need for joining additional parties.

## 3.     **Dispositive Motions**

Litigating the Conflict of Interest Claim will likely involve motions for summary judgment filed by either Plaintiffs or Defendants.  Any potentially dispositive motion should be filed by **March 17, 2017**.  Opposition briefs should be filed by **April 17, 2017**, and reply briefs should be filed by **May 8, 2017**.  The parties reserve the right to alter or supplement the

---

[2]  The Court has set July 18, 2016 as the deadline for any motion for leave to join other Parties as to Claims 3, 4, and 6.  (ECF No. 119).

foregoing schedule.

4.     **Proceedings by Magistrate Judge**

The parties do not consent to proceeding before a Magistrate Judge for final disposition.

5.     **Settlement**

The parties have had a full and frank discussion of their views of this case, and

settlement is not likely on this claim.

6.     **Non-Jury Trial**

Because Plaintiffs do not request compensatory damages, this action would be set for a

non-jury trial.

Dated this 31st day of May, 2016

Respectfully submitted,

*For Plaintiffs*

INSTITUTE FOR JUSTICE
By: _____/s/  Darpana M. Sheth_____
Darpana M. Sheth*
Robert P. Frommer*
Robert Peccola*
Milad Emam*
901 North Glebe Road; Suite 900
Arlington, VA 22203
E-mail: dsheth@ij.org; rfrommer@ij.org;
rpeccola@ij.org; memam@ij.org
Tel: (703) 682-9320
Fax: (703) 682-9321
*Admitted Pro Hac Vice*

*Lead Counsel for Plaintiffs*

KAIRYS, RUDOVSKY, MESSING &FEINBERG
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

*For the City Defendants*

By: _/s/ Michael R. Miller_____
CITY OF PHILADELPHIA LAW DEPARTMENT
Michael R. Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: Michael.R.Miller@phila.gov
*Counsel for Defendants City of Philadelphia,
Mayor James F. Kenney, and Police
Commissioner Richard Ross Jr.*

*For the District Attorney Defendants*

By: Bryan C. Hughes_____
OFFICE OF THE DISTRICT ATTORNEY
Elizabeth J. Rubin
Bryan C. Hughes
Douglas M. Weck, Jr.
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bj.graham-rubin@phila.gov;

Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

bryan.hughes@phila.gov;
douglas.weck@phila.gov

*Local Counsel for Plaintiffs*

*Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2016, a true and correct copy of the

FOURTH AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN and

accompanying attachment was electronically filed using the Court's ECF system and sent via

the ECF electronic notification system to the following counsels of record:

Michael R. Miller
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel:  (215) 683-5444
Email:  Michael.R.Miller@phila.gov

*Counsel for Defendants City of Philadelphia, Mayor James F. Kenney, and Police Commissioner Richard J. Ross, Jr.*

Elizabeth J. Graham-Rubin
Bryan C. Hughes
Douglas M. Weck, Jr.
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
Tel:  (215) 686-8787
Email: bj.graham-rubin@phila.gov;
         bryan.hughes@phila.gov;
         douglas.weck@phila.gov

*Counsel for Defendants Philadelphia District Attorney's Office and District Attorney R. Seth Williams*

/s/ Darpana M. Sheth
Darpana M. Sheth
Attorney for Plaintiffs