IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOS SOUROVELIS, et al.,       :      CIVIL ACTION
                                   :      NO. 14-4687
          Plaintiffs,              :
                                   :
     v.                            :
                                   :
CITY OF PHILADELPHIA, et al.,      :
                                   :
          Defendants.              :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                      February 23, 2017

**Table of Contents**

I.    INTRODUCTION............................................ 2

II.   BACKGROUND.............................................. 4

III.  PROCEDURAL HISTORY...................................... 7

IV.   PROPOSED CLASS......................................... 11

V.    LEGAL STANDARD......................................... 11

VI.   DISCUSSION ............................................ 13

      A.    Rule 23(a)....................................... 13

            1.    Numerosity................................. 14

            2.    Commonality................................ 15

            3.    Typicality................................. 18

            4.    Adequacy of Representation................. 21

      B.    Rule 23(b)(2).................................... 23

          1.   Requests for Declaratory Relief and an
               Injunction Enjoining the Allegedly
               Unconstitutional Policy and Practice........ 26

          2.   Request for an Entry of Judgment Requiring
               the Return of Property...................... 28

               a.   Restitution Claims Under Rule 23(b)(2).. 30

               b.   Individualized Monetary Damages......... 36

VII. CONCLUSION........................................... 47

## I.    INTRODUCTION

          Named Plaintiffs Christos Sourovelis, Doila Welch,

Norys Hernandez, and Nassir Geiger ("Plaintiffs"), on behalf of

themselves and all others similarly situated under Federal Rule

of Civil Procedure 23(b)(2), bring this putative class action

pursuant to 42 U.S.C. § 1983 against the City of Philadelphia,

Mayor James F. Kenney, and Police Commissioner Richard Ross, Jr.

(collectively, the "City Defendants"); the Philadelphia District

Attorney's Office (the "D.A.'s Office") and District Attorney

Seth R. Williams (together, the "D.A. Defendants"); and Sheila

A. Woods-Skipper, Jacqueline F. Allen, Joseph H. Evers, and

Charles A. Mapp (the "First Judicial District Defendants") (all

together, "Defendants") to enjoin and declare unconstitutional

the City of Philadelphia's civil forfeiture policies and

practices.  Plaintiffs' Second Amended Complaint asserts seven

claims, all of which allege that Defendants' policies and

practices violate the Due Process Clause of the Fourteenth

Amendment.  The parties have settled two of Plaintiffs' seven claims.

In the instant motion, Plaintiffs seek to certify a Rule 23(b)(2) class on their fifth claim for relief ("Count Five").  In Count Five, Plaintiffs claim that the City and D.A. Defendants[1] have a policy and practice of retaining forfeited property and its proceeds for use in funding the D.A.'s Office and the Philadelphia Police Department, including paying the salaries of the prosecutors who manage the civil forfeiture program, thereby providing the D.A.'s Office and the Philadelphia Police Department with a direct financial stake in the outcome of civil forfeiture proceedings.  Plaintiffs allege that this arrangement creates a conflict of interest, injects impermissible bias into the civil forfeiture process, and violates Plaintiffs' rights to the fair and impartial administration of justice under the Due Process Clause of the Fourteenth Amendment.

For the reasons that follow, the Court will grant in part and deny in part Plaintiffs' motion to certify a Rule 23(b)(2) class with respect to Count Five.  The Court will certify a Rule 23(b)(2) class with respect to Plaintiffs' requests for (1) a declaratory judgment declaring

---

[1]     Throughout this memorandum, "the City and D.A. Defendants" shall include all of the City Defendants and both of the D.A. Defendants.

unconstitutional the City and D. A. Defendants' policy and
practice of retaining forfeited property and its proceeds for
use by the D.A.'s Office and the Police Department; and (2) an
injunction enjoining that policy and practice.  However, the
Court will decline to certify a Rule 23(b)(2) class with respect
to Plaintiffs' request for an injunction ordering the return of
forfeited property on the basis of the alleged constitutional
violations.

## II.  BACKGROUND

Civil forfeiture statutes permit states and the
federal government to file actions, under certain circumstances,
to obtain ownership of private real and personal property that
is related to certain categories of criminal activity.  In
Pennsylvania, the Controlled Substances Forfeiture Act, 42 Pa.
Cons. Stat. Ann. §§ 6801 and 6802 (the "CSFA"), provides that
certain real and personal property that is connected to a
violation of Pennsylvania's Controlled Substance, Drug, Device
and Cosmetic Act, 35 Pa. Cons. Stat. Ann. §§ 780-101 to 780-144,
is subject to forfeiture by the Commonwealth of Pennsylvania.
42 Pa. Cons. Stat. Ann. § 6801.  The CSFA sets forth the
property that is subject to forfeiture by the Commonwealth, see
id., and provides a procedure for the forfeiture proceedings,

which must be filed in the court of common pleas of the judicial district where the property is located, see id. § 6802.

Plaintiffs' claims in this action relate to property forfeited through civil forfeiture proceedings brought by the D.A.'s Office in the Court of Common Pleas of Philadelphia County.  The majority of the property, Plaintiffs allege, was forfeited pursuant to the CSFA.  Second Am. Compl. ("SAC") ¶ 41, ECF No. 157.  According to Plaintiffs, Philadelphia's civil forfeiture program is one of the largest municipal forfeiture programs in the country, and "unprecedented in scale."  Id. at 14, ¶ 54. Plaintiffs allege that the D.A.'s Office forfeited over $90 million worth of property from 1987 to 2012 through civil forfeiture proceedings, id. ¶ 53, yielding an average of $5.6 million in forfeiture revenue each year, id. ¶ 54. Forfeiture data Plaintiffs obtained from the Pennsylvania Office of the Attorney General indicates that the D.A.'s Office collected over $72.6 million in forfeiture revenue from fiscal years 2002 through 2014.  Id. ¶ 57.  Plaintiffs allege that this amount constitutes nearly one-fifth of the general budget of the D.A.'s Office as appropriated by the City of Philadelphia.  Id. ¶ 60.

Plaintiffs allege that the City and D.A. Defendants seize large quantities of personal property for forfeiture, including cash, cell phones, clothing, jewelry, prescription

medication, and licensed firearms.  Id. ¶ 81.  Plaintiffs claim
that the majority of the cash seized involves small amounts of
money.  Id. ¶ 73.  For example, in 2010, Philadelphia filed
8,284 currency forfeiture petitions, with an average of $550 at
issue in each case.  Id. ¶ 74.  Plaintiffs also allege that the
City and D.A. Defendants file civil forfeiture petitions on 300
to 500 real properties (mostly private residences) each year.
Id. ¶ 83.  Approximately 100 of these real properties are
forfeited and sold at auction annually; and a significant
majority of the remaining cases settle under threat of civil
forfeiture.  Id.

