**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOS SOUROVELIS, *et al.*, | |
| Plaintiffs, | |
| vs. | Civil Action No. 2:14-cv-04687-ER |
| CITY OF PHILADELPHIA, *et al.*; | Assigned to the Honorable Judge Robreno |
| Defendants. | **Special Management Track** |
| | **JOINT STATUS AND RULE 26(F) REPORT AS TO PLAINTIFFS' FIFTH CLAIM FOR CLASS RELIEF** |

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, the Civil Justice Expense and Delay Reduction Plan for the U.S. District Court for the Eastern District of Pennsylvania, and this Court's February 24, 2017 Order (ECF No. 189), Named Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger, on behalf of all others similarly situated ("Plaintiffs"), Defendants City of Philadelphia, Mayor James F. Kenney, Police Commissioner Richard Ross, Jr. ("City Defendants"), and the Philadelphia District Attorney's Office and District Attorney R. Seth Williams ("District Attorney Defendants"), respectfully submit the following Joint Status and Rule 26(f) Report as to Plaintiffs' Fifth Claim for Class Relief.

**JOINT STATUS REPORT**

As a complex litigation, this matter is assigned to the Special Management Track. (*See* Case Management Track Designation Form, ECF No. 1-3.) *See also* U.S. Dist. Ct. E.D. Pa., *Civil Justice Expense and Delay Reduction Plan* § 1:02 at 6 n.17 (Dec. 31, 1991), https://www.paed.uscourts.gov/documents/cjraplan/cjraplan.pdf ("Complex litigation typically

includes . . . class actions or potential class action[s]").

This status report and discovery plan concerns only Plaintiffs' Fifth Claim for Relief ("Count 5") challenging the City and District Attorney Defendants' use of forfeiture proceeds as an impermissible conflict of interest that violates the due-process rights of property owners by denying them the impartial administration of justice in state-forfeiture proceedings.  *(2d Am. Compl., ECF No. 157, ¶¶ 338–46.)*  On September 15, 2016, this Court severed this conflict-of-interest claim under Fed. R. Civ. P. 21 to "promote judicial economy and party convenience, as it involves separate facts and parties from the remaining claims."  (Order, ECF No. 155 ¶ 3.)

## A.    Class Certification

On February 23, 2017, the Court certified the following class for Count 5:

> All persons who hold legal title to or otherwise have a legal interest in property against which a civil-forfeiture petition was filed ***pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. Ann. §§ 6801 and 6802***, by the Philadelphia District Attorney's Office on or after August 11, 2012, or will in the future be filed, in the Court of Common Pleas of Philadelphia County.

(Order, ECF No. 188, ¶ 3 (emphasis added).)  The Court thus limited the class to those affected by drug forfeitures, as opposed to forfeitures brought under any other statute or under the common law.  Under Rule 23(b)(2), the Court granted certification "with respect to Plaintiffs' requests for (1) a declaration that the City and D.A. Defendants' policy and practice of retaining forfeited property and its proceeds is unconstitutional, and (2) an injunction enjoining that policy and practice."  (*Id.* ¶ 1.)  The Court designated Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger as class representatives and designated the Institute for Justice and David Rudovsky as class counsel.  (*Id.* ¶¶ 4–5.)

The Court denied certification under Rule 23(b)(2) as to Plaintiffs' request for an

injunction ordering the return of property.  (*Id.* ¶ 2; *see also* Mem., ECF No. 187 ("Op."), 46.)

The Court reasoned that because the request for return of property could be considered a claim

for damages, certifying a restitution class might preclude absent class members from seeking

"recovery for emotional and mental harm, legal fees, and other compensatory and punitive

damages." (Op. 40; *id.* 41.)  The Court clarified that individual class members may still "go it

alone" and pursue these kinds of damages, *id.* 44, and noted that it was not ruling on "whether

this class, or any other putative class, may be certified in this action pursuant to Rule 23(b)(3)."

(*Id.* 47, n.14.)

