IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOS SOUROVELIS, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-4687-ER |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2017, the Court makes the following findings:

1. Plaintiffs in this matter have filed a lawsuit for injunctive and declaratory relief, as set forth in their Second Amended Complaint. (ECF No. 157, at 1).

2. The Court has severed Claim Five of Plaintiffs' Second Amended Complaint from the remaining claims of this lawsuit. (ECF No. 155).

3. The Court has issued an Order certifying a class as to Claim Five consisting of "All persons who hold legal title to or otherwise have a legal interest in property against which a civil-forfeiture petition was filed pursuant to the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. Ann. §§ 6801 and 6802, by the Philadelphia District Attorney's Office on or after August 11, 2012, or will in the future be filed, in the Court of Common Pleas of Philadelphia County." (ECF No. 188, at ¶ 3).

4. With respect to Claim Five, Plaintiffs seek a permanent injunction prohibiting Defendants the City of Philadelphia, Mayor James F. Kenney, Police Commissioner Richard Ross Jr., the Philadelphia District Attorney's Office, and Acting District Attorney Kathleen E. Martin (collectively, "Defendants") from "retaining forfeited property and its proceeds for use by the

Philadelphia District Attorney's Office and the Philadelphia Police Department" (ECF No. 157, at ¶ 4(v)), nominal damages in the amount of $1.00, and reasonable attorneys' fees and costs attributable to that claim.

5.      All Defendants continue to deny that they have any liability in this matter or that they violated any of the constitutional rights of Plaintiffs or class members.

6.      Nevertheless, the Defendants consent to the entry of a permanent injunction against themselves, and they have thus filed a Motion for Entry of Permanent Injunction in which they consent to the injunctive relief sought by Plaintiffs.

Given the foregoing findings, Defendants' Motion for Entry of Permanent Injunction BE, and the same hereby IS, **GRANTED**;

A permanent injunction enjoining Defendants from retaining forfeited property and its proceeds for use by the Philadelphia District Attorney's Office and the Philadelphia Police Department BE, and the same hereby IS, **ENTERED**.  This injunction shall apply to any property on which a state court forfeiture order is entered in the Philadelphia Court of Common Pleas on or after the date of this Order.

                                                                BY THE COURT:


                                                                _____
                                                                                                                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOS SOUROVELIS, et al. : | |
| Plaintiffs, : | |
| v. : | Civil Action No. 14-4687-ER |
| CITY OF PHILADELPHIA, et al. : | |
| Defendants. : | |

## DEFENDANTS' MOTION FOR
## ENTRY OF PERMANENT INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Defendants the City of Philadelphia, Mayor James F. Kenney, Police Commissioner Richard Ross Jr., the Philadelphia District Attorney's Office, and Acting District Attorney Kathleen E. Martin (collectively, "Defendants") hereby submit this Motion for Entry of Permanent Injunction against them. For the reasons set forth in the attached memorandum of law, which is incorporated by reference herein, Defendants request that this motion be granted.

Respectfully submitted,

/s/ Michael R. Miller
Michael R. Miller
Deputy City Solicitor
Pa. Attorney ID No. 315759
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5433 (phone)
michael.r.miller@phila.gov

/s/ Bryan C. Hughes
Bryan C. Hughes
Assistant District Attorney
Pa. Attorney ID No. 318042
Philadelphia District Attorney's Office
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
215-686-5775 (phone)
bryan.hughes@phila.gov

Date:  July 21, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOS SOUROVELIS, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-4687-ER |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PERMANENT INJUNCTION**

On July 19, 2017, Plaintiffs' counsel wrote an op-ed in which they assured readers of the *Philadelphia Inquirer* that they would "continue[] to litigate" this case because Philadelphia law enforcement "can use 100 percent of forfeiture proceeds to pad their budgets and salaries."[1] This statement omitted a crucial fact: two months ago, the Defendants proposed a settlement agreement whereby the Philadelphia Police Department and District Attorney's Office would no longer receive <u>any</u> forfeiture proceeds. In other words, the Defendants have agreed to give Plaintiffs the injunctive relief they are seeking, yet Plaintiffs have rejected this offer and instead have chosen to prolong this litigation. The Defendants thus file this motion under Rule 65 and ask the Court to enter a permanent injunction against themselves.

