**PLAINTIFFS' UNCONTESTED MOTION AND
MEMORANDUM IN SUPPORT OF PRELIMINARY
APPROVAL OF CLASS CERTIFICATION AND
CONSENT DECREE ON PLAINTIFFS' FIFTH AND
SIXTH CLAIMS FOR RELIEF**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| CHRISTOS SOUROVELIS,  DOILA WELCH, NORYS HERNANDEZ, and NASSIR GEIGER, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>CITY OF PHILADELPHIA;<br><br>JAMES F. KENNEY, in his official capacity as Mayor of Philadelphia;<br><br>RICHARD ROSS JR., in his official capacity as Commissioner of the Philadelphia Police Department;<br><br>PHILADELPHIA DISTRICT ATTORNEY'S OFFICE;<br><br>LAWRENCE S. KRASNER, in his official capacity as District Attorney of Philadelphia;<br><br>SHEILA A. WOODS-SKIPPER, in her official capacity as Chair of the Administrative Governing Board of the First Judicial District of Pennsylvania;<br><br>JACQUELINE F. ALLEN, in her official capacity as a member of the Administrative Governing Board of the First Judicial District of Pennsylvania;<br><br>JOSEPH H. EVERS, in his official capacity as Court Administrator of the First Judicial District of Pennsylvania; and<br><br>CHARLES A. MAPP, in his official capacity as Chief Deputy Court Administrator of the First Judicial District of Pennsylvania;<br><br>     Defendants. | Civil Action No. 2:14-cv-04687<br><br>Assigned to the<br>Honorable Judge Robreno<br><br>**Special Management Track**<br><br><br><br>**<u>PROPOSED<br>CONSENT DECREE ON<br>PLAINTIFFS' FIFTH AND SIXTH<br>CLAIMS FOR RELIEF</u>** |

Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs"), on behalf of themselves and all others similarly situated ("Plaintiffs"); Defendants City of Philadelphia, Mayor James F. Kenney, Police Commissioner Richard J. Ross Jr. ("City Defendants"); and the Philadelphia District Attorney's Office and District Attorney Lawrence S. Krasner ("District Attorney Defendants") intend to be bound by this Consent Decree on Plaintiffs' Fifth and Sixth Claims for Relief and respectfully submit it to the Court for preliminary approval under Federal Rule of Civil Procedure 23(e).

## I.   <u>INTRODUCTION</u>

1.      On August 11, 2014, Named Plaintiffs Sourovelis, Welch, and Hernandez— owners of real property against which civil-forfeiture petitions had been filed in the Court of Common Pleas of Philadelphia County—commenced this class action challenging the constitutionality of specific policies and practices of the City Defendants and District Attorney Defendants in pursuing civil forfeiture.

2.      On November 17, 2014, the Named Plaintiffs—now including Nassir Geiger, an owner of personal property against which civil-forfeiture petitions had been filed in the Court of Common Pleas—filed a First Amended Class-Action Complaint ("First Amended Complaint"). On September 15, 2016, the Named Plaintiffs filed a Second Amended Class-Action Complaint ("Second Amended Complaint") adding an additional claim and defendants from the First Judicial District of Pennsylvania.

3.      This Consent Decree addresses Plaintiffs' Fifth and Sixth Claims for Relief against the City Defendants and the District Attorney Defendants.

4.      Plaintiffs' Fifth Claim for Relief ("Count 5") alleges that "[t]he City and District

Attorney Defendants' policy and practice of retaining forfeited property and its proceeds injects

a personal and institutional interest, financial and otherwise, into enforcing civil forfeiture that

brings irrelevant and impermissible factors into the investigative and prosecutorial decision-

making process and thereby creates actual bias, the potential for bias, and/or the appearance of

bias" that "violate[s] Plaintiffs' rights to the fair and impartial administration of justice

guaranteed by the Due Process Clause of the Fourteenth Amendment."  (ECF No. 157, ¶¶ 339,

344.)

5.      Plaintiffs' Sixth Claim for Relief ("Count 6") alleges that "Defendants have a

policy and practice of having prosecutors run the forfeiture proceedings, including but not

limited to calling the cases, determining whether property owners are in default, and assessing

whether any evidence produced by property owners is sufficient," and that this policy and

practice "violates the Due Process Clause of the Fourteenth Amendment," particularly where the

prosecutors, who have "a direct and institutional financial interest in the outcome of the

forfeiture proceedings, run those very same forfeiture proceedings."  (ECF No. 157, ¶¶ 348,

350.)

