**PLAINTIFFS' CONSENT MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS CERTIFICATION AND CONSENT DECREE ON THE COURTROOM CLAIMS**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHRISTOS SOUROVELIS,  DOILA WELCH,
NORYS HERNANDEZ, and NASSIR GEIGER,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

vs.

CITY OF PHILADELPHIA;

JAMES F. KENNEY, in his official capacity as
Mayor of Philadelphia;

RICHARD ROSS JR., in his official capacity as
Commissioner of the Philadelphia Police
Department;

PHILADELPHIA DISTRICT ATTORNEY'S
OFFICE;

LAWRENCE S. KRASNER, in his official
capacity as District Attorney of Philadelphia;

SHEILA A. WOODS-SKIPPER, in her official
capacity as Chair of the Administrative
Governing Board of the First Judicial District of
Pennsylvania;

JACQUELINE F. ALLEN, in her official
capacity as a member of the Administrative
Governing Board of the First Judicial District of
Pennsylvania;

JOSEPH H. EVERS, in his official capacity as
Court Administrator of the First Judicial District
of Pennsylvania; and

CHARLES A. MAPP, in his official capacity as
Chief Deputy Court Administrator of the First
Judicial District of Pennsylvania;

        Defendants.

Civil Action No. 2:14-cv-04687

Assigned to the
Honorable Judge Robreno

**Special Management Track**

**PROPOSED
CONSENT DECREE ON
PLAINTIFFS' CLAIMS
FOR INJUNCTIVE RELIEF
REGARDING THE
COURTROOM CLAIMS
(CLAIMS THREE, FOUR,
SIX, AND SEVEN)**

Plaintiffs Christos Sourovelis, Doila Welch, Norys Hernandez, and Nassir Geiger ("Named Plaintiffs"), on behalf of themselves and all others similarly situated ("Plaintiffs"); Defendants City of Philadelphia, Mayor James F. Kenney, Police Commissioner Richard J. Ross Jr. ("City Defendants"); the Philadelphia District Attorney's Office and District Attorney Lawrence S. Krasner ("District Attorney Defendants"); President Judge Sheila A. Woods-Skipper, Judge Jacqueline F. Allen, Court Administrator Joseph H. Evers, and Chief Deputy Court Administrator Charles A. Mapp of the First Judicial District (FJD) of Pennsylvania, in their official capacities only, (collectively "FJD Defendants") (all three sets of defendants referred to collectively herein as "Defendants," and all parties collectively referred to herein as the "Parties") intend to be bound by this proposed Consent Decree and respectfully submit it to the Court for preliminary approval under Federal Rule of Civil Procedure 23(e).

## I. <u>INTRODUCTION</u>

1. On August 11, 2014, Named Plaintiffs Sourovelis, Welch, and Hernandez—owners of real property against which civil-forfeiture petitions had been filed in the Court of Common Pleas of Philadelphia County—commenced this class-action litigation challenging the constitutionality of specific policies and practices of the City Defendants and District Attorney Defendants in prosecuting civil-forfeiture cases. (ECF No. 1.)

2. On November 17, 2014, the Named Plaintiffs—now including Nassir Geiger, an owner of personal properties against which civil-forfeiture petitions had been filed in the Court of Common Pleas—filed a First Amended Class-Action Complaint. (ECF No. 40.)

3. On September 15, 2016, the Named Plaintiffs filed a Second Amended Class-Action Complaint ("Second Amended Complaint") adding the FJD Defendants and adding an additional claim against all Defendants. (ECF No. 157.)

4.    This Consent Decree addresses the Third, Fourth, Sixth, and Seventh Claims for Relief in the Second Amended Complaint.  Defendants dispute liability as to these claims for relief.

5.    Plaintiffs' Third Claim for Relief in the Second Amended Complaint alleges that City Defendants, District Attorney Defendants, and First Judicial District Defendants have a "policy and practice of seizing and restraining property and initiating and administering civil-forfeiture proceedings, without providing property owners an opportunity for a prompt post-deprivation hearing" and that this policy and practice "violates the Due Process Clause of the Fourteenth Amendment because it fails to give property owners a chance to contest the basis for the deprivation at a meaningful time and in a meaningful manner."  (ECF No. 157, ¶¶ 323-26.)

6.    Plaintiffs' Fourth Claim for Relief in the Second Amended Complaint alleges that "Defendants have a policy and practice of relisting forfeiture actions, typically on a monthly basis, forcing members of the putative class to return to court for each listing in order to preserve their interest in the property, or else lose their property forever through a default judgment . . . [and] relisting forfeiture actions repeatedly until any underlying criminal case against anyone— including people other than the property's owners—is resolved rather than staying the forfeiture proceeding for the pendency of the criminal action," and that this policy and practice "violates the Due Process Clause of the Fourteenth Amendment because it imposes a high risk of erroneous deprivation of property," insofar as "[t]he private interests affected by the 'relisting' procedure outweigh Defendants' interest in maintaining the policy."  (ECF No. 157, ¶¶ 332-34.)

7.    Plaintiffs' Sixth Claim for Relief in the Second Amended Complaint alleges that "Defendants have a policy and practice of having prosecutors run the forfeiture proceedings, including but not limited to calling the cases, determining whether property owners are in

default, and assessing whether any evidence produced by property owners is sufficient," and that this policy and practice "violates the Due Process Clause of the Fourteenth Amendment" insofar as said prosecutors, "with a direct and institutional financial interest in the outcome of the forfeiture proceedings, run those very same forfeiture proceedings." (ECF No. 157, ¶¶ 348, 350.)

8.      Plaintiffs' Seventh Claim for Relief in the Second Amended Complaint alleges that "Defendants are jointly and severally responsible for how civil-forfeiture proceedings are conducted—including notices to property owners, the filing of forfeiture petitions, the timing for answering or otherwise responding to forfeiture petitions, access to court hearings, and other procedures involved in forfeiture proceedings" and that "[a]s a direct and proximate result of the Defendants' actions, policies, and practices related to civil-forfeiture adjudication, the Named Plaintiffs and members of the putative class have suffered irreparable injury to their constitutional rights, including but not limited to being deprived of their property without meaningful notice or an opportunity to be heard." (ECF No. 157, ¶¶ 355, 359.)

9.      The Parties agree that those whose property has been seized by the City of Philadelphia should receive constitutionally sufficient process under the Due Process Clause of the Fourteenth Amendment concerning the opportunity for the property's return, its forfeiture, and related proceedings.

10.      The Parties recognize, and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith and that it is fair, reasonable, adequate, and in the public interest.

## II.  JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201 and 2202.

12.     Venue lies in this judicial district under 28 U.S.C. § 1391.

## III.  EFFECTIVE DATE

13.     This Consent Decree shall take effect immediately on the date the Court enters an order granting final approval of this Consent Decree under Federal Rule of Civil Procedure 23(e).  Beginning on the Effective Date, this Consent Decree will become binding on the Parties, their agents, and their successors.

## IV.  DEFINITIONS

In addition to terms identified and defined elsewhere in this Consent Decree, the following terms will have the following meanings, as used in this Consent Decree:

14.     "Claimant" means any person who:  (i) was in lawful possession of real or personal property at the time of seizure or restraint, or at the time a Forfeiture Petition against the property was filed, whichever occurred earlier; (ii) is the record title holder of the property subject to forfeiture; (iii) has been identified by the District Attorney's Office as having an apparent legal or equitable interest in the property subject to forfeiture; or (iv) has asserted a legal or equitable interest in the property subject to forfeiture.

15.     "Class Counsel" means the Institute for Justice and David Rudovsky of Kairys, Rudovsky, Messing, Feinberg & Lin LLP.

16.     "Common Law Forfeiture" means a conviction-based, civil *in personam* forfeiture proceeding as defined in *Commonwealth v. 2010 Buick Enclave*, 99 A.3d 163 (Pa. Comm. Ct.

2014) that is commenced by the District Attorney's Office, to the extent such proceedings are still recognized in Pennsylvania.

17.     "Consent Decree" means this proposed Consent Decree regarding the Third, Fourth, Sixth, and Seventh Claims for Relief in Plaintiffs' Second Amended Complaint.

18.     "Controlled Substances Forfeiture Act" ("CSFA") (newly retitled as "Forfeiture of Assets" in 2017) means 42 Pa. Cons. Stat. §§ 5801 *et seq.*

19.     "Court" means the United States District Court for the Eastern District of Pennsylvania, or United States District Judge Eduardo C. Robreno.

20.     "Court of Common Pleas" means the Court of Common Pleas of Philadelphia County, including the Office of Judicial Records and other subdivisions, also referred to as the "First Judicial District" ("FJD").

21.     "Default Proceeding" means any proceeding in the Court of Common Pleas in which the Commonwealth seeks a default order, including:

      a.  seeking judgment by default by complying with the provisions of Pa.R.C.P. No. 237.1;

      b.  by filing a motion for judgment on the pleading pursuant to Pa.R.C.P. No. 1034;

      c.  by filing a motion for summary judgment pursuant to Pa.R.C.P. No. 1035.2;

      d.  by filing a motion for default order; or

      e.  by filing any other appropriate motion.

22.     "District Attorney" means Philadelphia District Attorney Lawrence S. Krasner and any official successors.

23.     "District Attorney's Office" means the Office of the District Attorney of Philadelphia, all of its divisions, subdivisions, and all of its agents and employees.

24.     "Effective Date" means the date the Court enters an order granting final approval of the Consent Decree under Federal Rule of Civil Procedure 23(e).

25.     "Forfeiture Petition" means a petition commencing an action seeking Common Law Forfeiture or Statutory Forfeiture filed by the District Attorney's Office in the Court of Common Pleas.

26.     "General Court Regulation" or "GCR" means the First Judicial District of Pennsylvania's Trial Division General Court Regulation, No. 01 of 2018 regarding Proceedings Seeking Civil Forfeiture of Real Estate and Seized Property, to be issued on or about August 31, 2018, and implemented within two (2) months of issuance, attached hereto as **Attachment 1**, and any subsequent amendments.

27.     "Important Information" means information provided to Claimants, both orally and in writing, by a judge of the Court of Common Pleas, or a Trial Commissioner designated by a judge, at the Pretrial Conference—and on the First Judicial District's website—regarding forfeiture and related proceedings, including Claimants' rights and responsibilities, as described in General Court Regulation No. 01 of 2018.  A copy of the Important Information written document is attached hereto as **Attachment 2**.

28.     "Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings" is a motion by which a claimant may obtain a Prompt Post-Seizure Hearing regarding the interim return of seized property.  A Claimant may file a "Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings" at any time after the seizure, including during the pendency of civil-forfeiture or return-of-property proceedings.  A

Prompt Post-Seizure Hearing will be scheduled for a date within ten (10) business days of the filing of the motion.

29.     "Motion for Return of Property" means a motion for the return of property seized by Philadelphia Law Enforcement Officers filed pursuant to Pennsylvania Rule of Criminal Procedure 588.

30.     "Notice of Pretrial Conference" means the notice scheduling a Pretrial Conference that is to be served by the Office of Judicial Records on the Claimant after the District Attorney's Office files the proof of service of the Forfeiture Petition with the Court of Common Pleas, Office of Judicial Records.  A sample Notice of Pretrial Conference is attached hereto as **Attachment 3**.

31.     "Parties" means the Named Plaintiffs, any class of Plaintiffs certified by the Court for the purposes of this Consent Decree, the City Defendants, the District Attorney Defendants, and the FJD Defendants in *Sourovelis v. City of Philadelphia*, Civil Action No. 14-04687-ER (E.D. Pa.).

32.     "Personal Property" means all property other than real property that is the subject of a Forfeiture Petition or a Motion for the Return of Property.

33.     "Philadelphia Law Enforcement Officer" means any individual employed by the Philadelphia Police Department or the District Attorney's Office authorized to seize property pursuant to his or her law-enforcement duties.

34.     "Pretrial Conference" is the initial proceeding following the filing of a Forfeiture Petition or Motion for the Return of Property, unless a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings is filed prior to the Pretrial Conference. The Pretrial Conference will be scheduled for a date approximately thirty (30) days after the date

of the filing of the proof of service of the Forfeiture Petition. The purpose of the Pretrial Conference is to: (i) provide Important Information to Claimants regarding the proceedings, including their rights and responsibilities; and (ii) resolve preliminary matters, schedule discovery, determine whether the proceedings may be resolved by agreement, address any pretrial issues, determine if there are any agreed upon factual issues, and schedule a date for trial, as set forth in GCR 01 of 2018.

35. "Prompt Post-Seizure Hearing" means an expedited, contested hearing regarding the interim return of property seized by Philadelphia Law Enforcement Officers. A Claimant whose property has been seized may obtain a Prompt Post-Seizure Hearing by filing a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings at any time after the seizure, including during the pendency of civil-forfeiture or return-of-property proceedings. A Prompt Post-Seizure Hearing will be scheduled for a date within ten (10) business days of the filing of the Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings.

36. "Service Packet" means the packet of documents to be served on a Claimant by the Commonwealth after a civil-forfeiture proceeding is initiated by the filing of a Forfeiture Petition. The Service Packet shall include:

   a. the Forfeiture Petition, including the Notice to Defend (a sample Notice to Defend is attached hereto as **Attachment 4**);

   b. a form Answer, attached hereto as **Attachment 5**;

   c. a form Praecipe to Stay Forfeiture Proceedings, attached hereto as **Attachment 6**;

d.  a form Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, attached hereto as **Attachment 7**;

e.  the Important Information written document, attached hereto as **Attachment 2**; and

f.  any other documents filed or entered in the forfeiture proceeding (including any *ex parte* orders, such as a *lis pendens* or temporary restraining order).

37.     "Simple Drug Possession" means offenses such as those specified in 35 P.S. 780-113(a)(16) & (31)(2018).

38.     "Status Listing" means any proceeding scheduled by the Court of Common Pleas in a forfeiture or return-of-property case other than a Prompt Post-Seizure Hearing, Default Proceeding, Pretrial Conference, or Trial.

39.     "Statutory Forfeiture" means a forfeiture proceeding commenced in the Court of Common Pleas pursuant to any statutory provision authorizing the forfeiture of property—principally, the Controlled Substances Forfeiture Act.  Other Statutory Forfeiture provisions under Pennsylvania law include, but are not limited to: 4 Pa. Cons. Stat. § 1518(f) (Gaming Act); 18 Pa. Cons. Stat. § 910(c.1) (theft of telecommunications services); 18 Pa. Cons. Stat. § 2506(f) (drug delivery resulting in death); 18 Pa. Cons. Stat. § 3021 (human trafficking); 18 Pa. Cons. Stat. §§ 3141 *et seq.* (sexual offenses); 18 Pa. Cons. Stat. § 4116(i) (unauthorized copying of recorded materials); 18 Pa. Cons. Stat. § 4119(f) (trademark counterfeiting); 18 Pa. Cons. Stat. § 5554 (formerly § 5551) (cruelty to animals); 18 Pa. Cons. Stat. § 5513(b) (gambling devices); 18 Pa. Cons. Stat. § 5707 (Wiretapping and Electronic Surveillance Control Act); 18 Pa. Cons. Stat. § 6110.1(d) (possession of a firearm by minor); 18 Pa. Cons. Stat. § 6314(f) (trafficking drugs to minors); 18 Pa. Cons. Stat. § 6321(e) (transmission of sexually explicit images by

minor); 18 Pa. Cons. Stat. § 6501(b)(5) (formerly, § 6501(b) and (d)) (scattering rubbish); 18 Pa. Cons. Stat. § 7508(e) (drug trafficking sentencing and penalties); 18 Pa. Cons. Stat. § 7707 (vehicle chop shop; illegally obtained and altered property); 27 Pa. Cons. Stat. § 6208(f) (waste transportation violation); 37 Pa. Cons. Stat. § 511 (conducting field investigation of Commonwealth property without permit); 18 Pa. Cons. Stat. § 2717(b.1) (formerly, 42 Pa. Cons. Stat. § 6801.1) (terrorism forfeiture); 75 Pa. Cons. Stat. § 4909(c) (transportation of foodstuffs in vehicles used to transport waste); 75 Pa. Cons. Stat. §§ 9405-06 (importing fuels without permit); 3 P.S. § 459-211(c)(1)(v), (d)(4) (Dog Law); 35 P.S. § 831.1 (forfeiture for storage or transportation of drugs); 35 P.S. §§ 6018.101 *et seq.* (Solid Waste Management Act); 43 P.S. §§ 1311 *et seq.* (Public Employee Pension Forfeiture Act); 47 P.S. § 6-602 (Liquor Code violation); 53 P.S. § 4000.1715 (Municipal Waste Act); 68 P.S. § 46 (restrictions on acquisition of agricultural lands by certain aliens); and 72 P.S. § 8285 (cigarette-tax violations).