Plaintiffs' Second Amended Complaint alleges that a
number of Defendants' civil forfeiture policies and practices
are unconstitutional.  With respect to Count Five, specifically,
Plaintiffs allege that the City and D.A. Defendants retain the
proceeds of civil forfeiture proceedings, which provide the
Defendants with a direct financial incentive in the outcome of
the proceedings.  Id. ¶¶ 339-43.  According to Plaintiffs, the
D.A.'s Office and Philadelphia Police Department have a written
agreement to share proceeds obtained from forfeiture
proceedings, id. ¶¶ 67, 342, and use a large portion of the
forfeiture revenue to pay salaries, id. ¶¶ 62, 64.  Plaintiffs
obtained data from the Pennsylvania Office of the Attorney
General indicating that the D.A.'s Office spent over $28.5

6

million of its forfeiture revenue on salaries from fiscal years 2002 through 2014, including the salaries of the prosecutors who administer Philadelphia's civil forfeiture program.  Id. ¶¶ 62-64.  Plaintiffs claim that the City and D.A. Defendants' direct financial stake in civil forfeiture proceedings brings irrelevant and impermissible factors into the investigative and prosecutorial decision-making process, which in turn creates a conflict of interest, actual bias, potential for bias, and/or appearance of bias that violates Plaintiffs' rights to the fair and impartial administration of justice guaranteed by the Due Process Clause of the Fourteenth Amendment.  Id. ¶¶ 339, 344.

## III. PROCEDURAL HISTORY

Plaintiffs initiated this action on August 11, 2014, ECF No. 1, and amended their complaint on November 17, 2014, ECF No. 40.  Plaintiffs filed a Second Amended Complaint on September 15, 2016.  ECF No. 157.  Plaintiffs Sourovelis, Welch, and Hernandez are the owners of real property against which the D.A. Defendants commenced, under the CSFA, forfeiture that were pending in the Court of Common Pleas of Philadelphia County at the time the First Amended Complaint was filed.  SAC ¶¶ 9-17. Plaintiff Geiger is the owner of personal property against which the D.A. Defendants commenced a civil forfeiture proceeding.

Id. ¶¶ 18-22.  Plaintiffs' Second Amended Complaint asserts the

following seven claims:

> (1)   the City and D.A. Defendants' policy and practice
> of failing to provide notice or a hearing before
> seizing real property violates the Due Process
> Clause of the Fourteenth Amendment (Count One);
>
> (2)   the City and D.A. Defendants' policy and practice
> of requiring real property owners to waive their
> constitutional and statutory rights in order to
> obtain access to their property or have the
> forfeiture petition withdrawn violates the Due
> Process Clause of the Fourteenth Amendment (Count
> Two);
>
> (3)   Defendants' policy and practice of failing to
> provide a prompt, post-deprivation hearing
> violates the Due Process Clause of the Fourteenth
> Amendment (Count Three);
>
> (4)   Defendants' policy and practice of repeatedly
> "relisting" forfeiture proceedings violates the
> Due Process Clause of the Fourteenth Amendment
> (Count Four);
>
> (5)   the City and D.A. Defendants' retention of
> forfeited property and its proceeds violates the
> Due Process Clause of the Fourteenth Amendment
> (Count Five);
>
> (6)   Defendants' policy and practice of prosecutors
> controlling forfeiture hearings violates the Due
> Process Clause of the Fourteenth Amendment (Count
> Six);
>
> (7)   Defendants' administration of civil forfeiture
> and related proceedings, including notices to
> property owners, the timing of filings, and
> access to court hearings, violates the Due
> Process Clause of the Fourteenth Amendment (Count
> Seven).

Id. ¶¶ 290-360.

Plaintiffs initially sought class certification of Counts One through Six under Rule 23(b)(2) of the Federal Rules of Civil Procedure in a motion filed on August 11, 2014.[2]  ECF No. 3.  The Court denied the motion without prejudice on June 17, 2015, after the parties represented at a hearing that they were in the process of potentially stipulating to class certification, at least as to Count Five.  ECF No. 82.  The Court later indicated that any subsequent motion for class certification would relate back to the time the initial motion for class certification was filed.  ECF No. 87.

On March 16, 2015, Defendants filed a joint motion to dismiss Plaintiffs' claims.  ECF No. 52.  The Court denied the motion in a memorandum and order dated May 12, 2015.  ECF Nos. 66, 67.  Defendants subsequently sought reconsideration of the Court's order with respect to their argument that Plaintiff Geiger "failed to state a claim under the Due Process Clause of the Fourteenth Amendment because a constitutionally adequate post-deprivation remedy was available to him under Pennsylvania law and he failed to avail himself of that remedy to challenge the seizure, restraint, or retention of his vehicle."  Defs.' Joint Mot. for Reconsideration at 2, ECF No. 73.  The Court

---

[2]      At the time that Plaintiffs filed their first motion for class certification, they had not yet filed their Second Amended Complaint, which added Count Seven.

denied the motion for reconsideration on September 7, 2016.  ECF No. 150.

The parties settled Counts One and Two in an agreement the Court approved on November 3, 2015.  ECF No. 104.  On August 1, 2016, Plaintiffs filed a motion seeking to (1) join four state court administrators as defendants for Counts Three, Four, and Six; (2) file a Second Amended Complaint adding a seventh claim and other new allegations; and (3) sever Count Five.  ECF No. 139.  The Court granted the motion on September 14, 2016.  ECF No. 155.

On September 15, 2016, Plaintiffs filed the Second Amended Complaint, which (1) substituted current Mayor of Philadelphia James F. Kenney for former Mayor Michael A. Nutter; (2) substituted current Philadelphia Police Department Commissioner Richard Ross, Jr., for former Commissioner Charles H. Ramsey; (3) added the First Judicial District Defendants; and (4) added Count Seven.  ECF No. 157.  In response, the City Defendants filed a motion to dismiss Counts Four and Six of the Second Amended Complaint, ECF No. 158, the D.A. Defendants filed an answer, ECF No. 161, and the First Judicial District Defendants moved to dismiss all claims against them, ECF No. 173.

Plaintiffs filed the instant motion, which seeks to certify a Rule 23(b)(2) class solely with respect to Count Five,

on May 17, 2016.[3]  ECF No. 118.  The City Defendants and the D.A.

Defendants each filed a response, ECF No. 137 and ECF No. 138,

and Plaintiffs filed a reply, ECF No. 141.  On September 19,

2016, the City Defendants filed a motion to submit a sur-reply,

which the Court will grant.  ECF No. 159.  The Court held a

hearing and is now ready to rule on the motion.

## IV.   PROPOSED CLASS

Plaintiffs seek to certify the following class under

Rule 23(b)(2) with respect to their fifth claim for relief:

> All persons who hold legal title to or
> otherwise have a legal interest in property
> against which a civil-forfeiture petition
> was filed by the Philadelphia District
> Attorney's Office on or after August 11,
> 2012, or will in the future be filed, in the
> Court of Common Pleas of Philadelphia
> County.

Pls.' Mem. Support Mot. Certify Rule 23(b)(2) Class Pls.' Fifth

Claim for Relief at 8, ECF No. 118-1 [hereinafter "Pls.' Mem."].

## V.   LEGAL STANDARD

A party seeking class certification must satisfy Rule

23(a) of the Federal Rules of Civil Procedure and the

requirements of one of the subsections of Rule 23(b).  <u>Wal-Mart</u>

---

[3]      Plaintiffs' motion and the parties' subsequent
briefing were filed prior to Plaintiffs' filing of the Second
Amended Complaint.  Accordingly, the motion and briefing refer
to the Amended Complaint.  As the Second Amended Complaint is
now the operative pleading in this case, the Court will refer to
the Second Amended Complaint in this memorandum.

Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011); In re
Prudential Ins. Co. Am. Sales Practice Litig., 148 F.3d 283, 309
(3d Cir. 1998).  Under Rule 23(a), Plaintiffs must demonstrate
that: "(1) the class is so numerous that joinder of all members
is impracticable; (2) there are questions of law or fact common
to the class; (3) the claims or defenses of the representative
parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately
protect the interests of the class."  Fed. R. Civ. P. 23(a).
With respect to Rule 23(b), Plaintiffs here seek to certify a
class under Rule 23(b)(2), which is appropriate when "the party
opposing the class has acted or refused to act on grounds that
apply generally to the class, so that final injunctive relief or
corresponding declaratory relief is appropriate respecting the
class as a whole."  Fed. R. Civ. P. (23)(b)(2).