On March 9, 2017, Plaintiffs moved for reconsideration of one narrow aspect of this

Court's holding which limited the class to those affected by forfeitures under the Controlled

Substances Forfeiture Act.  (Pls.' Mot. Partial Recons., ECF No. 191.)  The Parties agree that,

as provided by the governing rules, any opposition to Plaintiffs' motion must be filed by

**March 23, 2017**.

## B.     <u>Scheduling Order for Count 5</u>

On September 15, 2016, after severing the conflict-of-interest claim, the Court entered a

scheduling order establishing deadlines for fact and expert discovery, and a briefing schedule

for motions for summary judgment on this count.  (*See* ECF No. 154.)  On January 18, 2017,

Plaintiffs filed a motion to modify this scheduling order to extend the discovery schedule on

two grounds:  (1) a delay in fact discovery caused by Defendants' rolling production of

responsive documents; and (2) the need to compel production of other responsive documents

from Defendants.  (*See* ECF No. 177.)  Neither the City Defendants nor the District Attorney

Defendants opposed extending the discovery schedule.  (*Id.* ¶¶ 7-8.)  But, on January 31, 2017,

the Court denied Plaintiffs' motion to extend the fact discovery deadline.  (ECF No. 178, ¶¶ 1.)

It also ordered Plaintiffs to file any motions to compel discovery by February 14, 2017, clarifying that "[i]n the event that the Court grants additional discovery pursuant to any motions to compel discovery, the Court will revise the deadlines set forth in the September 15, 2016 order at that time." (*Id.* ¶ 3 n.1.)

During a February 8, 2017 Court teleconference to discuss Plaintiffs' anticipated motions to compel, the Court recommended that it should first rule on Plaintiffs' then-pending motion for class certification which, the Parties agreed would resolve one of the disputes about the scope of discovery. During the conference, the Court clarified that its January 31st order was superseded and Plaintiffs were not required to file a motion to compel by February 14, 2017, nor comply with other deadlines in the original September 15th scheduling order.[1] Accordingly, the Court stayed "[a]ll deadlines set forth in the Court's September 15, 2015 Order." (Order, ECF No. 184, ¶ 2.)

The Court then set a status and scheduling conference for March 15, 2017. (Order, ECF No. 189.) The Court ordered that "prior to the status and scheduling conference, the parties shall confer and prepare a joint report pursuant to Federal Rule of Civil Procedure 26(f)" regarding Count 5. (*Id.*)

## RULE 26(f) REPORT

The Parties held a Rule 26(f) conference on March 2, 2017. In light of substantial disagreements about the time to complete fact discovery and the scope of discovery, the Parties again conferred on March 9, 2017. As detailed below, the Parties have been unable to resolve most of these disagreements at this time. The Parties propose that the Court enter the proposed

---

[1] Plaintiffs' counsel were unable to obtain a transcript of this conference due to technical difficulties with the courtroom recorder. (*See* Decl. Darpana M. Sheth in Supp. Pls.' Positions Rule 26(f) Report ("Sheth Decl.") ¶ 12.)

briefing schedules on the motions to compel and set a Rule 16 conference fourteen (14) days after resolving Plaintiffs' motion for partial reconsideration and the anticipated motions to compel.  Once these discovery issues have been resolved by the Court, the Parties will be able to propose a joint discovery plan and scheduling order.

A.    **Rule 26(a)(1) Initial Disclosures**

Under Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, the Parties exchanged initial disclosures on November 18, 2014.  The City Defendants provided their Seventh Supplemental Disclosures on November 17, 2016, identifying nine (9) city employees with discoverable information on Count 5.  The District Attorney Defendants provided Supplemental Disclosures on December 15, 2016, identifying six (6) employees with discoverable information on Count 5.  The Parties have previously agreed that "[a]ny supplementation under Rule 26(e) of the Federal Rules of Civil Procedure is due within a reasonable time after discovering the need to supplement."  (Joint Disc. Plan Pls.' 5th Claim Relief, ECF No. 123, 7.)

1.    **Plaintiffs' Position**

Plaintiffs contend that the Parties should agree to exchange supplemental disclosures on Count 5 by **March 24, 2017**.  Updated disclosures are necessary because on February 6, 2017, counsel for the District Attorney Defendants, Mr. Weck, notified Plaintiffs' counsel that documents showing employee compensation derived from forfeiture proceeds prior to Fiscal Year 2013 were "lost and cannot be found."  (*See* Decl. Darpana M. Sheth in Supp. Pls.' Positions Rule 26(f) Report ("Sheth Decl."), Ex. 4 at 1, ¶ 2.)  Mr. Weck identified three employees—not previously disclosed—with knowledge of these "forfeiture-related financials" prior to Fiscal Year 2013.  (*Id.*, ¶ 3.)  Setting a deadline for updated disclosures would help to

"lock in" Defendants' identification of individuals with discoverable information.