**I. BACKGROUND**

Count Five of Plaintiffs' complaint seeks declaratory and injunctive relief with respect to an alleged policy and practice of "retaining forfeited property and its proceeds for use by the Philadelphia District Attorney's Office and the Philadelphia Police Department" (ECF No. 157, at

---

[1] Milad Emam, Op-Ed., *Civil Forfeiture Reform Falls Short*, Phila. Inquirer, July 19, 2017, at A11.

¶ 4(v)), nominal damages in the amount of $1.00, and reasonable attorneys' fees and costs attributable to that claim. Two months ago, the Defendants offered to resolve this count by giving Plaintiffs the injunctive relief they are seeking. When Plaintiffs rejected this offer, the Defendants further attempted to reach a compromise by sending Plaintiffs an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 in which the Defendants agreed to the permanent injunction sought by Plaintiffs, plus nominal damages and reasonable attorneys' fees and costs, but expressly denied liability. Plaintiffs did not even respond to this offer. Given Plaintiffs' unwillingness to entertain reasonable offers, the Defendants now move for the entry of a permanent injunction against themselves.

## II.   ARGUMENT

This Court should enter a permanent injunction against the Defendants with respect to Count 5. In *Chathas v. Local 134 IBEW*, 233 F.3d 508 (7th Cir. 2000) (Posner, J.), *cert. denied*, 533 U.S. 949 (2001), the plaintiffs sought declaratory and injunctive relief against the defendants, much like Plaintiffs here. *Id.* at 511. Also like here, the defendants made an offer of judgment under Rule 68 in which they agreed to the permanent injunction sought by the plaintiffs, but did not admit liability. *Id.* When the plaintiffs rejected the offer, the defendants moved for entry of a permanent injunction. *Id.* The district court entered the injunction and, thereafter, the defendants moved the district court to dismiss the suit as moot. *Id.* The plaintiffs objected, arguing that they were entitled to a declaratory judgment or at least to a finding in or accompanying the permanent injunction that the defendants had violated the law. *Id.* The court granted the motion to dismiss the suit "on the ground that the entry of the permanent injunction had eliminated the controversy between the parties[.]" *Id.* The Seventh Circuit subsequently affirmed the decision to dismiss the suit for lack of subject-matter jurisdiction. *See id.* at 512-513; *see also Banks v. Multi-Family*

*Management, Inc.*, 554 F.2d 127, 128-129 (4th Cir. 1977) (concluding that, when defendant landlord consented to permanent injunction against its allegedly unconstitutional termination practices, plaintiff's suit became moot).[2]

This Court should follow *Chathas* and grant the Defendants' motion for a permanent injunction. As *Chathas* held, courts may enter a permanent injunction when a defendant consents to its entry. *Chathas*, 233 F.3d at 513 ("The reason for the injunction might simply be that the defendant ha[s] consented to its entry."). Although the Defendants deny liability as to Count Five, such a denial does not bar the Court from entering a permanent injunction. *See id.*; *see also id.* at 512 ("Nor can a party force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything[.]"). Put simply, "it is not true that a permanent injunction is invalid unless it recites that the defendants violated the law." *Id.* at 513. Therefore, the Court should grant this motion and set a briefing schedule for the Defendants to move for the dismissal of Count Five based on a lack of subject-matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for entry of permanent injunction should be granted.

---

[2] Like the defendants in *Chathas*, the City and the District Attorney's Office will file a motion to dismiss for lack of subject-matter jurisdiction if and when the Court grants this motion.

| | |
|---|---|
| /s/ Michael R. Miller | /s/ Bryan C. Hughes |
| Michael R. Miller | Bryan C. Hughes |
| Deputy City Solicitor | Assistant District Attorney |
| Pa. Attorney ID No. 315759 | Pa. Attorney ID No. 318042 |
| City of Philadelphia Law Dept. | Philadelphia District Attorney's Office |
| 1515 Arch Street, 14th Floor | Three South Penn Square, 13th Floor |
| Philadelphia, PA 19102 | Philadelphia, PA 19107 |
| 215-683-5433 (phone) | 215-686-5775 (phone) |
| michael.r.miller@phila.gov | bryan.hughes@phila.gov |

Date:   July 21, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOS SOUROVELIS, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-4687-ER |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below Defendants' Motion for Entry of a Permanent Injunction was filed via the Court's electronic filing system and is available for downloading.

Date:  July 21, 2017

/s/ Michael R. Miller
Michael R. Miller
Deputy City Solicitor
Pa. Attorney ID No. 315759
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5433 (phone)
michael.r.miller@phila.gov