6.      The Plaintiffs, City Defendants, and District Attorney Defendants agree that the

Due Process Clause of the Fourteenth Amendment guarantees individuals the fair and impartial

administration of justice and that the retention and use of forfeited property or its proceeds

creates a conflict of interest or the appearance of a conflict that undermines this constitutional

guarantee.

7.      The Plaintiffs, City Defendants, and District Attorney Defendants, and this Court,

by entering this Consent Decree, recognize that this Consent Decree has been negotiated by the

Parties in good faith and that it is fair, reasonable, adequate, and in the public interest.

## II.   JURISDICTION AND VENUE

8.    This Court has jurisdiction over this matter under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

9.    Venue lies in this judicial district under 28 U.S.C. § 1391.

## III.   DEFINITIONS

10.    "Claim Form" means the Court-approved form that is required to make a claim to the Restitutionary Fund and that shall be mailed to each potential member of the Restitutionary Class.

11.    "Class Action" means this lawsuit, *Sourovelis v. City of Philadelphia*, Civil Action No. 14-04687-ER (E.D. Pa.).

12.    "Class Counsel" means the Institute for Justice and David Rudovsky of Kairys, Rudovsky, Messing, Feinberg & Lin.

13.    "Class Notice" means the Court-approved notice that is required by Federal Rule of Civil Procedure 23(c)(2), (e)(1), and (h)(1) that shall be mailed to each potential member of the Restitutionary Class.  The Class Notice includes the Claim Form, instructions for objecting to the Consent Decree or requesting exclusion from the Restitutionary Class, and the form required to object or request exclusion from the Restitutionary Class.

14.    "Common Law Forfeiture" means a conviction-based, civil *in personam* forfeiture proceeding as defined in *Commonwealth v. 2010 Buick Enclave*, 99 A.3d 163 (Pa. Commw. Ct. 2014) that is commenced by the District Attorney's Office, to the extent such proceedings are still recognized in Pennsylvania.

15.    "Consent Decree" means this Consent Decree on Plaintiffs' Fifth and Sixth

Claims for Relief in the complaints in this action.

16. "Court" means the United States District Court for the Eastern District of Pennsylvania, or United States District Judge Eduardo C. Robreno.

17. "Cy Pres Recipients" means the nonprofit and/or community-based public service organizations agreed to by District Attorney Larry Krasner and Class Counsel (or selected by the Court) to receive Unclaimed Funds.

18. "District Attorney" means Philadelphia District Attorney Lawrence S. Krasner and any official successors.

19. "District Attorney's Office" means the Office of the District Attorney of Philadelphia, all of its divisions, subdivisions, and all of its agents and employees.

20. "Diversionary Disposition" means dispositions entered pursuant to any of the following non-trial programs that allow criminal defendants to resolve the charges against them and avoid convictions and collateral consequences that may result from their arrest: Accelerated Misdemeanor Program (Tier I and II); Accelerated Rehabilitation Disposition; Domestic Violence Diversion; Drug Treatment Court; DUI Treatment Court and DUI Intermediate Punishment; Future Forward; Intermediate Punishment—non-DUI (County and State); Mental Health Court, Project Dawn Court; Sexual Education and Responsibility; Small Amount of Marijuana; Summary Diversion Program; TCY (formerly known as The Choice is Yours); and Veteran's Court.

21. "Effective Date" shall be the date on which the Court enters an order giving final approval to this Consent Decree.

22. "Escrow Account" means an interest bearing-account established by the Class

Counsel, or other Claim Administrator they designate, for the purpose of depositing the Settlement Amount as provided herein.

23.    "Fairness Hearing" means the hearing held by the Court under Federaul Rule of Civil Procedure 23(e) (2).

24.    "First Judicial District Defendants" means President Judge Sheila A. Woods-Skipper, Judge Jacqueline F. Allen, Court Administrator Joseph H. Evers, Chief Deputy Court Administrator Charles A. Mapp, and any official successors of the First Judicial District of Pennsylvania.

25.    "Forfeiture Petition" means a petition commencing an action seeking Common Law Forfeiture, Statutory Forfeiture, or other forfeiture filed by the District Attorney's Office in the Court of Common Pleas.