40.     "Trial" means a proceeding on the ultimate merits of a Forfeiture Petition or a Motion for the Return of Property.

41.     "Trial Commissioners" are employees of the First Judicial District who, acting in a quasi-judicial capacity, hold the "Pretrial Conference" scheduled as authorized by General Court Regulation No. 01 of 2018.

## V.     CLASS CERTIFICATION

42.     Without waiver or concession of any of their respective positions regarding class certification as to other counts of Plaintiffs' Second Amended Complaint, the Parties agree and propose that class certification of the following settlement classes are proper under Federal Rule of Civil Procedure 23(a) and 23(b)(2).

43. For purposes of the Third, Fourth, and Seventh Claims for Relief in the Second Amended Complaint, the settlement class shall consist of:

> All persons holding legal title to or otherwise having a legal interest in real or personal property:
>
> (i) which was the subject of civil-forfeiture or return-of-property proceedings as of August 11, 2012; or
>
> (ii) which had been seized on or after August 11, 2012; or
>
> (iii) which was or will be the subject of a forfeiture petition or a return-of-property, or related proceeding in the Court of Common Pleas of Philadelphia County on or after August 11, 2012.

44. For purposes of the Sixth Claim for Relief in the Second Amended Complaint, the settlement class shall consist of:

> All persons receiving a notice directing them to appear in, or who appeared in, Courtroom 478 for forfeiture, return-of-property, or related proceedings from August 11, 2012 until January 6, 2016.

## VI. TERMS OF THE CONSENT DECREE

The City Defendants and District Attorney Defendants agree to abide by the following procedures for all seizures and forfeiture proceedings initiated by them, including all civil forfeiture, criminal forfeiture (or other post-conviction forfeiture), and any other statutory forfeiture or Common Law Forfeiture authorized by Pennsylvania law now or in the future. The FJD Defendants agree to abide by all specific provisions in this Consent Decree referencing the "Parties" or the FJD.

### A. Reform of Policies and Practices Governing Seizures, Forfeitures, and Related Proceedings.

#### 1. Seizure and Retention of Personal Property.

##### a. *Limitations on cash seizures.*

i. The City Defendants agree that Philadelphia Law Enforcement Officers will not seize cash amounts less than $1,000 unless the seizure is (1) incident to the

arrest of the person in possession of the cash, or (2) for use as evidence in a potential criminal prosecution. Any cash seized solely for evidentiary purposes will promptly be evaluated for any evidentiary value. Once the cash is no longer needed for evidentiary purposes, the District Attorney's Office will request a court order that the property be immediately returned to the lawful owner. If someone other than the property owner will likely be taking possession of the property, the District Attorney's Office will request that the name(s) of the person taking possession of the property be on the court order.

ii. Once the order requiring immediate return of the property is entered by the Court of Common Pleas, the District Attorney's Office will then promptly provide this order to the City of Philadelphia at the Evidence Custodian Unit, in Room 715 of City Hall, and to the lawful owner or their attorney. Upon the City of Philadelphia's receipt of this court order from the lawful owner or their representative at the Evidence Custodian Unit, in Room 715 of City Hall, the Philadelphia Police Department shall make the money available for pickup by the lawful owner, or the owner's representative named in the court order, within three (3) business days of the receipt of the order, provided that at least ten (10) business days have passed since the property was seized.

iii. The City Defendants agree that Philadelphia Law Enforcement Officers will not seize cash for forfeiture under the CSFA absent the presence of illicit drugs at the scene of seizure or other compelling evidence of illegal drug activity. If the seizure of cash is for forfeiture under another statute, then objective indicia of criminal activity must be present consistent with the law. The City Defendants

agree that the mere presence of large amounts of cash ($1,000 or more) is not sufficient to constitute objective indicia of criminal activity.

iv. The City Defendants agree that Philadelphia Law Enforcement Officers will only seize cash as abandoned property if it genuinely appears to be abandoned property based on earnest investigative efforts to determine the rightful owner. Any cash seized as abandoned property must be returned to the rightful owner if the rightful owner can be ascertained or comes forward with credible evidence of ownership within 365 days of the seizure. Any cash seized as abandoned property that is unclaimed after 365 days of the seizure shall be disposed of pursuant to Pennsylvania's unclaimed property statute.

**b. *Limitations on cash forfeitures.***

i. The District Attorney Defendants agree that they will not pursue forfeiture of cash in amounts less than $250.

ii. The District Attorney Defendants agree that they will not pursue civil forfeiture of cash under the CSFA absent the presence of illicit drugs at the scene of the seizure or other compelling evidence of illegal drug activity. If the seizure of cash is for forfeiture under another statute, then objective indicia of criminal activity must be present.

iii. The District Attorney Defendants agree that the mere presence of large amounts of cash ($250 or more) is not sufficient to constitute objective indicia of criminal activity.

### c. *Limitations on seizures/forfeitures based on simple possession.*

The City Defendants agree not to seize property (other than *per se* contraband) for Simple Drug Possession and the District Attorney Defendants agree not to forfeit property for Simple Drug Possession.

### d. *Property Receipts.*

The City Defendants agree that when Personal Property is seized from an individual by a Philadelphia Law Enforcement Officer, a Philadelphia Law Enforcement Officer will provide the individual from whom the property was seized a legible property receipt for each property seized accurately describing the property. The property receipt will contain an individualized receipt number and shall state that individuals may seek the interim or final return of property by filing a motion in the Court of Common Pleas and provide written instructions summarizing the procedures and timelines for return of property and forfeiture proceedings. The property receipt forms will be updated to reflect current procedures in the next printing of property receipt forms, and will conform to the sample property receipt instruction form provided in **Attachment 8**.

### e. *Towing/Storage Fees.*

The City Defendants and District Attorney Defendants agree that:

    i.    Aside from vehicles, all personal property seized by Philadelphia Law Enforcement Officers will be stored and maintained by the Philadelphia Police Department or the Philadelphia District Attorney's Office, and the City of Philadelphia will bear the costs of storage.

    ii.    All seized vehicles will be stored and maintained at an impound lot supervised by the Philadelphia District Attorney's Office, the Philadelphia Police Department, or the Philadelphia Parking Authority.

iii.    No vehicle towing or storage fees will be charged to any Claimant who prevails in a return-of-property or forfeiture proceeding regarding a vehicle. For purposes of this Consent Decree, the Parties agree that the Claimant prevails in a return-of-property or forfeiture proceeding regarding a vehicle when the interim or final outcome of the proceeding is that the vehicle is returned to the Claimant.

iv.    If the Claimant prevails, the District Attorney Defendants agree to submit to the Court of Common Pleas an order directing waiver of all towing and storage fees, in addition to the immediate return of the vehicle. If someone other than the vehicle owner will take possession of the vehicle, the name of that individual shall be in the order, which shall also state that the person picking up the vehicle must bring a driver's license and must bring the vehicle registration, proof of insurance, and vehicle title (or those documents must be in the vehicle itself) in order to take possession of the vehicle. Once the order requiring immediate return of the property is entered by the Court of Common Pleas, the District Attorney's Office will then promptly provide this order to the City of Philadelphia at the Police Department Impound Lot, 7992 Penrose Ferry Road, Philadelphia, Pennsylvania, and to the lawful owner or their attorney. Upon the City of Philadelphia's receipt of this court order from the lawful owner or the representative named in the court order at the Police Department Impound Lot, the Philadelphia Police Department shall immediately return the property to the lawful owner or their representative without seeking towing or storage fees, provided that the person taking possession of the vehicle has a driver's license,

proof of insurance for the vehicle, and the vehicle's title and registration (or

those documents are in the vehicle itself).

v.   The City of Philadelphia will bear any costs of towing and storage for vehicles

that are forfeited.

2. **Commencement of Forfeiture Proceedings and Service of Process.**

a.   *Identifying Potential Claimants.* The City Defendants and the District Attorney

Defendants agree that prior to the filing of a Forfeiture Petition, the District

Attorney's Office, with the reasonable cooperation of the City Defendants, will take

all reasonable steps to identify potential Claimants of any real or personal property

subject to forfeiture, including by reviewing property receipts and searching public

records, as may be appropriate, such as the records of public utility companies, the

Department of Motor Vehicles, and/or the PhilaDox property database.

b.   *Filing of Forfeiture Petitions.* The Parties agree that Statutory Forfeiture proceedings

will be commenced by the District Attorney's Office upon the filing of a Forfeiture

Petition in the Court of Common Pleas in the manner prescribed by the applicable

statute and the General Court Regulation.

i.   The District Attorney Defendants agree that the District Attorney's Office shall

file any Forfeiture Petition within 90 days of the date of the seizure absent

exceptional circumstances, such as where an ongoing criminal investigation

would be compromised by the filing of a Forfeiture Petition or if the Court of

Common Pleas is unexpectedly closed on the date of the filing deadline.  The

District Attorney Defendants agree that exceptional circumstances shall not

include typical delays incurred due to staffing shortages or other circumstances regularly encountered in the processing and filing of Forfeiture Petitions.

ii. The District Attorney Defendants agree that the District Attorney's Office shall withdraw and not refile any Forfeiture Petition filed more than 90 days after the seizure, absent exceptional circumstances (as described above). In such circumstances, the City Defendants and District Attorney Defendants agree that, unless the continued detention of the property in question is actually necessary for evidentiary purposes in an active criminal case, the District Attorney's Office will request a court order that the property be immediately returned to the lawful owner. If someone other than the owner is likely to take possession of the property, the name(s) of such person(s) shall be in the court order. Once the order requiring immediate return of the property is entered by the Court of Common Pleas, the District Attorney's Office will then promptly provide this court order to the City of Philadelphia at the Evidence Custodian Unit, in Room 715 of City Hall, and to the lawful owner or their attorney. Upon the City of Philadelphia's receipt of this court order from the lawful owner or their representative at the Evidence Custodian Unit, in Room 715 of City Hall (or, for vehicles only: 7992 Penrose Ferry Road, Philadelphia, PA 19153), the Philadelphia Police Department shall immediately return the property to the lawful owner or their representative named in the court order. Money and vehicles shall be made available to property owners or their representatives to take possession of in accordance with the procedures outlined above in Subparts VI.A(1)(a)(ii) and VI.A(1)(e)(iv), while other Personal Property shall be made

available within seven (7) business days of the Evidence Custodian Unit's proper receipt of the order.

iii. The Parties agree that the first page of the Forfeiture Petition shall be the Notice to Defend, as described in the General Court Regulation. *See* Attachment 4.

c. ***Service of Process and Notice to Defense Counsel.***

i. The District Attorney Defendants agree that, upon the acceptance of the Forfeiture Petition for filing, the District Attorney's Office shall make all reasonable efforts to effect service of the Service Packet on any Claimant it has identified within seven (7) days of the filing of the Forfeiture Petition, and in any event, shall effect service no more than forty-five (45) days after the filing of the Forfeiture Petition.

ii. The City Defendants and District Attorney Defendants agree that the Service Packet shall include:

a. the Forfeiture Petition,including the Notice to Defend (a sample Notice to Defend is attached hereto as Attachment 4);

b. a form Answer, attached hereto as Attachment 5;

c. a form Praecipe to Stay Forfeiture Proceedings, attached hereto as Attachment 6;

d. a form Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, attached hereto as Attachment 7;

e. the Important Information written document, attached hereto as Attachment 2; and

f. any other documents filed or entered in the forfeiture proceeding (including any *ex parte* orders, such as a *lis pendens* or temporary restraining order).

iii. The District Attorney Defendants agree that they shall attempt to serve the Service Packet on any Claimant the District Attorney's Office has identified, using the normal procedures for service of process under the Pennsylvania Rules of Civil Procedure, subject to the following modifications:

   a. For all Claimants residing within the City of Philadelphia, personal service shall be attempted twice as the primary method of service. If personal service is unsuccessful both times, Claimants residing within the City of Philadelphia shall be served by certified mail.

   b. For all Claimants residing outside the City of Philadelphia, service shall be attempted first by certified mail.

   c. If the owner of the property is unknown, there was no person in possession of the property when seized, or the owner or each person in possession at the time of the seizure cannot be personally served or located within the jurisdiction of the Court of Common Pleas, the District Attorney Defendants may follow the procedure for substitute service set forth in 42 Pa.C.S. § 5805(c).

iv. The District Attorney's Office shall promptly file proof of service of the Forfeiture Petition with the Court of Common Pleas, Office of Judicial Records. In the event the Claimant was served at an address other than that stated in the Forfeiture Petition, or if the Claimant's address for subsequent service of legal

papers other than original process, pursuant to Pa.R.C.P. No. 440, is different than that stated in the Forfeiture Petition, the District Attorney's Office shall file a praecipe with the Office of Judicial Records providing the address to which papers may be served on the Claimant.

v. Upon accepting the proof of service of the Forfeiture Petition for filing, the Office of Judicial Records shall schedule a Pretrial Conference for a date within thirty (30) days after the date of the filing of the proof of service of the Forfeiture Petition, and shall issue and serve a Notice of Pretrial Conference on the District Attorney's Office and on the Claimants at the addresses provided by the District Attorney's Office, directing Claimants' appearance at the Pretrial Conference. This notice shall also provide that a Claimant may file a Praecipe to Stay Forfeiture Proceedings, and/or a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings. If the Notice of Pretrial Conference is returned by the Postal Service, the Office of Judicial Records shall so note on the docket of the case. The District Attorney's Office may provide to the Office of Judicial Records an alternate address for service by filing an appropriate praecipe, or may request that the Pretrial Conference be rescheduled and attempt to serve the Claimant again.

vi. The District Attorney's Office shall make all reasonable efforts to provide timely notice—including providing the Service Packet and the Notice of Pretrial Conference—to criminal defense counsel for a Claimant in an associated criminal case.

***d.   Service by Claimants Upon the District Attorney's Office.***

The District Attorney's Defendants agree to accept service of all answers, motions, praecipes, and any other pleadings or filings, upon filing of the document(s) with the Court of Common Pleas, Office of Judicial Records.