        "Rule 23 does not set forth a mere pleading standard,"
but instead, "[a] party seeking class certification must
affirmatively demonstrate [her] compliance with the Rule - that
is, [she] must be prepared to prove that there are in fact
sufficiently numerous parties, common questions of law or fact,
etc."  Dukes, 564 U.S. at 350.  The Supreme Court has repeatedly
"recognized . . . that 'sometimes it may be necessary for the
court to probe behind the pleadings before coming to rest on the
certification question,' and that certification is proper only

if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'"  Id. at 350-51 (quoting <u>Gen. Tel. Co. of Southwest v. Falcon</u>, 457 U.S. 147, 160-61 (1982)).

The Supreme Court has also recognized that "[f]requently[,] th[is] 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.'"  <u>Dukes</u>, 564 U.S. at 351 (quoting <u>Falcon</u>, 457 U.S. at 160).  That is, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."  <u>Id.</u> (quoting <u>Falcon</u>, 457 U.S. at 160).

## VI.  DISCUSSION

### A.  <u>Rule 23(a)</u>

The City and D.A. Defendants concede that Plaintiffs' proposed class satisfies numerosity and that the proposed class counsel adequately represents the class.  They challenge only commonality, typicality, and Plaintiffs' ability to adequately represent the class.  <u>See</u> D.A. Defs.' Mem. Law. Opp. Pls.' Mot. Class Certification ("D.A. Opp."), ECF No. 138, at 7-12. Nonetheless, the Court must satisfy itself, through a "rigorous analysis," that all of the prerequisites of Rule 23(a) are met. <u>See</u> <u>Dukes</u>, 564 U.S. at 350-51 (quoting <u>Falcon</u>, 457 U.S. at 160).

13

For the reasons discussed below, the Court finds that Plaintiffs have met their burden to demonstrate that their proposed class satisfies the Rule 23(a) requirements of numerosity, commonality, and adequacy of representation. However, the Court finds that Plaintiffs' claims are not typical of the entire proposed class in one respect: Plaintiffs' property was subject to civil forfeiture pursuant to the CSFA, specifically, and Plaintiffs seek to certify a class of all persons whose property was subject to civil forfeiture, regardless of the legal basis for the forfeiture.

### 1.   Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The Third Circuit has explained that "no minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the [numerosity] prong" has been met.  Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).

The putative class consists of thousands of individuals who have a legal interest in property against which a civil forfeiture petition was filed.  According to Assistant District Attorney J. Andrew Jenemann, the Chief of the Public

Nuisance Task Force Unit ("PNTF"), the unit responsible for filing civil forfeiture actions, PNTF has filed 20,590 civil forfeiture petitions in the Court of Common Pleas of Philadelphia County since August 11, 2012.  See Decl. of Andrew Jenemann ¶ 4, ECF No. 137-1.  As this number is far greater than forty, the Court finds that numerosity is satisfied.

> 2.  Commonality

Rule 23(a)(2) requires a showing of "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The commonality element requires that the named plaintiffs "share at least one question of fact or law with the grievances of the prospective class."  Rodriguez v. Nat'l City Bank, 726 F.3d 372, 382 (3d Cir. 2013) (quoting Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)).  To satisfy the commonality requirement, class claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Dukes, 564 U.S. at 350.  As the Third Circuit has explained, "[m]eeting this requirement is easy enough: '[W]e have acknowledged commonality to be present even when not all members of the plaintiff class suffered an actual injury, when class members did not have identical claims, and, most

dramatically, when some members' claims were arguably not even viable.'" In re NFL Players Concussion Injury Litig., 821 F.3d 410, 427 (3d Cir. 2016) (quoting In re Cmty. Bank Mortg. Lending Practices Litig., 795 F.3d 380, 397 (3d Cir. 2015)).

Plaintiffs' action challenges Defendants' civil forfeiture policies and practices.  In Count Five, Plaintiffs challenge the City and D.A. Defendants' policy and practice of retaining forfeited property, alleging that the policy and practice creates a conflict of interest that violates the Due Process Clause.  See SAC ¶¶ 338-46.  The legal and factual questions involved in determining whether or not there is a due process violation and Plaintiffs are entitled to relief include (1) how the proceeds of civil forfeiture actions are distributed; (2) whether the manner in which the proceeds are distributed creates a conflict of interest; (3) whether that conflict of interest, if it exists, deprives litigants in civil forfeiture proceedings of due process of law; and (4) whether an order enjoining the City and D.A. Defendants' retention of forfeiture proceeds and declaring the City and D.A. Defendants' practices unconstitutional would provide relief for the due process violation.  See, e.g., Marshall v. Jerrico, Inc., 446 U.S. 238, 241 (1980) (reversing order granting summary judgment in case alleging that Department of Labor's retention of funds

collected as civil penalties for unlawful employment of civil labor created an impermissible risk of bias).

These common questions are "capable of class-wide resolution" because the City and D.A. Defendants allegedly retain all of the property forfeited through civil forfeiture proceedings, and, under Plaintiffs' proposed class definition, every putative class member has a legal interest in property against which a civil forfeiture petition was filed.  See, e.g., Hardy v. District of Columbia, 283 F.R.D. 20, 24 (D.D.C. 2012) (finding Rule 23(a) satisfied where plaintiffs challenged the seizure of their property without adequate notice, despite individual differences in the circumstances of each seizure).

The City and D.A. Defendants' sole argument that Plaintiffs cannot satisfy commonality is that certain members of the class, including Plaintiff Geiger, did not take full advantage of the procedures available to them and therefore do not have viable due process claims.  See D.A. Opp. at 9-12.  The D.A. Defendants rely on Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000), which contains the unremarkable proposition that a plaintiff cannot skip procedures that "provide due process" and then complain that due process is unavailable.  Id. at 116 (emphasis added).  Where, as here, a plaintiff is claiming that the available procedures do not satisfy due process, the

plaintiff need not have fully availed himself of those "patently inadequate" processes in order to have a claim.  Id.[4]

### 3.   Typicality

Rule 23(a)(3) requires that the class representatives' claims be "typical" of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  The typicality inquiry is "intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented."  Baby Neal, 43 F.3d at 57.  Where claims of the representative plaintiffs arise from the same alleged wrongful conduct on the part of the defendant, the typicality prong is satisfied.  See In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 532 (3d Cir. 2004).  "'[E]ven relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories' or where the claim arises from the same practice or course of conduct."  In re Prudential Ins. Co.,

---

[4]         The D.A. Defendants also argue that Mr. Geiger does not have a valid claim because he failed to file a motion under Pennsylvania Rule of Criminal Procedure 588, which, the D.A. Defendants assert, provides constitutionally adequate due process.  This Court previously considered and rejected that argument in its decision denying Defendants' motion to dismiss, see ECF No. 66 at 29-30, and its order denying Defendants' joint motion for reconsideration, see ECF No. 150.

148 F.3d at 311 (alteration in original) (quoting <u>Baby Neal</u>, 43 F.3d at 58).

The City and D.A. Defendants' sole argument that Plaintiffs' claims lack typicality is that Mr. Geiger skipped available processes.  This does not defeat typicality, for the reasons stated above.  However, the Court finds that Plaintiffs' claims are materially different from the claims of a portion of the proposed class, which prevents Plaintiffs' claims from being typical of the claims of that subgroup of putative class members.