Moreover, notwithstanding Defendants' objections, Plaintiffs are entitled to depose these three employees to learn what they know about forfeiture expenditures before Fiscal Year 2013 since Plaintiffs cannot get that information from documents, which have been lost.

### 2.  The City Defendants' Position

The City Defendants contend there is no need to supplement their disclosures.

### 3.  District Attorney Defendants' Position

The District Attorney Defendants contend there is no need to supplement their disclosures.

## B.  <u>Discovery on Count 5</u>

### 1.  Plaintiffs' Position

#### a.  *Scope of Discovery*

Plaintiffs seek discovery on the material allegations in Plaintiffs' conflict-of-interest claim which challenges the City and District Attorney Defendants' policy and practice of retaining and using forfeited property and its proceeds.  (2d Am. Compl. ¶¶ 338–46.)  Plaintiffs allege that this practice gives police and prosecutors a direct financial incentive in property seized for forfeiture, and therefore presents an unconstitutional conflict of interest under the Due Process Clause.  (*Id.* ¶¶ 2, 62–67, 276.)  Accordingly, on July 2, 2015, Plaintiffs promulgated their first set of written discovery requests to both the City and District Attorney Defendants which sought:

> (i)  All information regarding Defendants' implementation or enforcement of Pennsylvania's Controlled Substances Forfeiture Statute, 42 Pa. Cons. Stat. §§ 6801, 6802;

> (ii)  Information regarding forfeitures pursuant to all authority other than the Controlled Substances Forfeiture Act, including so-called "common law"

forfeitures—forfeitures not authorized by statute.

(iii)  Civil and criminal court records and case files related to civil-forfeiture cases filed by the Philadelphia District Attorney's Office;

(iv)  Any and all documents concerning Defendants' civil-forfeiture policies, practices, and customs regarding their retention, use, and spending of forfeited property and its proceeds;

(v)  Any and all communications, studies, analyses, reports, or other documents relating to any purported justification for Defendants' policies, practices, and customs for civil forfeiture;

(vi)  Budgetary information for the District Attorney's Office and the Philadelphia Police Department;

(vii)  Other factual information relating to the material factual allegations made in Plaintiffs' Fifth Claim for Relief; and

(viii) Information related to any and all affirmative defenses raised by the City Defendants and the District Attorney Defendants.

Plaintiffs are still pursuing discovery on these issues related to City and District Attorney Defendants' retention of forfeited property as well as how proceeds are used.

As noted above, Plaintiffs have moved for reconsideration of the Court's class-certification order to the extent it limits the class to those involving forfeitures under the Controlled Substances Forfeiture Act.  (*See* Mem. Supp. Pls.' Mot. Partial Recons., ECF No. 191-1, 8–9.)  If the Court grants this motion and amends the class definition, Plaintiffs will continue to seek information regarding forfeitures under all authority other than the Controlled Substances Forfeiture Act, including common law forfeitures.

Additionally, in light of the Court's ruling on class certification and its reasoning, Plaintiffs may seek discovery related to certifying a class under Rule 23(b)(3).  This discovery would primarily relate to contact information for property owners and members of a Rule 23(b)(3) class.

### b. *Timeline for Discovery*

Plaintiffs need additional time for discovery to:  (1) ensure Defendants have provided all responsive documents related to outstanding discovery requests; (2) depose Defendants' witnesses; and (3) promulgate Rule 36 Requests for Admissions and possibly Rule 33 Interrogatories after depositions have been concluded.  This additional time is needed even if the Court denies Plaintiffs' motion for reconsideration and Plaintiffs' anticipated motions to compel.

Defendants assert that Plaintiffs should be held to the original January 31, 2017 deadline for fact discovery. (*See infra* at 11, 14.)  Defendants' position not only overlooks the fact that this deadline was stayed by the Court (*see* Order, ECF No. 184, ¶ 2), but is untenable because they have stalled discovery by refusing to comply with their obligations under the Federal Rules.  Three examples suffice.