26.    "Notice Date" means the date of direct mailing of the Class Notice as required by the Court's order granting preliminary approval.

27.    "Parties" means the Named Plaintiffs, any class of Plaintiffs certified by the Court for the purposes of this Consent Decree, the City Defendants, and the District Attorney Defendants in *Sourovelis v. City of Philadelphia*, Civil Action No. 14-04687-ER (E.D. Pa.)

28.    "Released Parties" means the City of Philadelphia, the Philadelphia District Attorney's Office, and all current and former officials, employees, and agents of both of these Defendants.

29.    "Restitutionary Fund" means the $3,000,000.00 fund created by the City and District Attorney Defendants from which members of the Restitutionary Class can make a claim.

30.    "Restitutionary Class" means the members of the proposed class definition at

Paragraph 32 who do not validly and timely request exclusion from the class under the conditions and procedures for exclusion as determined by the Court and described in the Class Notice issued in connection with the Court's order granting preliminary approval of this Consent Decree.

31.      "Statutory Forfeiture" means a forfeiture proceeding commenced in the Court of Common Pleas pursuant to any statutory provision authorizing the forfeiture of property—principally, the Controlled Substances Forfeiture Act, newly retitled as "Forfeiture of Assets" in 2017, 42 Pa. Cons. Stat. §§ 5801 *et seq*.  Other Statutory Forfeiture provisions under Pennsylvania law include, but are not limited to: 4 Pa. Cons. Stat. § 1518(f) (Gaming Act); 18 Pa. Cons. Stat. § 910(c.1) (theft of telecommunications services); 18 Pa. Cons. Stat. § 2506(f) (drug delivery resulting in death); 18 Pa. Cons. Stat. § 3021 (human trafficking); 18 Pa. Cons. Stat. §§ 3141 *et seq*. (sexual offenses); 18 Pa. Cons. Stat. § 4116(i) (unauthorized copying of recorded materials); 18 Pa. Cons. Stat. § 4119(f) (trademark counterfeiting); 18 Pa. Cons. Stat. § 5554 (formerly § 5551) (cruelty to animals); 18 Pa. Cons. Stat. § 5513(b) (gambling devices); 18 Pa. Cons. Stat. § 5707 (Wiretapping and Electronic Surveillance Control Act); 18 Pa. Cons. Stat. § 6110.1(d) (possession of a firearm by minor); 18 Pa. Cons. Stat. § 6314(f) (trafficking drugs to minors); 18 Pa. Cons. Stat. § 6321(e) (transmission of sexually explicit images by minor); 18 Pa. Cons. Stat. § 6501(b)(5) (formerly, § 6501(b) and (d)) (scattering rubbish); 18 Pa. Cons. Stat. § 7508(e) (drug trafficking sentencing and penalties); 18 Pa. Cons. Stat. § 7707 (vehicle chop shop; illegally obtained and altered property); 27 Pa. Cons. Stat. § 6208(f) (waste transportation violation); 37 Pa. Cons. Stat. § 511 (conducting field investigation of Commonwealth property without permit); 18 Pa. Cons. Stat. § 2717(b.1) (formerly, 42 Pa. Cons.

Stat. § 6801.1) (terrorism forfeiture); 75 Pa. Cons. Stat. § 4909(c) (transportation of foodstuffs in vehicles used to transport waste); 75 Pa. Cons. Stat. §§ 9405-06 (importing fuels without permit); 3 P.S. § 459-211(c)(1)(v), (d)(4) (Dog Law); 35 P.S. § 831.1 (forfeiture for storage or transportation of drugs); 35 P.S. §§ 6018.101 *et seq.* (Solid Waste Management Act); 43 P.S. §§ 1311 *et seq.* (Public Employee Pension Forfeiture Act); 47 P.S. § 6-602 (Liquor Code violation); 53 P.S. § 4000.1715 (Municipal Waste Act); 68 P.S. § 46 (restrictions on acquisition of agricultural lands by certain aliens); and 72 P.S. § 8285 (cigarette-tax violations).

## IV.   AMENDMENT OF THE COMPLAINT

32.     The Parties stipulate that, by September 18, 2018, Plaintiffs may move for leave to file a Third Amended Complaint that alleges the existence of a Rule 23(b)(3) class for Counts 5 and 6 of the Second Amended Complaint.  The City Defendants and the District Attorney Defendants agree not to contest this motion.