***e.   Common Law Forfeiture Proceedings.***

The District Attorney Defendants agree that:

i.   To the extent Common Law Forfeiture proceedings continue to exist after the Pennsylvania Supreme Court's decision in *Commonwealth v. Irland* (No. 32, MAP 2017), Common Law Forfeiture will be limited solely to forfeiture of firearms and other dangerous weapons, explosives, and *per se* contraband.

ii.   Any Common Law Forfeiture proceedings shall be commenced by the District Attorney's Office against a criminal defendant upon the filing of a petition, in the manner prescribed by Pennsylvania common law, alleging that property with a substantial nexus to the underlying crime is subject to Common Law Forfeiture.

iii.   As of July 15, 2015, the District Attorney's Office no longer seeks default judgments or requires Answers to Forfeiture Petitions in Common Law Forfeiture cases prior to termination of the underlying criminal case and will continue not to do so now and in the future.

iv.   Common Law Forfeiture petitions may be filed at any time authorized under Pennsylvania law, but the District Attorney's Office shall request at the Pretrial Conference that such cases be "Continued until Further Notice" during the pendency of the underlying criminal case.

v. When the underlying criminal case is complete, the District Attorney's Office will file a Praecipe to Lift the Stay, and the Office of Judicial Records will schedule a status conference as provided for in the GCR.

vi. The stay shall remain in effect until the earlier of:

    a. the issuance of a sentencing order, which is deemed to be the conclusion of the criminal proceedings for purposes of the forfeiture proceeding (at that time, the Commonwealth must file a Praecipe to Lift the Stay with the Office of Judicial Records and a status conference will be scheduled); or

    b. the filing of a Praecipe to Lift the Stay by the Claimant.

vii. At that Pretrial Conference or Status Listing, if the underlying criminal case did not result in a conviction, the District Attorney's Office shall submit a Consent Motion for Voluntary Dismissal, requesting a judicial order directing that the property immediately be returned to the lawful owner. If someone other than the owner of the property will be taking possession of the property, the District Attorney's Office shall request that the name of that person be in the court order. Once the order requiring immediate return of the property is entered by the Court of Common Pleas, the District Attorney's Office will then promptly provide this court order to the City of Philadelphia at the Evidence Custodian Unit, in Room 715 of City Hall, unless the property is a vehicle, in which case the order will be sent to the Police Department Impound Lot and to the lawful owner or their attorney. Upon the City of Philadelphia's receipt of this court order from the lawful owner or their representative at the Evidence Custodian Unit, in Room 715 of City Hall (or, for vehicles only: 7992 Penrose Ferry Road,

Philadelphia, PA 19153), the Philadelphia Police Department shall immediately

return the property to the lawful owner or their representative if possible, but in

no case shall the Philadelphia Police Department take more than seven (7) days

to make the property available to the lawful owner or their representative.

3.  **The Pretrial Conference.**

The Parties agree that the manner in which the First Judicial District will conduct the

Pretrial Conference as set forth in GCR 01 of 2018, which includes the following process:

a.  *Timing.*  The Office of Judicial Records shall schedule a Pretrial Conference for a

date within thirty (30) days from the date the Petition is served on the owner(s) or

person(s) in possession at the time of the seizure of the property.  The Pretrial

Conference shall be scheduled and the Notice of Pretrial Conference shall be mailed

within three (3) business days of the filing of proof of service of the Forfeiture

Petition by the District Attorney's Office.  If the Claimant receives the Notice of

Pretrial Conference less than fourteen (14) days before the hearing date, and if the

Claimant is unable to attend the hearing, the Claimant may request that the

Commonwealth ask the Court to continue the hearing to enable the Claimant to attend

the rescheduled Pretrial Conference.

b.  *Procedures:*

i.   A judge of the Court of Common Pleas, or a Trial Commissioner designated by

a judge, shall preside over all Pretrial Conferences in the courtroom designated

by the First Judicial District, assisted by attendant courtroom staff.

ii.  A court reporter or digital recording technology shall record all proceedings

and, upon submission of an application and any associated fee, pursuant to

Pa.R.J.A. No. 4001 *et seq.*, and Phila.R.J.A. No. 4007 *et seq.*, any Claimant or interested party shall be entitled to order a recording or transcript of any such proceeding, unless such recordings and transcripts are sealed by court order.

    iii.    Separate counsel tables shall be provided for the District Attorney's Office and any Claimants in the courtroom designated by the First Judicial District for such proceedings.

*c.* Courtroom staff in the courtroom designated by the First Judicial District for forfeiture and return-of-property proceedings shall direct Claimants to check in upon their arrival.

*d.* Prior to providing Important Information about the forfeiture proceedings, courtroom staff shall attempt to identify any Claimants who are Limited English Proficient (those who do not speak English as their primary language and who may have a limited ability to read, speak, write, or understand English, *see* 42 Pa. Cons. Stat. § 4402) and shall provide interpretation and translation in accordance with the Language Access Plan of the Unified Judicial System of Pennsylvania (*see* pacourts.us/assets/files/setting-5486/file-5972.pdf?cb=11e5cd).

*e.* A judge, or a Trial Commissioner designated by a judge, shall provide, both orally and in writing, Important Information to all Claimants about forfeiture proceedings. The written version is attached hereto as **Attachment 2**; the oral version shall be substantially similar and shall include the following topics:

    i.    Claimants' right and responsibility to contest a Forfeiture Petition by filing an Answer within 30 days of service, in court at the Pretrial Conference (if more than 30 days have elapsed), or at a subsequent time requested by the Claimant

and agreed upon by the Commonwealth. A simple form Answer to the Forfeiture Petition will be made available by the Commonwealth to any Claimant in the Service Packet and at the Pretrial Conference, and the Court of Common Pleas will accept any completed Answer for filing;

ii. Claimants' failure to file an Answer to a Forfeiture Petition within thirty (30) days, at the Pretrial Conference, or at any subsequent time agreed upon by the parties, may result in Default Proceedings upon request of the Commonwealth;

iii. Claimants' right to seek the interim return of property at issue by filing a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, simple form copies of which will be made available by the Commonwealth in the courtroom designated for forfeiture proceedings by the First Judicial District;

iv. Claimants' right to stay forfeiture proceedings, if they are also criminal defendants in a criminal proceeding related to the forfeiture proceeding, by filing a Praecipe to Stay Forfeiture Proceedings, simple form copies of which will be made available by the Commonwealth in the courtroom designated for forfeiture proceedings by the First Judicial District;

v. Claimants' right to retain counsel of their choosing, and that an information sheet containing a list of *pro bono* or low-cost legal resources shall be provided to them by the Commonwealth, upon request;

vi. Claimants' right to propound discovery and their responsibility to respond to discovery propounded by the Commonwealth;

vii. Claimants' right to demand a jury trial (Claimants shall be informed that in order to obtain a jury trial they must file a written request for a jury trial no later than twenty (20) days after the service of the last permissible pleading, and shall also be informed of any applicable filing fees or foreseeable delays in resolution of their case resulting from demanding a jury trial.); and

viii. Claimants' right to seek settlement of the forfeiture proceeding and to engage in settlement negotiations with the Commonwealth.

*f.* The First Judicial District shall post the Important Information about the forfeiture proceedings, attached hereto as **Attachment 2**, on the "Forms" section of the FJD website.

*g.* The District Attorney Defendants shall advise Claimants of: (i) their Fifth Amendment rights against self-incrimination; (ii) how Claimants can avoid waiving those rights by filing a Praecipe to Stay Forfeiture Proceedings if they are criminal defendants in a related criminal proceeding; (iii) applicable burdens for forfeiting property under 42 Pa. Cons. Stat. § 5805(j) or any other governing statutes; and (iv) their ability to allege that they did not have knowledge of or consent to the unlawful activity under 42 Pa. Cons. Stat. § 5805(j)(4) or raise an innocent-owner defense under any other governing statute.

*h.* After the initial advisement regarding Important Information, courtroom staff shall call each case on the docket for the Pretrial Conference and note for the record the identity of any Claimants appearing, either in person or through an attorney, as well as the absence of any Claimants.

***i.*** In each case, the judge or Trial Commissioner shall address the issues set forth in GCR 01 of 2018, including: (i) whether service of the Forfeiture Petition (and related documents) complied with applicable law and the terms of this Consent Decree; (ii) whether an answer was filed; (iii) whether the Claimant is represented by counsel; (iv) whether the Claimant has filed a Praecipe to Stay Forfeiture Proceedings, Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, or Motion for Return of Property; (v) whether the Claimant requests a jury trial; and (vi) whether any settlement is adequate.

***j.*** If an Answer has not been filed by the Pretrial Conference and the Claimant appears at the Pretrial Conference, the Claimant may file an Answer or other Motions with the Office of Judicial Records, even if more than thirty (30) days have passed. The District Attorney Defendants agree not to oppose any reasonable request at the Pretrial Conference by a Claimant for additional time to conduct discovery or prepare for trial.

***k.*** If a Claimant elects not to file an Answer by the date of the Pretrial Conference, or elects not to accept the Commonwealth's discovery at the Pretrial Conference, the case will typically be scheduled for a Status Listing approximately thirty (30) days from the date of the Pretrial Conference to determine the status of pleadings, the status of discovery, and to schedule further proceedings, as appropriate. The District Attorney Defendants agree not to oppose any reasonable continuance of the Pretrial Conference to permit the Claimant to file an answer after further review, with an attorney or otherwise. The District Attorney Defendants also agree not to oppose any

reasonable request by a Claimant for additional time to conduct discovery or prepare for trial.

***l.*** If a Claimant files a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings at the Pretrial Conference, the case shall be scheduled for a Prompt Post-Seizure Hearing before a judge within ten (10) business days of the filing of the motion, as set forth in GCR 01 of 2018.

***m.*** All motions for entry of judgment by default, judgment on the pleadings under Pa. R.C.P. No. 1034, and summary judgment under Pa. R.C.P. 1035.1 *et seq*., and any other dispositive motions shall be filed with the Office of Judicial Records, and shall be assigned to a judge for disposition, as set forth in GCR 01 of 2018.

***n.*** Trial Commissioners may not take any dispositive action with respect to forfeiture, return-of-property, or related proceedings.

**4. Status Listings.**

The Parties agree that, for reasons other than a continuation of the Pretrial Conference, a judge of the Court of Common Pleas shall preside over any Status Listing, which may be scheduled upon the request of either party for various purposes, including, but not limited to, litigating a discovery or sanctions motion or seeking approval of a settlement agreement.

**5. Proceedings on Motions for Prompt Post-Seizure Hearings.**

**a.** The Parties agree that a Claimant may file a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings with the Office of Judicial Records at any time after his or her property is seized, including during the pendency of civil-forfeiture or return-of-property proceedings, as set forth in GCR 01 of 2018.

b. The FJD Defendants agree that the First Judicial District shall schedule a Prompt Post-Seizure Hearing to be held no later than ten (10) business days of the filing of a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings.

c. The FJD Defendants agree that a judge must preside over a Prompt Post-Seizure Hearing.

d. The FJD Defendants agree to publish a form Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, attached hereto as **Attachment 7**, on the First Judicial District's website. In addition, the FJD Defendants agree to provide this form to the District Attorney Defendants, who agree to provide it in every Service Packet issued to Claimants.

e. The City Defendants and District Attorney Defendants agree that post-seizure hearings concerning real property must satisfy 42 Pa. Const. § 5803(b.1).

f. The Parties agree that the procedures for adjudicating Motions for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, including Prompt Post-Seizure Hearings, must comply with the Due Process Clause in the U.S. Constitution.

6. **Continuances/Extensions to File Answer, Obtain Counsel, Prepare Case, Etc.**

a. *Liberal Leave to File Answers/Motions.* The Parties agree that Claimants may file their Answer and/or other Motions on the day of the Pretrial Conference even if more than thirty (30) days have elapsed since the service of the Forfeiture Petition and the other documents in the Service Packet. The City Defendants and District Attorney Defendants agree that there shall be liberal leave for Claimants to file Answers and/or

other motions in these proceedings and that if a Claimant does not file an Answer at the Pretrial Conference, the District Attorney Defendants will request that the case be scheduled for a Status Listing for a date approximately thirty (30) days after the Pretrial Conference to determine the status of pleadings and discovery, and that the Claimant be permitted to file an Answer at or prior to that Status Listing.

b. ***Two Continuances Upon Request to the District Attorney's Office.*** The District Attorney Defendants agree to provide at least two "upon-request" continuances in any forfeiture proceeding, as described herein. The District Attorney Defendants agree that if a Claimant is unable to attend a Pretrial Conference or Status Listing, the Claimant may notify the District Attorney's Office by phone or email prior to the hearing, or by sending a designee to notify a representative of the District Attorney's Office at or before the scheduled hearing.

i. Upon such notification, the District Attorney's Office shall file for a continuance, shall notify the Claimant of the new hearing date, and shall not pursue default proceedings. The District Attorney Defendants agree that they will provide, in the Service Packet, the phone number and email address that Claimants should contact, along with brief instructions as to how Claimants should provide notice to the District Attorney's Office of their inability to attend a hearing.

c. ***One Automatic "Free Pass" Continuance.*** In addition to any "upon-request" continuances as described above, the District Attorney Defendants agree that the first time a Claimant fails to appear for a Pretrial Conference or Status Listing in a civil-forfeiture proceeding without providing notice to the District Attorney's Office before

or at that hearing, the District Attorney's Office will automatically file for a continuance, notify the Claimant of the new hearing date, and will not pursue default proceedings. If a Claimant fails to appear for a second hearing in a civil-forfeiture case without providing any notice to the District Attorney's Office before or at that hearing, the District Attorney's Office may elect to proceed with default proceedings, but is not required to do so, and may instead exercise discretion to file for another continuance and notify the Claimant of the new hearing date without seeking default.

d. ***Continuances Sought by District Attorney's Office Are Cumulative.*** The District Attorney Defendants agree that the one automatic "free pass" continuance is in addition to any "upon-request continuances" for which the Claimant notifies the District Attorney's Office they are unable to attend the hearing at or before the hearing, as described above. Thus, the District Attorney's Office will seek up to three continuances for a Claimant—two "upon request" continuances and one automatic "free pass" continuance—in a forfeiture proceeding, and a Claimant may also be entitled to other continuances based on reasonable requests, as described below.

e. ***No Opposition to Claimant's Reasonable Requests for Continuance.*** The District Attorney Defendants agree to not oppose: (i) any reasonable continuance of the Pretrial Conference to permit the Claimant to file an Answer; (ii) any reasonable request for continuance to obtain counsel or prepare their case (including for the continuance of a prompt, post-seizure hearing); or (iii) any reasonable request for additional time to conduct discovery or prepare for trial.

7. **Stays for Pending Related Criminal Proceedings.**

    a. The Parties agree that when there is a related criminal proceeding pending, the Claimant may file a Praecipe to Stay Forfeiture Proceedings to obtain a stay of forfeiture proceedings at any time after the initiation of forfeiture proceedings, as set forth in GCR 01 of 2018.

    b. The District Attorney Defendants agree that the District Attorney's Office will not oppose a Claimant's Praecipe to Stay Forfeiture Proceedings or a Claimant's request for a continuance until further notice when there is a related criminal case pending, regardless of whether an Answer has been filed in the forfeiture proceeding.

    c. The District Attorney Defendants agree that once an Answer has been filed in a forfeiture proceeding, the District Attorney's Office will request that all forfeiture cases with a pending criminal case related to the property at issue be "Continued until Further Notice" during the pendency of the related criminal case.

    d. The District Attorney Defendants agree that an Answer filed in a civil-forfeiture proceeding will not be used as evidence against a defendant in any criminal proceeding, nor will anything presented in a Prompt Post-Seizure Hearing during the pendency of a criminal proceeding be used as evidence against a defendant in any criminal proceeding.

    e. A Claimant may file a form Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings at any time in a forfeiture proceeding, even after a case has been stayed or continued until further notice due to pending related criminal proceedings, and still obtain a Prompt Post-Seizure Hearing, as set forth in GCR 01 of 2018.

**f.** When the underlying criminal case is complete, the District Attorney's Office shall file a Praecipe to Lift the Stay, and the Office of Judicial Records shall schedule a status conference as provided for in the GCR.

**g.** The stay shall remain in effect until the earlier of:

    i. the issuance of a sentencing order, which is deemed to be the conclusion of the criminal proceedings for purposes of the asset forfeiture proceeding (at that time,the Commonwealth must file a Praecipe to Lift the Stay with the Office of Judicial Records and a status conference will be scheduled); or

    ii. the filing of a Praecipe to Lift the Stay by the Claimant.

**8. Default Proceedings**

**a.** The District Attorney Defendants agree to pursue default only through a motion for judgment on the pleadings (currently Rule 1034) or a motion for summary judgment (currently Rule 1035.2), both of which require judicial approval under the respective standards for each motion.