Plaintiffs, like all other putative class members, have a legal interest in property against which a civil forfeiture petition was filed.  However, unlike a portion of the proposed class, Plaintiffs' property was subject to forfeiture under the CSFA – <u>i.e.</u>, the forfeiture of their property had a statutory basis.  Plaintiffs do not limit their proposed class to persons against whose property civil forfeiture proceedings were filed pursuant to the CSFA or on any other statutory basis. Instead, Plaintiffs seek to certify a class consisting of all persons against whose property civil forfeiture proceedings were filed, regardless of the legal basis for the forfeiture, including forfeiture based on principles of common law.[5]

---

[5]      Plaintiffs allege that in addition to filing forfeiture petitions pursuant to the CSFA, the D.A.'s Office

Given that the legal basis for the forfeitures, including the extent to which the forfeitures were authorized by state statute, may be highly relevant to Plaintiffs' claims, the Court finds that Plaintiffs' claims are not typical of the claims of those persons whose property was subject to forfeiture pursuant to a legal basis other than the CSFA.  See Newton v. Merrill Lynch, Pearce, Fenner & Smith, Inc., 259 F.3d 154, 183 (3d Cir. 2001) ("The typicality inquiry . . . . centers on whether 'the named plaintiffs' individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.'" (quoting Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985)).  Here, putative class members whose property was subject to civil forfeiture

---

also brings forfeiture actions that are not authorized by statute.  See SAC ¶ 40.  At the time that Plaintiffs filed their Second Amended Complaint, it appears that Pennsylvania district attorneys' offices had filed petitions for "common law" forfeiture of both (1) contraband per se, which is property that is "inherently illegal," and (2) "derivative contraband" - that is, "property which in and of itself is legal, but 'nonetheless constitutes the fruit of a criminal enterprise or is used to perpetuate an unlawful act.'"  Commonwealth v. 2010 Buick Enclave, 99 A.3d 163, 165-66 & n.1 (Pa. Commw. Ct. 2014) (quoting Commonwealth v. One 2001 Toyota Camry, 894 A.2d 207, 210 (Pa. Commw. Ct. 2006)).  On January 13, 2017, the Commonwealth Court of Pennsylvania held that common law forfeiture does not exist in Pennsylvania, overruling One 2001 Toyota Camry, 894 A.2d 207.  See Commonwealth v. Irland, No. 448 C.D. 2015, 2017 WL 128643, at *15 (Pa. Commw. Ct. Jan. 13, 2017).  Here, Plaintiffs seek to certify a class that would include persons whose property was subject to civil forfeiture on the basis of common law principles.

proceedings based on common law forfeiture may have additional arguments regarding the legality of those forfeiture proceedings that Plaintiffs, and other putative class members whose property was subject to forfeiture under the CSFA, do not have. Accordingly, the Court will remove from the class definition those persons whose property was subject to non-CSFA forfeiture. Plaintiffs' claims are typical of the claims of the remainder of the proposed class – those persons whose property was subject to forfeiture pursuant to the CSFA – and therefore the Court finds that typicality is satisfied with respect to the narrower class definition proposed by the Court.

### 4.   Adequacy of Representation

Rule 23(a)(4) requires representative parties to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997).  The Third Circuit applies a two-prong test to assess the adequacy of the proposed class representatives. First, the court must inquire into the "qualifications of the counsel to represent the class," In re Prudential Ins. Co., 148 F.3d at 312 (quoting In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 800 (3d Cir. 1995)), and

second, it must assess whether there are "conflicts of interest between named parties and the class they seek to represent," id. (quoting Amchem, 521 U.S. at 625).  Class counsel must be "qualified, experienced, and generally able to conduct the proposed litigation."  Clarke v. Lane, 267 F.R.D. 180, 197 n.16 (E.D. Pa. 2010) (quoting Walter v. Palisades Collection, LLC, No. 06-0378, 2010 WL 308978, at *9 (E.D. Pa. Jan. 26, 2010)).

The Court finds that Plaintiffs' proposed counsel, the Institute for Justice and local counsel David Rudovsky, are qualified to represent the putative class.  As the Court found in its order granting final approval of the settlement of Counts One and Two, Plaintiffs' counsel have represented that they have considerable experience litigating complex cases involving constitutional issues, the Institute for Justice has substantial knowledge of the applicable law given its previous experience in civil forfeiture cases, counsel performed extensive work to investigate potential claims and develop legal theories, and counsel will devote sufficient resources to vigorously litigate this case.  See ECF No. 104 at 3 n.2; Pls.' Mem. at 17-19.  The City and D.A. Defendants do not challenge the adequacy of class counsel.

Regarding the adequacy of the class representatives, the Court finds that Plaintiffs' interests are aligned with those of absent class members, given the Court's narrower

definition of a class consisting of persons against whose property civil forfeiture proceedings were initiated pursuant to the CSFA.  See supra at 19-21.  Plaintiffs' property was forfeited pursuant to the same statute as absent class members, and based on the same alleged policies and procedures challenged in Plaintiffs' fifth claim for relief.  The City and D.A. Defendants' sole argument that Plaintiffs will not adequately represent the class is again that Mr. Geiger does not have a claim because he failed to follow available procedures, which is incorrect.  See supra at 17-18.

B.  Rule 23(b)(2)

A party seeking certification under Rule 23(b)(2) must establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(2) is "almost automatically satisfied in actions primarily seeking injunctive relief."  Baby Neal, 43 F.3d at 58.  In the Third Circuit, a Rule 23(b)(2) class must also be "cohesive" - that is, there must not be "disparate factual circumstances" that render Rule 23(b)(2) certification inappropriate.  Barnes v. Am. Tobacco Co., 161 F.3d 127, 143 (3d

Cir. 1998) (quoting <u>Geraghty v. United States Parole Comm'n</u>, 719
F.2d 1199, 1206 (3d Cir. 1983)).

Plaintiff seek three forms of relief relating to their
claims in Count Five: (1) an entry of judgment declaring the
City and D.A. Defendants' policy and practice of retaining all
forfeited property and its proceeds unconstitutional under the
Due Process Clause of the Fourteenth Amendment, SAC at 68; (2)
the entry of preliminary and permanent injunctions prohibiting
the City and D.A. Defendants from engaging in that
unconstitutional policy and practice, <u>id.</u> at 69; and (3) an
entry of judgment requiring the City and D.A. Defendants to
dismiss all civil forfeiture proceedings against Plaintiffs and
class members, provide "restitution in the form of return of all
property seized from the Named Plaintiffs and class members,"
and remove all restraints imposed against Plaintiffs' and class
members' real property as a consequence of the forfeiture
petition, <u>id.</u> at 70.

The City and D.A. Defendants do not object to the
certification of a class with respect to the first two forms of
relief.  Where the parties disagree, however, is whether or not
class certification is appropriate with respect to Plaintiffs'
request for "restitution."  Both sets of parties urge the Court
to separately consider Plaintiffs' restitution claim: (1)
Plaintiffs request that, should the Court decline to certify

24

Plaintiffs' restitution claim, the Court alternatively certify a class as to Count Five with respect to liability only, deferring the question of restitution until a later date, see Pls.' Mem. at 23; and (2) the City and D.A. Defendants request that, should the Court decide to certify Plaintiffs' claims for declaratory and injunctive relief with respect to Count Five, the Court refuse to certify Plaintiffs' restitution claim, see City Opp. at 12-13; D.A. Opp. at 26-27.