First, throughout the discovery period, the City Defendants and the District Attorney Defendants claimed it was the other set of defendants that possessed records showing how forfeiture proceeds are spent on salaries.  As late as November 2016, counsel for the City Defendants claimed that these salary records were in the custody of the District Attorney's Office.  (*See* Sheth Decl., Ex. 2 at 1.)  But this proved false.  A November 28, 2016 email from counsel for the District Attorney Defendants reveals that the City's Office of Innovation and Technology was the true custodian of these documents.  (*See* Sheth Decl., Ex. 3 at 1. ("[The salary records] are kept on a City system to which the DAO has no access.  We were only able to comply with [Plaintiffs' discovery] requests so far by having [CFO] Dorean Rooney direct OIT to run queries according to certain parameters."))  The City Defendants have still refused to produce these records.

Second, Defendants' rolling production and belated production of a privilege log obstructed Plaintiffs' ability to conduct depositions.  Defendants failed to specify the beginning and end dates of their document production as required by Rule 34 when producing responsive documents in stages.[2]  The City Defendants and District Attorney Defendants started their rolling productions on August 24, 2015 and August 26, 2015, respectively.  (*See* Sheth Decl. ¶¶ 4–5.)[3]  But the City Defendants' most recent production, containing summaries of forfeitures from 2012–2015, was on November 17, 2016.  (*Id.* ¶ 9.)  And the District Attorney Defendants' most recent production, containing Excel files with more than 6,300 entries regarding individuals whose compensation was derived from forfeiture proceeds, was on December 19, 2016.  (*Id.* ¶ 10.)  Thus, both of these recent productions contained information necessary to review before conducting depositions.

Relatedly, it was only on December 12, 2016, that the District Attorney Defendants produced a privilege log for approximately 1,750 pages of documents it had produced in redacted form six months earlier.  (Sheth Decl. ¶ 7.)  The underlying documents constituted printed records of prosecutors' notes on forfeiture cases contained in an electronic database called Microsoft Access.  (*Id.* ¶ 6.)  Although the Parties had already entered into a confidentiality order that would not waive any privileges through disclosure, (*see* ECF No. 128), counsel for the District Attorney Defendants refused to produce these records in native electronic format without redaction, thus necessitating the creation of a privilege log.  Consequently, until the corresponding privilege log was produced in December, Plaintiffs'

---

[2]  "When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production."  Fed. R. Civ. P. 34 advisory committee note to 2015 amendment.

[3]  Because Count 5 had not been severed yet, both of these productions related to discovery on Counts 3 through 6 of Plaintiffs' First Amended Complaint.

counsel could neither complete review of these documents, nor depose the prosecutors, identified as potential witnesses by the District Attorney Defendants, who authored those notes.

Third, Defendants failed to produce electronically stored information in native format as Plaintiffs requested in their first set of written discovery requests.  (*See* Sheth Decl. ¶ 6; *id.*, Ex. 8 at 1.) ("[T]here seems to be some confusion [by counsel for the District Attorney Defendants] between producing electronically stored information (ESI) and producing requested information electronically.  The issue here is producing ESI in native format as Plaintiffs have asked for under Rule 34.") & Ex. 9); *see also* Fed. R. Civ. P. 34(b)(2)(E)(ii) ("[A] party must produce [ESI] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.")  As noted above, rather than producing Microsoft Access records in native format, the District Attorney Defendants printed out these records and then scanned them into PDF documents to produce to Plaintiffs.  (*See* Sheth Decl. ¶ 6.)  This not only stripped the original records of relevant information,[4] but rendered them incapable of being searched electronically.[5]  (*Id.*)  To date, the District Attorney Defendants have refused to produce these Microsoft Access records in native format.

These document-production delays and other difficulties have necessarily delayed Plaintiffs' ability to depose Defendants' witnesses with knowledge of those documents. Nevertheless, in a good-faith attempt to follow the discovery schedule, Plaintiffs conducted

---

[4]  For example, without the native format, Plaintiffs do not know what other fields were included in the Access database.  (*See* Sheth Decl. ¶ 6.)  Additionally, relevant metadata would necessarily be stripped from the Defendants' printing of records, such as when the record was last saved, accessed, or revised, and other information that would prove useful to understanding how the District Attorney Defendants used these records.  (*Id.*)

[5]  The Advisory Committee Note to the 2006 amendment specifies that "If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."  Fed. R. Civ. P. 34(b) advisory committee note to 2006 amendment.

four depositions over a one-month span, despite not receiving all responsive documents.