## V.   CERTIFICATION OF THE RESTITUTIONARY CLASS

33.     The Parties agree and propose that class certification of the following Restitutionary Class is proper under Rule 23:

> All persons who held or hold legal title to, or otherwise had or have a legal interest in property against which a Statutory or Common Law civil-forfeiture petition (i) was pending in the Court of Common Pleas of Philadelphia County as of August 11, 2012; or (ii) was filed in the Court of Common Pleas of Philadelphia County on or after August 11, 2012 until the date the Court grants preliminary approval.

34.     The Parties agree and propose that the Restitutionary Class is properly certified as a settlement class under Fed. R. Civ. P. 23(a) and 23(b)(2) for injunctive relief on Counts 5 and 6.

35.     The Parties agree and propose that the Restitutionary Class is also properly certified as a settlement class under Fed. R. Civ. P. 23(a) and 23(b)(3) to the extent restitutionary relief on Counts 5 and 6 constitutes non-incidental, monetary damages.

36.     Specifically excluded from the Restitutionary Class are the City Defendants, the District Attorney Defendants, the First Judicial District Defendants, and any of their officers, employees, affiliates, or their parents, spouses, children, or siblings.

## VI.    PERMANENT INJUNCTION

37.     As part of this Consent Decree, the Court permanently enjoins the City Defendants and the District Attorney Defendants from using revenue derived from any Statutory, Common Law, civil, or criminal forfeiture to fund either (i) the District Attorney's Office or the Philadelphia Police Department, or (ii) any other law-enforcement purpose.

38.     "Law-enforcement purpose" includes, but is not limited to, the following expenditures of the City Defendants and the District Attorney Defendants:  (a) compensation—including base pay, overtime, holiday, and stress pay for City and District Attorney personnel, and (b) non-payroll expenses—including municipal task force support, equipment, vehicles, real estate, facilities, supplies, confidential case expenditures, investigative expenses, data processing, education, training, travel, shared forfeitures, witness relocation or other witness protection expenses, or capital improvements.

39.     "Law-enforcement purpose" does not include community-based drug prevention and treatment programs, external to the District Attorney's Office or the Philadelphia Police Department.

40.     Specifically exempted from the definition of "law-enforcement purpose" (and therefore permissible expenditures) are payments for the following expenditures of the District Attorney's Office, provided that the payments do not exceed, in the aggregate, 0.25% of the total expenditures of the District Attorney's Office for the Fiscal Year in which they are made:

        a.     service of process in forfeiture cases;

        b.     maintenance and registration of seized vehicles;

        c.     locksmiths, handymen, and landscapers who maintain or repair seized real property;

        d.     advertising of auctions of forfeited property; and

        e.     the sealing and unsealing of abandoned real property subject to seizure.

## VII.   THE RESTITUTIONARY FUND AND ALLOCATION OF MONIES TO THE RESTITUTIONARY CLASS

41.     On the date the Court enters an order granting preliminary approval of this Consent Decree, the City Defendants and the District Attorney Defendants shall make a payment of $100,000 to the Escrow Account by check to cover initial administration costs of the Restitutionary Fund.

42.     If no timely objections are received, the City Defendants and the District Attorney Defendants shall make payment of the balance of the Restitutionary Fund to the Escrow Account by check within forty-five (45) days of the Effective Date.  If timely and valid objections are received, the City Defendants and the District Attorney Defendants will make payment of the balance within forty-five (45) days of when the Court's final judgment and order in the Class Action becomes final.  As used in this paragraph, "final" means the expiration of the time for the noticing of any appeal regarding the Court's final judgment or moving to alter or amend under

Federal Rule of Civil Procedure 59; the date of final affirmance of any appeal therefrom, including re-hearing of any such appeal; or the final dismissal of any appeal or proceedings on review, whichever is latest.

43.     The following process will be used to effectively and fairly allocate the Restitutionary Fund among the Restitutionary Class.

44.     All exclusion notices and objection papers must be filed with the Court within sixty (60) days from the Notice Date as set by the Court's order granting preliminary approval of this Consent Decree.