**b.** Accordingly, the Parties agree that the following procedures will be followed for Default Proceedings, as set forth in GCR 01 of 2018:

    i. The Parties agree that hearings on a Default Proceeding shall occur before a judge of the Court of Common Pleas.

    ii. Upon the calling of the case, the Commonwealth shall demonstrate, by a preponderance of the evidence, that:

        a. the Forfeiture Petition (including the Notice to Defend) and Notice of Pretrial Conference were served upon the Claimant, in accordance with the substantive law authorizing the forfeiture;

    b.  the Notice of Pretrial Conference advised the Claimant that a failure to appear may result in the entry of a default order and loss of the subject property;

    c.  the Claimant, or any attorney for the Claimant, failed to appear at the Pretrial Conference or other hearing in the case (absent a continuance), and/or failed to file an Answer in a timely manner (unless the Claimant's forfeiture case was stayed or the proceedings were continued for the various reasons discussed in this Consent Decree);

    d.  a notice of the Default Proceeding and the supporting motion (and any supporting documents) were provided to the Claimant; and

    e.  the proceeding shall satisfy any other applicable legal standard(s) that apply to the particular motion filed by the Commonwealth, consistent with the Pennsylvania Rules of Civil Procedure.

  iii.  If the Claimant, or an attorney for the Claimant, appears at the Default Proceeding, the hearing shall be treated as a Pretrial Conference or Status Listing.

  iv.  If the judge enters a default order of forfeiture, a copy of the order shall be provided to any Claimant by the Commonwealth, along with notice advising of the procedure for moving to vacate the default order.

  v.  If the judge declines to enter a default order, the case shall be scheduled for a Pretrial Conference or Status Listing, as appropriate.

**9.  Settlement of Forfeiture Action.**

The Parties agree that, as set forth in GCR 01 of 2018:

**a.** Upon entering a settlement agreement, the forfeiture proceeding (or proceeding related to a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings) shall be referred to a judge of the Court of Common Pleas for approval of the settlement as set forth in GCR 01 of 2018. The Court of Common Pleas judge shall review the proposed written agreement and, if satisfied, enter an order approving the settlement and directing the return of property, if appropriate. Return-of-property proceedings will also be referred to a judge of the Court of Common Pleas for approval of the settlement.

**b.** In order to approve the settlement, the judge must be satisfied that the Claimant is entering into the agreement knowingly, voluntarily, intelligently, and that the Claimant understands that he/she is entitled to a hearing on the merits, along with other factors that may be required by law.

    **i.** Any settlement agreement executed by the District Attorney's Office shall conform to the requirements set forth in the prior settlement agreement between the Plaintiffs, City Defendants, and District Attorney Defendants for Plaintiffs' First and Second Claims for Relief, which received final approval by the Court on November 4, 2015. (ECF No. 104.)

**10. Trial & Burdens of Proof.**

**a.** *Trial.* The Parties agree that a judge of the Court of Common Pleas shall preside over any trial in a forfeiture proceeding, which shall be conducted in accordance with the Pennsylvania Rules of Evidence, as well as the substantive law authorizing the underlying forfeiture, as set forth in GCR 01 of 2018. Any trial in a forfeiture proceeding (or proceeding related to a Motion for Release of Seized Property Pending

the Conclusion of the Forfeiture Proceedings) shall also be conducted in accordance with the Pennsylvania Rules of Civil Procedure.

b. ***Burdens of Proof.***

    i.    The City Defendants and District Attorney Defendants agree that the burdens of proof specified in 42 Pa.C.S. § 5805(j) apply to civil-forfeiture proceedings unless another, more specific statute sets forth the applicable burdens of proof.

    ii.    The District Attorney Defendants further agree that the government's burden of proof must comport with constitutional due process.

    iii.    The District Attorney Defendants further agree that requiring a property owner to affirmatively prove his or her own innocence violates due process, and thus the District Attorney's Office shall bear the burden of proving actual knowledge of, and consent to, criminal activity.

**11. Conflict Between Consent Decree & Trial Division General Court Regulation No. 01 of 2018.**

The Parties agree that if there is a discrepancy between the provisions of Trial Division General Court Regulation No. 01 of 2018 (*without* amendments) and those recited in this Consent Decree relating to the procedures the FJD is to follow in administering forfeiture proceedings, the terms of Trial Division General Court Regulation No. 01 of 2018 prevail. Any amendments to the General Court Regulation No. 01 of 2018 and any future court regulations regarding forfeiture, return-of-property, or related proceedings must conform to the terms of this Consent Decree, unless such terms are contradicted by statute, case law, or state court rule that are binding on the First Judicial District.

**B.** **Monitoring Compliance and District Attorney Defendants' Reporting Obligations.**

For purposes of monitoring compliance with the anticipated procedure set forth in this Consent Decree, the District Attorney Defendants agree that, for a period of twelve (12) months after the Effective Date, the District Attorney Defendants will provide monthly compliance reports producing the information set forth in **APPENDIX 1: Monthly Compliance Reporting**, including certifications to Plaintiffs on the following topics:

1. The District Attorney Defendants will provide reports and certification to Plaintiffs, on a monthly basis, that the District Attorney Defendants are in compliance with:

   **a.** Part A.1.b of Section VI (limitations on cash forfeitures)

   **b.** Part A.1.c of Section VI (limitations on seizures/forfeitures based on simple possession)

   **c.** Part A.1.e of Section VI (towing/storage fees)

   **d.** Part A.2 of Section VI (commencement of forfeiture proceedings and service of process)

   **e.** Part A.3.f of Section VI (advisement of self-incrimination rights and burdens in forfeiture cases)

   **f.** Part A.6 of Section VI (continuances)

   **g.** Part A.7 of Section VI (stays for pending, related criminal proceedings)

   **h.** Part A.8 of Section VI (default proceedings)

   **i.** Part A.9 of Section VI (settlement of forfeiture action)

   **j.** Part A.10 of Section VI (trial and burdens of proof)

2. The District Attorney Defendants, in consultation with the City Defendants and/or the FJD Defendants, will provide reports to Plaintiffs, on a monthly basis, regarding the City Defendants' and FJD Defendants' compliance with:

    **a.** City Defendants

        i.    Part A.1.a of Section VI (limitations on cash seizures)

        ii.   Part A.1.d of Section VI (property receipts)

        iii.  Part A.1.e of Section VI (towing/storage fees)

        iv.  Part A.2.a of Section VI (identifying potential claimants)

    **b.** FJD Defendants

        i.    Part A.3 of Section VI (pretrial conferences)

        ii.   Part A.4 of Section VI (status listings)

        iii.  Part A.5 of Section VI (prompt post-seizure hearings)

        iv.  Part A.6.a of Section VI (Claimants' ability to file Answer/motions at Pretrial Conference even if more than thirty (30) days have elapsed)

        v.   Part A.7.a of Section VI (stays for pending, related criminal proceedings)

        vi.  Part A.8.b of Section VI (default proceedings)

        vii. Part A.9 of Section VI (settlement of forfeiture action)

        viii. Part A.10 of Section VI (trial and burdens of proof)

3. The Parties acknowledge that circumstances may arise in which the above certifications or reports cannot be made due to failure to comply with the substantive requirements of Section VI, human error, or forces beyond the control of the District Attorney Defendants to timely file certifications or reports. For each such occasion, the District Attorney Defendants will provide to Plaintiffs, on a monthly basis:

**a.** A detailed description of any noncompliance, the reasons for noncompliance (if known), and documentation sufficient to permit Plaintiffs to conduct further investigation, if necessary;

**b.** A detailed description of any steps taken to remedy the circumstances resulting in the failure to comply, along with supporting documentation; and

**c.** Identification of all reasonable steps taken to ensure that such circumstances will be remedied going forward, as well as the belated certifications or reports themselves.

**4.** The District Attorney Defendants will further provide to Plaintiffs, on a monthly basis (covering any case in which any of the following activity occurred), a rolling summary of cases in which a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings has been filed. The rolling summary shall include the case caption, docket number, date of seizure, the date the case was initiated, the date the Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings was filed, the date(s) on which the Prompt Post-Seizure Hearing was scheduled and/or held, the disposition of the motion, and, for Claimants who prevailed, the actual date the property was released to the Claimant or his/her representative.

**5.** The District Attorney Defendants will further provide to Plaintiffs, within a reasonable time of Plaintiffs' request, any and all case documents, including any digital copies, of all recordings made of all proceedings related to a specific forfeiture case. Plaintiffs will bear any reasonable and necessary costs associated with such a request.

C.     **Substantial Noncompliance and Enforcement Procedures.**

The Court will retain oversight over Section VI of this Consent Decree for eighteen (18) months after the Effective Date through the following enforcement procedures.  Thereafter, the provisions of Section VI shall expire without further action by the Parties.

If Plaintiffs believe there has been substantial noncompliance with any material provision of Section VI of this Consent Decree, the Parties agree to the following procedure to resolve any dispute arising under Section VI:

1.  A claim of substantial noncompliance can be made on the ground that any of the Defendants failed to materially comply with their obligations under Section VI of this Consent Decree, including the monitoring and reporting requirements in Part B above.

2.  Plaintiffs will confer with the defendant in question over any claim of substantial noncompliance and the Parties will attempt to resolve any such claim in good faith.

3.  If the Parties are unable to resolve any claim of substantial noncompliance through this initial conference, Plaintiffs will submit a written Notice of Substantial Noncompliance to all Defendants, specifying their basis for believing there has been substantial noncompliance.

4.  Any of the Defendants may respond, in writing, to any such Notice of Substantial Noncompliance within thirty (30) days.

5.  Within fourteen (14) days after Defendants' service of their written responses on Plaintiffs, the Parties will again meet and confer to attempt to resolve the dispute in good faith without seeking court intervention.

**6.** In the event the Parties are unable to resolve the dispute, any party may petition the Court to order specific performance of Section VI of this Consent Decree.

**7.** The prevailing party on a claim of substantial noncompliance may petition the Court to extend the monitoring period and may seek an award of reasonable attorneys' fees and costs associated with drafting and litigating the Notice of Substantial Noncompliance against the noncomplying party, unless the Court finds that the claim of substantial noncompliance, although unsuccessful, was substantially justified.

## VII.   PERMANENT INJUNCTION

As part of this Consent Decree, and in addition to the requirements of Section VI, the Court permanently enjoins the following practices by the City Defendants and District Attorney Defendants:

45.     The City Defendants and District Attorney Defendants are permanently enjoined from seizing property for forfeiture, initiating forfeiture or related proceedings, or administering forfeiture, return-of-property, or related proceedings unless the property owner whose property has been seized or restrained has the option of receiving a prompt and meaningful post-deprivation hearing in which the property owner may challenge the bases for the seizure, restraint, and/or retention of their property.

46.     The City Defendants and District Attorney Defendants are permanently enjoined from adopting any policy or practice that denies property owners a prompt and meaningful post-deprivation hearing that substantially conforms with the hearing outlined in this Consent Decree.

47.     The City Defendants and District Attorney Defendants are permanently enjoined from seeking default judgment unless in accordance with the terms of this Consent Decree

(including the District Attorney's Office seeking one automatic continuance if a Claimant fails to appear and two additional continuances upon a Claimant's request, in order to permit Claimants additional opportunities to appear).

48.     The City Defendants and District Attorney Defendants are permanently enjoined from relisting forfeiture, return-of-property, or related proceedings unless in accordance with the terms of this Consent Decree.

49.     The City Defendants and District Attorney Defendants are permanently enjoined from conducting forfeiture, return-of-property, or related proceedings, unless before a neutral arbiter (a judicial officer of the Court of Common Pleas, and not an agent or employee of the District Attorney's Office).

50.     The City Defendants and District Attorney Defendants are permanently enjoined from requiring a property owner to affirmatively prove his or her own innocence in forfeiture, return-of-property, or related proceedings.

51.     The City Defendants and District Attorney Defendants are permanently enjoined from conducting forfeiture, return-of-property, or related proceedings without:

    a.   providing adequate notice of property owners constitutional and statutory rights and legal responsibilities in such proceedings;

    b.   using the Pennsylvania Civil Rules of Procedure;

    c.   conducting the proceedings in a timely manner;

    d.   declining to oppose a Claimant's Praecipe to Stay Forfeiture Proceedings or a Claimant's request for a continuance until further notice when there is a related criminal case pending; and

e. seeking a continuance staying the proceedings when a criminal case is pending related to the property at issue, once the Claimant files an answer in the forfeiture case.

## VIII. EFFECT OF CONSENT DECREE

The Parties hereby agree that:

52. This Consent Decree releases Defendants from all claims for injunctive relief or declaratory judgment that were or could have been asserted by Plaintiffs under Counts Three, Four, Six, and Seven of their Second Amended Complaint. This release of claims shall not prevent Plaintiffs from enforcing the provisions of the Permanent Injunction in Part VII above.

53. This Consent Decree is not, and may not be relied upon as, an admission of any wrongdoing or liability by any of the Defendants.

54. Nothing in this Consent Decree shall be deemed a waiver of any defense that the Defendants may have to any claim now pending, including claims for damages, or any claim that may be brought in the future.

55. This Consent Decree has no relevance to any attempt by the Plaintiffs to obtain certification of a class to pursue damages, and shall not be deemed a waiver of any ground the Defendants may have for opposing such class certification.

## IX. LAW OF THE CASE

56. In any future motions or lawsuits brought by Plaintiffs' Class Counsel against any of the Defendants that raise any of the claims brought in Plaintiffs' Second Amended Complaint, the law of this case (*Sourovelis v. City of Philadelphia, et al.*, Civil Action No. 2:14-cv-04687) shall apply.

## X.    CONSTRUCTION AND TERMINATION

57.    A motion seeking to modify or terminate this Consent Decree due to a change in law or legal precedent may be brought at any time by any of the Parties.

58.    Any notice required under this Agreement will be provided to counsel listed below.

## XI.    FJD DEFENDANT PROVISOS RELATED TO CLASS ACTION SETTLEMENT

59.    By September 18, 2018, Plaintiffs may move for leave to file a Third Amended Complaint alleging the existence of a Rule 23(b)(3) class for Counts 5 and 6 of the Second Amended Complaint.  The FJD Defendants agree not to contest this motion.

60.    Plaintiffs will move for preliminary approval of class certification and this Consent Decree on the Courtroom Claims.  Defendants agree not to contest this motion.

61.    The FJD Defendants agree not to contest Plaintiffs' motion for preliminary approval of class certification and the Proposed Consent Decree on Plaintiffs' Fifth and Sixth Claims for Relief.

62.    If the City Defendants, District Attorney Defendants, and Plaintiffs all agree to file a joint motion on a standard procedural matter necessary to the final settlement of this class-action lawsuit, the FJD Defendants agree to join the motion as well.  If the City Defendants, District Attorney Defendants, and Plaintiffs agree to file an uncontested motion on a standard procedural matter necessary to the final settlement of this class-action lawsuit, the FJD Defendants agree to not contest that motion.

63.    The FJD Defendants agree to post the court-approved notice of this Consent Decree and classwide resolution of this action in the "Court News" section of the website.

## XII.  ATTORNEYS' FEES

64.     Defendants shall not oppose a petition from Plaintiffs or Class Counsel to receive $2,630,000.00 in attorneys' fees from the City Defendants, the District Attorney Defendants, and the FJD Defendants, with half of this amount being paid within forty-five (45) days of the preliminary approval of the Consent Decree on Plaintiffs' Fifth and Sixth Claims for Relief and the other half being paid on or before August 30, 2019.

65.     Class Counsel agrees not to file a fee petition for more than $2,630,000.00 nor seek recovery of fees arising from obtaining approval of this Consent Decree, litigating appeals by third parties of such approval, or monitoring compliance with this Consent Decree.  However, Plaintiffs and Class Counsel may seek attorneys' fees related to enforcing any provision of this Consent Decree.

66.     Class Counsel agrees not to receive interest on the second payment of attorneys' fees.

67.     Should the Court award less than $2,630,000.00 in attorneys' fees, that decision shall have no impact on the remainder of this Agreement.

68.     Moreover, if this Consent Decree does not obtain full and final approval, Class Counsel shall return the full amount of the first attorneys' fees payment within forty-five (45) days of the court order denying or vacating final approval of this Consent Decree.

69.     In the event this action proceeds to litigation, nothing in this agreement precludes the ability of Plaintiffs or Class Counsel to seek all reasonable attorneys' fees and costs to which they are entitled by law.