The Third Circuit explained in In re Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (3d Cir. 2008), that a district court "possesses broad discretion to control proceedings and frame issues for consideration under Rule 23." Id. at 310 (citing Amchem, 521 U.S. at 630). As part of that discretion, Rule 23(c)(4) provides that, "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). This provision permits a district court to grant partial certification of an action, including certification of specific claims, elements, or issues. Gates v. Rohm & Haas Co., 655 F.3d 255, 272-73 (3d Cir. 2011) (discussing considerations when certifying particular claims or issues under Rule 23(c)(4)). Accordingly, the Court may certify a class with respect to only certain portions of Plaintiffs' claims. With that framework in mind, the Court will separately address the suitability of class

treatment under Rule 23(b)(2) for each of Plaintiff's three requests for relief in Count Five.

For the reasons discussed below, the Court agrees that Plaintiffs' requests for (1) a declaration that the City and D.A. Defendants' policies and procedures are unconstitutional and (2) an injunction enjoining those practices and procedures are suitable for class certification under Rule 23(b)(2). However, the Court finds that Plaintiffs' request for a judgment ordering the return of property should not be certified under Rule 23(b)(2).

       1.   <u>Requests for Declaratory Relief and an Injunction Enjoining the Allegedly Unconstitutional Policy and Practice</u>

The first two forms of relief Plaintiffs request in Count Five are (1) a declaration that the City and D.A. Defendants' policy and practice of retaining forfeited property violates due process; and (2) an injunction enjoining that policy and practice. <u>See</u> SAC at 68-69. The City and D.A. Defendants do not challenge the certification of Count Five with respect to these two requests for relief; they do not dispute that the policies and procedures used in civil forfeiture proceedings "apply generally to the class," Fed. R. Civ. P. 23(b)(2), nor do they argue that a claim seeking a declaration

that those policies and procedures are unconstitutional is not suitable for class treatment under Rule 23(b)(2).

Plaintiffs' requests for a declaration that certain governmental policies and practices are unconstitutional and an injunction enjoining those policies and practices are classic examples of the types of claims that should be certified under Rule 23(b)(2).  See Baby Neal, 43 F.3d at 58-59 (noting that "[i]t is the (b)(2) class which serves most frequently as the vehicle for civil rights actions and other institutional reform cases that receive class action treatment"); Dukes, 564 U.S. at 361 (reviewing the history of Rule 23(b)(2) and observing that civil rights cases are "'prime examples' of what (b)(2) is meant to capture" (quoting Amchem, 521 U.S. at 614)).

Plaintiffs claim that the D.A. and City Defendants retain proceeds from all civil forfeiture proceedings the D.A. Defendants initiate, which would impact the civil forfeiture proceedings of all of the putative class members.  Plaintiffs therefore allege that the City and D.A. Defendants have "act[ed] on grounds that apply generally to the class."  Fed. R. Civ. P. 23(b)(2).  A declaration that the City and D.A. Defendants' policy and practice is unconstitutional and an injunction enjoining that policy and practice would benefit the entire putative class equally, and thus would be "appropriate respecting the class as a whole."  Id.  There are also no

27

"disparate factual circumstances" relating to the
constitutionality of the City and D.A. Defendants' retention of
civil forfeiture profits, and cohesiveness is therefore
satisfied.  Barnes, 161 F.3d at 143 (quoting Geraghty, 719 F.2d
at 1206).

Accordingly, class certification of Plaintiffs'
request for declaratory and injunctive relief in Count Five is
appropriate under Rule 23(b)(2), and the Court will grant
Plaintiffs' motion for class certification with respect to these
two requests for relief.

2.    Request for an Entry of Judgment Ordering the
      Return of Property

The bulk of the parties' arguments regarding class
certification of Count Five relate to Plaintiff's third request
for relief: an injunction ordering the return of forfeited
property.  See SAC at 70 (requesting "an entry of judgment
requiring Defendants to . . . return . . . all property seized
from the Named Plaintiffs and class members").

The City and D.A. Defendants argue that this
particular request for relief cannot be certified under Rule
23(b)(2) because the rule does not permit certification of
claims for "restitution."  See City Opp. at 10-11; D.A. Opp. at
23-25.  The City and D.A. Defendants further argue that because
the majority of the property forfeited in Philadelphia is cash,

and the amount of forfeited cash will differ for each class member, Plaintiffs' request for restitution amounts to an claim for "individualized monetary damages," which is prohibited in a Rule 23(b)(2) class action under the Supreme Court's holding in Dukes.  The City and D.A. Defendants also argue that these damages are not "incidental" to Plaintiffs' request for injunctive and declaratory relief.  See City Opp. at 4-5; D.A. Opp. at 23-25.  Finally, the City and D.A. Defendants argue that the proposed class cannot be certified under Rule 23(b)(2) because it is not sufficiently cohesive, as required by the Third Circuit in Barnes v. American Tobacco Co., 161 F.3d 127 (3d Cir. 1998).  See City Opp. at 11-12; D.A. Opp. at 25-26.

In response, Plaintiffs contend that "incidental restitution, even when it consists of returning monies, is appropriate under Rule 23(b)(2)," and that their request for the return of property falls into that category.  See Pls.' Reply Mem. Law Support Mot. Class Certification ("Pls.' Reply") at 11-14, ECF No. 141.  Plaintiffs further argue that this incidental restitution in no way conflicts with Dukes because the "relief here requires no calculation or case-by-case analysis - simply the mechanistic return of property," id. at 15, and all of the City and D.A. Defendants' asserted "individualized" defenses are either waived or invalid, see id. at 16-27.

29

For the reasons discussed below, the Court does not agree with the City and D.A. Defendants that restitution claims may never be certified under Rule 23(b)(2).  However, the Court finds that the Supreme Court's decision in Dukes, 564 U.S. at 360-61, prevents the certification of Plaintiffs' request for an injunction ordering the return of property, because (1) the relief to which the putative class members are entitled includes individualized monetary damages, and (2) the restitution sought is not incidental to Plaintiffs' requests for injunctive and declaratory relief.  As a result, the Court need not address the City and D.A. Defendants' separate argument that certification of Plaintiffs' restitution claim is not permissible because the class is not sufficiently cohesive.

### a.   Restitution Claims Under Rule 23(b)(2)

The City and D.A. Defendants argue that restitution claims of any kind cannot be certified under Rule 23(b)(2), citing In re School Asbestos Litigation, 789 F.2d 996, 1008 (3d Cir. 1986).  See City Opp. at 10-11; D.A. Opp. at 24-25.  The D.A. Defendants further argue that Rule 23(b)(2) does not encompass restitution claims because (1) Rule 23(b)(2) permits only "final injunctive relief or corresponding declaratory relief," and does not specifically list "restitution" as an available remedy, and (2) restitution requires ascertainability

30

so it properly fits under Rule 23(b)(3), which also requires ascertainability.  See D.A. Opp. at 13-14.  The City and D.A. Defendants are incorrect.