Indeed, counsel for the City Defendants only agreed to produce Philadelphia Police

Department's Fiscal Officer James Scott Cadden for the "sole purpose of verifying that the

information in the FAMIS system [the City's accounting system] is information that [Plaintiffs]

already have or will have" (Sheth Decl., Ex. 1 at 1), and thus may obviate the need for

production in native format.  Not surprisingly, these depositions were unproductive and were

required to be held open pending Defendants' complete production.  (*See* Sheth Decl., Ex. 5 at

39:1–5; *id*, Ex. 6 at 190:22–191:23.)

Plaintiffs' counsel has worked patiently with counsel for Defendants to resolve all of

these issues without court intervention.  But Defendants' most recent position on the deadline

for fact discovery completely ignores their obligations to meet and confer and engage in good-

faith negotiations to submit a joint discovery plan.  (*See* Order, ECF No. 189; *see also* Fed. R.

Civ. P. 26(f) advisory committee note to 1993 amendment ("The litigants are expected to

attempt in good faith to agree on the contents of the proposed discovery plan."); Fed. R. Civ. P.

1 ("[The Federal Rules] should be construed, administered, and employed by . . . the parties to

secure the just, speedy, and inexpensive determination of every action and proceeding.")[6]  At

no point before the March 2, 2017 Rule 26(f) conference did Defendants object to continuing

fact discovery.  To the contrary, during several teleconferences counsel for both Defendants

stated they understood and agreed that depositions would need to proceed only after

Defendants completed production.  (Sheth Decl. ¶ 11.)  Indeed, as late as January 18, 2017,

---

[6]  Indeed, Rule 1 was amended in 2015 to emphasize the Parties' responsibilities in this
regard.  *See* Fed. R. Civ. P. 1 advisory committee note to 2015 amendment ("[D]iscussions of
ways to improve the administration of civil justice regularly include pleas to discourage over-
use, misuse, and abuse of procedural tools that increase cost and result in delay.  Effective
advocacy is consistent with — and indeed depends upon — cooperative and proportional use of
procedure.").

both the City and District Attorney Defendants agreed to extend the fact discovery deadline and modify the scheduling order.

Defendants have only now reversed course, hanging their hat on a court order that was dissolved on the record at a subsequent teleconference and ignoring a subsequent order by this Court staying "*[a]ll* deadlines in the September 15 scheduling order." (Order, ECF No. 184, ¶ 2 (emphasis added.)) This Court should give meaning to the Federal Rules and reject Defendants' position.

### 2.  The City Defendants' Position

The City opposes any additional fact discovery against it or its employees with respect to Count 5. Fact discovery on this count began in June 2015 and ended on January 31, 2017. *See* Docket Nos. 87, 154. The City has responded to Plaintiffs' discovery requests by producing 30,408 pages of documents, of which 29,637 pages were produced by August 22, 2016, and the remaining 771 pages were produced by November 17, 2016. Despite this, Plaintiffs did not depose any City officials after November 17, 2016, and last deposed a City employee on September 21, 2016. Plaintiffs thus failed to take any depositions during the final four months of fact discovery, and the Court should stand by its order to not extend the fact discovery period. *See* Docket No. 178.[7]

Additionally, the City opposes permitting Plaintiffs to seek discovery on certifying a class under Rule 23(b)(3). Class discovery ended on July 15, 2016, and class certification briefing was completed in August 2016. *See* Docket No. 129 at ¶¶ 5-6. If Plaintiffs wanted to take discovery pertaining to Rule 23(b)(3) or move for certification under that rule, they should

---

[7] Should Plaintiffs file and the Court grant a motion to compel against the City, the Court should limit additional fact discovery so that it only encompasses the subjects discussed in the motion.

have done so last year, when they could have moved to certify a class under both Rule 23(b)(2) and Rule 23(b)(3).  Moreover, the Court's deadline for Plaintiffs to amend their complaint and thereby seek to certify a class under Rule 23(b)(3) passed on December 15, 2016.  *See* Docket No. 129 at ¶ 10.