45.     If more than five hundred (500) individuals request exclusion, then the City Defendants and District Attorney Defendants shall have the right to terminate this Consent Decree.  In the event of such a termination, the terms and provisions of this Consent Decree shall have no further force and effect with respect to the Parties and shall not be used, as evidence or otherwise, in the Class Action.

46.     Except as provided by Paragraph 56, all costs of administering claims shall be drawn from the Restitutionary Fund.

47.     Following the payment of administration costs, the Claims Administrator will distribute the Restitutionary Fund as follows.

        a.     $90.00 shall be paid to each member of the Restitutionary Class; (The Parties may alter this presumptive $90 distribution after the Parties receive the total number of claims from members of the Restitutionary Class so that this distribution does not deplete the Restitutionary Fund.)

        b.     Each of the court-appointed class representatives shall receive an incentive

award payment of $2,500.00.

c.      Members of the Restitutionary Class, who were neither convicted nor

received a Diversionary Disposition in the criminal case associated with

their forfeiture, shall then receive 100% of the value of their forfeited

property, provided that the sum of such payments, the payments set forth

in Paragraphs 46(a) & (b) and the costs of administration does not exceed

$3,000,000.00.  If this sum does exceed $3,000,000.00, then these

members of the Restitutionary Class shall each receive a pro rata

percentage of the value of their forfeited property that draws the

Restitutionary Fund down to $0.00.

d.      If monies remain in the Restitutionary Fund after the payments outlined in

Paragraph 46(a)-(c), and costs of administration are made, then members

of the Restitutionary Class who received Diversionary Dispositions in the

criminal case associated with their forfeiture shall receive 75% of the

value of their forfeited property, provided that the sum of such payments,

plus the payments outlined in Paragraph 46(a)-(c) does not exceed

$3,000,000.00.  If this sum does exceed $3,000,000.00, then these

members of the Restitutionary Class shall receive a pro rata percentage of

the value of their forfeited property that draws the Restitutionary Fund

down to $0.00.

e.      After 90 days, the balance of the Restitutionary Fund following the above

payments shall be declared a "Remainder Fund."  Seventy-five percent

(75%) of the Remainder Fund, up to $375,000, shall be returned to the City of Philadelphia.  All remaining funds shall be Unclaimed Funds to be used in accordance with Section X (Paragraphs 60–64) below.

48.     For purposes of Paragraph 46, the value of forfeited property is the total amount of cash forfeited or the auction or sale price of real or other personal property.

49.     Heirs or estates of potential members of the Restitutionary Class may submit a claim to the Restitutionary Fund.

## VIII.   ENTRY OF ORDER GRANTING PRELIMINARY APPROVAL AND DIRECTING NOTICE TO CLASS

50.     On September 18, 2018, Plaintiffs will move for preliminary approval of class certification and this Consent Decree on Plaintiffs' Fifth and Sixth Claims for Relief.  Plaintiffs' motion will attach this Consent Decree on Plaintiffs' Fifth and Sixth Claims and request an order:

a.      Granting preliminary approval of this Consent Decree;

b.      Finding that the proposed Restitutionary Class preliminary satisfies all necessary prerequisites of Fed. R. Civ. P. 23(a) and the relevant requirements of Rule 23(b);

c.      Appointing the Named Plaintiffs as class representatives for Restitutionary Class;

d.      Appointing the Institute for Justice and David Rudovsky as Class Counsel;

e.      Approving the Class Notice and ordering that it be directed to potential members of the proposed Restitutionary Class in the manner set forth in the Court's order granting preliminary approval;

f.      Providing procedures and deadlines for individuals to object to or request exclusion from the Restitutionary Class and the terms of this Consent Decree;

g.      Providing that objections by any member of the Restitutionary Class to this Consent Decree shall be heard and any papers submitted in support of said objections shall be considered by the Court at the final Fairness Hearing only if, on or before a date to be specified in the order granting preliminary approval, the objector files with the Court a notice of his or her intention to appear, submits documentary proof that he or she is a member of the proposed Restitutionary Class, states the basis for his or her objections, and serves copies of the foregoing papers and all other papers in support of the objections upon counsel for the Parties, as directed in the Class Notice.

h.      Scheduling the final Fairness Hearing to be held by the Court; and

i.      Providing that the final Fairness Hearing may, from time to time without further notice to the Restitutionary Class, be continued or adjourned by order of the Court.