Respectfully submitted,

*For Plaintiffs*

Date: _September 14, 2018_

**INSTITUTE FOR JUSTICE**

By: /s/ _Darpana M Sheth_
Darpana M. Sheth*
Robert P. Frommer*
Dan Alban*
Robert Peccola*
Milad Emam*
901 North Glebe Road, Suite 900
Arlington, VA 22203
Email: dsheth@ij.org; rfrommer@ij.org;
dalban@ij.org; rpeccola@ij.org
memam@ij.org
Tel: (703) 682-9320
Fax: (703) 682-9321
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

**KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN**

David Rudovsky (I.D. Number 15168)
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
Tel: (215) 925-4400
Email: drudovsky@krlawphila.com

*Local Counsel for Plaintiffs*

*For the District Attorney Defendants*

Date: _9/14/18_

By: _____
**DISTRICT ATTORNEY LAWRENCE S. KRASNER**

By: _____

**OFFICE OF THE DISTRICT ATTORNEY**
Peter Carr
Douglas M. Weck, Jr.
Nancy Winkelman
Three South Penn Square
Philadelphia, PA 19107
Tel: (215) 686-8787
Email: peter.carr@phila.gov; douglas.weck@phila.gov;
nancy.winkelman@phila.gov

*Counsel for Defendants Philadelphia District Attorney's Office
and District Attorney Lawrence S. Krasner*

*For the City Defendants*

Date: 9-11-18

By: *Marcel S. Pratt*
**CITY SOLICITOR MARCEL S. PRATT**

By: *MRM*
**CITY OF PHILADELPHIA LAW DEPARTMENT**
Michael R. Miller
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Tel: (215) 683-5444
Email: michael.r.miller@phila.gov

*Counsel for Defendants City of Philadelphia, Mayor James F. Kenney,*
*and Police Commissioner Richard Ross Jr.*

*For the FJD Defendants*

Date: _____9/12/18_____

By: _____
**PRESIDENT JUDGE SHEILA WOODS-SKIPPER**


By: _____
**ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS**
Michael Daley
Andrew Coval
Dominic Rossi
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Tel: (215) 560-6300
Email: legaldepartment@pacourts.us

*Attorneys for Defendants the Honorable Sheila A. Woods-Skipper,*
*the Honorable Jacqueline F. Allen, Joseph H. Evers, and Charles A. Mapp*

## <u>APPENDIX 1:  Monthly Compliance Reporting</u>

The following items shall be provided by the District Attorney Defendants to the Plaintiffs on a monthly basis to satisfy the compliance reporting described in Section VI(B) of the Consent Decree.  Together, these constitute one certification of compliance (or explanation of non-compliance) and four spreadsheet reports on specific topics.

1.  Certification of compliance with all listed items in Section VI(B)(1)-(2) and/or explanation of non-compliance as explained in Section VI(B)(3).

2.  Monthly spreadsheet report of **current total numbers** related to seizures/forfeitures, including:
    a.  Narcotics-based seizures by type of property
        (i)    Real property – residence
        (ii)   Real property – commercial or other
        (iii)  Cash
        (iv)   Vehicle
    b.  Active forfeiture cases by category (civil, common law, criminal)
    c.  Active forfeiture cases by type of property
        (i)    Real property – residence
        (ii)   Real property – commercial or other
        (iii)  Cash
        (iv)   Vehicle
        (v)    Other Personal Property
    d.  Number of forfeiture cases stayed due to pending criminal case
    e.  Number of automatic continuances sought due to Claimant unavailability
        (i)    "Free pass" continuances
        (ii)   "Upon request" continuances
    f.  Number of forfeiture cases resolved, with type of disposition (i.e., default judgment, dismissal, settlement, property returned to plaintiff, property forfeited after trial)

3.  Monthly spreadsheet report regarding the **timing** of seizure/forfeiture procedures.  For all current cases, list the following (if applicable) by providing the case caption, the docket number, and the actual number of days it took for the criteria to be satisfied:
    a.  Any case in which a forfeiture petition was filed more than ninety (90) days after the seizure
    b.  Any Forfeiture Petition for which service on the Claimant was not attempted within seven (7) days
    c.  Any Forfeiture Petition for which the Claimant was not served within forty-five (45) days
    d.  Any proof of service for a Forfeiture Petition not filed with the court within three (3) days of the date of service
    e.  Any forfeiture case in which the Pretrial Conference was not held within thirty-five (35) days of the date of the filing of the proof of service

    f. For any forfeiture case in which the property was ordered returned to the Claimant, and the property was not returned within seven (7) days of the date of the order, please explain why (Claimant hasn't claimed property, property cannot be located, etc.)

    g. For any forfeiture case which remains open more than one (1) year after the date of seizure, please provide the status of the case (e.g., pending trial, stayed, continued, etc.)

4. Monthly spreadsheet report on **how forfeited property was spent**, sold, distributed, or otherwise used

    a. Total amount of forfeiture revenue that month, by category of property:
        (i) Real property – residence
        (ii) Real property – commercial or other
        (iii) Cash
        (iv) Vehicle
        (v) Other Personal Property

    b. Disposition of non-cash property
        (i) If sold – total proceeds of sold property
        (ii) If kept – department/agency to which any property was transferred and for what purpose

    c. Expenditures of forfeiture funds that month
        (i) Specific line item expenses including:
            1. Name of recipient
            2. Cost
            3. Brief description of item/service purchased, including quantity if applicable
            4. Brief description of intended purpose for item/service
            5. For grants or any transfers of funds, any restrictions placed on the use of the funds

5. As described in Section VI(B)(4), a monthly rolling summary spreadsheet of cases in which a **Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings** has been filed, including

    a. Case caption
    b. Docket number
    c. Date of seizure
    d. Case initiation date (either date the Forfeiture Petition was filed or the date a Motion for Return/Release of Seized Property was filed)
    e. Date the Prompt Post-Seizure Hearing is scheduled and/or held
    f. Disposition of the motion (e.g., granted, denied, partially granted & partially denied)
    g. For claimants who prevailed, the actual date the property was released to the claimant or his/her representative

# PROPOSED CONSENT DECREE ON PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF REGARDING THE COURTROOM CLAIMS (CLAIMS THREE, FOUR, SIX, AND SEVEN)

# ATTACHMENT 1

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIACOUNTY**
**TRIAL DIVISION**

### General Court Regulation No. 01 of 2018

*Proceedings Seeking Forfeiture of Assets*

The procedures contained in this General Court Regulation apply to civil forfeiture proceedings, including but not limited to asset forfeiture proceedings commenced pursuant to the Act of June 29, 2017, P.L. 247, No. 13 § 9.

General Court Regulation No. 02 of 2016 issued on July 25, 2016 is rescinded effective on November 1, 2018.

## A. Initiation of Civil Forfeiture Proceedings by the Commonwealth

1. **Filing of Forfeiture Petition.** The *in rem* civil forfeiture proceeding shall be commenced within the time period specified by law by filing a Forfeiture Petition with the Office of Judicial Records, (formerly "Prothonotary," "Clerk of Quarter Sessions" and "Clerk of Courts").

   *Note:* The Petition, Answer, other pleadings and legal papers should be electronically filed with the Office of Judicial Records at its website www.courts.phila.gov. The Office of Judicial Records will also accept for filing the Petition, Answer and other pleadings and legal papers in a paper format through its office at the Justice Juanita Kidd Stout Center for Criminal Justice ("Stout Center"), Second Floor, Motions Counter, 1301 Filbert Street, Philadelphia, PA.

2. **Parties.** The Commonwealth of Pennsylvania shall be the "Plaintiff" and the property at issue shall be the "Defendant." The party or parties who have an interest in the property subject to forfeiture shall be referenced as "Claimant(s)."

3. **Content of Petition.** The Petition shall contain the following:
   a. A description of the property actually seized or constructively seized, including, if known, the address of any real property, the exact dollar amount of any United States currency, or the approximate value of any negotiable instrument or security and the make, model, year and license plate number of any vehicle.
   b. A statement of the time and place where seized.
   c. The owner, if known.
   d. The person or persons in possession at the time of seizure, if known.
   e. The related Offense Tracking Number (OTN), CPCMS criminal case number, and the criminal complaint, if applicable.
   f. The Property Receipt which describes the property seized.
   g. The Philadelphia Tracking Number (PID) of the claimant, if issued.
   h. The Philadelphia Police Department District Control number (DC#) associated with the seizure of the subject property, if one exists.
   i. An allegation that the property is subject to forfeiture and an averment of material facts supporting the forfeiture action.
   j. A prayer for an order of forfeiture that the property be adjudged forfeited to the Commonwealth unless cause is shown to the contrary.
   k. A verification pursuant to Pa.R.C.P. No. 1024 signed by the attorney for the Commonwealth.

**4. Notice to Defend**. The first page of the Petition shall be a Notice to Defend, signed as noted thereon, substantially as follows:

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## TRIAL DIVISION, CIVIL

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | : | **CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _** |
| **Plaintiff** | : | |
| **vs.** | : | **OTN #** |
| | : | **PID** |
| **[Description of Property Seized]** | : | **DC #** |
| **Defendant** | : | **PR #** |

**LOCATION OF SEIZURE:** _____

**OWNER OF PROPERTY:** _____

**PROPERTY SEIZED FROM:** _____

### NOTICE TO DEFEND: CIVIL ASSET FORFEITURE
### TO THE CLAIMANT OF WITHIN DESCRIBED PROPERTY:

**You are required to file a written Answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file the Answer, a decree of forfeiture and condemnation will be entered against the property.**

**A Pretrial Conference will be scheduled by the Court, and you should expect to receive a Notice of Pretrial Conference within a week or so after the Forfeiture Petition and this Notice to Defend are served on you. The date of the Pretrial Conference should be at least two weeks after you receive the Notice of Pretrial Conference which should allow you to attend the hearing. You or your attorney must attend this Pretrial Conference.**

**If you have been criminally charged in a case associated with the forfeiture matter, prior to filing an Answer to the Forfeiture Petition, you may file a *Praecipe to Stay the Forfeiture Proceedings* using the above-referenced caption and docket number. The forfeiture proceedings will be stayed by the Office of Judicial Records upon receipt of the *Praecipe.* However, please know that when the stay is lifted, you must file an Answer to the *Forfeiture Petition* within 30 days from the day the stay is lifted.**

**If you wish to seek the temporary release of your seized property while these forfeiture proceedings are pending, you may also file a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings*, pursuant to 42 Pa.C.S. §§ 5805(f) and 5806 at any time during the pendency of the Forfeiture Proceedings.**

Additionally, you should know that **you may request a jury trial**. However, the request must be made no later than twenty (20) days after the service of the last permissible pleading. You can request a jury either by indicating so on any Answer you file or by submitting and filing a separate request with the Office of Judicial Records, preferably electronically, or by mail or in person at the Justice Juanita Kidd Stout Center for Criminal Justice, Second Floor, Motion Counter, 1301 Filbert Street, Philadelphia, PA.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. YOU ARE NOT ENTITLED TO A COURT-APPOINTED LAWYER.

*Philadelphia Bar Association*
*Lawyer Referral and Information Service*
*1101 Market Street, 11th Floor*
*Philadelphia, Pennsylvania 19107*
*(215) 238-6333*
*TTY (215) 451-6197*

/s/

_____
Name of Person Signing and Title:
Attorney General, Deputy Attorney General,
District Attorney, Deputy District Attorney
or Assistant District Attorney
Date:

A copy of this Notice is also attached below as *Attachment A*. This Notice may be modified from time to time as may be appropriate, and the current version shall be posted on the website of the First Judicial District at: www.courts.phila.gov/forms.

**5. Service of the Petition.**

   a. **Personal Service. Service by Certified Mail.** The Commonwealth shall serve the Petition on the owner of the property, if known, and upon each person in possession of the property at the time of the seizure, if known. Service shall be accomplished by personal service or by certified mail.

      i. **Personal Service.** Personal service shall be made as provided in Pa.R.C.P. No. 400.1, and an Affidavit of Service signed by the server, setting forth the date, time and location of service on the Claimant must be filed with the Office of Judicial Records, as soon as practicable after service is accomplished.

      ii. **Service by Certified Mail.** Service by mail shall be made as provided in Pa.R.C.P. No. 403 and must require a receipt signed by the Claimant. Service is complete upon delivery of the mail, and the Plaintiff shall file an Affidavit of Service, and attach the receipt signed by the Claimant, with the Office of Judicial Records, as soon as practicable after service is accomplished.

      iii. **Service Address.** In the event the Claimant was served at an address other than that stated in the Forfeiture Petition, or if the Claimant's address for subsequent service of legal papers other than original process, pursuant to Pa.R.C.P. No. 440, is different than that stated in the Forfeiture Petition, the Commonwealth shall file a *Praecipe* with the Office of Judicial Records providing the address to which legal papers may be served on the Claimant. The *Praecipe* shall be substantially in the form attached below as *Attachment B*.

   b. **Substitute Service.** If (i) the owner of the property is unknown, (ii) there was no person in possession of the property when seized or (iii) the owner or each person in possession at the time of the seizure cannot be personally served or located within the jurisdiction of

the court, notice of the filing of the petition shall be given by the Commonwealth through an advertisement in at least one newspaper of general circulation published in the county where the property has been seized, once a week for two successive weeks.

The substitute notice shall contain a statement of the seizure of the property with a description of the property and the place and date of seizure and shall direct any claimants to the property to file a claim on or before a date given in the notice, which shall not be less than 30 days from the date of the first publication. If no claims are filed within 30 days of publication, the Commonwealth may move for default judgment. The Plaintiff shall file an *Affidavit of Substitutes Service*, substantially in the form attached below as *Attachment C*, referencing advertising of the filing of the Forfeiture Petition and shall attach proof of the advertising.

6. **Answer.**
   a. **Filing.** As provided in 42 Pa.C.S. § 5805, a claimant shall file an *Answer* setting forth their title in and right to possession of the property, within thirty (30) days from the service of the Petition, or at any other time agreed upon by the parties, or as ordered by the court. Provided, however, that if the claimant has been criminally charged in a case associated with the forfeiture matter and files a *Praecipe to Stay Forfeiture Proceedings*, as provided in Section 8, the Claimant shall have thirty (30) days to file an *Answer* from the date the stay is lifted.
   b. **Service.** The Claimant must serve the District Attorney or Attorney General who has jurisdiction over the case, and must file proof of service with the Office of Judicial Records. However, the District Attorney's Office has agreed to be served by the Office of Judicial Records upon its receipt and acceptance of the Answer.

7. **Failure to File an Answer.** If an Answer is not filed as required above, the Plaintiff may seek the entry of judgment by default by complying with the provisions of Pa.R.C.P. No. 237.1, or by seeking any appropriate relief by filing an appropriate motion, as more fully set forth below.

8. **Motion Practice.**
   a. After the commencement of a forfeiture action, the Plaintiff and Claimant(s) may file motions, including but not limited to the following:
      i. **Motion for Default Order of Forfeiture.** Plaintiff may seek the entry of a default forfeiture order if the Forfeiture Petition was served but an Answer was not filed as required under Section 6. If the Claimant attends the hearing scheduled on this Motion, a Pretrial or Status Conference shall be held. Unless the parties otherwise agree, the judge may order the Claimant to file an Answer by a date certain, and may enter an order granting the Forfeiture Petition if an Answer is not filed by that date.

      ii. **Praecipe to Stay Forfeiture Proceedings.**
         Consistent with 42 Pa.C.S. § 5805(a)(2)(ii), a Claimant who has been criminally charged in a case associated with the Forfeiture Petition may, prior to filing an Answer to the Forfeiture Petition, file a *Praecipe to Stay the Forfeiture Proceedings,* substantially in the form attached below as *Attachment D,* pending disposition of the criminal case(s).
         (a) Upon the filing of the *Praecipe*, the Office of Judicial Records shall stay the forfeiture proceedings. The stay shall remain in effect until the earlier of:
            (1) the issuance of a sentencing order, which is deemed to be the conclusion of the criminal proceedings for purposes of the asset forfeiture proceeding. The

Commonwealth must file a *Praecipe to Lift the Stay of Forfeiture Proceedings*, substantially in the form attached below as *Attachment E,* with the Office of Judicial Records and a status conference will be scheduled; or

(2) the filing of a *Praecipe* by the Claimant to lift the stay.