Certification of a class action under Rule 23(b)(2) is warranted only where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Neither the Supreme Court nor the Third Circuit has addressed whether an action seeking restitution is the sort of injunctive relief properly sought under Rule 23(b)(2).  However, district courts in other circuits that have addressed the question have classified an order requiring the return of property as the type of injunctive relief that is permissible under Rule 23(b)(2).[6]

Although the Supreme Court has not addressed the question of restitution, it has made clear that where plaintiffs solely seek monetary damages, their claims may be certified only

---

[6]     See, e.g., Gates v. Towery, No. 04-C-2155, 2004 WL 2583905, at *8 (N.D. Ill. Nov. 10, 2004), aff'd, 430 F.3d 429 (7th Cir. 2005) (certifying Rule 23(b)(2) class where plaintiffs sought "injunctive relief requiring Defendants to return Plaintiffs' property" in addition to compensatory damages consisting of reasonable interest); Gete v. Immigration & Naturalization Serv., No. C94-881Z, 1999 U.S. Dist. LEXIS 11806, at *5-6 (W.D. Wash. July 22, 1999) (certifying Rule 23(b)(2) class where plaintiffs challenged the constitutionality of immigration proceedings and sought "a final order declaring the administrative proceedings void and requiring the INS to either reopen the proceedings or return the plaintiffs' property or money" in addition to separately requesting money damages).

under Rule 23(b)(3), not Rule 23(b)(2).  See Dukes, 564 U.S. at
364.  On the basis of the prohibition against certifying class
actions under Rule 23(b)(2) for claims solely involving monetary
damages, the Third Circuit has previously rejected attempts by
putative class action plaintiffs to shoehorn damages claims into
Rule 23(b)(2) by asking for an injunction instead of damages.
In In re School Asbestos Litigation, the Third Circuit affirmed
the district court's denial of a Rule 23(b)(2) class where
plaintiffs sought "mandatory injunctive relief in the form of
certain remedial action and restitution for expenditures already
incurred to ameliorate asbestos hazards."  789 F.2d at 1008.
The district court concluded, and the Third Circuit agreed, that
"despite the plaintiffs' ingenuity the claims in this suit were
essentially for damages."  Id.  The class therefore could not be
certified under Rule 23(b)(2), because the rule does not permit
certification of "an action for money damages."  Id.

          Following In re School Asbestos Litigation, other
courts in this Circuit have denied certification of a Rule
23(b)(2) class where plaintiffs' request for restitution was
actually a request for money damages and plaintiffs sought no
other declaratory or injunctive relief.  See, e.g., Smith v.
John Hancock Ins. Co., No. 06-3876, 2008 WL 4145709, at *3 (E.D.
Pa. Sept. 3, 2008) (refusing to certify a Rule 23(b)(2) class
for restitution where it was clear that plaintiff was "actually

32

seeking money damages and request[ed] restitution as an alternate means of obtaining the same"). The D.A. Defendants point to In re School Asbestos Litigation and Smith in support of their argument that restitution claims cannot be certified under Rule 23(b)(2). See D.A. Opp. at 24. However, these cases establish only that restitution claims cannot be certified under Rule 23(b)(2) where the request for an injunction ordering restitution is merely a disguise for seeking monetary damages as the sole relief. These cases do not, as the D.A. Defendants claim, provide support for a blanket prohibition on the certification of restitution claims under Rule 23(b)(2).

The D.A. Defendants' additional arguments that restitution claims can never be certified under Rule 23(b)(2) also fail. The D.A. Defendants argue that restitution is not permissible under Rule 23(b)(2) because restitution cannot be implemented unless class members are ascertainable, and Rule 23(b)(2) does not require ascertainability. See D.A. Opp. at 13-14. This argument does not follow logic. The exclusion of Rule 23(b)(3)'s ascertainability requirement from Rule 23(b)(2) does not mean that actions satisfying the ascertainability requirement cannot be certified under Rule 23(b)(2).[7]

---

[7] To the extent the D.A. Defendants intend to argue that the ascertainability requirement is omitted from Rule 23(b)(2) because ascertainability is not necessary for the types of relief that are proper under Rule 23(b)(2), and therefore that

The D.A. Defendants also claim that restitution is prohibited under Rule 23(b)(2) because the rule does not specifically list "restitution" as an available remedy, and instead refers only to "injunctive relief or corresponding declaratory relief."  See D.A. Opp. at 12.  But an injunction ordering restitution is itself a form of injunctive relief,[8] and the sole case the D.A. Defendants cite in support of their argument does not hold otherwise.  In Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311 (4th Cir. 2006), the Fourth Circuit affirmed the district court's refusal to certify a Rule 23(b)(2)

---

any type of relief requiring ascertainability is not properly certified under Rule 23(b)(2), the Supreme Court has expressly declined to prohibit certification monetary damages claims – which would clearly require ascertainability - in Rule 23(b)(2) actions.  See Dukes, 564 U.S. at 366.

[8]     Indeed, the idea that restitution is impermissible because it is not a form of injunctive relief conflicts with the Supreme Court's previous characterization of restitution.   In Great-West Life & Annuity Ins. Co. v. Knudson, the Supreme Court explained that restitution may be either a legal or equitable remedy, and "whether it is legal or equitable depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought."  534 U.S. 204, 213 (2002) (alteration in original) (quoting Reich v. Cont'l Cas. Co., 33 F.3d 754, 756 (7th Cir. 1994)).  Restitution is equitable, as opposed to legal, when the action "seek[s] not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."  Id. at 214.  Likewise, suits seeking "compensation for loss resulting from the defendant's breach of legal duty" are suits for "money damages," id. at 210 (quoting Bowen v. Massachusetts, 487 U.S. 879, 918-19 (1998) (Scalia, J., dissenting)), the "classic form of legal relief," whether such relief is sought by judgment, injunction, or declaration, id. (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993)).

class where the plaintiffs sought (1) an injunction prohibiting
the defendant insurance company from collecting any future
premiums on its allegedly discriminatory policies, (2)
restitution in the form of money equivalent to the difference in
premium payments made by African-American and white
policyholders, and (3) punitive damages and legal fees.  Id. at
316, 330-32.  The court found that the plaintiffs' sole
injunctive relief had already been granted, leaving only the
plaintiffs' claims for monetary restitution, punitive damages,
and legal fees.  Id. at 330-32.  Applying the pre-Dukes standard
that monetary damages are permitted under Rule 23(b)(2) so long
as they do not predominate over a request for injunctive or
declaratory relief – a standard that is no longer good law - the
court concluded that Rule 23(b)(2) certification was not
appropriate because the plaintiffs' only requested relief was
monetary damages.  Id.  Like the other cases the D.A. Defendants
cite, Thorn supports only the well-established principle that
plaintiffs cannot obtain Rule 23(b)(2) class certification when
they are solely seeking monetary damages.

        Therefore, as Plaintiffs correctly point out, the City
and D.A. Defendants have not identified any blanket prohibition
against seeking restitution in a Rule 23(b)(2) action.  The
cases the City and D.A. Defendants cite establish only that
restitution claims may not be certified under Rule 23(b)(2) if

the restitution sought is merely another means of seeking
monetary damages as the sole relief.

That rule does not bar Plaintiffs' restitution claim
here.  The "restitution" Plaintiffs seek is the return of
property, some of which is personal property, including cash,
but some of which is also real property.  While the cash
Plaintiffs seek could be considered a form of monetary damages,
it is clearly not the sole relief Plaintiffs seek, as they also
seek the return of other forms of property, as well as other
declaratory and injunctive relief.  Therefore, the Court will
not deny certification of Plaintiffs' restitution claim under
Rule 23(b)(2) on that basis.

b.   <u>Individualized Monetary Damages</u>

The City and D.A. Defendants also argue that
Plaintiffs' restitution claim cannot be certified under Rule
23(b)(2) pursuant to <u>Dukes</u>, 564 U.S. at 360, because the
restitution Plaintiffs seek constitutes "individualized monetary
damages."  <u>See</u> City Opp. at 4-5, D.A. Opp. at 23-24.