### 3.  The District Attorney Defendants' Position

It is the position of the District Attorney Defendants that the Court's class certification ruling resolved certain discovery issues that were in dispute – most notably, Plaintiffs' repeated demands for records related to "common law forfeiture," which the District Attorney Defendants had resisted as outside the scope of the pleadings.  In other respects, however, the District Attorney Defendants believe that the parties are essentially in the same position they were in prior to the February 8, 2017 telephone conference with the Court.  Prior to that time, the District Attorney Defendants had agreed to update a specific answer to interrogatory according to certain specifications requested by Plaintiffs.  The parties had also envisioned that Plaintiffs would have the opportunity to depose Dorean Rooney, the CFO of the District Attorney's Office, for a second time after all disputes over financial records were finally resolved.  Thus, the District Attorney Defendants propose that they amend the interrogatory in question by March 14, 2017, and that a deadline be set for Plaintiffs to file their Motion to Compel discovery, taking into consideration the limitations inherent in the Court's ruling on their class certification motion.  Following issuance of its ruling on the Motion to Compel, the parties would then be in a position to discuss a schedule for further discovery, if necessary.

In all other respects, however, the District Attorney Defendants oppose any additional fact discovery against them or their employees with respect to Count 5.  Fact discovery on this count began in June 2015 and ended on January 31, 2017.  (ECF Nos. 87, 154).  To date, the

District Attorney Defendants have responded to Plaintiffs' discovery requests by producing over 45,094 pages of documents, of which approximately 44,458 pages were produced by August 25, 2016, and the remaining 636 pages were produced by December 19, 2016.  Despite that, Plaintiffs did not depose any District Attorney employees after August 18, 2016, when they deposed DAO Chief Financial Officer Dorean Rooney.  Plaintiffs thus failed to take any depositions during the final five-plus months of fact discovery and – aside from Dorean Rooney's second deposition and the amended answer to interrogatory as set forth above – the Court should stand by its order not to extend the fact discovery period.  (ECF No. 178).[8]  Moreover, Plaintiffs repeatedly represented during class certification briefing and argument that Count 5 presents a purely legal issue.  Notwithstanding, they have burdened the District Attorney Defendants with production demands unreasonably disproportionate to addressing that straightforward issue.

Additionally, the District Attorney Defendants oppose permitting Plaintiffs to seek discovery on certifying a class under Rule 23(b)(3).  Class discovery ended on July 15, 2016, and class certification briefing was completed in August 2016.  (ECF No. 129, at ¶¶ 5-6).  If Plaintiffs wanted to take discovery pertaining to Rule 23(b)(3) or move for certification under that rule, they should have done so last year, when they could have moved to certify a class under both Rule 23(b)(2) and Rule 23(b)(3).  Moreover, the Court's deadline for Plaintiffs to amend their complaint and thereby seek to certify a class under Rule 23(b)(3) passed on December 15, 2016.  (ECF No. 129 at ¶ 10).

---

[8] Should Plaintiffs file and the Court grant a motion to compel against the District Attorney Defendants, the Court should limit additional fact discovery so that it only encompasses the subjects discussed in the motion.

### C.  Electronically Stored Information

As agreed to previously, the Parties have an obligation to retain and store any electronically-stored information regarding the subject matter of this case, including any information that is related to Plaintiffs' or Defendants' affirmative defenses and that existed on or after August 11, 2014, until the final entry of judgment in this case, following all potential appeals.  The Parties represent that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Accordingly, the Parties may request or produce information from electronic or computer-based media.

The Parties have also agreed that they may serve any discovery request on any other party via electronic mail to counsel.  Except for information, documents, or material incapable of being transmitted electronically, the Parties may respond to any discovery request via electronic mail to counsel.  The Parties also consent to electronic service upon counsel of pleadings and documents in this case.

### D.  Rule 26(c) Protective or Confidentiality Orders

The Parties entered into a stipulation regarding confidentiality and privileged information inadvertently disclosed in discovery and moved for the Court's approval on April 29, 2016. (ECF No. 117-1.)  On June 3, 2016, this Court approved the agreed protective order.  (ECF No. 128.)  (The agreed protective order applies to all counts, including Count 5).