The City Defendants and the District Attorney Defendants agree not to contest this motion.

## IX.   THE NOTICE PLAN

51.    Within ten (10) days after the Plaintiffs move for preliminary approval of this Consent Decree, the City Defendants and District Attorney Defendants must serve a notice of the Consent Decree under the Class Action Fairness Act, 28 U.S.C. § 1715, upon the Attorney

General of the United States and the appropriate State official, as defined in 28 U.S.C.

§ 1715(a)(2).

52.     The following process describes the Parties' plan for providing notice to the

proposed Restitutionary Class ("Notice Plan").

53.     Within fourteen (14) days of the Court's order granting preliminary approval of

class certification of the Restitutionary Class and this Consent Decree on Plaintiffs' Fifth and

Sixth Claims for Relief, the City Defendants (or an entity that they select) will mail by first class

the Court-approved Class Notice to potential members of the Restitutionary Class at the last-

known address of those members.

54.     The City Defendants and District Attorney Defendants will consult with and

coordinate with Class Counsel and the Claims Administrator to ensure that the measures taken to

search for and locate addresses for potential class members and mail the Class Notice are

designed to effectively reach as many potential members of the Restitutionary Class as possible.

55.     Upon the request of the Class Administrator, the City Defendants shall undertake

reasonable efforts to provide the Claims Administrator with tax, water, utility, Philadelphia

Parking Authority, and other records containing the addresses and email addresses of potential

members of the Restitutionary Class.

56.     The City Defendants shall use the mailing addresses of class members that are in

the possession of the District Attorney's Office, unless the City Defendants' reasonable search of

the records outlined in Paragraph 54 reveals that a class member has a different mailing address,

in which case the Class Administrator shall update the database of addresses provided by the

District Attorney's Office, and provide the updated database to the City Defendants prior to the

mailing of the Class Notice.  The database of potential class members shall not be retained or used for any other purpose by the City Defendants or the District Attorney Defendants.

57.     The City of Philadelphia shall bear the cost of an initial printing as well as of a single, first-class mailing of the Class Notice to each potential member of the Restitutionary Class at each member's most recent address.

58.     The Claims Administrator will establish a website to publish the Class Notice and other pertinent documents and information about the litigation and the Consent Decree.  The website will provide for electronic submission of the Claim Form with a digital signature.

59.     Within two (2) business days of the Court entering an order granting preliminary approval of class certification and this Consent Decree, the Parties will post the Class Notice and link to the website created by the Claims Administrator on their respective websites and monthly during the Class Notice Period on their social media accounts (Facebook, Twitter).

60.     After the Court enters an order granting preliminary approval, Class Counsel, at their own expense, may take additional measures to publicize this Consent Decree to potential members of the Restitutionary Class.

## X.   UNCLAIMED FUNDS

61.     Any portion of the Restitutionary Fund that remains after all distributions to the Restitutionary Class and any return to the City of Philadelphia in accordance with Paragraph 46(e) occur, shall be considered Unclaimed Funds.

62.     Upon determining the total amount of Unclaimed Funds (if any), District Attorney Lawrence S. Krasner (or his designee) and Class Counsel will mutually select organizations to receive that portion of Unclaimed Funds (the Cy Pres Recipients) and the amount to be given to

each selected organization.

63.     The Parties intend that the Cy Pres Recipients will be nonprofit and/or community-based public service organizations located in and/or providing services in those Philadelphia communities most heavily affected by forfeiture practices.

64.     The Parties shall also endeavor to solicit the support of third-party organizations and individuals to match the Unclaimed Funds designated for donation to Cy Pres Recipients.

65.     If District Attorney Lawrence S. Krasner (or his designee) and Class Counsel are unable to agree on the selection of the Cy Pres Recipients or the amounts to be given to the Cy Pres Recipients, the matter shall be referred to the Honorable Eduardo C. Robreno for final resolution consistent with the terms of this provision.

## XI.   EXCLUSION RIGHTS & OBJECTIONS

66.     Potential members of the Restitutionary Class have the right to exclude themselves and not be bound by this Consent Decree by providing to the Claims Administrator a timely completed opt-out form or objection, as described in the Court's order granting preliminary approval.