(b) Upon the lifting of the stay, the Claimant must file an Answer within thirty (30) days, and the Office of Judicial Records shall schedule a Status Conference.

(c) The Stay does not affect a Claimant's ability to file a *Motion for Release of Property Pending the Conclusion of the Forfeiture Proceedings* under 42 Pa.C.S. §§ 5805(f), 5806.

iii. **Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings Pursuant to Sections 5805(f) and 5806.** Any time after the commencement of civil forfeiture proceedings as provided in this General Court Regulation, the Claimant may seek the release of the seized property pending the conclusion of the forfeiture proceedings, as provided in 42 Pa.C.S. § 5805 (f), by filing a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings*. A Claimant may also file a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* to commence the civil action, even if civil forfeiture proceedings have not yet been commenced, as provided in Section B below.

(a) **Contents of Motion.** The Motion shall set forth the basis for seeking the immediate release of the seized property as provided in Section 5805(f)(1), if applicable. The *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* shall be substantially as attached below as *Attachment E.*

(b) **Service.** The Claimant must serve the Motion on the District Attorney or Attorney General who has jurisdiction over the case, and must file proof of service with the Office of Judicial Records. However, the District Attorney's Office has agreed to be served by the Office of Judicial Records upon its receipt and acceptance of the *Motion*.

(c) **Hearing.** The Office of Judicial Records shall schedule a hearing on the motion, as practicable and consistent with the interests of justice, but no later than for a date within ten (10) business days of the filing of the Motion or, when required, the filing of proof of service of the Motion by the Claimant.

iv. **Motion for Judgment on the Pleadings**, as provided in Pa.R.C.P. No. 1035 *et seq*., if the Claimant attends the hearing scheduled in connection with this Motion, the hearing shall be converted to a Pretrial Conference or Status Conference.

v. **Motion for Summary Judgment**, as provided in Section 1035.1 *et seq*., if the Claimant attends the hearing scheduled in connection with this Motion, the hearing shall be converted to a Pretrial Conference or Status Conference.

b. All Motions shall be filed utilizing the Miscellaneous Docket number assigned by the Office of Judicial Records to the Forfeiture Petition.

c. The Claimant must serve any Motions, Answers or Responses filed by the Claimant on the District Attorney or Attorney General who has jurisdiction over the case, and must file proof of service with the Office of Judicial Records. However, the District Attorney's

Office has agreed to be served by the Office of Judicial Records upon its receipt and acceptance of the Motion, Answer or Response.

    d. All motions will be assigned to a judge for disposition and, as practicable, shall be assigned to the same judge.

9. **Jury Demand**. A jury trial may be demanded by the Plaintiff or Claimant(s). Pursuant to Pa. R.C.P. No. 1007.l (a), the right to jury trial shall be deemed waived unless a party files of record and serves on the adverse party a demand for jury trial no later than twenty (20) days after the service of the last permissible pleading. The Jury Demand shall be made by endorsement on a pleading or by a separate writing, substantially in the form attached below as *Attachment G*. A jury trial may be waived as provided in Pa.R.C.P. No. 1007.1(c)(2).

10. **Scheduling of a Pretrial Conference**.
    a. The Office of Judicial Records shall schedule a Pretrial Conference to be held within thirty (30) days from the date the Forfeiture Petition is served by the Commonwealth on the owner(s) or person(s) in possession at the time of the seizure of the property.
    b. The Pretrial Conference shall be scheduled and the Notice of Pretrial Conference shall be mailed within seven days of the filing of proof of service of the Forfeiture Petition and the date of the Pretrial Conference shall be approximately thirty days after service of the Forfeiture Petition.
    c. A draft *Notice of Pretrial Conference* is attached below as *Attachment H*. This Notice may be modified from time to time by the Court as may be appropriate.

11. **Pretrial Conference**.
    a. The Pretrial Conference shall be conducted by a judicial officer (a judge or trial commissioner) who shall provide important information to the Claimant regarding the proceedings in an oral and written format. The following issues shall be addressed:

        i. Whether the Forfeiture Petition and related documents were served on the owner of the above-referenced Property or upon the person or persons in possession of the property at the time of the seizure. If service could not effectuated, the Pretrial Conference will be rescheduled to a date certain to enable the Plaintiff to effectuate service.
        ii. Whether an Answer was filed. If an Answer has not been filed, whether there is agreement that an Answer may be filed within an agreed-upon period of time.
        iii. Whether the Claimant is represented by counsel. The Claimant shall be informed that the Claimant is entitled to counsel, but is not entitled to court-appointed counsel.
        iv. Whether the Claimant has requested, or intends to request, a jury trial. The Claimant shall be informed that the Claimant is entitled to a jury trial, and that in order to obtain a jury trial, the Claimant must file a written request for a jury trial no later than twenty (20) days after the service of the last permissible pleading and pay the required Jury fee.
        v. Whether the proceedings may be resolved by agreement.
        vi. If the Plaintiff and Claimant indicate that an agreement has been reached, the proceeding shall be referred to a Judge for approval. If a Judge is not available, the case shall be rescheduled before a Judge as soon as practicable. In order to approve the settlement, the judge must be satisfied that the claimant is entering into the agreement knowingly, voluntarily and intelligently and that the Claimant understands that he/she is entitled to a hearing on the merits, along with other factors that may be required by law.
        vii. Whether there are any factual issues upon which the parties agree.

viii.  Whether discovery is necessary, and if so, if an Answer has been filed, the terms of discovery and a discovery schedule shall be established.

ix.  Whether the Claimant has filed a *Praecipe to Stay Forfeiture Proceedings* pursuant to 42 Pa.C.S. § 5805(a)(2)(ii), a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* pursuant to 42 Pa.C.S. §§ 5805(f) and 5806, a *Motion for Return of Property* pursuant to Pa.R.Crim.P. 588 and Phila. Crim. R. *588, or is seeking other post-deprivation relief.

x.  Whether a trial date can be scheduled or must be scheduled.

xi.  Any other procedural issues impacting the forfeiture of the seized property or the owner(s) thereof.

b.  On the day of the Pretrial Conference, a Trial Commissioner may be assigned to review the status of the matter and to determine whether the Pretrial Conference is ready to proceed before the assigned judge on the scheduled date. In the event the Pretrial Conference cannot proceed as scheduled, the Trial Commissioner may reschedule the Pretrial Conference, but shall not take any dispositive action.

c.  If the Pretrial Conference is continued, any subsequent continuance requests by either party must be decided by the assigned Judge sitting that day.

**12. Default Proceedings.**

a.  If an Answer is not filed as required, the Plaintiff may seek the entry of judgment pursuant to law and rules of court including, but not limited to the following:

i.  by default by complying with the provisions of Pa.R.C.P. No. 237.1;

ii.  by filing a motion for judgment on the pleading pursuant to Pa.R.C.P. No. 1034, in which case, the court shall enter such judgment or order as shall be proper on the pleadings;

iii.  by filing a motion for summary judgment pursuant to Pa.R.C.P. No. 1035.2;

iv.  by filing a motion for default order; or

v.  by filing any other appropriate motion.

b.  If the Claimant attends the hearing scheduled in connection with any of the above motions, the hearing shall be converted to a Pretrial Conference or Status Conference.

**13. Trial or Hearing**. On the filing of an Answer setting forth a right of possession, the case shall be deemed at issue and a date and time shall be fixed for the trial.

**14. Burden of Proof.** The burden of proof shall be as set forth in 42 Pa.C.S. § 5805(j) and as otherwise provided by law.

**15. Appeal**. No post-trial motions need to be filed to the final order or judgment entered by the court. Appeals may be filed pursuant to Pa.R.A.P. 903.

**16. Other Applicable Rules of Civil Procedure**. The Pennsylvania Rules of Civil Procedure shall apply to fill procedural gaps arising from the various statutory provisions governing civil forfeitures.

**17. Minors as Parties.** In the event the owner or person or persons in possession of the seized property is a minor, the Commonwealth shall serve the minor and shall bring to the Court's attention the minority of the owner or person in possession. The Court shall determine to

what extent a parent or natural guardian may need to represent the minor's interests consistent with Pa.R.C.P. No. 2026 *et seq.*

**B. Claimant's Initiation of Civil Proceedings by Filing a Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings**

A Claimant may initiate civil proceedings, before the Commonwealth files a Forfeiture Petition as provided in Section A., by filing a *Motion for Release of Seized Property Pending the Conclusion of the* Proceedings Pursuant to 42 Pa.C.S. §§ 5805(f) and 5806.

1. **Filing of Motion for Release of Seized Property Pending the Conclusion of the Proceedings.** The *in rem* civil proceedings may be commenced by the Claimant through the filing of a *Motion*, setting forth the information identified in Sections 5805 (f)(1) and 5806, with the Office of Judicial Records.

2. **Contents of Motion**. See Section A. 8. a. iii. above for more information regarding the contents of the Motion.

3. **Service.** The claimant must serve the District Attorney or Attorney General who has jurisdiction over the case, and must file proof of service with the Office of Judicial Records. However, the District Attorney's Office has agreed to be served by the Office of Judicial Records upon its receipt and acceptance of the Motion.

4. **Hearing. The Office of Judicial Records** shall schedule a hearing on the Motion, as practicable and consistent with the interests of justice, but no later than for a date within ten (10) business days of the filing of the Motion or, when required, the filing of proof of service of the Motion by the Claimant.

5. **Order.** The Court will enter an appropriate order as provided in Section 5805 (f)(5).

This General Court Regulation is issued in accordance with the April 11, 1986 order of the Supreme Court of Pennsylvania, Eastern District, No. 55 Judicial Administration, Docket No. 1, and shall be filed with the Office of Judicial Records (formerly the *Prothonotary*, *Clerk of Quarter Sessions* and *Clerk of Courts*) in a docket maintained for Orders and General Court Regulations issued by the First Judicial District of Pennsylvania. Two certified copies of this General Court Regulation, and one copy on a computer diskette, shall be distributed to the Legislative Reference Bureau for publication in the *Pennsylvania Bulletin*. Copies will be submitted to *American Lawyer Media, Jenkins Memorial Law Library*, and the Law Library for the First Judicial District shall be published in *The Legal Intelligencer* and posted on the First Judicial District's website at *http://courts.phila.gov*. This General Court Regulation will become effective on November 1, 2018.

**BY THE COURT:**

**/s/ Jacqueline F. Allen**

**Date**:   August 31, 2018

_____

**HONORABLE JACQUELINE F. ALLEN**
Administrative Judge, Trial Division
Court of Common Pleas, Philadelphia County

### _Attachment A_

| | | |
|---|---|---|
| Commonwealth of Pennsylvania : | CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _ | |
| **Plaintiff** | | |
| vs. : | OTN # | |
| | PID | |
| [Description of Property Seized]  : | DC # | |
| **Defendant** : | PR # | |

LOCATION OF SEIZURE: _____

OWNER OF PROPERTY: _____

PROPERTY SEIZED FROM: _____

### NOTICE TO DEFEND: CIVIL ASSET FORFEITURE
### TO THE CLAIMANT OF WITHIN DESCRIBED PROPERTY:

**You are required to file a written Answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file the Answer, a decree of forfeiture and condemnation will be entered against the property.**

**A Pretrial Conference will be scheduled by the Court, and you should expect to receive a Notice of Pretrial Conference within a week or so after the Forfeiture Petition and this Notice to Defend are served on you. The date of the Pretrial Conference should be at least two weeks after you receive the Notice of Pretrial Conference which should allow you to attend the hearing. You or your attorney must attend this Pretrial Conference.**

**If you have been criminally charged in a case associated with the forfeiture matter, prior to filing an Answer to the Forfeiture Petition, you may file a _Praecipe to Stay the Forfeiture Proceedings_ using the above-referenced caption and docket number. The forfeiture proceedings will be stayed by the Office of Judicial Records upon receipt of the _Praecipe_. However, please know that when the stay is lifted, you must file an Answer to the _Forfeiture Petition_ within 30 days from the day the stay is lifted.**

**If you wish to seek the temporary release of your seized property while these forfeiture proceedings are pending, you may also file a _Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings_, pursuant to 42 Pa.C.S. §§ 5805(f) and 5806 at any time during the pendency of the Forfeiture Proceedings.**

Additionally, you should know that **you may request a jury trial**. However, the request must be made no later than twenty (20) days after the service of the last permissible pleading. You can request a jury either by indicating so on any Answer you file or by submitting and filing a separate request with the Office of Judicial Records, preferably electronically, or by mail or in person at the Justice Juanita Kidd Stout Center for Criminal Justice, Second Floor, Motion Counter, 1301 Filbert Street, Philadelphia, PA.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBILE PERSONS AT A REDUCED FEE OR NO FEE. YOU ARE NOT ENTITLED TO A COURT-APPOINTED LAWYER.

_Philadelphia Bar Association_
_Lawyer Referral and Information Service_
_1101 Market Street, 11th Floor_
_Philadelphia, Pennsylvania 19107_
_(215) 238-6333_
_TTY (215) 451-6197_

_____
Name:
Title:
Date:

*Attachment B*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## TRIAL DIVISION, CIVIL

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | **:** | **CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _** |
| **Plaintiff** | | |
| **vs.** | **:** | **OTN #** |
| | | **PID** |
| **[Description of Property Seized]** | **:** | **DC #** |
| **Defendant** | **:** | **PR #** |

## *PRAECIPE - CLAIMANT'S CHANGE OF ADDRESS*

**TO THE OFFICE OF JUDICIAL RECORDS:**

Kindly update the Claimant's address for purposes of service of legal papers other than

original process, and for giving notices pursuant to Pa.R.C.P. No. 236 to the following address:

Name:

Address:

Date: _____          _____

                              Assistant District Attorney/PA Attorney General

*Attachment C*

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## Court of Common Pleas of Philadelphia County
### Trial Division, Civil

| | | |
|---|---|---|
| **In Re:** | : | **Forfeiture Petition** |
| | : | **Receipt No.** _____ |
| _____ | : | |
| | : | No. _ _ -51-_ _ - _ _ _ _ _ _ _ - _ _ _ _ |

### *AFFIDAVIT OF SUBSTITUTED SERVICE*

TO THE OFFICE OF JUDICIAL RECORDS:

The Commonwealth effectuated service of its *Forfeiture Petition* by Substituted Service pursuant to 42 Pa.C.S. § 5805 (c), due to the following:

☐ the owner of the property is unknown.

☐ there was no person in possession of the property when seized.

☐ _____, the owner(s) or person(s) in possession at the time of the seizure cannot be personally served or located within the jurisdiction of the court despite the following efforts by the Commonwealth:

(*Set forth below in detail the efforts made to serve the owner(s)/person(s) in possession*)

Notice of the filing of the Forfeiture Petition, containing the information required by 42 Pa.C.S. § 5805, shall be given through an advertisement in one newspaper of general circulation published in Philadelphia County once a week for two successive weeks. Proof of Publication shall be filed with the Office of Judicial Records. After publication, any other notice to the owner, person in possession or other interested party deemed served by publication shall be provided, as appropriate, by regular mail if a last known address is known.

Date: _____            _____

                                              Assistant District Attorney/PA Attorney General

*Attachment D*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## TRIAL DIVISION, CIVIL

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | **:** | **CP - 51- MD -**_ _ _ _ _ _ _ **-** _ _ _ _ |
| **Plaintiff** | | |
| **vs.** | **:** | **OTN #** |
| | | **PID** |
| **[Description of Property Seized]** | **:** | **DC #** |
| **Defendant** | **:** | **PR #** |

**LOCATION OF SEIZURE:** _____

**PROPERTY SEIZED FROM:** _____

**NAME OF CLAIMANT:** _____

### *PRAECIPE TO STAY FORFEITURE PROCEEDINGS*

Claimant, _____, requests that pursuant to 42 Pa.C.S. § 5805(a)(2)(ii) and Trial Division General Court Regulation No. 01 of 2018, the Forfeiture Proceedings be Stayed until the earlier of the disposition of the criminal case(s) related to the seized property or until Claimant's request to lift the Stay.