In <u>Dukes</u>, the Ninth Circuit affirmed the district
court's certification of a Rule 23(b)(2) class of approximately
one and a half million current and former female employees of
Wal-Mart with respect to the plaintiffs' claim that Wal-Mart
engaged in gender discrimination, in violation of Title VII of

36

the Civil Rights Act of 1964, by denying female employees equal pay and/or promotions.  Id. at 342.  Plaintiffs sought injunctive and declaratory relief, punitive damages, and back pay.  Id.  The Supreme Court reversed the Ninth Circuit order affirming the district court's certification of the class, finding that the plaintiffs' claims for back pay could not be certified under Rule 23(b)(2) because that rule "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."  Id. at 360-61.

The Supreme Court explained that "claims for individualized relief" do not satisfy Rule 23(b)(2) because "[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" Id. at 360 (emphasis in original) (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)).  Just as Rule 23(b)(2) "does not authorize certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant," it similarly does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.  Id. at 360 (emphasis

in original).  Instead, the Court explained, "individualized
monetary claims belong in Rule 23(b)(3)."  Id. at 362.

Relying on Dukes, the City and D.A. Defendants claim
that Plaintiffs' restitution claim cannot be certified because
it requires the Court to award "individualized monetary
damages."  First, the City and D.A. Defendants argue that the
monetary damages Plaintiffs seek are individualized because each
putative class member forfeited a different amount of cash or
property, suffered varying amounts of emotional and mental harm,
and spent varying amounts on legal services.  See City Opp. at
5; D.A. Opp. at 23-24.  Second, the City and D.A. Defendants
argue that they have defenses to restitution for certain
categories of putative class members and individual putative
class members that they are entitled to litigate on an
individual basis.  See City Opp. at 5-10; D.A. Opp. at 14-21.

In response, Plaintiffs argue that the injunction they
seek is not "individualized" because the "relief here requires
no calculation or case-by-case analysis - simply the mechanistic
return of property."  Pls.' Reply at 15.  Plaintiffs explain
that the Court could issue one single classwide order requiring
the City and D.A. Defendants to return all property that was
seized from the putative class members, that is, property seized
in civil forfeiture proceedings initiated in the Court of Common
Pleas of Philadelphia County after August 11, 2012.  See Pls.'

38

Mem. at 21-22.  In this way, Plaintiffs argue, their request for restitution cannot be compared to a case in which "each individual class member would be entitled to a different injunction or declaratory judgment against the defendant," as the Supreme Court characterized an individualized award.  See id. at 22 (quoting Dukes, 564 U.S. at 360-61).  Plaintiffs further argue that the Court's ability to satisfy their restitution claim through one single injunction also distinguishes the instant action from the post-Dukes cases cited by the City and D.A. Defendants in which courts denied Rule 23(b)(2) class certification.[9]

Plaintiffs may be correct that the Court could award the relief that Plaintiffs seek through the issuance of one single injunction, and therefore that their request for relief is not "individualized" in that manner.  However, the question is not whether the relief Plaintiffs are seeking is

---

[9]      See Boyle v. Int'l Bhd. of Teamsters Local 863 Welfare Fund, 579 F. App'x 72, 76 (3d Cir. 2014) (affirming denial of Rule 23(b)(2) class certification where plaintiffs' requested monetary relief included "repayment of health insurance, reimbursement of medical expenses, liquidated damages, compensation for unjust enrichment, interest, reasonable attorneys' fees, and costs of suit" and would require a separate evaluation for each class member of the specific harms caused by the defendants); Martin v. Ford Motor Co., 292 F.R.D. 252, 286 at n.36 (E.D. Pa. 2013) (denying Rule 23(b)(2) class certification in an automobile products liability action where class members resided in different states with different recall rules and experienced different problems with their vehicles, because a single injunction could not provide relief to each member of the class).

individualized, but whether the relief putative class members are <u>entitled to</u> is individualized.  <u>See</u> <u>Dukes</u>, 564 U.S. at 360-61 (holding that Rule 23(b)(2) "does not authorize class certification when each class member would be <u>entitled to</u> an individualized award of monetary damages" (emphasis added)).

As the City Defendants note, plaintiffs in actions brought pursuant to 42 U.S.C. § 1983 may seek recovery for emotional and mental harm, legal fees, and other compensatory and punitive damages.  <u>See</u> City Opp. at 5; <u>Memphis Cmty. Sch. Dist. v. Stachura</u>, 477 U.S. 299, 312-13 (1986) (holding that plaintiffs in a § 1983 action may be awarded compensatory damages for their injuries, as well as punitive damages). Plaintiffs do not dispute that the calculation of these types of additional damages would require individualized inquiries. Instead, Plaintiffs argue that they are not seeking those types of damages here, so the fact that such damages may require individualized inquiries is not relevant to the question of whether or not Plaintiffs' restitution claim itself is individualized.  <u>See</u> Pls.' Reply at 12.  However, Plaintiffs miss the point.  The potential that individual class members may have valid claims for damages that Plaintiffs are not pursuing in this action implicates the precise due process concerns identified by the Supreme Court in <u>Dukes</u>, and it is therefore

highly relevant to this Court's evaluation of whether or not it should certify Plaintiffs' restitution claim.

The Supreme Court explained in Dukes that where monetary relief is sought in a class action, particular class members may be collaterally estopped from individually seeking compensatory damages that they might otherwise be entitled to receive. See 564 U.S. at 364.  A class judgment only binds class members as to matters actually litigated, see Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867 (1984), and some federal courts have therefore concluded that a class action seeking only injunctive relief does not bar later claims for monetary damages.[10]  Where, by contrast, plaintiffs in a class action seek a form of monetary damages, later claims for additional or different damages could be precluded.

District courts in this circuit have acknowledged the possibility of preclusion where named plaintiffs seek certification of only certain types of damages claims and absent class members may have additional, different damages claims.

_____

[10]      See, e.g., Fortner v. Thomas, 983 F.2d 1024, 1031 (11th Cir. 1993) (explaining that "a prisoner's claim for monetary damages or other particularized relief is not barred if the class representative [in another class action] sought only declaratory and injunctive relief"); Morrow v. Washington, 277 F.R.D. 172, 204 (E.D. Tex. 2011) (finding that certification of declaratory and injunctive relief regarding plaintiffs' claims that traffic stops were unconstitutional would not foreclose individual lawsuits for damages based on the individual circumstances of a particular stop).

For example, in Gaston v. Exelon Corp., 247 F.R.D. 75 (E.D. Pa. 2007), the court noted that it was "likely" that were plaintiffs' equitable claims to be litigated on a class basis, "claim preclusion would bar members of the class from later seeking compensatory and punitive damages." Id. at 88 n.22.  In Gates v. Rohm & Haas Co., 265 F.R.D. 208 (E.D. Pa. 2010), aff'd, 655 F.3d 255 (3d Cir. 2011), the court identified a potential conflict where the named plaintiffs brought only medical monitoring and property loss claims and absent class members may have had additional personal injury claims that could have been precluded in later actions.  See id. at 217-18.  The court ultimately determined that the risk of preclusion was not fatal to certification because plaintiffs sought certification under Rule 23(b)(3), which would provide class members with notice and the opportunity to opt out of the class.  See id. at 218.