### E.  Altering Limits on Discovery

The Parties agree, at minimum, the default limits under Rules 30, 31, and 33 apply only to Count 5 and will not count toward limits on discovery for Plaintiffs' remaining counts regarding the administration of forfeiture proceedings.

The Parties further agree that they will revisit these limits before the next Rule 16 conference on Count 5 after the Court has resolved motions affecting the scope of discovery.

**F.      Proposed Briefing Schedules and Request for Rule 16 Conference**

The City Defendants and District Attorney Defendants agree to file any response to Plaintiffs' motion for reconsideration, ECF No. 191, by **Thursday, March 23, 2017**.  The Parties agree that the Court's decision on Plaintiffs' motion for reconsideration of the class definition will definitively resolve whether the scope of discovery includes information related to non-drug forfeitures.

The Parties also agree that other anticipated motions to compel will affect the scope of discovery.  Accordingly, the Parties propose the following briefing schedule on the motions to compel and request a Rule 16 conference fourteen (14) days after those motions are resolved.

Plaintiffs' motions to compel are due by **Friday, April 7, 2017**.

Defendants' responses to motions to compel are due by **Friday, April 21, 2017**.

Any replies in support of motions to compel are due by **Friday, May 5, 2017**.

**G.      <u>Proceedings by Magistrate Judge</u>**

The Parties do not consent to proceeding before a Magistrate Judge for final disposition of Count Five, the conflict-of-interest claim.

**H.      <u>Settlement</u>**

The Parties have had a full and frank discussion of their views of this case, and settlement is not likely on Count Five, the conflict-of-interest claim.

**I.      <u>Non-Jury Trial</u>**

Because Plaintiffs do not request compensatory damages, this action would be set for a non-jury trial.

Dated this 13th day of March, 2017

Respectfully submitted,

*For Plaintiffs*

**INSTITUTE FOR JUSTICE**
By: /s/ *Darpana M. Sheth*
Darpana M. Sheth*
Robert P. Frommer*
Dan Alban*
Robert Peccola*
Milad Emam*
901 North Glebe Road; Suite 900
Arlington, VA 22203
E-mail: dsheth@ij.org; rfrommer@ij.org;
dalban@ij.org; rpeccola@ij.org;
memam@ij.org
Tel: (703) 682-9320
Fax: (703) 682-9321
*Admitted Pro Hac Vice*

*Lead Counsel for Plaintiffs*

**KAIRYS, RUDOVSKY, MESSING & FEINBERG**
David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

*Local Counsel for Plaintiffs*

*For the City Defendants*

By: /s/ *Michael R. Miller*
**CITY OF PHILADELPHIA LAW DEPARTMENT**
Michael R. Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: Michael.R.Miller@phila.gov
*Counsel for Defendants City of Philadelphia,*
*Mayor James F. Kenney, and Police*
*Commissioner Richard Ross Jr.*

*For the District Attorney Defendants*

By: By: /s/ *Bryan C. Hughes*
**OFFICE OF THE DISTRICT ATTORNEY**
Bryan C. Hughes
Douglas M. Weck, Jr.
Branden Albaugh
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: bryan.hughes@phila.gov;
douglas.weck@phila.gov;
branden.albaugh@phila.gov

*Counsel for Defendants Philadelphia District*
*Attorney's Office and District Attorney R. Seth*
*Williams*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2017, a true and correct copy of

the JOINT STATUS AND RULE 26(F) REPORT and accompanying attachments were

electronically filed using the Court's ECF system and sent via the ECF electronic notification

system to the following counsels of record:

Michael R. Miller
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel:  (215) 683-5444
Email:  Michael.R.Miller@phila.gov

*Counsel for Defendants City of Philadelphia, Mayor James F. Kenney,*
*and Police Commissioner Richard J. Ross, Jr.*


Bryan C. Hughes
Douglas M. Weck, Jr.
Branden Albaugh
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
Tel:  (215) 686-8787
Email: bryan.hughes@phila.gov;
         douglas.weck@phila.gov
         branden.albaugh@phila.gov

*Counsel for Defendants Philadelphia District Attorney's Office and*
*District Attorney R. Seth Williams*

/s/  *Darpana M. Sheth*
Darpana M. Sheth
Attorney for Plaintiffs