67.     Potential members of the Restitutionary Class who timely request exclusion shall be excluded from this Consent Decree and from the Restitutionary Class.  Exclusion rights must be exercised by the deadline set forth in the Court's order granting preliminary approval. Objections must be filed by the deadline set forth in the Court's order granting preliminary approval.  The deadline for exclusion and objection should be the same date.  Within ten (10) days after the deadline for any exclusions or objections, the Claims Administrator shall provide all Parties with a complete list of all timely and valid exclusions and objections.

68.     On or before the deadline to object to this Consent Decree specified in the Court's order granting preliminary approval, an objector must file with the Court a notice of his or her intention to appear, must submit documentary proof that he or she is a member of the defined Restitutionary Class, state the basis for the objections, and serve copies of the foregoing papers and all other papers in support of the objections upon counsel for all the Parties to this Consent Decree, as directed in the Class Notice.  The Parties shall jointly oppose all objections and appeals to and/or from this Consent Decree at their own expense.  The Parties shall submit joint opposition papers and appear before the Court to contest any and all objections or appeals.

69.     Any member of the Restitutionary Class who does not submit a properly completed form requesting exclusion by the deadline set forth in the Court's order granting preliminary approval shall be considered part of the Restitutionary Class and shall be bound by the terms of this Consent Decree and the final judgment in this Class Action.

## XII.   THE FINAL JUDGMENT

70.     Before the Fairness Hearing, the Parties shall submit to the Court a proposed order substantially in the form of a final judgment:

> a.      Approving this Consent Decree, judging its terms to be fair, reasonable and adequate; directing consummation of its terms; and retaining jurisdiction to effectuate and interpret same.
>
> b.      Dismissing Counts 5 and 6 on the merits, with prejudice and without costs with respect to the Released Parties and finding that there is no just cause for delay in the entry of final judgment.
>
> c.      Permanently barring and enjoining all members of the Restitutionary Class

who neither request exclusion nor file a claim pursuant to this Consent

Decree from asserting any claims against the Released Parties arising from

or related to the Class Action and binding the Restitutionary Class to the

terms of this Release.  The terms of the final judgment in this Class Action

shall have the same effect as if such persons had made appropriate claims.

**XIII.**  <u>**RELEASES**</u>

71.    Upon the date the court's final judgment and order becomes "final" as defined in

Paragraph 42, each member of the Restitutionary Class shall be deemed to have, and by

operation of and as set forth in the final judgment, fully, finally, and forever released,

relinquished, and discharged all claims arising from the facts alleged in this Class Action against

the City Defendants and District Attorney Defendants.  This release of claims shall not be

construed to prevent Plaintiffs from enforcing any provisions of this Consent Decree.

**XIV.**  <u>**ATTORNEYS' FEES**</u>

72.    The City Defendants and the District Attorney Defendants shall not oppose a

petition from Plaintiffs or Class Counsel to receive $2,630,000.00 in attorneys' fees from the

City Defendants, the District Attorney Defendants, and the First Judicial District Defendants,

with half of this amount being paid within forty-five (45) days of the Court entering an order

granting preliminary approval of this Consent Decree, and the other half being paid on or before

August 30, 2019.

73.    Class Counsel agrees not to file a fee petition for more than $2,630,000.00 nor

seek recovery of fees arising from obtaining approval of this Consent Decree, litigating appeals

by third-parties of such approval, or monitoring compliance with this Consent Decree.  However,

Plaintiffs and Class Counsel may seek attorneys' fees related to enforcing any provision of this Consent Decree.

74.     Class Counsel agrees not to receive interest on the second payment of attorneys' fees.

75.     Should the Court award less than $2,630,000.00 in attorneys' fees, that decision shall have no impact on the remainder of this Agreement.

76.     Moreover, if the Consent Decree on Plaintiffs' Claims for Injunctive Relief Regarding the Courtroom Claims does not obtain full and final approval, Class Counsel shall return the full amount of the first attorneys' fees payment within forty-five (45) days of the court order denying or vacating final approval of that consent decree.

77.     In the event this Class Action proceeds to litigation, nothing in this agreement precludes the ability of Plaintiffs or Class Counsel to seek all reasonable attorneys' fees and costs to which they are entitled by law.