I understand that I may file a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* even after this Stay is granted.

_____

Claimant
Date:

*Attachment E*

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**TRIAL DIVISION, CIVIL**

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | **:** | **CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _** |
| **Plaintiff** | | |
| **vs.** | **:** | **OTN #** |
| | | **PID** |
| **[Description of Property Seized]** | **:** | **DC #** |
| **Defendant** | **:** | **PR #** |

**LOCATION OF SEIZURE:** _____

**PROPERTY SEIZED FROM:** _____

**NAME OF CLAIMANT:** _____

**_PRAECIPE TO LIFT STAY OF FORFEITURE PROCEEDINGS_**

The undersigned requests that the Stay of Forfeiture Proceeding entered on

_____ is lifted at the request of

☐ Claimant _____; ☐ the Commonwealth

_____

[Claimant] [Commonwealth of Pennsylvania]
Date:

*Attachment F*

For Official Use Only – Bar Code

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## Motion for the Release of Seized Property
### Pending the Conclusion of the Forfeiture Proceedings
Pursuant to 42 Pa. C.S. §§ 5805(f) and 5806

| *Motion Must Be Filed with the* **Office of Judicial Records** Justice Juanita Kidd Stout Center for Criminal Justice 1301 Filbert Street, Motions Counter (Second Floor), Philadelphia, PA 19107 *(Petitioner: See Reverse Side for Service Information)* | FOR OFFICIAL USE ONLY- CAPTION (PROPERTY DESCRIPTION) In Re: CPCMS No. _ _ -51-MD - _ _ _ _ _ _ _ - _ _ _ _ |
|---|---|
| NAME OF PETITIONER *(Person filing this Motion)* | PP No. |
| PETITIONER'S CURRENT ADDRESS | TELEPHONE NO. |

*Motion for the Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, pursuant to 42 Pa. C.S. § 5805(f)& § 5806*

1) I, the above named Petitioner, represent that I am entitled to lawful possession of the property described and identified below, and request this Honorable Court to release the property to me pending the conclusion of the Forfeiture Proceedings, and in support of my request I aver as follows:

| 2) NAME AND ADDRESS OF PERSON IN POSSESSION OF PROPERTY WHEN SEIZED | 3) NAME AND ADDRESS OF THE OWNER, IF KNOWN |
|---|---|
| POLICE PROPERTY RECEIPT NUMBER (Attach Receipt) | DATE PROPERTY SEIZED | LOCATION OF PROPERTY WHEN SEIZED |
| NAME OF LAW ENFORCEMENT OFFICER WHO SEIZED PROPERY, IF KNOWN | BADGE NUMBER, IF KNOWN |

DESCRIPTION OF PROPERTY

| ADDRESS OF PROPERTY, IF PROPERTY SEIZED IS REAL ESTATE | VIN NUMBER, IF PROPERTY SEIZED IS A MOTOR VEHICLE |
|---|---|

ARE THERE ANY PENDING MATTERS RELATED TO THE SUBJECT PROPERTY (SUCH AS FORFEITURE)?  ☐ Yes  ☐ No
If Yes, Case ID(s) assigned to the pending matter(s):

☐ I have not filed a Motion for the Return of Property pursuant to Pa.R.Crim. P. 588 and Phila.Crim.R. 588.
☐ I have filed a Motion for the Return of Property pursuant to Pa.R.Crim. P. 588 and Phila.Crim.R. 588. The Case ID is:

### Basis for the Motion
The legal/factual basis for this motion is/are *(more than one may apply, attach additional pages as necessary)*:
☐ A. The Commonwealth lacked probable cause for the seizure of the property.
☐ B. The likelihood that the Commonwealth will prevail on the merits is low, including overcoming 'innocent owner' or other defenses.
The balance of equities favors the return of my property during the pendency of the civil forfeiture proceedings because my likely hardship outweighs the risk that the property will be destroyed, damaged, lost, concealed or transferred. In addition, I aver that:
*(In order to set forth the basis on which these requirements have been met attach additional proof or documentation and explain each item in detail if possible)*
1. I have a possessory interest in the property.

2. I have sufficient ties to the community to assure that the property will be available at the time of the trial.

3. The hardship I will suffer from the Commonwealth's continued possession of my property (such as preventing the functioning of my legitimate business, preventing me from working or leaving me homeless) outweighs the risk that the property will be destroyed, damaged, lost, concealed or transferred if the property is returned to me during the pendency of the forfeiture proceeding.

4. The property seized is not contraband, not evidence of a violation of the law, not particularly suited for use in illegal activities, and will not be used to commit additional criminal acts if it is returned to me.
☐ D. Other:_____

### Requested Relief
I request that the Court order the Commonwealth to:  ☐Return my property.  ☐ Reimburse me for my legal interest in the property.
☐Sever my property from the forfeited property.  ☐Provide any relief the court deems appropriate and just.

### VERIFICATION
I, being duly sworn according to law, depose and say that I am the Petitioner in this action and that the facts and statements I have provided in this *Motion for the Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* are true and correct to the best of my knowledge, information and belief.
I verify that the statements made are true and correct. I understand that any false statements I have made in this *Motion* are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities (perjury).

| _____ | _____ | _____ |
|---|---|---|
| Date | Type Name of Petitioner | Signature of Petitioner |

*Attachment G*

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**TRIAL DIVISION, CIVIL**

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | **:** | **CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _** |
| **Plaintiff** | | |
| **vs.** | **:** | **OTN #** |
| | | **PID** |
| **[Description of Property Seized]** | **:** | **DC #** |
| **Defendant** | **:** | **PR #** |

**LOCATION OF SEIZURE:** _____

**PROPERTY SEIZED FROM:** _____

**NAME OF CLAIMANT:** _____

**JURY TRIAL DEMAND**

Claimant, _____, requests a Jury Trial as provided in Pa.R.C.P.

No. 1007.1 and Phila. Civ.R. *1007.1 and *1007.2.

_____

Claimant
Date:

## *Attachment H*

**Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1ˢᵗ Judicial District**



| NOTICE OF PRETRIAL CONFERENCE |
| Forfeiture Proceedings |

Commonwealth v. [Describe Property], Defendant
Docket No. CP-51-MD--

Property Receipt No.:
Date Seized:
Location:

**You are hereby DIRECTED to appear for a Pretrial Conference in the above-captioned Forfeiture proceeding to be held as follows:**

| | Location: Courtroom ___ |
|---|---|
| Date: | Justice Juanita Kidd Stout Center for Criminal Justice |
| | 1301 Filbert Street |
| Time: | Philadelphia, PA 19107 |

On the above date, a Pretrial Conference will be held. The following issues shall be addressed:

a. Whether the Forfeiture Petition and related documents were served on the owner of the above-referenced property or upon the person or persons in possession of the property at the time of the seizure. If service could not effectuated, the Pretrial Conference will be rescheduled to a date certain to enable the Plaintiff to effectuate service.
b. Whether an Answer was filed. If an Answer has not been filed, whether there is agreement that an Answer may be filed within an agreed-upon period of time.
c. Whether the Claimant is represented by counsel. The Claimant shall be informed that the Claimant is entitled to counsel, but is not entitled to court-appointed counsel.
d. Whether the Claimant has requested, or intends to request, a jury trial. The Claimant shall be informed that the Claimant is entitled to a jury trial, and that in order to obtain a jury trial the Claimant must file a written request for a jury trial no later than twenty (20) days after the service of the last permissible pleading and pay the required Jury fee, $247.94.
e. Whether the proceedings may be resolved by agreement.
f. If the Plaintiff and Claimant indicate that an agreement has been reached, the proceeding shall be referred to a Judge for approval. If a Judge is not available, the case shall be rescheduled before a Judge as soon as practicable. In order to approve the settlement, the Judge must be satisfied that the Claimant is entering into the agreement knowingly, voluntarily and intelligently and that the Claimant understands that he/she is entitled to a hearing on the merits, along with other factors that may be required by law.
g. Whether there are any factual issues upon which the parties agree.
h. Whether discovery is necessary, and if so, if an Answer has been filed, the terms of discovery and a discovery schedule shall be established.
i. Whether the Claimant has filed a *Praecipe to Stay Forfeiture Proceedings* pursuant to 42 Pa.C.S. § 5805(a)(2)(ii), a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* pursuant to 42 Pa.C.S. §§ 5805(f) and 5806, a *Motion for Return of Property* pursuant to Pa.R.Crim.P. 588 and Phila. R. Crim. P. *588, or is seeking other post-deprivation relief.
j. Whether a trial date can be scheduled or must be rescheduled.
k. Any other procedural issues impacting the forfeiture of the seized property or the owner(s) thereof.

TO THE CLAIMANT: Should you receive this Notice less than 14 days before the hearing date, and should you be unable to attend the hearing, kindly contact the District Attorney's office at 215-666-xxxx and request that they ask the Court to continue the hearing to enable you to attend the rescheduled Pretrial Conference.

**PROPOSED CONSENT DECREE ON
PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF
REGARDING THE COURTROOM CLAIMS
(CLAIMS THREE, FOUR, SIX, AND SEVEN)**

# ATTACHMENT 2

## Important Information:
## Forfeiture Proceedings and Pretrial Conference

After you are served with a Forfeiture Petition, you should expect to receive notice by mail, within a week or so, from the Court regarding the date of your Pretrial Conference. **The date of this Pretrial Conference will be <u>approximately 30 days after you are served</u> with the enclosed Forfeiture Petition**. You or your attorney must attend this Pretrial Conference.

When you receive the Notice of Pretrial Conference, if you are unable to attend because of a work commitment or other important obligation, you should contact the District Attorney's Office as soon as possible and ask them to ask the Court for a continuance so that you can attend the Pretrial Conference on the rescheduled date.

At the Pretrial Conference, if you do not speak or understand the English language, the Court will assign an interpreter according to the Unified Judicial System's Language Access Plan.

A Trial Commissioner, not a judge, will conduct the Pretrial Conference.

The Forfeiture Proceedings are civil cases and not criminal cases. The court cannot appoint an attorney to represent you in civil cases. You can hire an attorney to represent you. If you want to obtain counsel, and you need time to do so, please let the Trial Commissioner know when your case is called. If you choose to represent yourself, you should know that civil proceedings and civil rules can be complicated, and you will be expected to know and follow all of the rules which apply to civil cases just as lawyers are. Neither the Trial Commissioner nor other court employees are authorized to give you legal advice.

If you are represented in a criminal case which is related to the property seized, you should ask that attorney to help you with this case, or at least to inform you what rights you have.

**It is recommended that you retain an attorney**, but below is some important information about the civil proceedings if you choose to represent yourself.

1) Civil Forfeiture is an action brought against the offending property and not against any individuals. The guilt or innocence of the property owner is not determinative, and property owners need not be convicted of, or even charged with, any wrongdoing for civil forfeiture to go forward. Civil forfeiture is based on the legal proposition that property— homes, vessels, cars, and even cash—can be guilty of wrongdoing and thereby subject to forfeiture to the government.

2) You have the right to a jury trial in a civil forfeiture case. However, note that there are time limitations governing jury demands and a jury fee must be paid. Under Pa. R.C.P. No. 1007, the right to demand a jury is deemed waived unless a party files a jury demand not later than twenty (20) days after service of the last permissible pleading. A jury demand may be easily included on an Answer and New Matter, or may be endorsed on a separate filing. The Jury fee is $247.94.

3) To dispute the forfeiture and to prevent you from losing your property, **<u>you are required to file an Answer to the Forfeiture Petition within 30 days of the date you are served with the Forfeiture Petition</u>** by the Commonwealth (the District Attorney or Attorney General's Office). **You may file an Answer on the date of your Pretrial Conference, or**

**you may request additional time to prepare and file your Answer.** Answers are not deemed filed until they are received and accepted for filing by the Office of Judicial Records. The Court cannot help you to prepare your Answer.

4) **If you have been criminally charged in a case associated with the forfeiture matter**, you may file a *Praecipe to Stay the Forfeiture Proceedings* prior to filing an Answer to the Forfeiture Petition. The forfeiture proceedings will be stayed by the Office of Judicial Records upon receipt of the *Praecipe.* However, please know that when the stay is lifted, you must file an Answer to the *Forfeiture Petition* within 30 days from the day the stay is lifted.

5) **If you wish to seek the temporary release of your seized property while these forfeiture proceedings are pending**, you may also file a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings*, pursuant to 42 Pa.C.S. §§ 5805(f) and 5806 at any time after your property has been seized, including during the pendency of the forfeiture proceedings.

6) You and the Commonwealth are permitted to ask written questions and seek documents related to the forfeiture petition. This is called "discovery" and the written questions are called "Interrogatories." When your case is called, the Commonwealth may serve you with its interrogatories. If you don't respond to discovery in a timely manner, that is thirty days, then the Commonwealth can ask the court to impose a penalty including default judgment, which is an order by a Judge directing that the property be given to the Commonwealth. The Commonwealth can also obtain a default judgment if you fail to appear for status listings in your case.

7) Based on the information you provide through discovery, the DA's Office may agree to the return of your property or may agree to a settlement. In such an event, the assistant DA will convey a proposed settlement agreement. If you agree to the settlement, it must be signed by both parties and presented to the judge for approval. If you do not accept the settlement, your case will proceed to trial.

8) You must attend all scheduled Pretrial Conferences, Status Conferences and scheduled hearings or trials.

9) A new law which was recently adopted (Act 13 of 2017) gives the owner of property seized by the Police/Commonwealth the ability, in a civil action or case, to ask the Court to:

   a) stay (place on hold) the forfeiture proceedings if the owner of the property has been charged with a crime;

   b) release the seized property until the case is over; and

   c) return the property to the owner.

10) The Court of Common Pleas has adopted a General Court Regulation which provides more details about forfeiture proceedings: Trial Division General Court Regulation No. 01 of 2018. It is available on the Court's website at www.courts.phila.gov/regs.

**You should consult an attorney who can give you legal advice on what you need to do to safeguard your property rights in the seized property as well as any legal rights you may have in connection with the criminal case.**

**PROPOSED CONSENT DECREE ON
PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF
REGARDING THE COURTROOM CLAIMS
(CLAIMS THREE, FOUR, SIX, AND SEVEN)**

# ATTACHMENT 3

**Commonwealth of Pennsylvania**
**Court of Common Pleas**
**County of Philadelphia**
**1ˢᵗ Judicial District**



Commonwealth v. [Describe Property], Defendant
Docket No. CP-51-MD--

Property Receipt No.:
Date Seized:
Location:

**You are hereby DIRECTED to appear for a Pretrial Conference in the above-captioned Forfeiture proceeding to be held as follows:**

| | |
|---|---|
| Date: | Location: Courtroom ___<br>Justice Juanita Kidd Stout Center for Criminal Justice<br>1301 Filbert Street |
| Time: | Philadelphia, PA 19107 |

On the above date, a Pretrial Conference will be held. The following issues shall be addressed:

a.  Whether the Forfeiture Petition and related documents were served on the owner of the above-referenced property or upon the person or persons in possession of the property at the time of the seizure. If service could not effectuated, the Pretrial Conference will be rescheduled to a date certain to enable the Plaintiff to effectuate service.

b.  Whether an Answer was filed. If an Answer has not been filed, whether there is agreement that an Answer may be filed within an agreed-upon period of time.

c.  Whether the Claimant is represented by counsel. The Claimant shall be informed that the Claimant is entitled to counsel, but is not entitled to court-appointed counsel.

d.  Whether the Claimant has requested, or intends to request, a jury trial. The Claimant shall be informed that the Claimant is entitled to a jury trial, and that in order to obtain a jury trial the Claimant must file a written request for a jury trial no later than twenty (20) days after the service of the last permissible pleading and pay the required Jury fee, $247.94.

e.  Whether the proceedings may be resolved by agreement.

f.  If the Plaintiff and Claimant indicate that an agreement has been reached, the proceeding shall be referred to a Judge for approval. If a Judge is not available, the case shall be rescheduled before a Judge as soon as practicable. In order to approve the settlement, the Judge must be satisfied that the Claimant is entering into the agreement knowingly, voluntarily and intelligently and that the Claimant understands that he/she is entitled to a hearing on the merits, along with other factors that may be required by law.

g.  Whether there are any factual issues upon which the parties agree.

h.  Whether discovery is necessary, and if so, if an Answer has been filed, the terms of discovery and a discovery schedule shall be established.

i.  Whether the Claimant has filed a *Praecipe to Stay Forfeiture Proceedings* pursuant to 42 Pa.C.S. § 5805(a)(2)(ii), a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* pursuant to 42 Pa.C.S. §§ 5805(f) and 5806, a *Motion for Return of Property* pursuant to Pa.R.Crim.P. 588 and Phila. R. Crim. P. *588, or is seeking other post-deprivation relief.

j.  Whether a trial date can be scheduled or must be scheduled.

k.  Any other procedural issues impacting the forfeiture of the seized property or the owner(s) thereof.