The preclusion issue identified in Gaston and Gates is a concern here, as the restitution Plaintiffs seek could be considered a form of compensatory damages for the purposes of preclusion.  And, in contrast to Gates, Plaintiffs here seek certification under Rule 23(b)(2), not Rule 23(b)(3).  Unlike in a Rule 23(b)(3) class action, absent class members in a Rule 23(b)(2) class action ordinarily receive no notice of their membership in the class and no right to opt out of the

litigation.[11]  As the Supreme Court explained in <u>Dukes</u>, these

protections are not included in a Rule 23(b)(2) class action

because they are presumed "unnecessary" where a class "seeks an

indivisible injunction benefiting all its members at once."  564

U.S. at 362-63.  Where a Rule 23(b)(2) class action includes

claims for monetary relief, by contrast, it creates the

possibility that "individual class members' compensatory-damages

claims would be <u>precluded</u> by litigation they had no power to

hold themselves apart from."  <u>Id.</u> at 364 (emphasis in original);

<u>see also</u> <u>Rice v. City of Phila.</u>, 66 F.R.D. 17, 21 (E.D. Pa.

1974) (Rule 23(b)(2) presents a risk that "individuals who may

never learn of the pendency of [the] case might encounter

---

[11]     While Rule 23(c)(2) explicitly provides that a
district court "may direct appropriate notice to the class" for
any class certified under Rule 23(b)(2), <u>see</u> Fed. R. Civ. P.
23(c)(2)(A), the rules do not establish a basis for the
provision of opt-out rights in a Rule 23(b)(2) class.  The
Second and Fifth Circuits have held that a district court has
the discretion under Rule 23 to grant opt-out rights in a Rule
23(b)(2) class action.  <u>See</u> <u>McReynolds v. Richards-Cantave</u>, 588
F.3d 790, 800 (2d Cir. 2009) ("[T]he language of Rule 23 is
sufficiently flexible to afford district courts discretion to
grant opt-out rights in (b)(1) and (b)(2) class actions."
(quoting <u>Eubanks v. Billington</u>, 110 F.3d 87, 94 (D.C. Cir.
1990))); <u>In re Monumental Life Ins. Co.</u>, 365 F.3d 408, 416 (5th
Cir. 2004) (noting that while opt-out rights are not required, a
district court has the discretion to order notice and opt-out
rights when certifying a Rule 23(b)(2) class).  However, the
Third Circuit has not addressed the issue, and, in any case,
Plaintiffs have not requested opt-out rights as an alternative
to the denial of class certification, nor have they provided the
Court with sufficient information to determine that class
members are ascertainable, such that the provision of opt-out
rights would be feasible.

difficulty in pursuing meritorious individual litigation in the
future, on the basis of lis pendens, res judicata, or collateral
estoppel").  Accordingly, as the D.A. Defendants point out,
"[w]ith such claims, class members must be permitted 'to decide
for themselves whether to tie their fates to the class
representatives' or go it alone – a choice that Rule 23(b)(2)
does not ensure that they have.'"  D.A. Opp. at 23 (quoting
Dukes, 564 U.S. at 364 (emphasis in original)).

          Plaintiffs' dogged insistence that their restitution
claim should be certified because they are not seeking
"individualized" compensatory and punitive damages on behalf of
putative class members highlights a related concern identified
by the Supreme Court:  permitting monetary damages in a Rule
23(b)(2) action "creates perverse incentives for class
representatives to place at risk potentially valid claims for
monetary relief" in order to obtain certification.  Dukes, 564
U.S. at 364.  Perhaps Plaintiffs are not pursuing other types of
damages in this action precisely because it would make obtaining
certification under Rule 23(b)(2) more difficult.  Class
representatives should not be permitted to preference one form
of available relief over another that might be more beneficial
to certain putative class members - in this case, choosing
restitution over other forms of compensatory damages – in an
action in which individual class members are not notified about

44

the action and are not given the ability to opt-out.  Indeed, the very reason that notice and opt-out rights are not required in a Rule 23(b)(2) class action – as the Supreme Court explained – is that the relief is beneficial to the class as a whole.

Here, restitution may be adequate relief for some class members, but it may be inadequate for others.  For example, the City and D.A. Defendants state that large portions of the forfeited property at issue has been sold or liquidated.[12] For putative class members whose property has been sold, liquidated, or lost, a simple order awarding that property returned may be insufficient to compensate for their losses. Even if the injunction were to order the City and D.A. Defendants to pay the value of the property in the case of lost or sold property, that value may be difficult to determine and, accordingly, whatever metric is used to compute the value may not adequately compensate all class members for their losses. This is especially true in the case of the putative class members who forfeited their real property.  Further, for those putative class members – like Plaintiffs Sourovelis, Hernandez, and Geiger – whose property has already been returned, restitution alone would not provide any compensation for the losses they suffered as a result of the deprivation of their

---

[12]      The CSFA specifically includes a procedure for the sale or liquidation of forfeited property.

property for weeks or months, such as the need to find alternate living arrangements.  See SAC ¶¶ 181, 240-46, 267-71.  Thus, restitution would not necessarily benefit "the class as a whole."  See Fed. R. Civ. P. 23(b)(2).

As putative class members are entitled to "individualized monetary damages," certification of Plaintiffs' restitution claim under Rule 23(b)(2) is not appropriate under Dukes.[13]  In accordance with the reasoning expressed by the Supreme Court in Dukes, in an action where class members will be bound by the outcome and will not be aware of the action or have the ability to opt out, the Court will not force the entire putative class to accept one particular form of damages and be precluded from receiving other forms of damages to which they may be entitled.  As a result, the Court will not certify a class under Rule 23(b)(2) with respect to Plaintiffs' request for restitution on their fifth claim for relief.

---

[13]      Plaintiffs also argue that even if the restitution they seek constitutes "monetary damages," their restitution claim may still be certified under Rule 23(b)(2) because it is incidental to the injunctive and declaratory relief they seek. See Pls.' Mem. at 22-23.  Plaintiffs are correct that Dukes expressly left open whether certain "incidental" claims for monetary relief may be permissible under Rule 23(b)(2).  See 564 U.S. at 366.  However, the Supreme Court emphasized that such "incidental" damages, if available, must still be "consistent with the interpretation of Rule 23(b)(2) we have announced" and "comply with the Due Process Clause."  Id.  As discussed above, Plaintiffs' restitution claim is not consistent with the Supreme Court's interpretation of Rule 23(b)(2) in Dukes.  Therefore, the Court need not reach Plaintiffs' argument that restitution is incidental to the other forms of relief they seek.

**VII. CONCLUSION**

For the reasons discussed above, the Court will grant in part and deny in part Plaintiffs' motion for class certification.  The Court will certify a class on Count Five of Plaintiff's Second Amended Complaint pursuant to Rule 23(b)(2) with respect to Plaintiff's requests for (1) a declaration that the City and D.A. Defendants' policy and practice of retaining forfeited property and its proceeds violates the Due Process Clause; and (2) an injunction enjoining that policy and practice.  However, the Court will not certify a Rule 23(b)(2) class with respect to Plaintiff's request for the entry of judgment requiring the return of property.  In addition, the Court will modify the class definition to limit the class to those persons against whose property civil forfeiture proceedings were initiated pursuant to the CSFA.

An appropriate order follows.[14]

---

[14]    Nothing in this order is intended to determine or decide whether this class, or any other putative class, may be certified in this action pursuant to Rule 23(b)(3).

47