## XV.   OTHER PROVISIONS OF THE SETTLEMENT

78.     The Released Parties shall bear no expenses, costs, damages or fees alleged or incurred by Plaintiffs or any member of the Restitutionary Class, or by any of their attorneys, experts, advisors, agents or representatives arising out of, relating to or in connection with the Class Action, except as specifically set forth in this Consent Decree.

79.     The terms and provisions of this Consent Decree shall have no further force and effect with respect to the Parties and shall not be used in the Class Action in the event that this Consent Decree is not approved by the Court or does not become final for any reason.

80.     The Parties agree that, to the fullest extent permitted by law, neither this Consent

Decree, nor any act performed or document executed pursuant to or in furtherance of this

Consent Decree: (i) is or may be deemed to be or may be used as an admission of, or evidence

of, the validity of any claim, or of any wrongdoing or liability of the Released Parties; (ii) is or

may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of

the Released Parties in any civil, criminal, arbitration or administrative proceeding in any court,

administrative agency or other tribunal, other than in such proceedings as may be necessary to

consummate or enforce this Consent Decree or the final judgment in this Class Action, except

that the Parties may file this Consent Decree and/or the final judgment in this Class Action in

any action that may be brought against any of them in order to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, release, good faith and settlement,

judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar

defense or counterclaim.

    81.    The undersigned represent that they are fully authorized to execute and enter into

the terms and conditions of this Consent Decree on behalf of their respective clients.

    82.    This Consent Decree contains the entire agreement between the Parties and

supersedes any prior agreements or understandings between them.  All terms of this Consent

Decree are contractual and not mere recitals and shall be construed as if drafted by all Parties.

The terms of this Consent Decree are and shall be binding upon, and shall inure to the benefit of,

each of the Parties, including their respective agents, attorneys, employees, successors, and

assigns, and upon all other persons claiming any interest in the subject matter hereto through any

of the parties hereto, including any member of the Restitutionary Class.

    83.    This Consent Decree may be modified only by a written instrument signed by or

on behalf of all the Parties or their successors-in-interest and approved by the Court.

84.     This Consent Decree may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

85.     The Court shall have jurisdiction over the implementation, interpretation and execution of this Consent Decree, with respect to all the Parties and all beneficiaries, including all members of the Restitutionary Class.  Any and all requests or petitions regarding the enforcement, construction, or interpretation of the Consent Decree, and orders on the final judgment entered by the Court, or the conduct of the policies and procedures described herein must be made, if at all, by motion to the Court.

86.     The rights and obligations of the Parties to this Consent Decree shall be construed and enforced in accordance with and governed by the laws of the Commonwealth of Pennsylvania.

87.     None of the Parties to this Consent Decree shall be considered to be the drafter of this Consent Decree or any provision for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter, and this Consent Decree shall be deemed a common effort of the parties.

Respectfully submitted,

*For Plaintiffs*

Date: _September 14, 2018_

**INSTITUTE FOR JUSTICE**

By: /s/ *Darpana M. Sheth*

Darpana M. Sheth*
Robert P. Frommer*
Dan Alban*
Robert Peccola*
Milad Emam*
901 North Glebe Road, Suite 900
Arlington, VA 22203
Email: dsheth@ij.org; rfrommer@ij.org;
dalban@ij.org; rpeccola@ij.org
memam@ij.org
Tel: (703) 682-9320
Fax: (703) 682-9321
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

**KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN**

David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

*Local Counsel for Plaintiffs*

*For the District Attorney Defendants*

Date: _____9/14/18_____

By: /s/ _____

**DISTRICT ATTORNEY LAWRENCE S. KRASNER**

By: /s/ _____

**OFFICE OF THE DISTRICT ATTORNEY**
Peter Carr
Douglas M. Weck, Jr.
Nancy Winkelman
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: peter.carr@phila.gov; douglas.weck@phila.gov;
nancy.winkelman@phila.gov

*Counsel for Defendants Philadelphia District Attorney's Office
and District Attorney Lawrence S. Krasner*

*For the City Defendants*

Date: _____9 – 17 –18_____

By: /s/ *Marcel S. Pratt*
**CITY SOLICITOR MARCEL S. PRATT**

By: /s/ _____
**CITY OF PHILADELPHIA LAW DEPARTMENT**
Michael R. Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: michael.r.miller@phila.gov

*Counsel for Defendants City of Philadelphia, Mayor James F. Kenney,*
*and Police Commissioner Richard Ross Jr.*