TO THE CLAIMANT: Should you receive this Notice less than 14 days before the hearing date, and should you be unable to attend the hearing, kindly contact the District Attorney's office at 215-686-9695 and request that they ask the Court to continue the hearing to enable you to attend the rescheduled Pretrial Conference.

**PROPOSED CONSENT DECREE ON
PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF
REGARDING THE COURTROOM CLAIMS
(CLAIMS THREE, FOUR, SIX, AND SEVEN)**

# ATTACHMENT 4

| Commonwealth of Pennsylvania | : | CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _ |
|---|---|---|
| **Plaintiff** | : | |
| vs. | : | **OTN #** |
| | : | **PID** |
| **[Description of Property Seized]** | : | **DC #** |
| **Defendant** | : | **PR #** |

**LOCATION OF SEIZURE:** _____

**OWNER OF PROPERTY:** _____

**PROPERTY SEIZED FROM:** _____

## NOTICE TO DEFEND: CIVIL ASSET FORFEITURE
### TO THE CLAIMANT OF WITHIN DESCRIBED PROPERTY:

**You are required to file a written Answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file the Answer, a decree of forfeiture and condemnation will be entered against the property.**

**A Pretrial Conference will be scheduled by the Court, and you should expect to receive a Notice of Pretrial Conference within a week or so after the Forfeiture Petition and this Notice to Defend are served on you. The date of the Pretrial Conference should be at least two weeks after you receive the Notice of Pretrial Conference which should allow you to attend the hearing. You or your attorney must attend this Pretrial Conference.**

**If you have been criminally charged in a case associated with the forfeiture matter, prior to filing an Answer to the Forfeiture Petition, you may file a *Praecipe to Stay the Forfeiture Proceedings* using the above-referenced caption and docket number. The forfeiture proceedings will be stayed by the Office of Judicial Records upon receipt of the *Praecipe*. However, please know that when the stay is lifted, you must file an Answer to the *Forfeiture Petition* within 30 days from the day the stay is lifted.**

**If you wish to seek the temporary release of your seized property while these forfeiture proceedings are pending, you may also file a *Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings*, pursuant to 42 Pa.C.S. §§ 5805(f) and 5806 at any time during the pendency of the Forfeiture Proceedings.**

Additionally, you should know that **you may request a jury trial**. However, the request must be made no later than twenty (20) days after the service of the last permissible pleading. You can request a jury either by indicating so on any Answer you file or by submitting and filing a separate request with the Office of Judicial Records, preferably electronically, or by mail or in person at the Justice Juanita Kidd Stout Center for Criminal Justice, Second Floor, Motion Counter, 1301 Filbert Street, Philadelphia, PA.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBILE PERSONS AT A REDUCED FEE OR NO FEE. YOU ARE NOT ENTITLED TO A COURT-APPOINTED LAWYER.

*Philadelphia Bar Association*
*Lawyer Referral and Information Service*
*1101 Market Street, 11th Floor*
*Philadelphia, Pennsylvania 19107*
*(215) 238-6333*
*TTY (215) 451-6197*

_____
Name:
Title:
Date:

# PROPOSED CONSENT DECREE ON PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF REGARDING THE COURTROOM CLAIMS (CLAIMS THREE, FOUR, SIX, AND SEVEN)

# ATTACHMENT 5

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

# FORM ANSWER – CIVIL FORFEITURE

*For Official Use Only - Bar Code*

| | |
|---|---|
| *Answer Must Be Filed with the*<br>**Office of Judicial Records**<br>Justice Juanita Kidd Stout Center for Criminal Justice<br>1301 Filbert Street, Motions Counter (Second Floor) Philadelphia, PA 19107 | *FOR OFFICIAL USE ONLY-* CAPTION (PROPERTY DESCRIPTION)<br>In Re:<br><br>CPCMS No. _ _ -51-_ _ - _ _ _ _ _ _ - _ _ _ _ |

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL DIVISION – LAW

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA:<br><br>v.<br><br>_____<br><br>_____<br><br>[*Case Name Used in the Petition for Forfeiture*] | COURT OF COMMON PLEAS<br>TRIAL DIVISION<br><br>Case Number:_____ |

## ANSWER (AND NEW MATTER)

And now, comes the Petitioner, _____ [*full name*], *pro se*, who has the right to possess the property at issue in this proceeding, and hereby answers the Commonwealth's Complaint as follows:

1. Paragraph 1 is _____.
   [*admitted, denied, admitted in part and denied in part (explain what part is admitted and what part is denied, and what the true facts are), or denied because I lack knowledge or information sufficient to form a belief as to the truth of the allegation*].

2. Paragraph 2 is _____.

3. Paragraph 3 is _____.

4. Paragraph 4 is _____.

5. Paragraph 5 is _____.

6. Paragraph 6 is _____.

7. Paragraph 7 is _____.

8. Paragraph 8 is _____.

9. Paragraph 9 is _____.

10. Paragraph 10 is _____.

11. Paragraph 11 is _____.

12. Paragraph 12 is _____.

   [*Attach additional pages for additional paragraphs*].

## NEW MATTER

*[If you would like to, write out any other facts that you feel the Court should know. Continue numbering each paragraph. Keep the paragraphs short, stating one fact per paragraph. Attach additional pages if necessary.]*

Check the box below if you wish to demand a jury trial:

☐  I hereby demand a jury trial in this case. I understand that this means I will pay the required Jury fee of $247.94.

Respectfully Submitted,

_____          _____
Date                                    Petitioner      *[signature]*

Full name [print]: _____

Address: _____

_____

_____

Phone: _____

## VERIFICATION

I, being duly sworn according to law, depose and say that I am the Petitioner in this action and I am entitled to lawful possession of the property at issue.

I am the _____ of the property. *[owner/co-owner/renter/lessee/bailee, etc.]* If necessary, I can provide proof thereof.

The facts and statements I have provided in this Answer (and New Matter) are true and correct to the best of my knowledge, information and belief. I understand that any false statements I have made in this *Motion* are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____          _____          _____
*Date*                    *Name of Petitioner*                          *Signature of Petitioner*

**PROPOSED CONSENT DECREE ON
PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF
REGARDING THE COURTROOM CLAIMS
(CLAIMS THREE, FOUR, SIX, AND SEVEN)**

# ATTACHMENT 6

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**TRIAL DIVISION, CIVIL**

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | **:** | **CP - 51- MD -_ _ _ _ _ _ _ - _ _ _ _** |
| **Plaintiff** | | |
| **vs.** | **:** | **OTN #** |
| | | **PID** |
| **[Description of Property Seized]** | **:** | **DC #** |
| **Defendant** | **:** | **PR #** |

**LOCATION OF SEIZURE:** _____

**PROPERTY SEIZED FROM:** _____

**NAME OF CLAIMANT:** _____

## _PRAECIPE TO STAY FORFEITURE PROCEEDINGS_

Claimant, _____, requests that pursuant to 42 Pa.C.S. § 5805(a)(2)(ii) and Trial Division General Court Regulation No. 01 of 2018, the Forfeiture Proceedings be Stayed until the earlier of the disposition of the criminal case(s) related to the seized property or until Claimant's request to lift the Stay.

I understand that I may file a _Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings_ even after this Stay is granted.


_____
Claimant
Date:

**PROPOSED CONSENT DECREE ON
PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF
REGARDING THE COURTROOM CLAIMS
(CLAIMS THREE, FOUR, SIX, AND SEVEN)**

# ATTACHMENT 7

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## Motion for the Release of Seized Property
### Pending the Conclusion of the Forfeiture Proceedings
Pursuant to 42 Pa. C.S. §§ 5805(f) and 5806

| | |
|---|---|
| *Motion Must Be Filed with the*<br>**Office of Judicial Records**<br>Justice Juanita Kidd Stout Center for Criminal Justice<br>1301 Filbert Street, Motions Counter (Second Floor), Philadelphia, PA 19107<br>*(Petitioner: See Reverse Side for Service Information)* | *FOR OFFICIAL USE ONLY-* CAPTION (PROPERTY DESCRIPTION)<br>In Re:<br><br>CPCMS No. _ _ -51-MD - _ _ _ _ _ _ _ - _ _ _ _ |
| NAME OF PETITIONER *(Person filing this Motion)* | PP No. |
| PETITIONER'S CURRENT ADDRESS | TELEPHONE NO. |

*Motion for the Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings, pursuant to 42 Pa. C.S. § 5805(f)& § 5806*

1) I, the above named Petitioner, represent that I am entitled to lawful possession of the property described and identified below, and request this Honorable Court to release the property to me pending the conclusion of the Forfeiture Proceedings, and in support of my request I aver as follows:

| 2) NAME AND ADDRESS OF PERSON IN POSSESSION OF PROPERTY WHEN SEIZED | 3) NAME AND ADDRESS OF THE OWNER, IF KNOWN |
|---|---|

| POLICE PROPERTY RECEIPT NUMBER (Attach Receipt) | DATE PROPERTY SEIZED | LOCATION OF PROPERTY WHEN SEIZED |
|---|---|---|

| NAME OF LAW ENFORCEMENT OFFICER WHO SEIZED PROPERY, IF KNOWN | BADGE NUMBER, IF KNOWN |
|---|---|

DESCRIPTION OF PROPERTY

| ADDRESS OF PROPERTY, IF PROPERTY SEIZED IS REAL ESTATE | VIN NUMBER, IF PROPERTY SEIZED IS A MOTOR VEHICLE |
|---|---|

ARE THERE ANY PENDING MATTERS RELATED TO THE SUBJECT PROPERTY (SUCH AS FORFEITURE)?   ☐ Yes   ☐ No

If Yes, Case ID(s) assigned to the pending matter(s):

☐ I have not filed a Motion for the Return of Property pursuant to Pa.R.Crim. P. 588 and Phila.Crim.R. 588.
☐ I have filed a Motion for the Return of Property pursuant to Pa.R.Crim. P. 588 and Phila.Crim.R. 588. The Case ID is:

### *Basis for the Motion*

The legal/factual basis for this motion is/are (*more than one may apply, attach additional pages as necessary*):

☐  A. The Commonwealth lacked probable cause for the seizure of the property.

☐  B. The likelihood that the Commonwealth will prevail on the merits is low, including overcoming 'innocent owner' or other defenses.

☐  C. The balance of equities favors the return of my property during the pendency of the civil forfeiture proceedings because my likely hardship outweighs the risk that the property will be destroyed, damaged, lost, concealed or transferred. In addition, I aver that:

*(In order to set forth the basis on which these requirements have been met attach additional proof or documentation and explain each item in detail if possible)*

1. I have a possessory interest in the property.

2. I have sufficient ties to the community to assure that the property will be available at the time of the trial.

3. The hardship I will suffer from the Commonwealth's continued possession of my property (such as preventing the functioning of my legitimate business, preventing me from working or leaving me homeless) outweighs the risk that the property will be destroyed, damaged, lost, concealed or transferred if the property is returned to me during the pendency of the forfeiture proceeding.

4. The property seized is not contraband, not evidence of a violation of the law, not particularly suited for use in illegal activities, and will not be used to commit additional criminal acts if it is returned to me.

☐  D. Other:_____

### *Requested Relief*

I request that the Court order the Commonwealth to:   ☐ Return my property.   ☐ Reimburse me for my legal interest in the property.
☐ Sever my property from the forfeited property.   ☐ Provide any relief the court deems appropriate and just.

### VERIFICATION

I, being duly sworn according to law, depose and say that I am the Petitioner in this action and that the facts and statements I have provided in this *Motion for the Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings* are true and correct to the best of my knowledge, information and belief.

I verify that the statements made are true and correct. I understand that any false statements I have made in this *Motion* are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities (perjury).

| _____ | _____ | _____ |
|---|---|---|
| Date | Type Name of Petitioner | Signature of Petitioner |

**PROPOSED CONSENT DECREE ON
PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF
REGARDING THE COURTROOM CLAIMS
(CLAIMS THREE, FOUR, SIX, AND SEVEN)**

# ATTACHMENT 8

# NOTICE OF YOUR RIGHTS

**I.      You Have the Right to File a Motion for Return of Property.**

If you wish to seek the return of your property, you may file a **Motion for Return of Property** under Pennsylvania Rule of Criminal Procedure 588 and Philadelphia Criminal Rule 588.  You can file the motion at the Justice Juanita Kidd Stout Center for Criminal Justice ("Stout Center"), Second Floor, Motions Counter, 1301 Filbert Street, Philadelphia, PA.

To file a motion, you may use the form motion for return of property that is available at the above location.  The form motion is also available online at www.courts.phila.gov/forms.  You can file the motion at the Justice Juanita Kidd Stout Center for Criminal Justice ("Stout Center"), Second Floor, Motions Counter, 1301 Filbert Street, Philadelphia, PA.

**If you have been arrested or criminally charged, you should consult your attorney before filing a Motion for Return of Property.**

**II.     You Have the Right to File a Motion for the Immediate Release of Your Property on a Temporary Basis While Legal Proceedings Are Pending.**

If being deprived of your property is causing you undue hardship, or if you otherwise want to request that your property be released immediately on a temporary basis while these forfeiture proceedings are pending, you may file a **Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings**, pursuant to 42 Pa. C.S. §§ 5805(f) and 5806 at any time.

You can file the motion at the Justice Juanita Kidd Stout Center for Criminal Justice ("Stout Center"), Second Floor, Motions Counter, 1301 Filbert Street, Philadelphia, PA. To file a motion, you may use the form Motion for Release of Seized Property Pending the Conclusion of the Forfeiture Proceedings that is available at the above location.  A form motion is also available online at www.courts.phila.gov/forms.

**III.    Your Property May Be Subject to Civil Forfeiture.**

Under Pennsylvania law, property seized by police officers may be subject to forfeiture. This means, you may permanently lose your property (or other rights to that property). If you are served with a ***Forfeiture Petition*** seeking the forfeiture of the property listed on this Receipt, you should consult a lawyer immediately because to keep your property you will need to promptly respond within certain deadlines.

To contest the forfeiture of your property, **you or your attorney must file an *Answer* within 30 days of being served with the *Forfeiture Petition* AND you or your attorney must attend the *Pretrial Conference***, which will be scheduled by the Court to occur approximately 30 days after you receive the Forfeiture Petition.

You should expect to receive a ***Notice of Pretrial Conference*** within a week or so after being served with the Forfeiture Petition.  The date of the Pretrial Conference should be at least two weeks after you receive the Notice of Pretrial Conference, which should allow you to attend the hearing. You or your attorney must attend this Pretrial Conference.

Additional information regarding the civil forfeiture process is available on the website of the First Judicial District at www.courts.phila.gov.  Relevant forms are available at www.courts.phila.gov/forms.